**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I. CASE STYLE**

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT,
IN AND FOR CALHOUN COUNTY, FLORIDA

Case No.:________________
Judge: ___________________

Plaintiff

vs.

Defendant

---

**II. AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim rounded to the nearest dollar $75,000

**III. TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure
  - ☐ Homestead residential foreclosure
  - ☐ Non-homestead residential foreclosure
  - ☐ Other real property actions
- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation
- ☐ County Civil
  - ☐ Small Claims up to $8,000
  - ☐ Civil
  - ☐ Replevins
  - ☐ Evictions
  - ☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV.** **REMEDIES SOUGHT** (check all that apply):

☒ Monetary;
☒ Non-monetary declaratory or injunctive relief;
☒ Punitive

**V.** **NUMBER OF CAUSES OF ACTION:**
(Specify)

1

**VI.** **IS THIS CASE A CLASS ACTION LAWSUIT?**

☐ Yes
☒ No

**VII.** **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**

☒ No
☐ Yes – If "yes" list all related cases by name, case number and court:

**VIII.** **IS JURY TRIAL DEMANDED IN COMPLAINT?**

☒ Yes
☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Marie A Mattox
Attorney or party
FL Bar No.: 739685
(Bar number, if attorney)
Marie A Mattox
(Type or print name)
Date: 07/14/2020

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,**

**Plaintiff,**

**v.**

**BLUE MANAGEMENT SERVICES, LLC. D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC. F/K/A EMCARE PHYSICIANSERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,**

**Defendants.**

_________________________________/

**CASE NO.: 20-CA- 64-CA**
**FLA BAR NO.: 0739685**

# SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**BLUE MANAGEMENT SERVICES, LLC**
**C/O C. MICHAWL STIGLER – REGISTERED AGENT**
**2650 EASTPOINT PARKWAY, SUITE 310**
**LOUISVILLE, KY 40223**

Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on 7/15, 2020.

CLERK OF THE CIRCUIT COURT

By: [signature]
Deputy Clerk

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,**

**Plaintiff,**

**v.**

**BLUE MANAGEMENT SERVICES, LLC. D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC. F/K/A EMCARE PHYSICIANSERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,**

**Defendants.**

______________________________/

**CASE NO.: 20-CA-**
**FLA BAR NO.: 0739685**

## COMPLAINT

Plaintiff, MARY WATSON, hereby sues Defendants, BLUE MANAGEMENT SERVICES, LLC. D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC. F/K/A EMCARE PHYSICIANSERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC., and alleges:

## NATURE OF THE ACTION

1. This is an action brought under the Florida Whistleblower Act codified at Chapter 112, Florida Statutes, and under Chapter 448, Florida Statutes. [1]

2. This action involves claims which are, individually, in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs and interest.

---

[1] Plaintiff intends to amend to add additional claims after administrative exhaustion is complete.

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, MARY WATSON, has been a resident of the State of Florida and was a joint employee with all Defendants. Plaintiff is a member of a protected class due to her gender (female) and is a protected whistleblower due to her objecting to and/or refusing to participate in an activity, policy or practice of Defendants that were in violation of one or more laws, rules, or regulations. Plaintiff was retaliated against after reporting Defendants' unlawful employment practices.

4. At all times pertinent hereto, Defendant, BLUE MANAGEMENT SERVICES, LLC. D/B/A ALLIANT MANAGEMENT SERVICES ("ALLIANT") has been Kentucky Limited Liability Company which conducts a significant amount of business within the state of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

5. At all times pertinent hereto, Defendant, ENVISION PHYSICIAN SERVICES, LLC. ("ENVISION") has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

6. At all times pertinent hereto, Defendant, CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC. ("CLH"), has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

7. Plaintiff has satisfied all conditions precedent to bringing this action, if any.

**STATEMENT OF THE ULTIMATE FACTS**

8. Plaintiff, a protected whistleblower, began her employment with Defendant CLH in or about September of 2016 as a Physician and held the position of ER Medical Director at the time of her wrongful termination on January 20, 2020.

9. Defendant ALLIANT provides management services to Defendant CLH via consultations and other services, however CLH, via its board of Directors, retains a significant amount of authority and control over CLH management decisions including management decisions over Plaintiff's employment.

10. ENVISION, formerly known as EMCARE PHYSICIAN SERVICES, INC is a staffing/management company that started working with Defendants CLH and ALLIANT on or around June 1, 2019. ENVISION was contracted to provide clinicians to the hospital, however Defendant CLH took employees which it had previously hired, including Plaintiff, and shifted them to ENVISION. Envision, as with the other Defendants, were all joint employers of the Plaintiff.

11. Defendant CLH retained a significant amount of control over the terms, conditions, and privileges of all ENVISION employees. Specifically, and without limitation, CLH dictated the location of work, the job duties, the tasks assigned, pay scale, and firing. Plaintiff was subjected to the authority, oversight, and control of CLH supervisors.

12. Despite her stellar work performance during her employment with Defendants, Plaintiff has been subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of her gender and because she disclosed Defendants' gross mismanagement, malfeasance, misfeasance, gross waste of public funds, gross neglect of duty, and/ or violation of one or more laws, rules, or regulations.

13. Plaintiff performed her job duties for over four (4) years with CLH with no disciplinary action and good evaluations. She was the only female physician who was full time and the only female Medical Director in the history of CLH.

14. The mistreatment and retaliation came at the hands of specifically but not limited to CLH CEO Janet Kinney and Chief Nursing Officer (CNO) Janna Matautia. CEO Kinney had separate obligations and often left CNO Matautia in charge and often accepted whatever Matautia reported as fact, acting on her recommendations.

15. Plaintiff was treated less favorably than the male physicians and directors specifically but not limited to Dr. Timothy Adamcryk, a white male in his 50's, as she was accused of not seeing patients in a timely manner while her male counterpart physicians were never questioned about their work performance.

16. Plaintiff reported multiple complaints based on gender regarding other physicians to her Direct Supervisor /Regional Medical Director Dr. Lee Johnson with no corrective action taken.

17. In April of 2019, Defendant CLH rehired Dr. Adamcryk, who had previously been terminated from Northwest Florida Community Hospital due to allegations of sexual harassment and alcohol abuse and from Defendant CLH on allegations of sexual harassment.

18. Despite these prior allegations and terminations, Defendants ENVISION and CLH allowed Dr. Adamcryk to return. On information and belief, he was rehired because CEO Kinney had a close relationship with him from their time together at Northwest Florida Community Hospital.

19. CEO Kinney was dissatisfied with Plaintiff being selected as the Medical Director by ENVISION because she wanted Dr. Murray Baker Sr. or Dr. Adamcryk, both of whom are males, in that position.

20. Starting in July 2019, Defendant CLH began excluding Plaintiff from board meetings and refusing to provide her with Board meeting documentation despite having done so for the prior Medical Director, who was male.

21. In or around late August 2019, various nurses approached Plaintiff with concerns about Dr. Adamcryk. Specifically, and without limitation, they told Plaintiff that he was carrying around a glass of liquor, making sexually inappropriate comments, and reporting to work even when he was not scheduled to work to spend time with nurses.

22. Plaintiff reported these instances in writing to Olevia McNally with ENVISION who told Plaintiff that they would need CLH to agree to disciplinary action before anything could be done to fix the problem. Plaintiff also reported an incident she personally witnessed where Dr. Adamcryk was outside of the building on property while not scheduled to be at work and was drinking alcohol and spending time with two employees who were on the clock and supposed to be stationed within the building at that time.

23. When Plaintiff reported these incidents to CEO Kinney and Defendant CLH, Kinney tried to write the incidents off as gossip and went on to say that the hospital had to be careful about counseling or sanctioning physicians. Plaintiff expressed concern at Kinney's unwillingness to address the complaints, after which Kinney said she would talk to Dr. Adamcryk about drinking on property.

24. Kinney appeared to be more concerned with the reputation of the hospital and potential embarrassment than the safety and wellbeing of the patients or employees and refused to act when valid complaints were brought to her amounting to gross mismanagement.

25. Rather than addressing the complaints, Defendant CLH targeted Plaintiff and falsely accused her of sitting around and gossiping with the nurses because the nurses felt uncomfortable going to anyone else with their complaints. Defendants also accused Plaintiff not seeing patients and trying to get dirt on Dr. Adamcryk, none of which were true.

26. On information and belief, Kinney never spoke to Adamcryk about the drinking as the behavior continued with no remedial action or discipline. Plaintiff continued to document the complaints as the behavior continued and nurses continued to come to her.

27. In or around November of 2019, Plaintiff reported severe staff and stock shortages to the Chairman of the CLH Board of Directors Mark Plumber in writing. Specifically, Plaintiff reported that Defendant's supplies were severely depleted and not being restocked and that there was a nurse shortage. Plaintiff advised the ratio of nurses to patients created a risk to patient safety, and nurses were being required to work six (6) days straight with only one day off which was causing significant problems with the nurses' morale.

28. Plaintiff also participated in an inquiry when she had a lengthy discussion with Chairman Plumber during which he asked her numerous questions about Hospital administration and the way it was being operated. Plaintiff relayed how CEO Kinney and CNO Matautia ran the hospital based on fear. She disclosed that several nurses were afraid to speak up because they feared retaliation and termination and that Plaintiff herself was afraid that Defendant would terminate her for talking to him.

29. Defendant CLH also targeted Plaintiff through unfounded complaints that she was not meeting with patients. Shortly after she reported incidents to Kinney or Plumber, she would get a call or a warning about failing to meet with a patient as a form of intimidation. Defendant is aware that it was very common for female doctors to receive complaints from patients that they had not met with a doctor. Plaintiff and other female physicians explained to Defendant CLH on multiple occasions that even when the female doctors introduce themselves as "doctor", the patients tend to assume that they are nurses.

30. Within an hour of reporting the nurse and supply shortage to Plummer, Plaintiff received such a call about not seeing a patient from Regional Medical Director (RMD) Dr. Lee Johnson despite there being a note from Plaintiff in that patient's file that she had seen this patient. The complaint had initially been filed by the patient in July, but Defendants did not bring it up until after Plaintiff spoke to Plummer and did so only to intimidate her.

31. On November 25, 2019, Plaintiff met with ALLIANT CEO Michael Kozar. Plaintiff relayed the same concerns she had told Chairman Plumber about. She also explained the practice of manufacturing complaints to justify termination of employees who they decided to target and explained that she was fearful of retaliation for reporting Defendants' behavior. Plaintiff had to meet with Kozar at an off-site location because she feared retaliation from CLH for speaking to him.

32. On December 9, 2019, CNO Matautia interrupted Plaintiff's work with another unfounded allegation that she had not seen a patient. Matautia demanded Plaintiff come with her then to the patient's room. Plaintiff explained that she had already seen the patient, which two staff members corroborated and that she was in the middle of a task. Matautia did not care,

belittled Plaintiff in front of staff, and demanded she get up and come with her (Matautia) to have the patient identify whether he had in fact seen Plaintiff, which the patient confirmed.

33. Plaintiff reported this retaliation to RMD Johnson, Chairman Plummer, and CEO Kozar. She went on to say that Matautia would not have disrespected and challenged a male physician in front of other staff the way she did to Plaintiff.

34. The same day, CEO Kinney accused Plaintiff without evidence of sending inappropriate text messages and having a fake Instagram page where she posted about the hospital and Kinney, which Plaintiff denied. Plaintiff requested specific proof of the allegations and Kinney could not provide it. Kinney told Plaintiff she would be terminated if the texts were found to be true despite a lack of evidence.

35. Plaintiff expressed concern that Kinney was willing to punish Plaintiff so severely for something she lacked any proof of especially when compared to CLH's handling of all the complaints against male physicians like Dr. Adamcryk when CLH had video evidence of Adamcryk's behavior. CNO Matautia told Plaintiff that Adamcryk could not be punished without a signed statement because CLH would be subjected to liability if he was punished on anonymous allegations. However, CLH was willing to punish Plaintiff based on anonymous complaints which on information and belief were submitted by the only male nurse in the ER.

36. Plaintiff reported this mistreatment to ALLIANT CEO Michael Kozar and RMD Johnson and elaborated that she felt targeted as a form of retaliation for reporting Defendants' improper behavior which they did not want to address.

37. In late December 2019, a new nurse was hired who mishandled multiple medication requests. The nurse pulled more medications than necessary, pulled an opioid and gave the patient a non-opioid, and on one occasion failed to give a patient any medications after

being given a verbal order to do so under Plaintiff's name. Plaintiff reported these mishandlings to ER Nurse Manager Paige Tolley and CNO Matautia who met with the nurse, but the nurse was never given any form of corrective action or discipline.

38. On January 19, 2020, Defendant ENVISION's HR representative Tammy Jarvis and RMD Johnson called Plaintiff and told her that CEO Kinney sent them a letter to terminate Plaintiff immediately for alleged unprofessional conduct and demanded that Plaintiff not speak to any CLH employee or set foot on CLH's property.

39. Defendants wrongfully terminated Plaintiff on January 20, 2020 and replaced her with Dr. Murray Baker Sr., a male.

40. The next day, ER Nurse Manager Tolley sent a text to the nursing staff saying the following:

> "So for all you guys that don't know already, [Plaintiff] will not be working at CLH. She also no longer works for Envision. Per the terms of her separation, she is not allowed to have any contact with any of our staff. I was instructed to let you know that should she contact you, it's been requested that you let Esther know immediately. There have been some pretty awful things transpire…"

41. CEO Kinney and CNO Matautia also provided untruthful negative references to Plaintiff's potential employers and blocked her from being hired at Tallahassee Memorial Healthcare.

42. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## PUBLIC WHISTLEBLOWER RETALIATION AGAINST CLH

43. Paragraphs 1 through 42 above are incorporated herein by reference.

44. This count sets forth a claim against Defendant CLH under §112.3187, et seq., Florida Statutes.

45. Plaintiff was a public employee protected under the provisions of Chapter 112, Florida Statutes.

46. As stated more specifically in part above, Plaintiff reported and disclosed violations of rules, regulations and laws, and/or malfeasance, misfeasance and/or gross misconduct to persons both inside and outside of her normal chain of command, and to others having the authority to investigate, police, manage and otherwise remedy the violations of rules, regulations and laws that she reported. Plaintiff also disclosed this information when she participated in investigations, hearings, or other agency inquiries. Plaintiff reported malfeasance, misfeasance, and other acts specifically outlined in §112.3187(5), Florida Statutes.

47. After reporting these matters and/or participating in investigations, hearings, or other agency inquiries, as related in part above, Plaintiff was the victim of retaliatory actions set forth in part above including without limitation her termination.

48. Plaintiff's termination was the result of her reporting violations of rules, regulations or laws, and/or her reporting malfeasance, misfeasance or gross misconduct, and/or her participating in investigations, hearings or other inquiries, specified in part above.

49. The actions of all employees within Defendant who affected Plaintiff's employment adversely did so at least in part in retaliation against her for her "whistleblowing" activities.

50. As a direct and proximate result of the actions taken against her by Defendant, Plaintiff has suffered injury, including but not limited to past and future wage losses, loss of

benefits, and other tangible damages. These damages have occurred in the past, are occurring at present and will occur in the future. Plaintiff is entitled to injunctive relief.

**COUNT II**
**PRIVATE WHISTLEBLOWER RETALIATION**
**(Against Defendant ALLIANT)**

51. Paragraphs 1 through 42 are incorporated herein by reference.

52. This is an action brought under §448.101, et seq., Florida Statutes.

53. As set forth in greater detail above, during the course of Plaintiff's employment, Plaintiff objected to certain practices of Defendant that were in actual or suspected violation of laws, rules and/or regulations.

54. As a result of Plaintiff' objections, Defendant initiated adverse employment actions against Plaintiff as described more fully above. Plaintiff was subjected to contrived allegations of wrongdoing and then termination after she objected to and/or refused to participate in practices of Defendant that were in violation of one or more laws, rules or regulations.

55. Plaintiff was terminated because she engaged in protected behavior. Specifically, Plaintiff objected to, or refused to participate in, any activity, policy, or practice of Defendant which is in actual or suspected violation of a law, rule, or regulation and/or reported the violation and gave Defendant an opportunity to correct the problem. Instead of correcting the problem, it got worse and Plaintiff was fired for said reporting.

56. The disclosures made by Plaintiff are protected under §448.102, Florida Statutes.

57. As a direct and proximate cause of Plaintiff's participation in the whistle blowing activities identified herein, Plaintiff has been damaged, which damages include but are not limited to lost wages and other tangible and intangible damages and every other kind of damage allowed by law. Plaintiff has also suffered emotional pain and suffering damages and other intangible damages that continue to day. Plaintiff is entitled to injunctive/equitable relief.

**COUNT III**
**PRIVATE WHISTLEBLOWER RETALIATION**
**(Against Defendant ENVISION)**

58. Paragraphs 1 through 42 are incorporated herein by reference.

59. This is an action brought under §448.101, et seq., Florida Statutes.

60. As set forth in greater detail above, during the course of Plaintiff's employment, Plaintiff objected to certain practices of Defendant that were in actual or suspected violation of laws, rules and/or regulations.

61. As a result of Plaintiff' objections, Defendant initiated adverse employment actions against Plaintiff as described more fully above. Plaintiff was subjected to contrived allegations of wrongdoing and then termination after she objected to and/or refused to participate in practices of Defendant that were in violation of one or more laws, rules or regulations.

62. Plaintiff was terminated because she engaged in protected behavior. Specifically, Plaintiff objected to, or refused to participate in, any activity, policy, or practice of Defendant which is in actual or suspected violation of a law, rule, or regulation and/or reported the violation and gave Defendant an opportunity to correct the problem. Instead of correcting the problem, it got worse and Plaintiff was fired for said reporting.

63. The disclosures made by Plaintiff are protected under §448.102, Florida Statutes.

64. As a direct and proximate cause of Plaintiff's participation in the whistle blowing activities identified herein, Plaintiff has been damaged, which damages include but are not limited to lost wages and other tangible and intangible damages and every other kind of damage allowed by law. Plaintiff has also suffered emotional pain and suffering damages and other intangible damages that continue to day. Plaintiff is entitled to injunctive/equitable relief.

**COUNT IV**
**PRIVATE WHISTLEBLOWER RETALIATION**
**(Against Defendant CLH)**

65. Paragraphs 1 through 42 are incorporated herein by reference.

66. This is an action brought under §448.101, et seq., Florida Statutes.

67. As set forth in greater detail above, during the course of Plaintiff's employment, Plaintiff objected to certain practices of Defendant that were in actual or suspected violation of laws, rules and/or regulations.

68. As a result of Plaintiff' objections, Defendant initiated adverse employment actions against Plaintiff as described more fully above. Plaintiff was subjected to contrived allegations of wrongdoing and then termination after she objected to and/or refused to participate in practices of Defendant that were in violation of one or more laws, rules or regulations.

69. Plaintiff was terminated because she engaged in protected behavior. Specifically, Plaintiff objected to, or refused to participate in, any activity, policy, or practice of Defendant which is in actual or suspected violation of a law, rule, or regulation and/or reported the violation and gave Defendant an opportunity to correct the problem. Instead of correcting the problem, it got worse and Plaintiff was fired for said reporting.

70. The disclosures made by Plaintiff are protected under §448.102, Florida Statutes.

71. As a direct and proximate cause of Plaintiff's participation in the whistle blowing activities identified herein, Plaintiff has been damaged, which damages include but are not limited to lost wages and other tangible and intangible damages and every other kind of damage allowed by law. Plaintiff has also suffered emotional pain and suffering damages and other intangible damages that continue to day. Plaintiff is entitled to injunctive/equitable relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff awarding all legally-available damages for emotional pain and suffering to Plaintiff from Defendant for Defendant's violations of law enumerated herein.

(e) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(f) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(g) award Plaintiff interest where appropriate; and

(h) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 14TH day of July 2020.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

Filing # 110245412 E-Filed 07/14/2020 11:31:19 PM

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,**

**Plaintiff,**

**v.**

**BLUE MANAGEMENT SERVICES, LLC. D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC. F/K/A EMCARE PHYSICIANSERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,**

**Defendants.**
_______________________________/

**CASE NO.: 20-CA-64-CA**
**FLA BAR NO.: 0739685**

# SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**CALHOUN- LIBERTY HOSPITAL ASSOCIATION, INC**
**C/O BRENDA J. POTTER – REGISTERED AGENT**
**20370 NE BURNS AVENUE**
**BLOUNTSTOWN, FLORIDA 32424**

Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on 7/15, 2020.

CLERK OF THE CIRCUIT COURT

By: ______________________
Deputy Clerk

Filing # 110245412 E-Filed 07/14/2020 11:31:19 PM

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,**

**Plaintiff,**

**v.**

**BLUE MANAGEMENT SERVICES, LLC. D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC. F/K/A EMCARE PHYSICIANSERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,**

**Defendants.**
_______________________________/

**CASE NO.: 20-CA-** 64-CA
**FLA BAR NO.: 0739685**

# SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**ENVISION PHYSICIAN SERVICES, LLC**
**C/O CORPORATION SERVICE COMPLANY-REGISTERED AGENT**
**1201 HAYS STREET**
**TALLAHASSEE, FLORIDA 32301**

Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on 7/15, 2020.

CLERK OF THE CIRCUIT COURT

By [signature]
Deputy Clerk

CARLA A. HAND
CLERK OF CIRCUIT COURT
CALHOUN COUNTY
FLORIDA

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,**

**Plaintiff,**

**v.**

**BLUE MANAGEMENT SERVICES, LLC. D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC. F/K/A EMCARE PHYSICIANSERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,**

**Defendants.**

______________________________/

**CASE NO.: 20-CA- 64-CA**
**FLA BAR NO.: 0739685**

# SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**BLUE MANAGEMENT SERVICES, LLC**
**C/O C. MICHAWL STIGLER – REGISTERED AGENT**
**2650 EASTPOINT PARKWAY, SUITE 310**
**LOUISVILLE, KY 40223**

Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on 7/15, 2020.

CLERK OF THE CIRCUIT COURT

By: ______________________
Deputy Clerk

CARLA A. HAND CLERK OF CIRCUIT COURT CALHOUN COUNTY FLORIDA

# VERIFIED RETURN OF SERVICE

Job # T203617

**Client Info:**

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL 32301

**Case Info:**

**PLAINTIFF:**
MARY WATSON
-versus-
**DEFENDANT:**
BLUE MANAGEMENT SERVICES,LLC. D/B/A ALLIANT MANAGEMENT SERVICES; ET AL.

CIRCUIT COURT

County of Calhoun, Florida
Court Case # **20-CA-64-CA**

**Service Info:**

**Date Received by Accurate Serve: 10/2/2020** at **09:51 AM**
**Service:** I Served **ENVISION PHYSICIAN SSERVICES, LLC C/O CORPORATION SERVICE COMPANY - REGISTERED AGENT**
With: **SUMMONS, COMPLAINT**
by leaving with **Sheena Kruse, AUTHORIZED TO ACCEPT**

**At Business 1201 HAYS STREET TALLAHASSEE, FL 32301**
On **10/5/2020** at **12:40 PM**
**Manner of Service: CORPORATE**
CORPORATE SERVICE: F.S. 48.081 (1)(a)(b)(c)(d), (2) or (3)

I **BRENNAN FOGARTY** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

UNOFFICIAL DOCUMENT

**BRENNAN FOGARTY**
Lic # **230**

**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32301
Phone: (850) 519-5494

Our Job # **T203617**

# AFFIDAVIT OF PROCESS SERVER

Job # T203616

**Client Info:**

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL 32301

**Case Info:**

**PLAINTIFF:**
MARY WATSON
-versus-
**DEFENDANT:**
BLUE MANAGEMENT SERVICES,LLC. D/B/A ALLIANT MANAGEMENT SERVICES; ET AL.

CIRCUIT COURT
County of Calhoun, Florida
Court Case # **20-CA-64-CA**

**Service Info:**

**Date Received by Accurate Serve: 10/2/2020 at 09:51 AM**
**Service:** I Served **BLUE MANAGEMENT SERVICES,LLC C/O MICHAEL STIGLER-REGISTERED AGENT**
With: **SUMMONS, COMPLAINT**
by leaving with **Emily Sellers, ADMINISTRATIVE ASSISTANT**

**At Business 2650 EASTPOINT PARKWAY , STE. 310 LOUISVILLE, KY 40223**
On **10/12/2020 at 10:45 AM**
**Manner of Service: CORPORATE**
CORPORATE SERVICE: F.S. 48.081 (1)(a)(b)(c)(d), (2) or (3)

I Alex May certify that I am over the age of 18, have no interest in the above action, and I am authorized in the jurisdiction in which this service was made.

Signature of Server: *Alex May*
**Alex May**

**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32301
Phone: (850) 519-5494

Our Job # **T203616**

SUBSCRIBED AND SWORN to before me this 12 day of October, 2020, by ____________
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me by:
[X] physical presence [__] online presence.

*Michael W May*
NOTARY PUBLIC for the state of Kentucky

MICHAEL W. MAY
NOTARY PUBLIC
STATE AT LARGE, KY
My Commission Expires 8-10-24





UNOFFICIAL DOCUMENT

# Calhoun County Sheriff's Office

## RETURN OF SERVICE

| | |
|---|---|
| RECEIPT NUMBER: | P-0002446-20 |
| PLAINTIFF V DEFENDANT | MARY WATSON<br>BLUE MANAGEMENT SERVICES, LLC |

**PERSON TO BE SERVED**

CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC. C/O
BRENDA J. POTTER, REGISTERED AGENT

BLOUNTSTOWN FL 32424

Alternate Address: 20370 NE BURNS AVE

CARLA A. HAND
CLERK OF COURTS
2020 OCT 27 PM 12: 01

**WRIT TYPE**

SUMMONS

COMPLAINT

OFFICIAL DOCUMENT

**COURT INFORMATION**

| | |
|---|---|
| **CASE NUMBER:** | 20-CA-64 |
| **COURT LOCATION:** | CALHOUN COUNTY |
| **DATE:** | |
| **TIME:** | |

**SERVICE INFORMATION**

Received the above-named writ on 10/22/2020 at 08:59 and served the same on 10/26/2020 at 01:35

in CALHOUN COUNTY, FL

Individual

By delivering a true copy of this writ together with a copy of the initial pleadings, if any, with the date and hour of service endorsed thereon by me, to: CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC. C/O BRENDA J. POTTER, REGISTERED AGENT

**SERVICE COST:** $40.00

JW, CIVIL CLERK

GLENN H. KIMBREL, SHERIFF

CALHOUN COUNTY, FL

**MAIL TO**

ACCURATE SERVE OF TALLAHASSEE
400 CAPITAL CIR SE STE 18291
TALLAHASSEE FL 32301

BY: [signature] for:
SGT. RAY BROWN

Filing # 116436508 E-Filed 11/10/2020 01:24:25 PM

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT**
**IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,**

Plaintiff,

v. **Case No.: 2020 CA 64**

**BLUE MANAGEMENT SERVICES, LLC,**
**D/B/A ALLIANT MANAGEMENT SERVICES;**
**ENVISION PHYSICIAN SERVICES, LLC**
**F/K/A EMCARE PHYSICIAN SERVICES, INC.;**
**and CALHOUN-LIBERTY HOSPITAL**
**ASSOCIATION, INC.,**

Defendants.
__________________________________________/

**NOTICE OF APPEARANCE**

**PLEASE TAKE NOTICE** that Robert J. Sniffen of Sniffen & Spellman, P.A., hereby enters his appearance as counsel of record for the Defendant, **BLUE MANAGEMENT SERVICES, LLC d/b/a ALLIANT MANAGEMENT SERVICES**. All correspondence, pleadings, notices, and other materials filed or issued in this cause should be directed to the undersigned as counsel of record at the address listed below.

Dated this 10th day of November, 2020.

Respectfully submitted,

*/s/ Robert J. Sniffen*

**ROBERT J. SNIFFEN**
Florida Bar Number: 0000795
rsniffen@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for Defendant, Blue Management Services, LLC d/b/a Alliant Management Services*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of November, 2020, a true and exact copy of the foregoing was furnished via the Florida Court's E-Filing Portal to all counsel of record.

*/s/ Robert J. Sniffen*
**ROBERT J. SNIFFEN**

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,**

Plaintiff,

v. **Case No.: 2020 CA 64**

**BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,**

Defendants.
_____________________________________________/

**DEFENDANT'S NOTICE OF DESIGNATION OF PRIMARY AND SECONDARY E-MAIL ADDRESSES**

Counsel for Defendant, **BLUE MANAGEMENT SERVICES, LLC d/b/a ALLIANT MANAGEMENT SERVICES**, Robert J. Sniffen, of the law firm Sniffen & Spellman, P.A., pursuant to Fla. R. Jud. Admin. 2.516, hereby designates the following primary and secondary e-mail addresses for e-mail service of all documents required to be served in this proceeding:

| | |
|---|---|
| Primary e-mail address for Robert J. Sniffen: | rsniffen@sniffenlaw.com |
| Secondary e-mail addresses: | gjennings@sniffenlaw.com<br>lfountain@sniffenlaw.com<br>nmonk@sniffenlaw.com<br>mduber@sniffenlaw.com<br>kbarger@sniffenlaw.com |

Dated this 10th day of November, 2020.

Respectfully submitted,

*/s/ Robert J. Sniffen*
**ROBERT J. SNIFFEN**
Florida Bar Number: 0000795
rsniffen@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for Defendant, Blue Management Services, LLC d/b/a Alliant Management Services*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of November, 2020, a true and exact copy of the foregoing was furnished via the Florida Court's E-Filing Portal to all counsel of record.

*/s/ Robert J. Sniffen*
**ROBERT J. SNIFFEN**

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,**

Plaintiff,

v. **Case No.: 2020 CA 64**

**BLUE MANAGEMENT SERVICES, LLC,
D/B/A ALLIANT MANAGEMENT SERVICES;
ENVISION PHYSICIAN SERVICES, LLC
F/K/A EMCARE PHYSICIAN SERVICES, INC.;
and CALHOUN-LIBERTY HOSPITAL
ASSOCIATION, INC.,**

Defendants.
_______________________________________/

**NOTICE OF APPEARANCE**

**PLEASE TAKE NOTICE** that Nicholas E. Monk of Sniffen & Spellman, P.A., hereby enters his appearance as counsel of record for the Defendant, **BLUE MANAGEMENT SERVICES, LLC d/b/a ALLIANT MANAGEMENT SERVICES**. All correspondence, pleadings, notices, and other materials filed or issued in this cause should be directed to the undersigned as counsel of record at the address listed below.

Dated this 10th day of November, 2020.

Respectfully submitted,

*/s/ Nicholas E. Monk*

**NICHOLAS E. MONK**
Florida Bar Number: 116438
nmonk@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for Defendant, Blue Management Services, LLC d/b/a Alliant Management Services*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of November, 2020, a true and exact copy of the foregoing was furnished via the Florida Court's E-Filing Portal to all counsel of record.

*/s/ Nicholas E. Monk*
**NICHOLAS E. MONK**

Case 5:23-cv-00202-MW-MJF Document 1-2 Filed 07/27/23 Page 31 of 400

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT**
**IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,**

Plaintiff,

v. **Case No.: 2020 CA 64**

**BLUE MANAGEMENT SERVICES, LLC,**
**D/B/A ALLIANT MANAGEMENT SERVICES;**
**ENVISION PHYSICIAN SERVICES, LLC**
**F/K/A EMCARE PHYSICIAN SERVICES, INC.;**
**and CALHOUN-LIBERTY HOSPITAL**
**ASSOCIATION, INC.,**

Defendants.
_____________________________________________/

**NOTICE OF APPEARANCE**

**PLEASE TAKE NOTICE** that Lisa B. Fountain of Sniffen & Spellman, P.A., hereby enters her appearance as counsel of record for the Defendant, **BLUE MANAGEMENT SERVICES, LLC d/b/a ALLIANT MANAGEMENT SERVICES**. All correspondence, pleadings, notices, and other materials filed or issued in this cause should be directed to the undersigned as counsel of record at the address listed below.

Dated this 10th day of November, 2020.

Respectfully submitted,

*/s/ Lisa B. Fountain*

**LISA B. FOUNTAIN**
Florida Bar Number: 948802
lfountain@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for Defendant, Blue Management Services, LLC d/b/a Alliant Management Services*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of November, 2020, a true and exact copy of the foregoing was furnished via the Florida Court's E-Filing Portal to all counsel of record.

*/s/ Lisa B. Fountain*
**LISA B. FOUNTAIN**

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA

CASE NO.: 2020 CA 000064

MARY WATSON,

Plaintiff,

v.

BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,

Defendants.
_______________________________/

**DEFENDANT, CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.'S MOTION TO DISMISS COUNTS I AND IV OF PLAINTIFF'S COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rule 1.140 of the Florida Rules of Civil Procedure,[1] Defendant, Calhoun-Liberty Hospital Association, Inc. (hereinafter "CLH"), by and through its undersigned counsel, request entry of an Order dismissing Counts I and IV of Plaintiff, Mary Watson's Complaint due to Plaintiff's failure to state a claim for either public or private whistleblower actions and impermissible comingling of Counts I and IV. In support, CLH states as follows:

**Background and Procedural History**

1. This case arises out of Plaintiff's termination from employment with Defendant. At most, Plaintiff alleges she was wrongfully terminated; but insofar as she

[1] Plaintiff kindly granted an extension of time until November 15, 2020 for Defendants to file their response to the Complaint.

does not have a basis for a conventional wrongful termination claim, she seeks to cast her claims as: a violation of Florida's public or private whistleblower laws.

2. On July 14, 2020, Plaintiff filed a four Count Complaint against the Defendants in this matter.

3. The Complaint provides a nine-page compilation of purported actions and events leading to her termination from employment, followed by four Counts:

Count I – Public Whistleblower Retaliation – against Defendant CLH;

Count II – Private Whistleblower Retaliation – against BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES (hereinafter "Alliant");

Count III – Private Whistleblower Retaliation – against ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC. (hereinafter "Envision");

Count IV – Private Whistleblower Retaliation – against CLH.

4. Plaintiff's allegations fail to state a claim with respect to Counts I and IV.

5. Plaintiff also impermissibly comingles allegations against CLH for both public and private whistleblower retaliation.

WHEREFORE, Defendant, Calhoun-Liberty Hospital Association, Inc., respectfully requests the Court enter an Order dismissing Counts I and IV in the Complaint in their entirety and granting such other relief as the Court deems proper.

## Memorandum of Law

### I. MOTION TO DISMISS LEGAL STANDARD

Fla. R. Civ. P. 1.140(b) states in relevant part:

> Every defense in law or fact to a claim for relief in a pleading shall be asserted in the responsive pleading, if one is required, but the following defenses may be made by motion at the option of the pleader … (6) failure to state a cause of action ….

On a motion to dismiss, the trial court is confined to reviewing the four corners of the complaint and the material allegations of the complaint must be taken as true.[2] Additionally, the allegations must be considered in the light most favorable to the non-moving party.[3]

In order to properly state a cause of action, a complaint must allege sufficient ultimate facts to show that the pleader is entitled to relief.[4] Furthermore, the complaint must set out the elements and the facts that support the claims so the court and the respondent can clearly determine what is being alleged.[5]

## II. ARGUMENTS SUPPORTING DISMISSAL

### a. COUNT I FAILS TO STATE A PUBLIC WHISTLEBLOWER CLAIM AGAINST CLH

"Florida's Whistle-blower statute, section 112.3187(2), Florida Statutes, prevents agencies from taking retaliatory action against an employee who report to an appropriate agency violations of law on the part of a public employer that create a substantial and specific danger to the public's health, safety, or welfare."[6] The statute also prevents the public employer from retaliating against a public employee who discloses information to an appropriate agency alleging an abuse or gross neglect of duty on the part of the

[2] *Minor v. Brunetti*, 43 So. 3d 178, 179 (Fla. 3d DCA 2010).
[3] *Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc*., 842 So.2d 204, 206 (Fla. 3d DCA 2003).
[4] *B. Martin Atkins v. Topp Telecom, Inc., et al.*, 873 So. 2d 397, 399 (Fla. 4th DCA 2004).
[5] *See Messana v. Maule Industries, Inc*., 50 So. 2d 874, 876 (Fla. 1951) (holding that a complainant must "plead a factual matter sufficient to apprise his adversary of what he is called upon to answer so that the court may, upon proper challenge, determine its legal effect.").
[6] *Rice-Lamar v. City of Fort Lauderdale*, 853 So.2d 1125, 1131-32 (Fla. 4th DCA 2003).

agency, public officer or employee.[7] Florida Whistle-blower claims are analyzed using the same framework as Title VII retaliation claims.[8] To state a claim under the statute, a plaintiff must allege that: (1) she engaged in a statutorily protected expression or activity; (2) she suffered an adverse employment action; and (3) there is a causal connection between the events.[9]

As an initial matter, the Complaint is devoid of any specifics qualifying CLH as a governmental entity or agency against which a public whistleblower type claim could be brought. This is relevant as Plaintiff also asserts a private whistleblower against CLH and appears to want to be able to bring both actions.

*i. Insufficient allegations to demonstrate statutorily protected activity necessary to support claim*

Section 112.3187(5) provides that the information disclosed must include any violation or suspected violation of any federal, state or local law which creates and presents a substantial and specific danger of the public's health, safety, or welfare or any act or suspected act of gross mismanagement, malfeasance, gross waste of public funds, or gross neglect of duty. A plaintiff must state facts to support the contention that he objected to or refused to participate in an activity that violated a law, rule or regulation.[10]

Plaintiff alleges in Paragraph 46 of the Complaint that she:

> reported and disclosed violations of state rules, regulations and laws to a person who had the authority to investigate, police, manage and otherwise

---

[7] *Id.* at 1132.
[8] *Id.* at 1132-33; *see also Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 950 (11th Cir. 2000); *Bell v. Georgia-Pacific Corp.*, 390 F.Supp.2d 1182, 1188 (M.D. Fla. 2005).
[9] *Rice-Lamar*, 853 So.2d at 1132-33.
[10] *Stubblefield v. Follet Higher Ed. Group, Inc.*, No. 8:10-CV-824-T-24-AEP, 2010 U.S. Dist. LEXIS 50393, 2010 WL 2025996, at *2 (M.D. Fla. May 20, 2010); *see also Holmes v. Collier Cty. Bd. of Comm'rs*, No. 2:09-CV-381-FtM-36SPC, 2010 U.S. Dist. LEXIS 149251, at *14-15 (M.D. Fla. Sep. 1, 2010).

> remedy the violations of rules, regulations and laws reported by Plaintiff. Plaintiff also disclosed this information when she participated in investigations, hearings, or other agency inquiries. Plaintiff reported malfeasance, misfeasance, and other acts specifically outlined in § 112.3187(5), Florida Statutes.

Critically, Plaintiff's allegations are not specific enough as to the information she purportedly disclosed that constituted statutorily protected activity under Section 112.3187(5). For example, Plaintiff alleges she provided written reports to CLH Board of Directors Member, Mark Plumber highlighting and substantiating supplies being severely depleted and that there was a nurse shortage, but Plaintiff fails to explain how that violated any law or otherwise qualified as statutorily protected activity under Section 112.3187(5).[11] For example, Plaintiff points to no specific violation of any statute or regulatory provision governing depleted supplies or a nurse shortage. This is reason enough to bar Count I of the Complaint.

*ii. Plaintiff fails to allege that her disclosure was made in a manner prescribed under section 112.3187(7), Florida Statutes*

The Complaint also fails to state a cause of action under the Whistleblower's Act because Plaintiff fails to allege that she made her disclosure pursuant to one of the five statutorily-enumerated methods set forth in section 112.3187(7). Section 112.3187(7) states, in relevant part:

> This section protects employees and persons who disclose information on their own initiative in a written and signed complaint; who are requested to participate in an investigation, hearing, or other inquiry conducted by any agency or federal government entity; who refuse to participate in any adverse action prohibited by this section; or who initiate a complaint through the whistle-blower's hotline or the hotline of the Medicaid Fraud Control Unit of the Department of Legal Affairs; or employees who file any written complaint to their supervisory officials or employees who submit a complaint to the Chief Inspector General in the Executive

[11] Complaint at ¶ 27.

> Office of the Governor, to the employee designated as agency inspector general under s. 112.3189(1), or to the Florida Commission on Human Relations.[12]

"As can be seen, the statute extends protection to five categories of employees: those who (1) disclose information on their own initiative in a written and signed complaint; (2) are requested to participate in an investigation, hearing, or other inquiry conducted by any agency or federal government entity; (3) refuse to participate in any adverse action prohibited by the act; (4) initiate a complaint through the whistleblower's hotline or the hotline of the Medicaid Fraud Control Unit of the Department of Legal Affairs; and (5) file any written complaint to their supervisory officials or employees who submit a complaint to the Chief Inspector General in the Executive Office of the Governor, to the employee designated as agency inspector general under section 112.3189(1), or to the Florida Commission on Human Relations."[13]

A complaint fails to state a cause of action under the Whistleblower's Act when a plaintiff fails to allege that he or she made a disclosure in a manner prescribed under section 112.3187(7).[14] In paragraph 27, Plaintiff fails to allege how her alleged written complaints were made. For example, Plaintiff fails to allege that she made the reports in a "written and signed complaint." While Plaintiff does allege that she

---

[12] § 112.3187(7), Fla. Stat.
[13] *Rustowicz v. N. Broward Hosp. Dist.*, 174 So. 3d 414, 420–21 (Fla. 4th DCA 2015).
[14] *See, e.g., Fernandez v. City of Fruitland Park*, 5:16-CV-326-OC-34PRL, 2016 WL 8329400, at *9 (M.D. Fla. Dec. 6, 2016), report and recommendation adopted, 5:16-CV-326-OC-34PRL, 2017 WL 735390 (M.D. Fla. Feb. 24, 2017) (dismissing plaintiff's complaint for failure to make allegations meeting the requirements of section 112.3187(7)); *Shaw v. Town of Lake Clarke Shores*, 174 So. 3d 444, 446 (Fla. 4th DCA 2015) (holding that the trial court properly dismissed the Whistleblower's Act complaint where the appellant failed to sign the letter disclosing his supervisor's alleged misconduct, noting that the lack of signature precluded the letter from being a protected disclosure under the Act).

participated in "investigations, hearings, or other agency inquiries" in Count I, as noted above, the Complaint provides no detail of Plaintiff's involvement in the alleged proceedings, nor does it describe the subject matter of these proceedings. Moreover, Plaintiff fails to allege that she was requested to participate in the alleged investigations, hearings, or other inquiries, or that the investigations, hearings, or other inquiries were conducted by a state agency or federal government entity. Because the Complaint does not allege that Plaintiff made her disclosure in a manner prescribed by section 112.3187(7), dismissal of this Count is necessary.

b. COUNT IV FAILS TO STATE A PRIVATE WHISTLEBLOWER CLAIM AGAINST CLH

Similar to the Public Whistleblower Act, the Private Sector Whistleblower Act ("FPWA") provides, in pertinent part, that an employer may not take retaliatory personnel action against an employee because the employee has:

> (1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice.
>
> (2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer.
>
> (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.[15]

The Complaint does not assert anything remotely resembling Plaintiff either providing a statement under oath in writing or providing information to a governmental

[15] §448.102, Fla. Stat. (2020).

agency regarding CLH. Thus, Plaintiff is proceeding in this matter on subsection (3) above, only, to the exclusion of either subsection (1) or (2).[16] Thus, she is claiming that she suffered adverse employment actions for having blown the whistle by virtue of objecting to violations of "laws, rules or regulations." Therefore, she bears the burden of alleging: (a) she engaged in a statutorily protected expression; (b) she suffered a materially adverse employment action; and (c) there was some causal relation between the events.[17]

Plaintiff fails to plead the first element of her cause of action. Section 448.101(4), Florida Statutes, defines "law, rule, or regulation" as:

> (4) "Law, rule, or regulation" includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business.[18]

For purposes of FPWA claims, a "law, rule, or regulation" is limited to positive law.[19] That is, only statutes, administrative codes, CFRs, or ordinances that were passed by a legislative body (or an administrative body with delegated legislative authority) could form the basis for a FPWA claim.[20] Plaintiff alleges she provided written reports to CLH, highlighting and substantiating supplies being severely depleted and that there was a nurse shortage, but Plaintiff fails to explain how that violated any law or otherwise qualified as statutorily protected activity under Section 448.102(3).[21] For example, Plaintiff points

[16] Plaintiff is not proceeding on subsection (1) because there is no allegation she disclosed the alleged acts to any governmental agency or that she participated in any governmental investigation into the alleged acts.
[17] *Rutledge v. SunTrust Bank*, 262 Fed.Appx. 956 (11th Cir. 2008).
[18] § 448.101(4), Fla.Stat. (2020).
[19] *Snow v. Ruden. McClosky, Smith. Schuster & Russell P.A.*, 896 So.2d 787 (Fla. 2d DCA 2005).
[20] *Id***.** at 791.
[21] Complaint at ¶ 27.

to no specific violation of any statute or regulatory provision governing depleted supplies or a nurse shortage. Because Plaintiff has failed to identify any specific law, rule, or regulation that was violated by CLH, her FPWA claim must also be dismissed.

c. COUNTS I AND IV IMPROPERLY COMINGLE PUBLIC AND PRIVATE WHISTLEBLOWER CLAIMS AGAINST CLH

As noted above, Count I of the Complaint asserts a cause of action against CLH for Public Whistleblower Retaliation while Count IV asserts a cause of action against CLH for FPWA. The applicability of the Public Whistle-blower Statute would preclude a finding that the FPWA also applies and vice versa. The relevant statutes are in derogation of the common law and should be strictly construed so that only one statute applies. Accordingly, if this Court allows both claims to proceed forward, Plaintiff should be required to attempt to plead either one or the other and not both against CLH. Thus, the Complaint should be dismissed.

## III. CONCLUSION

For the foregoing reasons, Defendants requests entry of an Order dismissing Counts I and IV in the Complaint in their entirety and granting such other relief as the Court deems proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of November, 2020, a true and correct copy of the foregoing was filed with the Clerk of Calhoun County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: **Marie A. Mattox, Esq**., Marie A. Mattox, P.A., marie@mattoxlaw.com; michelle@mattoxlaw.com;

marlene@mattoxlaw.com, 203 North Gadsden Street, Tallahassee, FL 32301, (850) 383-4800/(850) 383-4801 (F), Attorney for Plaintiff, Mary Watson.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant Calhoun-Liberty Hospital Association, Inc.*
890 South Palafox Street, Suite 200
Pensacola, Florida 32502
Telephone (850) 483-5909
Facsimile (850) 438-6969
E-mail: randall.rogers@csklegal.com
E-mail: michael.kelly@csklegal.com
E-mail: kassia.deleon@csklegal.com

By: s/ Michael B. Kelly
RANDALL G. ROGERS
Florida Bar No.: 195626
MICHAEL B. KELLY
Florida Bar No.: 115345

1085.0944-00/21287966

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,**

**Plaintiff,**

**vs.** **CASE NO. 2020-CA-000064**

**BLUE MANAGEMENT SERVICES, LLC. D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC. F/K/A EMCARE PHYSICIANSERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.**

**Defendants.**

**NOTICE OF APPEARANCE AND DESIGNATION OF PRIMARY AND SECONDARY E-MAIL ADDRESSES**

Richard N. Margulies and Justin S. Swartz on behalf of the law firm of JACKSON LEWIS P.C., hereby file this Notice of Appearance as local counsel for Defendant, ENVISION PHYSICIAN SERVICES, LLC ("Defendant"), in the above-styled matter and designate their Primary and Secondary e-mail addresses for service of all future documents, notices, motions, orders, judgments, and other pleadings filed in this case.

**Primary Electronic E-Mail Address**: Richard.Margulies@jacksonlewis.com
**Secondary Electronic E-Mail Addresses**: Ashley.Bolin@jacksonlewis.com and JacksonvilleDocketing@jacksonlewis.com

**Primary Electronic E-Mail Address**: Justin.Swartz@jacksonlewis.com
**Secondary Electronic E-Mail Addresses**: Alicia.Franchino@jacksonlewis.com and OrlandoDocketing@jacksonlewis.com

Where service of hard copies is to be made in addition to the e-mail service required by Rule 2.516(b)(1)(A), counsel requests that the copies be served upon them at the physical address below.

DATED this 20th day of November, 2020.

Respectfully submitted,

JACKSON LEWIS P.C.
501 Riverside Avenue, Suite 902
Jacksonville, FL 32202
Telephone: (904) 638-2655
Facsimile: (904) 638-2656

390 N. Orange Avenue Suite 1285
Orlando, FL 32801
Telephone: (407) 246 8440
Facsimile: (407) 246-8441

By: *<u>/s/ Justin S. Swartz</u>*
Richard N. Margulies
Florida Bar No. 0607487
richard.margulies@jacksonlewis.com

Justin S. Swartz
Florida Bar No. 091232
justin.swartz@jacksonlewis.com

Attorneys for Defendant,
Envision Physician Services, LLC

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 20th day of November, 2020, the foregoing was electronically filed with the Clerk of the Court by using Florida Courts E-filing Portal which will send a notice of electronic filing to all parties.

*<u>/s/ Justin S. Swartz</u>*
Justin S. Swartz

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,**

**Plaintiff,**

**vs.** **CASE NO. 2020-CA-000064**

**BLUE MANAGEMENT SERVICES, LLC. D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC. F/K/A EMCARE PHYSICIANSERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.**

**Defendants.**

**UNOPPOSED VERIFIED MOTION FOR ADMISSION TO APPEAR *PRO HAC VICE* PURSUANT TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.510**

COMES NOW, John M. Barr ("Movant"), and respectfully represents the following:

1. Movant resides in the State of Virginia and is not a resident of the State of Florida.

2. Movant is an attorney with the Law Office of John M. Barr, P.C., with an office at 4105 Stuart Avenue, Richmond, Virginia 23221, (804) 269-5078.

3. Movant has been retained as counsel by Defendant ENVISION PHYSICIAN SERVICES, LLC. ("Defendant"), to provide legal representation in connection with the above-styled matter now pending before the above-named court of the State of Florida.

4. Movant is an active member in good standing and currently eligible to practice law in the following jurisdiction(s):

| JURISDICTION | ATTORNEY/BAR NUMBER |
|---|---|
| Commonwealth of Virginia | 29864 |
| District of Columbia | 425972 |

5. There have been no disciplinary, suspension, disbarment, or contempt proceedings initiated against Movant in the preceding 5 years.

6. Movant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate Movant's office as an attorney in order to avoid administrative, disciplinary, disbarment or suspension proceedings.

7. Movant is not an inactive member of The Florida Bar.

8. Movant is not now a member of The Florida Bar.

9. Movant is not a suspended member of The Florida Bar.

10. Movant is not a disbarred member of The Florida Bar nor has Movant received a disciplinary revocation from The Florida Bar.

11. Movant has not previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation pursuant to Florida Rule of Judicial Administration 2.510.

12. Movant has filed motion(s) to appear as counsel in Florida state courts during the past five (5) years in the following matters:

| Date of Motion | Case Name | Case Number | Court | Date Motion Granted |
|---|---|---|---|---|
| 2/12/2016 | Cruz v. Florida EM-I Med. | 15-CA-001112 | Circuit Court of Hillsborough | 2/19/2016 |

| | | | | |
|---|---|---|---|---|
| 12/11/2018 | Adderson v. Anesthesia Asscociates Of Tallahassee | 2018-CA-001847 | Circuit Court in and for Leon County | 12/11/2018 |
| 4/29/2019 | Kolodzeij v. Envision | CACE-19-005822 | Circuit Court of Broward | 4/29/2019 |

13. Local counsel of record associated with Movant in this matter is Richard N. Margulies, Esq. Florida Bar No. 607487, Jackson Lewis P.C., 501 Riverside Ave Ste 902, Jacksonville, FL 32202 (904-638-2655), and Justin S. Swartz, Esq. Florida Bar No. 91232, Jackson Lewis P.C., 390 N. Orange Avenue, Suite 1285, Orlando, FL 32801 (407-246-8440). Both are active members in good standing of The Florida Bar.

14. Movant has read the applicable provisions of Florida Rule of Judicial Administration 2.510 and Rule 1-3.10 of the Rules Regulating The Florida Bar and certifies that this verified motion complies with those rules.

15. Movant agrees to comply with the provisions of the Florida Rules of Professional Conduct and consents to the jurisdiction of the courts and the Bar of the State of Florida.

WHEREFORE, Movant respectfully requests permission to appear in this court for this cause only.

DATED this 26th day of November, 2020.

John M. Barr, Esq.
Virginia Bar No.: 29864
LAW OFFICE OF JOHN M. BARR, P.C.
4105 Stuart Avenue
Richmond, Virginia 23221
Telephone: (804) 269-5078
Email: John.Barr@jmblawoffice.com

STATE OF VIRGINIA
CITY OF RICHMOND

I, John M. Barr, do hereby swear or affirm under penalty of perjury that I am the Movant in the above-styled matter, that I have read the foregoing Motion and know the contents thereof, and the contents are true of my own knowledge and belief.

John M. Barr, Esq.

[THIS SPACE LEFT INTENTIONALLY BLANK]

I hereby consent to be associated as local counsel of record in this cause pursuant to Florida Rule of Judicial Administration 2.510.

DATED this 20th day of November, 2020.

Respectfully submitted,

JACKSON LEWIS P.C.
501 Riverside Avenue, Suite 902
Jacksonville, FL 32202
Telephone: (904) 638-2655
Facsimile: (904) 638-2656

390 N. Orange Avenue, Suite 1285
Orlando, FL 32801
Telephone: (407) 246 8440
Facsimile: (407) 246-8441

By: */s/ Justin S. Swartz*
Richard N. Margulies
Florida Bar No. 0607487
richard.margulies@jacksonlewis.com

Justin S. Swartz
Florida Bar No. 091232
justin.swartz@jacksonlewis.com

Attorneys for Defendant,
Envision Physician Services, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of November, 2020, the foregoing was electronically filed with the Clerk of the Court by using Florida Courts E-filing Portal which will send a notice of electronic filing to all parties.

*/s/ Justin S. Swartz*
Justin S. Swartz

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,**

**Plaintiff,**

**vs.** **CASE NO. 2020-CA-000064**

**BLUE MANAGEMENT SERVICES, LLC. D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC. F/K/A EMCARE PHYSICIANSERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.**

**Defendants.**

**DEFENDANT, ENVISION PHYSICIAN SERVICES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW, the Defendant, ENVISION PHYSICIAN SERVICES, LLC ("Defendant") and, through undersigned counsel, provides the following answer and affirmative defenses to the relevant allegations set forth in Plaintiff's Complaint:

1. Paragraph 1 is a mere restatement of Plaintiff's case. Defendant denies any allegations contained in this Paragraph.

2. Paragraph 2 is a restatement of Plaintiff's damage claims. Defendant denies that Plaintiff is entitled to any recovery from it whatsoever.

3. Defendant admits that the Plaintiff's name is Mary Watson and that she is female. Defendant is without knowledge or information sufficient to form a belief as to the truth of

plaintiff's allegations related to her state of residence. Defendant denies all remaining allegations contained in this Paragraph.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

5. Defendant denies the allegations contained in this Paragraph.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph as Plaintiff does not identify which conditions precedent she claims to have satisfied.

8. Defendant admits that Plaintiff worked as a physician and as the Medical Director of the Emergency Department at Calhoun-Liberty Hospital ("CLH"). Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff was ever employed by CLH. Defendant denies the remaining allegations contained in this Paragraph.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

10. Defendant admits that it entered into an Agreement with CLH on or around June 1, 2019 to provide clinicians for CLH's Emergency Department. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations related to the actions of CLH. Defendant denies the remaining allegations contained in this Paragraph.

11. Defendant denies the allegations contained in this Paragraph.

12. Defendant denies the allegations contained in this Paragraph.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

15. Defendant admits that it received complaints about Plaintiff's poor work performance. Defendant denies the remaining allegations contained in this Paragraph.

16. Defendant denies the allegations contained in this Paragraph.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

18. Defendant denies that it could have allowed Dr. Adamcryk to return to CLH prior to the date that it entered into an agreement with CLH. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

22. Defendant admits that it employs Olevia McNally. Defendant further admits that it has no power to discipline employees of CLH. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

30. Defendant admits that Dr. Lee Johnson spoke to Plaintiff regarding issues at the hospital. Defendant denies that it took any action against Plaintiff to intimidate her in any way. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

33. Defendant denies that Plaintiff reported retaliation to it. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

36. Defendant denies that Plaintiff reported alleged retaliation to it. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in this Paragraph.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

38. Defendant denies that it was instructed to terminate Plaintiff's employment agreement by CLH. Defendant admits that Dr. Johnson and Tammy Jarvis communicated with Plaintiff about her employment in January 2020.

39. Defendant admits that Dr. Murray Baker, Sr. is male and that he became the new site director for the CLH Emergency Department in or about January 2020. Defendant denies the remaining allegations contained in this Paragraph.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

43. Defendant incorporates its responses to Paragraphs 1-42 as if restated in full herein.

44-50. These Paragraphs state a cause of action only against CLH. As such, no response is required from Defendant. To the extent that a response is required, Defendant denies the allegations contained in these Paragraphs.

51. Defendant incorporates its responses to Paragraphs 1-50 as if restated in full herein.

52-57. These Paragraphs state a cause of action only against Alliant. As such, no response is required from Defendant. To the extent that a response is required, Defendant denies the allegations contained in these Paragraphs

58. Defendant incorporates its responses to Paragraphs 1-57 as if restated in full herein.

59. This Paragraph merely lists the statute under which Plaintiff is bring this claim and no response is required.

60. Defendant denies the allegations contained in this Paragraph.

61. Defendant denies the allegations contained in this Paragraph.

62. Defendant denies the allegations contained in this Paragraph.

63. Defendant denies the allegations contained in this Paragraph.

64. Defendant denies the allegations contained in this Paragraph.

65. Defendant incorporates its response to Paragraphs 1-64 as if restated in full herein.

66-71. These Paragraphs state a cause of action only against CLH. As such, no response is required from Defendant. To the extent that a response is required, Defendant denies the allegations contained in these Paragraphs.

**PRAYER FOR RELIEF**

In response to the unnumbered Prayer for Relief section and “Wherefore” clause following Paragraph 71 of the Complaint, Defendant denies that Plaintiff is entitled to any of the relief requested therein in Paragraphs (a) through (h).

WHEREFORE, Defendant denies all allegations contained in the Complaint that it has not specifically admitted. Defendant respectfully requests that Plaintiff's claims be dismissed, that judgment be entered in its favor and that it be awarded such relief, including but not limited to its attorneys' fees and costs, that this Court deems reasonable and proper.

**JURY DEMAND**

Defendant moves to strike the jury demand that Plaintiff asserts. Plaintiff entered into a contractual agreement applicable to this action in which she knowingly and voluntarily waived her right to a jury trial.

**GENERAL DENIAL**

Defendant denies each and every allegation of fact, conclusion of law, or other matter contained in the Complaint that has not been expressly admitted in this Answer.

**AFFIRMATIVE DEFENSES**

Defendant makes the following affirmative defenses without assuming the burden of proof unless legally required to do so. Defendant also reserves the right to add additional affirmative defenses should additional evidence be developed throughout the course of this litigation.

1. Plaintiff failed to mitigate her damages.

2. Plaintiff knowingly voluntarily waived her right to a jury trial in a contractual agreement applicable to this action.

3. Plaintiff was not an "employee" of Defendant and therefore Plaintiff is not covered under the Florida Whistleblower's Act, Fla. Stat. § 448.102, *et seq*. ("FWA"). Accordingly, Plaintiff has failed to state a cause of action against Defendant under the FWA.

4. Plaintiff's claim is barred, in whole or in part, because for completely legitimate and non-retaliatory reasons, any challenged actions would have been taken in any case.

5. Plaintiff's claim is barred, in whole or in part, because Defendant at all times acted in good faith and without malice or any intent to cause any harm to Plaintiff.

6. Any allegations of unlawful conduct, if committed, were committed by individuals on their own, in violation of Defendant's strict policies prohibiting such conduct, and acted outside the scope of their employment.

7. All actions with respect to Plaintiff were based on, and because of, completely legitimate, non-retaliatory reasons.

8. Without admitting that Plaintiff has standing under the FWA, Plaintiff's claim under the FWA fails on the grounds that Defendant did not violate any law, rule or regulation, nor did Defendant request Plaintiff violate same.

9. Without admitting that Plaintiff has standing under the FWA, Plaintiff's claim under the FWA fails because Defendant did not authorize, participate in, or otherwise ratify or adopt any of the alleged conduct that Plaintiff claims was unlawful.

10. Without admitting that Plaintiff has standing under the FWA, Plaintiff's claim under the FWA fails because there is no causal connection between any alleged adverse action and any alleged protected activity.

11. To the extent that Plaintiff otherwise failed to avail herself of Defendant's policies against retaliation, her claims for violation of the FWA are barred.

12. Defendant reserves the right to amend or add any additional defenses or counterclaims which may become known during the course of discovery.

[THIS SPACE LEFT INTENTIONALLY BLANK]

DATED this 20th day of November, 2020.

Respectfully submitted,

JACKSON LEWIS P.C.
501 Riverside Avenue, Suite 902
Jacksonville, FL 32202
Telephone: (904) 638-2655
Facsimile: (904) 638-2656

390 N. Orange Avenue Suite 1285
Orlando, FL 32801
Telephone: (407) 246 8440
Facsimile: (407) 246-8441

By: *__/s/ Justin S. Swartz__*
Richard N. Margulies
Florida Bar No. 0607487
richard.margulies@jacksonlewis.com

Justin S. Swartz
Florida Bar No. 091232
justin.swartz@jacksonlewis.com

LAW OFFICE OF JOHN M. BARR, P.C.
John M. Barr, Esq.*
Virginia Bar No.: 29864
4105 Stuart Avenue
Richmond, Virginia 23221
Telephone: (804) 269-5078
Email: John.Barr@jmblawoffice.com
**Motion to Appear Pro Hac Vice pending*

Attorneys for Defendant,
Envision Physician Services, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of November, 2020, the foregoing was electronically filed with the Clerk of the Court by using Florida Courts E-filing Portal which will send a notice of electronic filing to all parties.

*__/s/ Justin S. Swartz__*
Justin S. Swartz

4850-0242-5810, v. 1

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT**
**IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,**

Plaintiff,

v. **Case No.: 2020 CA 64**

**BLUE MANAGEMENT SERVICES, LLC,**
**D/B/A ALLIANT MANAGEMENT SERVICES;**
**ENVISION PHYSICIAN SERVICES, LLC**
**F/K/A EMCARE PHYSICIAN SERVICES, INC.;**
**and CALHOUN-LIBERTY HOSPITAL**
**ASSOCIATION, INC.,**

Defendants.
_______________________________________/

**DEFENDANT BLUE MANAGEMENT SERVICES, LLC d/b/a ALLIANT MANAGEMENT SERVICES' ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, **BLUE MANAGEMENT SERVICES, LLC d/b/a ALLIANT MANAGEMENT SERVICES** ("ALLIANT" or "Defendant"), by and through the undersigned counsel, answers the Complaint filed by Plaintiff, **MARY WATSON** ("Watson" or "Plaintiff"), responding *in seriatim* to the allegations set forth therein as follows:

**GENERAL DENIAL**

ALLIANT adamantly denies that it employed Plaintiff in any manner. Thus, Plaintiff is not protected under the Florida Whistleblower Act, § 448.102, et. seq., Fla. Stat., nor is ALLIANT subject to liability under the Act. ALLIANT further denies it retaliated against her or that her rights under state law were in any way violated by ALLIANT. All allegations not expressly admitted are hereby denied.

## NATURE OF THE ACTION

1. Admitted that this purports to be an action alleging retaliation, brought pursuant to the Florida Public Whistleblowers Act, §§ 112.3187 et. seq., Fla. Stat. ("FPWA"), and the Florida Whistleblower Act, § 448.102, et. seq., Fla. Stat. ("FWA"), but denied that Plaintiff's rights under these statutes were violated in any manner, or that ALLIANT is subject to either of these Acts as it did not employ the Plaintiff.

2. Admitted that Plaintiff purports to bring an action for damages in excess of $30,000, but denies that Plaintiff is entitled to the relief sought or any relief whatsoever.

## THE PARTIES

3. Admitted that Plaintiff is female. All remaining allegations are denied.

4. Admitted that ALLIANT conducts business within the State of Florida for jurisdictional purposes only. ALLIANT denies it is an "employer" under either the FPWA or the FWA as it relates to Plaintiff as ALLIANT never employed her. All remaining allegations are denied.

5. These allegations relate to defendants other than ALLIANT, therefore no response is required. To the extent a response is required, without knowledge, and therefore denied.

6. These allegations relate to defendants other than ALLIANT, therefore no response is required. To the extent a response is required, without knowledge, and therefore denied.

## CONDITIONS PRECEDENT

7. Without knowledge, and therefore denied.

## STATEMENT OF THE ULIMATE FACTS

8. Without knowledge, and therefore denied.

9. Admitted ALLIANT provided services to Calhoun-Liberty Hospital pursuant to a Hospital Management Services Agreement. All remaining allegations are denied.

10. Without knowledge, and therefore denied.

11. Without knowledge, and therefore denied.

12. Denied.

13. Without knowledge, and therefore denied.

14. Without knowledge, and therefore denied.

15. Without knowledge, and therefore denied.

16. Without knowledge, and therefore denied.

17. Without knowledge, and therefore denied.

18. Without knowledge, and therefore denied.

19. Without knowledge, and therefore denied.

20. Without knowledge, and therefore denied.

21. Without knowledge, and therefore denied.

22. Without knowledge, and therefore denied.

23. Without knowledge, and therefore denied.

24. Without knowledge, and therefore denied.

25. Without knowledge, and therefore denied.

26. Without knowledge, and therefore denied.

27. Without knowledge, and therefore denied.

28. Without knowledge, and therefore denied.

29. Without knowledge, and therefore denied.

30. Without knowledge, and therefore denied.

31. Admitted Mr. Kozar was employed by ALLIANT as its Regional CEO, and that on or about the date alleged, he met with Plaintiff at a fast food restaurant in Blountstown during which time Plaintiff discussed her unhappiness with work. Without knowledge as to what Plaintiff may have told Chairman Plummer, and whether she feared retaliation from the hospital, and therefore denied. All remaining allegations are denied.

32. Without knowledge, and therefore denied.

33. Admitted Plaintiff discussed her unhappiness with work on several occasions. All remaining allegations are denied.

34. Without knowledge, and therefore denied.

35. Without knowledge, and therefore denied.

36. Admitted Plaintiff discussed her unhappiness with work on several occasions. All remaining allegations are denied.

37. Without knowledge, and therefore denied.

38. Without knowledge, and therefore denied.

39. Denied.

40. Without knowledge, and therefore denied.

41. Without knowledge, and therefore denied.

42. ALLIANT is without knowledge as to Plaintiff's fee arrangement with Plaintiff's Counsel and therefore denies the allegations in paragraph 42 of the Complaint. ALLIANT also states that it is not liable to Plaintiff in any way and is not liable for any fees or costs incurred by her attorneys in representing her in this matter.

**COUNT I**
**PUBLIC WHISTLEBLOWER RETALIATION AGAINST CLH**

43. ALLIANT's responses to paragraphs 1 through 42 are reincorporated as though set forth herein.

44. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

45. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

46. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

47. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

48. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

49. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

50. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

**COUNT II**
**PRIVATE WHISTLEBLOWER RETALIATION**
**(Against Defendant ALLIANT)**

51. ALLIANT's responses to paragraphs 1 through 42 are reincorporated as though set forth herein.

52. Admitted that this purports to be an action alleging retaliation, brought pursuant to the Florida Whistleblower Act, § 448.102, et. seq., Fla. Stat., but denied that Plaintiff's rights under

this statute were violated in any manner, or that ALLIANT is subject to the Act as it did not employ the Plaintiff.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

**COUNT III**
**PRIVATE WHISTLEBLOWER RETALIATION**
**(Against Defendant ENVISION)**

58. ALLIANT's responses to paragraphs 1 through 42 are reincorporated as though set forth herein.

59. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

60. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

61. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

62. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

63. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

64. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

**COUNT IV**
**PRIVATE WHISTLEBLOWER RETALIATION**
**(Against Defendant CLH)**

65. ALLIANT's responses to paragraphs 1 through 42 are reincorporated as though set forth herein.

66. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

67. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

68. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

69. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

70. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

71. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

**PRAYER FOR RELIEF**

ALLIANT denies Plaintiff is entitled to any relief set forth in the "Prayer for Relief" on page 14 of the Complaint and demands strict proof for each and every request for relief stated in paragraph (a) – (h).

## DEMAND FOR JURY TRIAL

ALLIANT demands a trial by jury on all issues which are so triable.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff was not an employee of ALLIANT and is therefore not covered under the FWA.

3. Plaintiff cannot make out a prima facie case of retaliation under the FWA based upon the allegations set forth in the Complaint, or otherwise.

4. Plaintiff cannot establish that her alleged protected activity was a "but for" cause of any adverse employment action.

5. Plaintiff did not suffer any adverse employment action.

6. Any and all actions taken with respect to Plaintiff were taken or made in good faith and one account of legitimate, non-retaliatory reasons.

7. Plaintiff's claims for damages, attorney fees and costs and other relief are limited by the provisions of the FPWA and/or Chapter 768, Florida Statutes.

8. Plaintiff did not engage in conduct protected by the FWA.

9. Assuming, arguendo, Plaintiff disclosed certain information, which ALLIANT expressly denies, any such disclosure was not protected by the FWA and/or not disclosed in accordance with the requirements of the FWA.

10. Assuming, arguendo, Plaintiff disclosed certain information, which ALLIANT expressly denies, any such disclosure was made in bad faith or for wrongful purpose.

11. ALLIANT has made good faith efforts through its adoption of anti-retaliation policies, and training and education of its personnel, to comply with all employment retaliation laws.

12. ALLIANT did not violate any law, rule or regulation, nor did it authorize, ratify, adopt, or otherwise participate in any of the alleged conduct Plaintiff alleges was unlawful.

13. To the extent decisions were made regarding Plaintiff's employment based upon erroneous or mistaken beliefs as to certain facts or circumstances, such decisions were nonetheless made in good faith and were not motivated by any disclosures protected the FWA.

14. To the extent Plaintiff has failed to mitigate her damages, she should be precluded from recovering damages against ALLIANT.

15. To the extent that Plaintiff has come before this Court with unclean hands, she is barred from recovering from ALLIANT in whole or in part.

16. Assuming, arguendo, Plaintiff is entitled to an award of damages for the actions complained of in the Complaint, which ALLIANT expressly denies, it is entitled to a reduction of monies demanded by Plaintiff, by any and all monies received by Plaintiff from other sources arising from or out of the same claims and injuries asserted in the Complaint.

17. To the extent some or all of Plaintiff's claims are barred by the applicable statutes of limitations and/or are otherwise barred or preempted, Plaintiff is not entitled to recovery with respect to such claims.

18. To the extent Plaintiff's administrative charge, or this action have not been timely filed, Plaintiff is not entitled to recover with respect to any such untimely claims.

19. To the extent Plaintiff has failed to exhaust administrative and/or contractual remedies and/or other pre-suit remedies, Plaintiff is not entitled to proceed with any such unexhausted claims.

20. If any employee of ALLIANT retaliated against Plaintiff, the occurrence of which is denied, such conduct was outside the employee's actual or apparent scope of authority and/or employment with ALLIANT.

21. To the extent that part or all of Plaintiff's claims or allegations were not described in or otherwise covered by the administrative charge of retaliation filed by Plaintiff and/or to the extent Plaintiff has failed to exhaust her administrative remedies, Plaintiff is not entitled to proceed with such claims.

22. To the extent Plaintiff is able to establish that unlawful motivation played any part in any employment decision challenged in this action, which ALLIANT expressly denies, ALLIANT would have taken the same action in the absence of such impermissible motivating factor.

23. In the event that Plaintiff is entitled to an award of damages and/or other relief, which ALLIANT expressly denies, such damages and/or relief may be limited by the after-acquired evidence doctrine.

24. Plaintiff's claims are barred in whole or in part by her own acts or omissions. In addition, or in the alternative, to the extent the doctrine of estoppel applies to the claims alleged or the damages sought by Plaintiff in this action, then Plaintiff is not entitled to recovery against ALLIANT.

25. Plaintiff has failed to adequately allege that equitable and/or injunctive relief is appropriate or required.

26. To the extent Plaintiff has obtained recovery from any other collateral source, ALLIANT is entitled to a setoff.

27. ALLIANT is contractually entitled to indemnification and to be held harmless from any and all claims and causes of action relative to Plaintiff's Complaint.

28. ALLIANT reserves the right to amend this Answer to the Complaint and to add other defenses as discovery may warrant or as otherwise allowed by law.

**WHEREFORE,** having fully answered the Complaint and having set forth the above Affirmative Defenses thereto, ALLIANT respectfully prays that the Complaint be dismissed in its entirety and/or that judgment be entered against Plaintiff and in favor of ALLIANT, and, further, that ALLIANT be awarded its costs of defending this action, including reasonable attorneys' fees.

Dated this 2nd day of December, 2020.

Respectfully submitted,

*/s/ Lisa B. Fountain*
**LISA B. FOUNTAIN**
Florida Bar Number: 948802
lfountain@sniffenlaw.com
**ROBERT J. SNIFFEN**
Florida Bar Number: 0000795
rsniffen@sniffenlaw.com
**NICHOLAS E. MONK**
Florida Bar Number: 116438
nmonk@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for Defendant, Blue Management Services, LLC d/b/a Alliant Management Services*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of December, 2020, a true and exact copy of the foregoing was furnished via the Florida Court's E-Filing Portal to all counsel of record.

*/s/ Lisa B. Fountain*
**LISA B. FOUNTAIN**

Case 5:23-cv-00202-MW-MJF Document 1-2 Filed 07/27/23 Page 71 of 400

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT**
**IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,**

Plaintiff,

v. **Case No.: 2020 CA 64**

**BLUE MANAGEMENT SERVICES, LLC,**
**D/B/A ALLIANT MANAGEMENT SERVICES;**
**ENVISION PHYSICIAN SERVICES, LLC**
**F/K/A EMCARE PHYSICIAN SERVICES, INC.;**
**and CALHOUN-LIBERTY HOSPITAL**
**ASSOCIATION, INC.,**

Defendants.
_______________________________________/

**DEFENDANT'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF**

Defendant, **BLUE MANAGEMENT SERVICES, LLC., D/B/A ALLIANT MANAGEMENT SERVICES, LLC.,** ("Alliant" or "Defendant"), by and through its undersigned counsel serves the following Request for Admissions upon Plaintiff, **MARY WATSON** ("Watson" or "Plaintiff").

Defendant demands that within thirty (30) days after the service of these requests that Plaintiff specifically admit or deny the following requests for admission. Plaintiff is advised that a failure to specifically answer any request or an evasive answer to any request will be taken as an admission of truth of such request. Plaintiff is further advised that the answer must specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit nor deny the matter.

A denial shall fairly meet the substance of the requested admission and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is

requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for a failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. The facts that you are requested to admit or deny are as follows:

**DEFINITIONS**

1. "Plaintiff," "you" and "yours" refers to Mary Watson.

2. "Alliant" refers to Blue Management Services, LLC., d/b/a Alliant Management Services, LLC.

**REQUESTS**

1. Admit you have never been employed by Alliant.

2. Admit you never completed any application for employment for Alliant.

3. Admit you never completed any employment paperwork for Alliant.

4. Admit you never interviewed with Alliant for employment.

5. Admit you never received a paycheck issued by Alliant.

6. Admit you never received health benefits in any form from Alliant.

7. Admit you have never received any materials indicating Alliant was involved in the implementation of your health benefits.

8. Admit, for all times relevant to this action, your work schedule was not controlled by any action of Alliant.

9. Admit, for all times relevant to this action, Alliant did not control your work schedule.

10. Admit you never received a performance evaluation regarding the quality of your work from Alliant.

11. Admit, for all times relevant to this action, that Alliant never supervised your day-to-day work activities.

12. Admit, for all times relevant to this action, that Alliant never modified your employment conditions.

13. Admit Alliant did not have the authority to terminate your employment as it related to your rendering medical care services at Calhoun-Liberty Hospital.

14. Admit you never received any worker's compensation benefits from Alliant.

15. Admit you never received compensation of any kind from Alliant.

16. Admit you never received any contributions to your retirement plan from Alliant.

17. Admit, for all times relevant to this action, Alliant never coordinated your daily work schedule.

18. Admit, for all times relevant to this action, Alliant never coordinated your weekly work schedule.

19. Admit you never received any vacation leave directly from Alliant.

20. Admit you never received any sick leave directly from Alliant.

21. Admit Alliant never determined when you were allowed to take vacation leave.

22. Admit Alliant never determined when you were allowed to take sick leave.

23. Admit, for all times relevant to this action, your supervisor was not an employee of Alliant.

24. Admit Alliant did not control the manner and means of your work at Calhoun-Liberty Hospital.

25. Admit that from September 2016 through January 20, 2020, your supervisor was an employee of Calhoun-Liberty Hospital.

26. Admit that your pay and benefits for providing medical services at Calhoun-Liberty Hospital came from a third party other than Alliant.

27. Admit that your employer, for all times relevant to this action, was Calhoun-Liberty Hospital.

28. Admit that your employer, for all times relevant to this action, was Envision Physician Services, LLC. f/k/a Emcare Physician Services, Inc.

29. Admit that you have never been a party to any contract with Alliant.

Dated this 2nd day of December, 2020.

Respectfully submitted,

*/s/ Lisa B. Fountain*
**LISA B. FOUNTAIN**
Florida Bar Number: 948802
lfountain@sniffenlaw.com
**ROBERT J. SNIFFEN**
Florida Bar Number: 0000795
rsniffen@sniffenlaw.com
**NICHOLAS E. MONK**
Florida Bar Number: 116438
nmonk@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for Defendant, Blue Management Services, LLC d/b/a Alliant Management Services*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of December, 2020, a true and exact copy of the foregoing was furnished via the Florida Court's E-Filing Portal to all counsel of record, and electronic mail to all counsel of record.

*/s/ Lisa B. Fountain*
**LISA B. FOUNTAIN**

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,**

**Plaintiff,**

**v.**

**BLUE MANAGEMENT SERVICES, LLC. D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC. F/K/A EMCARE PHYSICIANSERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,**

**Defendants.**

**_____________________________________/**

**CASE NO.: 20-CA-64**
**FLA BAR NO.: 0739685**

**PLAINTIFF'S RESPONSE TO DEFENDANT BLUE MANAGEMENT SERVICES' FIRST REQUEST FOR ADMISSIONS**

Plaintiff, MARY WATSON, by and through their undersigned counsel, responds to Defendant Blue Management Services' First Request for Admissions as follows:

1. Admit you have never been employed by Alliant.

**RESPONSE:** DENY

2. Admit you never completed any application for employment for Alliant.

**RESPONSE:** DENY

3. Admit you never completed any employment paperwork for Alliant.

**RESPONSE:** DENY

4. Admit you never interviewed with Alliant for employment.

**RESPONSE:** DENY

5. Admit you never received a paycheck issued by Alliant.

**RESPONSE:** DENY

6. Admit you never received health benefits in any form from Alliant.

**RESPONSE:** DENY

7. Admit you have never received any materials indicating Alliant was involved in the implementation of your health benefits.

**RESPONSE:** DENY

8. Admit, for all times relevant to this action, your work schedule was not controlled by any action of Alliant.

**RESPONSE:** DENY

9. Admit, for all times relevant to this action, Alliant did not control your work schedule.

**RESPONSE:** ADMIT

10. Admit you never received a performance evaluation regarding the quality of your work from Alliant.

**RESPONSE:** DENY

11. Admit, for all times relevant to this action, that Alliant never supervised your day- to-day work activities.

**RESPONSE:** DENY

12. Admit, for all times relevant to this action, that Alliant never modified your employment conditions.

**RESPONSE:** DENY

13. Admit Alliant did not have the authority to terminate your employment as it related to your rendering medical care services at Calhoun-Liberty Hospital.

**RESPONSE:** DENY

14. Admit you never received any worker's compensation benefits from Alliant.

**RESPONSE:** ADMIT

15. Admit you never received compensation of any kind from Alliant.

**RESPONSE:** DENY

16. Admit you never received any contributions to your retirement plan from Alliant.

**RESPONSE:** DENY

17. Admit, for all times relevant to this action, Alliant never coordinated your daily work schedule.

**RESPONSE:** DENY

18. Admit, for all times relevant to this action, Alliant never coordinated your weekly work schedule.

**RESPONSE:** DENY

19. Admit you never received any vacation leave directly from Alliant.

**RESPONSE:** DENY

20. Admit you never received any sick leave directly from Alliant.

**RESPONSE:** DENY

21. Admit Alliant never determined when you were allowed to take vacation leave.

**RESPONSE:** ADMIT

22. Admit Alliant never determined when you were allowed to take sick leave.

**RESPONSE:** DENY

23. Admit, for all times relevant to this action, your supervisor was not an employee of Alliant.

**RESPONSE:** DENY

24. Admit Alliant did not control the manner and means of your work at Calhoun- Liberty Hospital.

**RESPONSE:** DENY

25. Admit that from September 2016 through January 20, 2020, your supervisor was an employee of Calhoun-Liberty Hospital.

**RESPONSE:** ADMIT

26. Admit that your pay and benefits for providing medical services at Calhoun-Liberty Hospital came from a third party other than Alliant.

**RESPONSE:** DENY

27. Admit that your employer, for all times relevant to this action, was Calhoun-Liberty Hospital.

**RESPONSE:** Admit that Calhoun-Liberty Hospital was at least one of Plaintiff's employers. However, Plaintiff's employment was controlled by several entities.

28. Admit that your employer, for all times relevant to this action, was Envision Physician Services, LLC. f/k/a Emcare Physician Services, Inc.

**RESPONSE:** Admit that Envision Physician Services, LLC was at least one of Plaintiff's employers. However, Plaintiff's employment was controlled by several entities.

29. Admit that you have never been a party to any contract with Alliant. Dated this 2nd day of December 2020.

**RESPONSE:** DENY

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
marie@mattoxlaw.com
susan@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon all counsel of record through the e-portal and electronic communication this 14th day of December 2020.

/s/ Marie A. Mattox
Marie A. Mattox

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA**

| | | |
|---|---|---|
| **MARY WATSON,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**BLUE MANAGEMENT SERVICES, LLC. D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC. F/K/A EMCARE PHYSICIANSERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.**<br><br>**Defendants.** | ) | **CASE NO. 2020-CA-000064** |

**AGREED ORDER GRANTING VERIFIED MOTION FOR ADMISSION TO APPEAR *PRO HAC VICE***

THIS CAUSE having come before the Court on the Unopposed Verified Motion for Admission to Appear *Pro Hac Vice* for John M. Barr (the "Motion"). This Court having considered the motion and all other relevant factors, it is hereby:

ORDERED AND ADJUDGED that the Motion is GRANTED. John M. Barr may appear and participate in this action on behalf of Defendant ENVISION PHYSICIAN SERVICES, LLC.

DONE AND ORDERED in Calhoun County, Florida, this 8th day of Jan., ~~2020.~~ 2021 ag

per Ana M Garcia

Honorable Shonna Young Gay
Circuit Judge

Copies furnish to all counsel of record

4848-4817-9154, v. 1

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,**

**Plaintiff,**

**vs.** **CASE NO. 2020-CA-000064**

**BLUE MANAGEMENT SERVICES, LLC. D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC. F/K/A EMCARE PHYSICIANSERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.**

**Defendants.**

**NOTICE OF APPEARANCE OF CO-COUNSEL FOR ENVISION PHYSICIAN SERVICES, LLC AND DESIGNATION OF E-MAIL ADDRESS**

John M. Barr, Esq. of the LAW OFFICE OF JOHN M. BARR, P.C., hereby files this Notice of Appearance as Co-Counsel for Defendant, ENVISION PHYSICIAN SERVICES, LLC ("Defendant"), in the above-styled matter and designates the below e-mail address for service of all future documents, notices, motions, orders, judgments, and other pleadings filed in this case.

Primary Electronic E-Mail Address: John.Barr@jmblawoffice.com

Where service of hard copies is to be made in addition to the e-mail service required by Rule 2.516(b)(1)(A), counsel requests that the copies be served upon them at the physical address below.

DATED this 11th day of January, 2021.

Respectfully submitted,

*/s/ John M. Barr*
John M. Barr, Esq.
Law Office of John M. Barr, P.C
4105 Stuart Avenue
Richmond, Virginia 23221
Phone: 804-269-5078
Admitted *Pro Hac Vice*
Florida PHV No. 0114835
Virginia Bar No.: 29864

Co-Counsel for Defendant,
Envision Physician Services, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of January, 2021, the foregoing was electronically filed with the Clerk of the Court by using Florida Courts E-filing Portal which will send a notice of electronic filing to all parties.

*/s/ Justin S. Swartz*
Justin S. Swartz

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA

CASE NO.: 2020-CA-000064

MARY WATSON,

Plaintiff,

v.

BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,

Defendants.
_______________________________/

**NOTICE OF HEARING VIDEO CONFERENCE HEARING**

**PLEASE TAKE NOTICE** that the following hearing has been set by Defendant, CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC., as follows:

| | |
|---|---|
| **Date and Time:** | Monday, March 29, 2021 at 1:30 p.m. CST |
| **Judge:** | Honorable Shonna Young Gay |
| **Place:** | Via Zoom<br>https://zoom.us/j/2944586342<br>Meeting ID: 294 458 6342 |
| **Motion:** | Defendant, Calhoun-Liberty Hospital Association, Inc.'s Motion to Dismiss Counts I And IV of Plaintiff's Complaint with Incorporated Memorandum of Law |
| **Time Reserved:** | 30 Minutes |

PLEASE BE GOVERNED ACCORDINGLY.

**NOTICE PURSUANT TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.540(c)**

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator by mail at P. O. Box 1089, Panama City, FL 32402 or by phone at (850) 767-3550 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days. If you are hearing impaired, please call 711 or email ADARequest@jud14.flcourts.org.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of January, 2021, a true and correct copy of the foregoing was filed with the Clerk of Calhoun County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: **Marie A. Mattox, Esq**., Marie A. Mattox, P.A., marie@mattoxlaw.com; michelle@mattoxlaw.com; marlene@mattoxlaw.com, 203 North Gadsden Street, Tallahassee, FL 32301, (850) 383-4800/(850) 383-4801 (F), Attorney for Plaintiff, Mary Watson, **Robert J. Sniffen, Esq**., **Lisa B. Fountain, Esq**. and **Nicholas E. Monk, Esq**., Sniffen & Spellman, P.A., rsniffen@sniffenlaw.com; lfountain@sniffenlaw.com; nmonk@sniffenlaw.com; gjennings@sniffenlaw.com; mduber@sniffenlaw.com; kbarger@snniffenlaw.com, 123 North Monroe Street, Tallahassee, FL 32301, (850) 205-1996/(850) 205-3004 (F), Attorneys for Defendant, Blue Management Services, LLC d/b/a Alliant Management Services, **Richard N. Margulies, Esq**., Jackson Lewis P.C., richard.margulies@jacksonlewis.com; Ashley.Bolin@jacksonlewis.com; JacksonvilleDocketing@jacksonlewis.com, 501 Riverside Avenue, Suite 902, Jacksonville, FL 32200, (904) 638-2655/(904) 638-2656 (F), **Justin S. Swartz, Esq**., Jackson Lewis, PC, justin.swartz@jacksonlewis.com;

Alicia.Franchino@jacksonlewis.com; OrlandoDocketing@jacksonlewis.com, 390 N. Orange Avenue Suite 1285, Orlando, FL 32801, (407) 246-8440/(407) 246-8441 (F), and **John M. Barr, Esq.** (PHV), Law Office of John M. Barr, P.C., John.Barr@jmblawoffice.com, 4105 Stuart Avenue, Richmond, VA 23221, (804) 269-5078, Attorneys for Defendant, Envision Physician Services, LLC f/k/a Emcare Physician Services, Inc.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant Calhoun-Liberty Hospital Association, Inc.*
890 South Palafox Street, Suite 200
Pensacola, Florida 32502
Telephone (850) 483-5909
Facsimile (850) 438-6969
E-mail: randall.rogers@csklegal.com
E-mail: michael.kelly@csklegal.com
E-mail: kassia.deleon@csklegal.com

By: s/ Michael B. Kelly
RANDALL G. ROGERS
Florida Bar No.: 195626
MICHAEL B. KELLY
Florida Bar No.: 115345

CC: Veritext Legal Solutions

# RETURN OF SERVICE

| | |
|---|---|
| RECEIPT NUMBER: | P-0002446-20 |
| PLAINTIFF V DEFENDANT | MARY WATSON<br>BLUE MANAGEMENT SERVICES, LLC |

## PERSON TO BE SERVED

CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC. C/O
BRENDA J. POTTER, REGISTERED AGENT

BLOUNTSTOWN FL 32424

Alternate Address: 20370 NE BURNS AVE

## WRIT TYPE

SUMMONS
COMPLAINT

## COURT INFORMATION

| | |
|---|---|
| **CASE NUMBER:** | 20-CA-64 |
| **COURT LOCATION:** | CALHOUN COUNTY |
| **DATE:** | |
| **TIME:** | |

## SERVICE INFORMATION

Received the above-named writ on 10/22/2020 at 8:59 AM and served the same on 10/26/2020 at 1:35 PM

in CALHOUN COUNTY, FL

Individual

By delivering a true copy of this writ together with a copy of the initial pleadings, if any, with the date and hour of service endorsed thereon by me, to: CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC. C/O BRENDA J. POTTER, REGISTERED AGENT

**SERVICE COST:** $40.00

JW, CIVIL CLERK

GLENN H. KIMBREL, SHERIFF

CALHOUN COUNTY, FL

BY: [signature] for
SGT. RAY BROWN

**MAIL TO**

ACCURATE SERVE OF TALLAHASSEE
400 CAPITAL CIR SE STE 18291
TALLAHASSEE FL 32301

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA

MARY WATSON,

Plaintiff,

CASE NO.: 2020-CA-000064

v.

BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,

Defendants.
_______________________________/

**NOTICE OF CANCELLATION OF HEARING**

PLEASE TAKE NOTICE that the following hearing has been **CANCELLED**:

**Date and Time:** Monday, March 29, 2021 at 1:30 p.m. CST

**Judge:** Honorable Shonna Young Gay

**Place:** Via Zoom Video Conference

**Motion:** Defendant, Calhoun-Liberty Hospital Association, Inc.'s Motion to Dismiss Counts I And IV of Plaintiff's Complaint with Incorporated Memorandum of Law

**Time Reserved:** 30 Minutes

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of March, 2021, a true and correct copy of the foregoing was filed with the Clerk of Calhoun County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: **Marie A. Mattox, Esq.**, Marie A. Mattox, P.A., marie@mattoxlaw.com; michelle@mattoxlaw.com; marlene@mattoxlaw.com, 203 North Gadsden Street, Tallahassee, FL 32301, (850) 383-4800/(850) 383-4801 (F), Attorney

for Plaintiff, Mary Watson, **Robert J. Sniffen, Esq**., **Lisa B. Fountain, Esq**. and **Nicholas E. Monk, Esq**., Sniffen & Spellman, P.A., rsniffen@sniffenlaw.com; lfountain@sniffenlaw.com; nmonk@sniffenlaw.com; gjennings@sniffenlaw.com; mduber@sniffenlaw.com; kbarger@snniffenlaw.com, 123 North Monroe Street, Tallahassee, FL 32301, (850) 205-1996/(850) 205-3004 (F), Attorneys for Defendant, Blue Management Services, LLC d/b/a Alliant Management Services, **Richard N. Margulies, Esq**., Jackson Lewis P.C., richard.margulies@jacksonlewis.com; Ashley.Bolin@jacksonlewis.com; JacksonvilleDocketing@jacksonlewis.com, 501 Riverside Avenue, Suite 902, Jacksonville, FL 32200, (904) 638-2655/(904) 638-2656 (F), **Justin S. Swartz, Esq**., Jackson Lewis, PC, justin.swartz@jacksonlewis.com; Alicia.Franchino@jacksonlewis.com; OrlandoDocketing@jacksonlewis.com, 390 N. Orange Avenue Suite 1285, Orlando, FL 32801, (407) 246-8440/(407) 246-8441 (F), and **John M. Barr, Esq.** (PHV), Law Office of John M. Barr, P.C., John.Barr@jmblawoffice.com, 4105 Stuart Avenue, Richmond, VA 23221, (804) 269-5078, Attorneys for Defendant, Envision Physician Services, LLC f/k/a Emcare Physician Services, Inc.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant Calhoun-Liberty Hospital Association, Inc.*
890 South Palafox Street, Suite 200
Pensacola, Florida 32502
Telephone (850) 483-5909
Facsimile (850) 438-6969
E-mail: randall.rogers@csklegal.com
E-mail: michael.kelly@csklegal.com
E-mail: kassia.deleon@csklegal.com

By: s/ Michael B. Kelly
RANDALL G. ROGERS
Florida Bar No.: 195626
MICHAEL B. KELLY
Florida Bar No.: 115345

CC: Veritext Legal Solutions

Cole, Scott & Kissane
COLE, SCOTT & KISSANE BUILDING
890 SOUTH PALAFOX STREET, SUITE 200
PENSACOLA, FLORIDA 32502
TELEPHONE (850) 483-5900
FACSIMILE (850) 438-6969
DIRECT LINE (850) 483-5930

**michael.kelly@csklegal.com**

March 30, 2021

**VIA FLORIDA COURTS E-FILING PORTAL**
The Honorable Shonna Young Gay
Calhoun County Courthouse
20859 Central Ave. E.
Blountstown, FL 32424

**Re: Case Name: Mary Watson vs. Alliant Management Services and Calhoun Liberty Hospital CLH**
**Case Number: 20000064CAAXMX**
**Our File No. : 1085.0944-00**

Dear Judge Gay:

Please find enclosed a proposed Agreed Order Granting Defendant Calhoun-Liberty Hospital Association, Inc.'s Motion to Dismiss Plaintiff's Complaint without prejudice. The Order has been circulated to all counsel and each has agreed to its entry.

Please review said Order and if the same meets with your approval, please execute and send conformed copies to the parties at your Honor's convenience. Please feel free to contact me should you have any questions. Thank you for your consideration.

Respectfully submitted,

s/ *Michael B. Kelly*

Michael B. Kelly

MBK/kd
cc: All Counsel of Record

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA

CASE NO.: 2020 CA 000064

MARY WATSON,

Plaintiff,

v.

BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,

Defendants.
_________________________________/

**AGREED ORDER GRANTING DEFENDANT, CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

THIS CAUSE having come before the Court on Defendant, Calhoun-Liberty Hospital Association, Inc.'s (hereinafter "CLH") Motion to Dismiss Counts I and IV of Plaintiff's Complaint (hereinafter "Motion to Dismiss"). This Court, having been advised that the attorneys for CLH and Plaintiff, Mary Watson, have agreed and stipulated hereto prior to any hearing on this matter, and being otherwise fully advised in the premises, it is,

**ORDERED and ADJUDGED**

1. CLH's Motion to Dismiss is hereby ***GRANTED***.
2. Plaintiff's Complaint is dismissed without prejudice.

3. **Plaintiff has twenty (20) days from the date of this order to file an Amended Complaint.**
4. Further, Plaintiff's Amended Complaint will comply with the following:
   a. Count I of Plaintiff's Complaint (Public Whistleblower Retaliation against CLH) is dismissed without prejudice and Plaintiff will provide further details how Plaintiff engaged in a statutorily protected activity under Fla. Stat. § 112.3187.
   b. Count IV of Plaintiff's Complaint (Private Whistleblower Retaliation against CLH) is dismissed without prejudice and Plaintiff will provide further details how Plaintiff engaged in a statutorily protected activity under the Private Sector Whistleblower Act.
   c. In the Amended Complaint, Plaintiff will alternatively plead a cause of action for Public Whistleblower Retaliation and Private Whistleblower Retaliation.
5. Defendants have **twenty (20) days from the date the Amended Complaint is filed to respond**.

DONE and ORDERED this Wednesday, March 31, 2021 in Calhoun County, Florida.

07-2020-CA-000064-CAAM 03/31/2021 06:19:11 PM

Shonna Young Gay, Judge
07-2020-CA-000064-CAAM 03/31/2021 06:19:11 PM

Copies to:

Marie A Mattox
marie@mattoxlaw.com
michelle@mattoxlaw.com
marlene@mattoxlaw.com

Lisa Barclay Fountain
lfountain@sniffenlaw.com
gjennings@sniffenlaw.com

Justin Stephen Swartz
justin.swartz@jacksonlewis.com
alicia.franchino@jacksonlewis.com
orlandodocketing@jacksonlewis.com

CALHOUN LIBERTY HOSPITAL ASSOCIATION INC
20370 NE BURNS AVENUE
BLOUNSTOWN, FL 32424

Richard N. Margulies
richard.margulies@jacksonlewis.com
ashley.bolin@jacksonlewis.com
jacksonvilledocketing@jacksonlewis.com

Michael Brian Kelly
michael.kelly@csklegal.com
Kassia.Deleon@csklegal.com

John M. Barr
John.Barr@jmblawoffice.com

Nicholas E Monk
nmonk@sniffenlaw.com

Robert J Sniffen
rsniffen@sniffenlaw.com
gjennings@sniffenlaw.com
mduber@sniffenlaw.com

Case 5:23-cv-00202-MW-MJF Document 1-2 Filed 07/27/23 Page 94 of 400

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,**

**Plaintiff,**

**v.**

**BLUE MANAGEMENT SERVICES, LLC. D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC. F/K/A EMCARE PHYSICIANSERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,**

**Defendants.**

**_________________________________/**

**CASE NO.: 20-CA- 64**
**FLA BAR NO.: 0739685**

**PLAINTIFF'S MOTION FOR SEVENTEEN DAY EXTENSION OF TIME TO FILE AMENDED COMPLAINT**

Plaintiff, MARY WATSON, through her counsel, files this Motion for Seventeen Day Extension of Time to File Amended Complaint and states the following in support thereof:

1. Plaintiff's Amended Complaint is due on April 19, 2021.

2. It is taking longer than expected to prepare the Amended Complaint and the undersigned is in need of additional time. Plaintiff's counsel is preparing for five trials, all of which are set over the next six weeks, the first of which is scheduled to begin on April 26, 2021. Between now and April 26th, the undersigned will be in South Florida for three days in depositions and in day long depositions every other day. Post-trial, there is not one day that the undersigned is not in a day long event and with trials resuming, the undersigned's schedule is backed up. It is for this reason that the extension is requested for seventeen days up to and including May 6, 2021.

3. This Motion is not filed for the purpose of delay but is filed in good faith based on the representations made above.

WHEREFORE, Plaintiff respectfully requests that she be permitted a seventeen day extension of time to file her Amended Complaint, all for the reasons set forth more fully above.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Florida E-Filing Portal to all counsel of record this 15th day of April, 2021.

s/ Marie A. Mattox
Marie A. Mattox

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,**

**Plaintiff,**

**v.**

**BLUE MANAGEMENT SERVICES, LLC. D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC. F/K/A EMCARE PHYSICIANSERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,**

**Defendants.**
**___________________________________/**

**CASE NO.: 20-CA- 64**
**FLA BAR NO.: 0739685**

**PLAINTIFF'S SECOND MOTION FOR SIX DAY EXTENSION OF TIME TO FILE AMENDED COMPLAINT**

Plaintiff, MARY WATSON, through her counsel, files this Motion for Six Day Extension of Time to File Amended Complaint and states the following in support thereof:

1. Plaintiff's Amended Complaint is due on May 6, 2021 based on a requested extension.

2. The undersigned had dental surgery on May 5, 2021 that was more extensive that originally expected. As a result, the undersigned is still out of work as of this filing and has been unable to complete the amended complaint. Additionally, the undersigned starts a trial tomorrow, May 7, 2021 with jury selection that she is not going to be able to attend but plans to attend the trial on Monday, May 10, 2021. Plaintiff is thus requesting that she be permitted up to and including May 12, 2021 to file her amended complaint.

3. This Motion is not filed for the purpose of delay but is filed in good faith based on the representations made above.

WHEREFORE, Plaintiff respectfully requests that she be permitted another six day extension of time to file her Amended Complaint, all for the reasons set forth more fully above.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Florida E-Filing Portal to all counsel of record this 6th day of May, 2021.

s/ Marie A. Mattox
Marie A. Mattox

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,**

**Plaintiff,**

**v.**

**BLUE MANAGEMENT SERVICES, LLC. D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC. F/K/A EMCARE PHYSICIANSERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,**

**Defendants.**
**_____________________________________/**

**CASE NO.: 20-CA-64**
**FLA BAR NO.: 0739685**

## AMENDED COMPLAINT

Plaintiff, MARY WATSON, hereby sues Defendants, BLUE MANAGEMENT SERVICES, LLC. D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC. F/K/A EMCARE PHYSICIANSERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC., and alleges:

## NATURE OF THE ACTION

1. This is an action brought under the Florida Whistleblower Act codified at Chapter 112, Florida Statutes, Chapter 448, Florida Statutes, Chapter 760, Florida Statutes, and the common law of the State of Florida.

2. This action involves claims which are, individually, in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs and interest.

**THE PARTIES**

3. At all times pertinent hereto, Plaintiff, MARY WATSON, has been a resident of the State of Florida and was a joint employee with all Defendants. Plaintiff is a member of a protected class due to her gender (female). She is a protected whistleblower due to her objecting to and/or refusing to participate in an actual or suspected activity, policy or practice of Defendants that was in violation of one or more laws, rules, or regulations and/or due to her submission of a grievance reporting and disclosing Defendant's malfeasance, misfeasance and/or gross misconduct. Plaintiff was retaliated against after reporting Defendants' unlawful employment practices.

4. At all times pertinent hereto, Defendant, BLUE MANAGEMENT SERVICES, LLC. D/B/A ALLIANT MANAGEMENT SERVICES ("ALLIANT") has been Kentucky Limited Liability Company which conducts a significant amount of business within the state of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

5. At all times pertinent hereto, Defendant, ENVISION PHYSICIAN SERVICES, LLC. ("ENVISION") has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

6. At all times pertinent hereto, Defendant, CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC. ("CLH"), has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

**CONDITIONS PRECEDENT**

7. Plaintiff has satisfied all conditions precedent to bringing this action that she filed a charge of discrimination with the Florida Commission on Human Relations and Equal Employment Opportunity Commission. This action is filed timely thereafter.

**STATEMENT OF THE ULTIMATE FACTS**

8. Plaintiff, a protected whistleblower, began her employment with Defendant CLH in or about September of 2016 as a Physician and held the position of ER Medical Director at the time of her wrongful termination on January 20, 2020.

9. Defendant ALLIANT provides management services to Defendant CLH via consultations and other services, however CLH, via its board of Directors, retains a significant amount of authority and control over CLH management decisions including management decisions over Plaintiff's employment. Defendant ALLIANT has hiring and firing power over Defendant CLH's employees.

10. ENVISION, formerly known as EMCARE PHYSICIAN SERVICES, INC is a staffing/management company that started working with Defendants CLH and ALLIANT on or around June 1, 2019. ENVISION was contracted to provide clinicians to the hospital, however Defendant CLH took employees which it had previously hired, including Plaintiff, and shifted them to ENVISION. Defendant ENVISION has hiring and firing power over Defendant CLH's employees.

11. ENVISION, as with Defendants CLH and ALLIANT, were all joint employers of the Plaintiff and maintained control over the terms and conditions of her employment.

12. Defendant CLH retained a significant amount of control over the terms, conditions, and privileges of all ENVISION employees. Specifically, and without limitation,

CLH dictated the location of work, the job duties, the tasks assigned, pay scale, and firing. Plaintiff was subjected to the authority, oversight, and control of CLH supervisors.

13. Despite her stellar work performance during her employment with Defendants, Plaintiff has been subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of her gender and because she disclosed Defendants' gross mismanagement, malfeasance, misfeasance, gross waste of public funds, gross neglect of duty, and/ or violation of one or more laws, rules, or regulations.

14. Plaintiff performed her job duties for over four (4) years with CLH with no disciplinary action and good evaluations. She was the only female physician who was full time and the only female Medical Director in the history of CLH.

15. The mistreatment and retaliation came at the hands of specifically but not limited to CLH CEO Janet Kinney and Chief Nursing Officer (CNO) Janna Matautia. CEO Kinney had separate obligations and often left CNO Matautia in charge and often accepted whatever Matautia reported as fact, acting on her recommendations.

16. Plaintiff was treated less favorably than the male physicians and directors specifically but not limited to Dr. Timothy Adamcryk, a white male. By way of example and as described further below, Plaintiff was accused of not seeing patients in a timely manner while her male counterpart physicians were never questioned about their work performance.

17. In April of 2019, Defendant CLH rehired Dr. Adamcryk, who had previously been terminated from Northwest Florida Community Hospital due to allegations of sexual harassment and alcohol abuse and from Defendant CLH on allegations of sexual harassment. Despite these prior allegations and terminations, Defendants ENVISION and CLH allowed Dr. Adamcryk to return to work at CLH.

18. On or about July 2019, Defendant CLH promoted Plaintiff to ER Medical Director. CEO Kinney was dissatisfied with Plaintiff being selected as the Medical Director on or about July 2019 by ENVISION because she wanted Dr. Murray Baker, Senior, or Dr. Adamcryk, both of whom are males, in that position.

19. Shortly after being hired as ER Medical Director, Defendant CLH targeted Plaintiff through unfounded complaints that she was not meeting with patients. In or about July 2019, CEO Kinney called Plaintiff into her office to tell her that her patients were complaining that they had not seen their doctor. Defendant is aware that it was very common for female doctors to receive complaints from patients that they had not met with a doctor. Plaintiff and other female physicians explained to Defendant CLH on multiple occasions that even when the female doctors introduce themselves as “doctor,” the patients tend to assume that they are nurses. Kinney threatened her with termination at this meeting.

20. Defendant CLH continued to target Plaintiff in or around July 2019 by subjecting her to increased surveillance by way of installing extra video cameras to track her movements.

21. Starting in July 2019, Defendant CLH began excluding Plaintiff from board meetings and refused to provide her with Board meeting documentation despite having done so for the prior Medical Director, who was male.

22. In or around late August 2019, Plaintiff reported verbally in person to Defendant ENVISION through Olevia McNally that various nurses told her that on or around August 2019 that specifically, and without limitation, Dr. Timothy Adamcryk was carrying around a glass of liquor, making sexually inappropriate comments, and reporting to work even when he was not scheduled to work to spend time with nurses. On that same date, Plaintiff reported verbally in person to ENVISION through Olevia McNally that on or around August 2019, she had

personally witnessed Dr. Adamcryk outside of the building on property while not scheduled to be at work, drinking alcohol and spending time with two employees who were on the clock and supposed to be stationed within the building at that time (which is a violation of Hospital Licensing and Regulation, § 395.1055(1)(a), Florida Statutes). She also opposed Defendants' disparate treatment of female physicians when she told McNally that if she as a woman came into the ER with an open container that she would get fired (which is a violation of the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes).

23. Defendant ENVISION took no corrective action. Plaintiff reported these instances as reflected in paragraph 22 in writing on or around October 24, 2019 to Olevia McNally via text message. ENVISION told Plaintiff that they would need CLH to agree to disciplinary action before anything could be done to fix the problem.

24. On or around October 24, 2019, Plaintiff reported the instances reflected in paragraph 22 to Defendant ALLIANT verbally in person to CEO Michael Kozer and to Defendant CLH verbally in person to Head of Board of Directors Mark Plummer and to CNO Janna Matuatia.

25. On or around October 24, 2019, Plaintiff reported the incidents reflected in paragraph 22 verbally over the phone to Defendant CLH to CEO Kinney. Kinney tried to write the incidents off as gossip and went on to say that the hospital had to be careful about counseling or sanctioning physicians. Plaintiff expressed concern at Kinney's unwillingness to address the complaints, after which Kinney said she would talk to Dr. Adamcryk about drinking on property.

26. Kinney appeared to be more concerned with the reputation of the hospital and potential embarrassment than the safety and wellbeing of the patients or employees and refused

to act when valid complaints were brought to her amounting to gross mismanagement. Kinney stated that she had to be real careful in what she reported.

27. Rather than addressing the complaints, Defendant CLH retaliated against Plaintiff almost immediately thereafter on or around October 2019, and falsely accused her of sitting around and gossiping with the nurses because the nurses felt uncomfortable going to anyone else with their complaints. Defendants also accused Plaintiff not seeing patients and trying to get dirt on Dr. Adamcryk, none of which were true. This happened frequently and recurrently until on or around late December 2019, Defendants ENVISION and ALLIANT ratified and participated in this retaliation as they were joint employers of Plaintiff and took part in the management, hiring, firing, and discipline of CLH employees.

28. On information and belief, Kinney never spoke to Adamcryk about the drinking as the behavior continued with no remedial action or discipline. Plaintiff continued to document the complaints as the behavior continued and nurses continued to come to her to report his misbehavior.

29. In or around November 2019, Plaintiff reported and opposed severe staff and stock shortages (a violation of Hospital Licensing and Regulation, § 395.1055(1)(a), Florida Statutes) to the Chairman of the CLH Board of Directors Mark Plummer in writing in an email. Specifically, Plaintiff reported that Defendant's supplies were severely depleted and not being restocked and that there was a nurse shortage. Plaintiff advised the ratio of nurses to patients created a risk to patient safety, and nurses were being required to work six (6) days straight with only one day off which was causing significant problems with the nurses' morale.

30. On or around November 2019, Plaintiff participated in an inquiry when she had a lengthy discussion on the phone with Chairman Plummer during which he asked her numerous

questions about Hospital administration and the way it was being operated. Plaintiff relayed how CEO Kinney and CNO Matautia ran the hospital based on fear. She disclosed that several nurses were afraid to speak up because they feared retaliation and termination and that Plaintiff herself was afraid that Defendants CLH, ENVISION and ALLIANT would terminate her for talking to him.

31. Defendant thereafter retaliated against and continued its mistreatment of Plaintiff through unfounded complaints that she was not meeting with patients. Throughout November 2019 until in or around December 2020, shortly after she reported incidents related to CLH's gross misconduct, misfeasance, and/or malfeasance to Kinney or Plummer, she would get a call or a warning about failing to meet with a patient. As stated above, Defendant is aware that it was very common for female doctors to receive complaints from patients that they had not met with a doctor. Plaintiff and other female physicians explained to Defendant CLH on multiple occasions that even when the female doctors introduce themselves as "doctor," the patients tend to assume that they are nurses.

32. Within an hour of reporting the nurse and supply shortage to Plummer in or about November 2019, Plaintiff received such a call about not seeing a patient from Regional Medical Director (RMD) Dr. Lee Johnson despite there being a note from Plaintiff in that patient's file that she had seen this patient. The complaint had wrongly and inaccurately been filed by the patient in July, 2019 but Defendants did not bring it up until after Plaintiff spoke to Plummer and did so only to intimidate her.

33. On November 25, 2019, Plaintiff met with ALLIANT CEO Michael Kozar in person at a local McDonald's because she feared retaliation if she met with him in person at Defendant CLH. She reported the violations of laws that she reported to Chairman Plummer as

reflected in paragraph 30. She showed him pictures she had taken on her phone of the empty or mostly empty supply shelves. She also reported that Defendants CLH, ENVISION, and ALLIANT's had a practice of manufacturing complaints to justify termination of employees who they decided to target and explained that she was fearful of retaliation for reporting Defendants' behavior.

34. On December 9, 2019, CNO Matautia interrupted Plaintiff's work with another unfounded allegation that she had not seen a patient. Matautia demanded Plaintiff come with her then to the patient's room. Plaintiff explained that she had already seen the patient, which two staff members corroborated and that she was in the middle of a task. Matautia did not care, belittled Plaintiff in front of staff, and demanded she get up and come with her (Matautia) to have the patient identify whether he had in fact seen Plaintiff, which the patient confirmed.

35. Plaintiff reported this retaliation on December 9, 2019 to Defendant CLH to her Direct Supervisor /Regional Medical Director (RMD) Dr. Lee Johnson verbally on the phone; to Defendant CLH to Chairman Plummer in writing via text, and to Defendant ALLIANT to CEO Kozar in writing via text, and to Defendant ENVISION to Olevia McNally in writing via text. She also stated that CNO Matautia would not have disrespected and challenged a male physician in front of other staff the way she did to Plaintiff.

36. The same day, Plaintiff reported the mistreatment and retaliation by Matuatia to Defendant CLH to CEO Kinney verbally on the phone. Instead of taking corrective action, Kinney retaliated against her and accused Plaintiff without evidence of sending inappropriate text messages and having a fake Instagram page where she posted about the hospital and Kinney, which Plaintiff denied. Plaintiff requested specific proof of the allegations and Kinney could not

provide it. Kinney told Plaintiff she would be terminated if the texts were found to be true despite a lack of evidence.

37. Plaintiff expressed concern that Kinney was willing to punish Plaintiff so severely for something she lacked any proof of especially when compared to CLH's handling of all the complaints against male physicians like Dr. Adamcryk when CLH had video evidence of Adamcryk's behavior. CNO Matautia told Plaintiff that Adamcryk could not be punished without a signed statement because CLH would be subjected to liability if he was punished on anonymous allegations. However, CLH was willing to punish Plaintiff based on anonymous complaints which on information and belief were submitted by the only male nurse in the ER.

38. In or about December 10, 2019, CEO Kozar called Plaintiff to ask her about the retaliation she had reported the day before. She also stated that she felt targeted as a form of retaliation for reporting Defendants' improper behavior which they did not want to address. Kozar stated that he thought the way that Plaintiff was being treated by Defendants was crazy and immature. Still, Defendants took no corrective action. Instead, Defendants' mistreatment of her continued and got worse.

39. In late December 2019, a new nurse was hired who mishandled multiple medication requests. The nurse pulled more medications than necessary, pulled an opioid and gave the patient a non-opioid, and on one occasion failed to give a patient any medications after being given a verbal order to do so under Plaintiff's name (which is a violation of §395.1055(1)(a) and §395.1055(1)(b)). Plaintiff reported these mishandlings verbally in late December 2019 to ER Nurse Manager Paige Tolley and CNO Matautia who met with the nurse, but the nurse was never given any form of corrective action or discipline.

40. On January 19, 2020, Defendant ENVISION's HR representative Tammy Jarvis and RMD Johnson called Plaintiff and told her that CEO Kinney sent them a letter to terminate Plaintiff immediately for alleged unprofessional conduct and demanded that Plaintiff not speak to any CLH employee or set foot on CLH's property.

41. Defendants wrongfully terminated Plaintiff on January 20, 2020 and replaced her with Dr. Murray Baker Sr., a male. She was the only full-time female physician on staff and the only female ER Medical Director in the history of Defendant CLH.

42. The next day, ER Nurse Manager Tolley sent a text to the nursing staff saying the following:

> "So for all you guys that don't know already, [Plaintiff] will not be working at CLH. She also no longer works for Envision. Per the terms of her separation, she is not allowed to have any contact with any of our staff. I was instructed to let you know that should she contact you, it's been requested that you let Esther know immediately. There have been some pretty awful things transpire…"

43. CEO Kinney and CNO Matautia also provided untruthful negative references to Plaintiff's potential employers and blocked her from being hired at Tallahassee Memorial Healthcare (TMH) for positions for which she was qualified.

44. By way of example, a TMH recruiter told Plaintiff that he had an outpatient provider position for her on or around January 2020; however, approximately ten (10) days later he stated that he did not have any openings. This was very strange as Plaintiff knew several TMH employees who told her that they were in desperate need for doctors. Moreover, she had performed her residency at TMH, she had been offered a position there in 2018, and the outpatient provider position was still listed as available online after TMH told her that it was not. Plaintiff was also told by a CLH employee that in or around January 2020 she had overheard Dr. Adamcryk state that someone had called CLH for a reference for Plaintiff, and CNO Matuatia

transferred them to the physician's line wherein Admacryk trashed Plaintiff and told them not to hire her.

45. By way of further example, Plaintiff was offered a position at Capital Regional Medical Center (CRMC), yet halfway through credentialling CRMC rescinded the offer. Plaintiff also interviewed for an ER position at Lake City Medical Center for which she was qualified and then Lake City inexplicably denied her the job a few days after her interview. Plaintiff had to go out of state to get a job, and now has to commute over one (1) hour and fifteen (15) minutes each way to work at a hospital in the state of Georgia. This poses a severe hardship on her as she is a single mother of an autistic child.

46. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

**COUNT I**
**PUBLIC WHISTLEBLOWER RETALIATION**
**(Against Defendant CALHOUN LIBERTY HOSPITAL)**

47. Paragraphs 1 through 15, 23, 27, 29, 30-32, 34-38, and 40-46 above are incorporated herein by reference.

48. This count sets forth a claim against Defendant CLH under §112.3187, et seq., Florida Statutes, and is pled in the alternative.

49. Defendant CLH qualifies as a private entity and/or a public entity as an "independent contractor" under §112.3187(3)(d) because it entered into a contract with a state agency when it accepted monetary relief in the form of state funds, specifically but not limited to approximately Ten Million dollars ($10,000,000.00) from the State of Florida, Department of Economic Opportunity on or about October 2018.

50. Plaintiff was a public employee protected under the provisions of Chapter 112, Florida Statutes.

51. As stated more specifically in part above, Plaintiff reported and disclosed violations of rules, regulations and laws, and/or malfeasance, misfeasance and/or gross misconduct to persons both inside and outside of her normal chain of command, and to others having the authority to investigate, police, manage and otherwise remedy the violations of rules, regulations and laws that she reported, specifically and without limitation violations of the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes (i.e., employment discrimination based on her sex as well as retaliation for reporting sex discrimination), and violations of the Florida Hospital and Licensing Regulations, codified at Chapter 395, Florida Statutes, specifically but not limited to § 395.1055(1)(a) and § 395.1055(1)(b) , which state:

> "(1) The agency shall adopt rules pursuant to ss. 120.536(1) and 120.54 to implement the provisions of this part, which shall include reasonable and fair minimum standards for ensuring that: (a) Sufficient numbers and qualified types of personnel and occupational disciplines are on duty and available at all times to provide necessary and adequate patient care and safety; (b) infection control, housekeeping, sanitary conditions, and medical record procedures that will adequately protect patient care and safety are established and implemented."

52. Plaintiff also disclosed this information when she participated in investigations, hearings, or other agency inquiries. Plaintiff reported gross misconduct, malfeasance, misfeasance, and other acts specifically outlined in §112.3187(5), Florida Statutes, specifically

but not limited to egregious conduct by male physician Timothy Adamcryk and CNO Janet Matuatia.

53. After reporting these matters and/or participating in investigations, hearings, or other agency inquiries, as related in part above, Plaintiff was the victim of retaliatory actions set forth in part above including without limitation her termination.

54. Plaintiff's termination was the result of her reporting violations of rules, regulations or laws, and/or her reporting malfeasance, misfeasance or gross misconduct, and/or her participating in investigations, hearings or other inquiries, specified in part above.

55. The actions of all employees within Defendant who affected Plaintiff's employment adversely did so at least in part in retaliation against her for her "whistleblowing" activities.

56. As a direct and proximate result of the actions taken against her by Defendant, Plaintiff has suffered injury, including but not limited to past and future wage losses, loss of benefits, and other tangible damages. These damages have occurred in the past, are occurring at present and will occur in the future. Plaintiff is entitled to compensatory damages and injunctive relief.

**COUNT II**
**PRIVATE WHISTLEBLOWER RETALIATION**
**(Against Defendant ALLIANT)**

57. Paragraphs 1 through 15, 22-25, 27, and 29-46 are incorporated herein by reference.

58. This is an action brought under §448.101, et seq., Florida Statutes.

59. As set forth in greater detail above, during the course of Plaintiff's employment, Plaintiff objected to certain practices of Defendant that were in actual or suspected violation of laws, rules and/or regulations.

60. As a result of Plaintiff' objections, Defendant initiated adverse employment actions against Plaintiff as described more fully above. Plaintiff was subjected to contrived allegations of wrongdoing and then termination after she objected to and/or refused to participate in practices of Defendant that were in violation of one or more laws, rules or regulations, specifically and without limitation violations of the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes (i.e., employment discrimination based on her sex as well as retaliation for reporting sex discrimination), and violations of the Florida Hospital and Licensing Regulations, codified at Chapter 395, Florida Statutes, specifically but not limited to § 395.1055(1)(a) and § 395.1055(1)(b) , which state:

> "(1) The agency shall adopt rules pursuant to ss. 120.536(1) and 120.54 to implement the provisions of this part, which shall include reasonable and fair minimum standards for ensuring that: (a) Sufficient numbers and qualified types of personnel and occupational disciplines are on duty and available at all times to provide necessary and adequate patient care and safety; (b) infection control, housekeeping, sanitary conditions, and medical record procedures that will adequately protect patient care and safety are established and implemented."

61. Plaintiff was terminated because she engaged in protected behavior. Specifically, Plaintiff objected to, or refused to participate in, any activity, policy, or practice of Defendant which is in actual or suspected violation of a law, rule, or regulation and/or reported the violation and gave Defendant an opportunity to correct the problem. Instead of correcting the problem, it got worse and Plaintiff was fired for said reporting.

62. The disclosures made by Plaintiff are protected under §448.102, Florida Statutes.

63. As a direct and proximate cause of Plaintiff's participation in the whistle blowing activities identified herein, Plaintiff has been damaged, which damages include but are not limited to lost wages and other tangible and intangible damages and every other kind of damage allowed by law. Plaintiff has also suffered emotional pain and suffering damages and other intangible damages that continue to day. Plaintiff is entitled to injunctive/equitable relief.

**COUNT III**
**PRIVATE WHISTLEBLOWER RETALIATION**
**(Against Defendant ENVISION)**

64. Paragraphs 1 through 15, 22-25, 27, and 29-46 are incorporated herein by reference.

65. This is an action brought under §448.101, et seq., Florida Statutes.

66. As set forth in greater detail above, during the course of Plaintiff's employment, Plaintiff objected to certain practices of Defendant that were in actual or suspected violation of laws, rules and/or regulations.

67. As a result of Plaintiff' objections, Defendant initiated adverse employment actions against Plaintiff as described more fully above. Plaintiff was subjected to contrived allegations of wrongdoing and then termination after she objected to and/or refused to participate in practices of Defendant that were in violation of one or more laws, rules or regulations, specifically and without limitation violations of the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes (i.e., employment discrimination based on her sex as well as retaliation for reporting sex discrimination), and violations of the Florida Hospital and Licensing Regulations, codified at Chapter 395, Florida Statutes, specifically but not limited to § 395.1055(1)(a) and § 395.1055(1)(b) , which state:

> "(1) The agency shall adopt rules pursuant to ss. 120.536(1) and 120.54 to implement the provisions of this part, which shall include reasonable and fair

minimum standards for ensuring that: (a) Sufficient numbers and qualified types of personnel and occupational disciplines are on duty and available at all times to provide necessary and adequate patient care and safety; (b) infection control, housekeeping, sanitary conditions, and medical record procedures that will adequately protect patient care and safety are established and implemented."

68. Plaintiff was terminated because she engaged in protected behavior. Specifically, Plaintiff objected to, or refused to participate in, any activity, policy, or practice of Defendant which is in actual or suspected violation of a law, rule, or regulation and/or reported the violation and gave Defendant an opportunity to correct the problem. Instead of correcting the problem, it got worse and Plaintiff was fired for said reporting.

69. The disclosures made by Plaintiff are protected under §448.102, Florida Statutes.

70. As a direct and proximate cause of Plaintiff's participation in the whistle blowing activities identified herein, Plaintiff has been damaged, which damages include but are not limited to lost wages and other tangible and intangible damages and every other kind of damage allowed by law. Plaintiff has also suffered emotional pain and suffering damages and other intangible damages that continue to day. Plaintiff is entitled to injunctive/equitable relief.

**COUNT IV**
**PRIVATE WHISTLEBLOWER RETALIATION**
**(Against Defendant CALHOUN LIBERTY HOSPITAL)**

71. Paragraphs 1 through 15, 22-25, 27, and 29-46 are incorporated herein by reference.

72. This is an action brought under §448.101, et seq., Florida Statutes, and is pled in the alternative.

73. As set forth in greater detail above, during the course of Plaintiff's employment, Plaintiff objected to certain practices of Defendant that were in actual or suspected violation of laws, rules and/or regulations.

74. As a result of Plaintiff' objections, Defendant initiated adverse employment actions against Plaintiff as described more fully above. Plaintiff was subjected to contrived allegations of wrongdoing and then termination after she objected to and/or refused to participate in practices of Defendant that were in violation of one or more laws, rules or regulations, specifically and without limitation violations of the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes (i.e., employment discrimination based on her sex as well as retaliation for reporting sex discrimination), and violations of the Florida Hospital and Licensing Regulations, codified at Chapter 395, Florida Statutes, specifically but not limited to § 395.1055(1)(a) and § 395.1055(1)(b) , which state:

> "(1) The agency shall adopt rules pursuant to ss. 120.536(1) and 120.54 to implement the provisions of this part, which shall include reasonable and fair minimum standards for ensuring that: (a) Sufficient numbers and qualified types of personnel and occupational disciplines are on duty and available at all times to provide necessary and adequate patient care and safety; (b) infection control, housekeeping, sanitary conditions, and medical record procedures that will adequately protect patient care and safety are established and implemented."

75. Plaintiff was terminated because she engaged in protected behavior. Specifically, Plaintiff objected to, or refused to participate in, any activity, policy, or practice of Defendant which is in actual or suspected violation of a law, rule, or regulation and/or reported the violation

and gave Defendant an opportunity to correct the problem. Instead of correcting the problem, it got worse and Plaintiff was fired for said reporting.

76. The disclosures made by Plaintiff are protected under §448.102, Florida Statutes.

77. As a direct and proximate cause of Plaintiff's participation in the whistle blowing activities identified herein, Plaintiff has been damaged, which damages include but are not limited to lost wages and other tangible and intangible damages and every other kind of damage allowed by law. Plaintiff has also suffered emotional pain and suffering damages and other intangible damages that continue to day. Plaintiff is entitled to injunctive/equitable relief.

**COUNT V**
**GENDER DISCRIMINATION**
**(Brought Against Defendant ENVISION)**

78. Paragraphs 1 through 22, 28, 31, 34-35, 37, and 40-46 are re-alleged and incorporated herein by reference.

79. This is an action against Defendant for discrimination based upon gender brought under Chapter 760, Florida Statutes.

80. Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated employees of Defendant who are female and has been subject to disparate and poor treatment on the basis, at least in part, of Plaintiff's gender.

81. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

82. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

83. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

84. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

85. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiff's termination.

86. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of Chapter 760, Florida Statutes.

87. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief.

**COUNT VI**
**RETALIATION – Chapter 760**
**(Brought Against Defendant ENVISION)**

88. Paragraphs 1 through 15, 27, 31, 34, 36, and 40-46 are realleged and incorporated herein by reference.

89. Defendant is an employer as that term is used under the applicable statutes referenced above.

90. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting Plaintiff under Chapter 760, Florida Statutes, and other statutory provisions cited herein.

91. The foregoing unlawful actions by Defendant were purposeful.

92. Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

93. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

94. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to punitive damages and to injunctive relief.

**COUNT V**
**GENDER DISCRIMINATION**
**(Brought Against Defendant ALLIANT)**

95. Paragraphs 1 through 22, 28, 31, 34-35, 37, and 40-46 are re-alleged and incorporated herein by reference.

96. This is an action against Defendant for discrimination based upon gender brought under Chapter 760, Florida Statutes.

97. Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated employees of Defendant who are female and has been subject to disparate and poor treatment on the basis, at least in part, of Plaintiff's gender.

98. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

99. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

100. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

101. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

102. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiff's termination.

103. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of Chapter 760, Florida Statutes.

104. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses,

inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief.

**COUNT VI**
**RETALIATION – Chapter 760**
**(Brought Against Defendant ALLIANT)**

105. Paragraphs 1 through 15, 27, 31, 34, 36, and 40-46 are realleged and incorporated herein by reference.

106. Defendant is an employer as that term is used under the applicable statutes referenced above.

107. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting Plaintiff under Chapter 760, Florida Statutes, and other statutory provisions cited herein.

108. The foregoing unlawful actions by Defendant were purposeful.

109. Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

110. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

111. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the

enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to punitive damages and to injunctive relief.

**COUNT V**
**GENDER DISCRIMINATION**
**(Brought Against Defendant CALHOUN LIBERTY HOSPITAL)**

112. Paragraphs 1 through 22, 28, 31, 34-35, 37, and 40-46 are re-alleged and incorporated herein by reference.

113. This is an action against Defendant for discrimination based upon gender brought under Chapter 760, Florida Statutes.

114. Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated employees of Defendant who are female and has been subject to disparate and poor treatment on the basis, at least in part, of Plaintiff's gender.

115. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

116. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

117. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

118. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

119. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiff's termination.

120. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of Chapter 760, Florida Statutes.

121. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief.

**COUNT VI**
**RETALIATION – Chapter 760**
**(Brought Against Defendant CALHOUN LIBERTY HOSPITAL)**

122. Paragraphs 1 through 15, 27, 31, 34, 36, and 40-46 are realleged and incorporated herein by reference.

123. Defendant is an employer as that term is used under the applicable statutes referenced above.

124. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting Plaintiff under Chapter 760, Florida Statutes, and other statutory provisions cited herein.

125. The foregoing unlawful actions by Defendant were purposeful.

126. Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

127. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

128. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to punitive damages and to injunctive relief.

**COUNT VII**
**TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP**
**(Against Defendant CALHOUN LIBERTY HOSPITAL)**

129. Paragraphs 1 through 15, and 43-46 are re-alleged and incorporated herein by reference.

130. This count is brought against Defendant CALHOUN LIBERTY HOSPITAL for tortious interference with Plaintiff's business relationships with future employers. This count is pled in the alternative and for purposes of this count alone, at all times pertinent hereto, CEO Janet Kinney, CNO Janna Matautia, and Dr. Timothy Adamcryk were acting inside the course and scope of their employment with Defendant CALHOUN LIBERTY HOSPITAL.

131. Plaintiff had, at all times pertinent hereto, a potential employment relationship with one or more prospective employers. Defendant CALHOUN LIBERTY HOSPITAL knew or should have known through Defendant's agents CEO Janet Kinney, CNO Janna Matautia, and Dr. Timothy Adamcryk of Plaintiff's business relationship and intentionally and unjustifiably interfered with these relationships.

132. For purposes of this count alone, CEO Janet Kinney, CNO Janna Matautia, and Dr. Timothy Adamcryk acted in accordance with what Kinney, Matautia, and Adamcryk believed to be in CALHOUN LIBERTY HOSPITAL's interests and/or at the direction of Defendant CALHOUN LIBERTY HOSPITAL. Defendant CALHOUN LIBERTY HOSPITAL acted with an ulterior purpose and without the honest belief that its actions were justifiable.

133. Defendant CALHOUN LIBERTY HOSPITAL used false statements and unjustified actions described in part above to detrimentally affect Plaintiff and his future business and employment relationships.

134. The actions by Defendant CALHOUN LIBERY HOSPITAL were malicious and were intended to harm Plaintiff in Plaintiff's business relationships. Defendant's actions did, in fact, harm Plaintiff's relationships with third parties. Defendant CALHOUN LIBERTY HOSPITAL was not a party to the business relationships that have suffered and/or been destroyed by the Defendant.

135. As a direct and proximate result of the actions and inactions of Defendant CALHOUN LIBERTY HOSPITAL described in part above, Plaintiff has incurred damages including without limitation: Plaintiff's reputation has been substantially damaged and he has been embarrassed; Plaintiff has incurred significant emotional distress and mental pain and suffering, which is likely to continue and increase in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff awarding all legally-available damages for emotional pain and suffering to Plaintiff from Defendant for Defendant's violations of law enumerated herein.

(e) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(f) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(g) award Plaintiff interest where appropriate; and

(h) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all counsel of record by eportal/efile this 11th day of May, 2021.

/s/ Marie A. Mattox
Marie A. Mattox

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,**

**Plaintiff,**

**vs.** **CASE NO. 2020-CA-000064**

**BLUE MANAGEMENT SERVICES, LLC. D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC. F/K/A EMCARE PHYSICIANSERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.**

**Defendants.**

**DEFENDANT, ENVISION PHYSICIAN SERVICES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW, the Defendant, ENVISION PHYSICIAN SERVICES, LLC ("Defendant") and, through undersigned counsel, provides the following answer and affirmative defenses to the relevant allegations set forth in Plaintiff's Amended Complaint:

1. Paragraph 1 is a mere restatement of the alleged legal basis for Plaintiff's case. Defendant denies any allegations contained in this Paragraph.

2. Paragraph 2 is a restatement of Plaintiff's damage claims. Defendant denies that Plaintiff is entitled to any recovery from it whatsoever.

3. Defendant admits that the Plaintiff's name is Mary Watson and that she is female. Defendant is without knowledge or information sufficient to form a belief as to the truth of

plaintiff's allegations related to her state of residence. Defendant denies all remaining allegations contained in this Paragraph.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

5. Defendant admits that it is organized under the laws of the state of Florida. Defendant denies that it employed Plaintiff. Defendant denies the remaining allegations in this Paragraph.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph as Plaintiff does not identify which conditions precedent she claims to have satisfied.

8. Defendant admits that Plaintiff worked as a physician and as the Medical Director of the Emergency Department at Calhoun-Liberty Hospital ("CLH") from on or about July 2019 until her Employment Agreement was ended on or about January 20, 2020. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

10. Defendant admits that it entered into an Agreement with CLH on or around June 1, 2019 to provide clinicians for CLH's Emergency Department. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations related to the actions of CLH. Defendant denies the remaining allegations contained in this Paragraph.

11. Defendant denies the allegations contained in this Paragraph.

12. Defendant denies the allegations contained in this Paragraph.

13. Defendant denies the allegations contained in this Paragraph that pertain to it. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

16. Defendant admits that it received reports that Plaintiff was not seeing patients in a timely manner. Defendant denies that it treated Plaintiff differently than male physicians. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph.

17. Defendant denies that it allowed Dr. Adamcryk to return to CLH as that allegedly occurred prior to the date that it entered into an agreement with CLH. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph.

18. Defendant admits that it selected Plaintiff as the Medical Director for the CLH Emergency Department on or about July 2019. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

22. Defendant admits that it employs Olevia McNally. Defendant further admits that Plaintiff submitted complaints regarding Dr. Adamcryk's alleged violations of CLH policies. Defendant denies that Plaintiff alleged to Ms. McNally that if Plaintiff as a female physicians had engaged in similar behavior she would have been terminated. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph.

23. Defendant admits that it did not discipline Dr. Adamcryk based on Plaintiff's complaints that he had engaged in such behavior as being on hospital grounds when he was not on shift. Defendant further admits that Plaintiff reported these complaints about Dr. Adamcryk to it. Defendant admits that it required a complaint from CLH before it could take action for such alleged violations of the hospital's administrative policies and procedures. Defendant lacks information or knowledge sufficient to form a belief as to the remaining allegations contained in this Paragraph.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

27. Defendant denies that it ratified or participated in any alleged retaliation against Plaintiff. Defendant further denies that it accused Plaintiff of not seeing patients and/or "trying to

get dirt on Dr. Adamcryk. . ." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

31. Defendant denies the allegations contained in this Paragraph that pertain to it. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph.

32. Defendant admits that Dr. Johnson at some point spoke to Plaintiff to help her resolve complaints that she was not seeing patients. Defendant denies the remaining allegations in this Paragraph that pertain to it. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph.

33. Defendant denies the allegations in this Paragraph that pertain to it. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

35. Defendant admits that Plaintiff reported an incident to it where a patient claimed that she had not seen that person and that Ms. Matutia had taken her in to see the patient. Defendant denies the remaining allegations contained in this Paragraph that pertain to it. Defendant is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

38. Defendant denies the allegations in this Paragraph that pertain to it. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

40. Defendant admits that it communicated with Plaintiff regarding her employment on January 20, 2020. Defendant denies the remaining allegations contained in this Paragraph.

41. Defendant admits that Plaintiff's employment agreement was ended on or about January 20, 2020. Defendant further admits that Dr. Murray Baker is male and that he became the new Medical Director of the CLH Emergency Department. Defendant denies that it wrongfully terminated Plaintiff's employment. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

47. Defendant incorporates its responses to the listed Paragraphs as if restated in full herein.

48-56. These Paragraphs seek to state a cause of action only against Defendant CLH. As such, no response is required from Defendant. To the extent that a response is required, Defendant denies the allegations contained in these Paragraphs.

57. Defendant incorporates its responses to the listed Paragraphs as if restated in full herein.

58-63. These Paragraphs seek to state a cause of action only against Defendant Alliant. As such, no response is required from Defendant. To the extent that a response is required, Defendant denies the allegations contained in these Paragraphs

64. Defendant incorporates its responses to the listed Paragraphs as if restated in full herein.

65. This Paragraph merely states the statute under which Plaintiff is bringing a claim and, as such, no response is required.

66. Defendant denies that Plaintiff ever complained to it about any of its practices. Defendant further denies that Plaintiff ever complained that it was engaging in any actual or suspected violation of any law, rule, and/or regulation.

67. Defendant denies the allegations contained in this Paragraph.

68. Defendant denies the allegations contained in this Paragraph.

69. Defendant denies the allegations contained in this Paragraph.

70. Defendant denies the allegations contained in this Paragraph.

71. Defendant incorporates its responses to the listed Paragraphs as if restated in full herein.

72-77. These Paragraphs seek to state a cause of actions only against Defendant CLH. To the extent that a response is required, Defendant denies the allegations contained in this Paragraph.

78. Defendant incorporates its responses to the listed Paragraphs as if restated in full herein.

79. This Paragraph merely states the statue under which Plaintiff is bringing a claim and, as such, no response is required.

80. Defendant denies the allegations in this Paragraph.

81. Defendant admits that it controlled the actions of its own employees while they were acting in the scope of their employment. Defendant denies the remaining allegations contained in this Paragraph.

82. Defendant denies the allegations contained in this Paragraph.

83. Defendant denies the allegations contained in this Paragraph.

84. Defendant denies the allegations contained in this Paragraph.

85. Defendant denies the allegations contained in this Paragraph.

86. Defendant denies the allegations contained in this Paragraph.

87. Defendant denies the allegations contained in this Paragraph.

88. Defendant incorporates its responses to the listed Paragraphs as if restated in full herein.

89. Defendant admits that it employs individuals.

90. Defendant denies the allegations contained in this Paragraph.

91. Defendant denies the allegations contained in this Paragraph.

92. Defendant denies the allegations contained in this Paragraph.

93. Defendant denies the allegations contained in this Paragraph.

94. Defendant denies the allegations contained in this Paragraph.

95. Defendant incorporates its responses to the listed Paragraphs as if restated in full herein.

96-104. These Paragraphs seek to state a cause of action only against Defendant Alliant. To the extent that a response is required, Defendant denies the allegations contained in these Paragraphs.

105. Defendant incorporates its responses to the listed Paragraphs as if restated in full herein.

106-111. These Paragraphs seek to state a cause of action only against Defendant Alliant. To the extent a response is required, Defendant denies the allegations contained in these Paragraphs.

112. Defendant incorporates its responses to the listed Paragraphs as if restated in full herein.

113-121. These Paragraphs seek to state a cause of action only against Defendant CLH. To the extent that a response is required, Defendant denies the allegations contained in these Paragraphs.

122. Defendant incorporates its responses to the listed Paragraphs as if restated in full herein.

123-128. These Paragraphs seek to state a cause of action only against Defendant CLH. To the extent a response is required, Defendant denies the allegations contained in these Paragraphs.

129. Defendant incorporates its responses to the listed Paragraphs as if restated in full herein.

130-135. These Paragraphs seek to state a cause of action against the Defendant CLH. To the extent a response is required, Defendant denies the allegations contained in these Paragraphs.

**WHEREFORE,** Defendant denies all allegations contained in the Complaint that it has not specifically admitted. Defendant respectfully requests that Plaintiff's claims be dismissed, that judgment be entered in its favor and that it be awarded such relief, including but not limited to its attorneys' fees, expenses, and costs, that this Court deems reasonable and proper.

## JURY DEMAND

Defendant moves to strike the jury demand that Plaintiff asserts. Plaintiff entered into a contractual agreement applicable to this action in which she knowingly and voluntarily waived her right to a jury trial.

## AFFIRMATIVE DEFENSES

Defendant makes the following affirmative defenses without assuming the burden of proof unless legally required to do so. Defendant also reserves the right to add additional affirmative defenses should additional evidence be developed throughout the course of this litigation.

1. Plaintiff failed to mitigate her damages.

2. Plaintiff knowingly voluntarily waived her right to a jury trial in a contractual agreement applicable to this action.

3. Plaintiff was not an "employee" of Defendant and therefore Plaintiff is not covered under the Florida Whistleblower's Act, Fla. Stat. § 448.102, *et seq*. ("FWA"). Accordingly, Plaintiff has failed to state a cause of action against Defendant under the FWA.

4. Plaintiff's claim is barred, in whole or in part, because for completely legitimate, non-retaliatory, and non-discriminatory reasons, any challenged actions would have been taken in any case.

5. Plaintiff's claim is barred, in whole or in part, because Defendant at all times acted in good faith and without malice or any intent to cause any harm to Plaintiff.

6. Any allegations of unlawful conduct, if committed, were committed by individuals on their own, in violation of Defendant's strict policies prohibiting such conduct, and acted outside the scope of their employment.

7. All actions with respect to Plaintiff were based on, and because of, completely legitimate, non-retaliatory reasons.

8. Without admitting that Plaintiff has standing under the FWA, Plaintiff's claim under the FWA fails on the grounds that Defendant did not violate any law, rule or regulation, nor did Defendant request Plaintiff violate same.

9. Without admitting that Plaintiff has standing under the FWA, Plaintiff's claim under the FWA fails because Defendant did not authorize, participate in, or otherwise ratify or adopt any of the alleged conduct that Plaintiff claims was unlawful.

10. Without admitting that Plaintiff has standing under the FWA, Plaintiff's claim under the FWA fails because there is no causal connection between any alleged adverse action and any alleged protected activity.

11. To the extent that Plaintiff otherwise failed to avail herself of Defendant's policies against retaliation, her claims for violation of the FWA are barred.

12. Defendant reserves the right to amend or add any additional defenses or counterclaims which may become known during the course of discovery.

13. Plaintiff's claims are barred because she failed to exhaust her administrative remedies.

14. To the extent that Plaintiff seeks recovery for her attorney's fees, Plaintiff is not entitled to such a recovery.

15. Plaintiff fails to state a claim against Defendant.

[THIS SPACE LEFT INTENTIONALLY BLANK]

DATED this 1st day of June, 2021.

Respectfully submitted,

LAW OFFICE OF JOHN M. BARR, P.C
4105 Stuart Avenue
Richmond, Virginia 23221
Phone: 804-269-5078

*/s/ John M. Barr*
John M. Barr, Esq.
Admitted *Pro Hac Vice*
Florida PHV No. 0114835
Virginia Bar No.: 29864

JACKSON LEWIS P.C.
Richard N. Margulies
Florida Bar No. 0607487
richard.margulies@jacksonlewis.com
501 Riverside Avenue, Suite 902
Jacksonville, FL 32202
Telephone: (904) 638-2655
Facsimile: (904) 638-2656

Justin S. Swartz
Florida Bar No. 091232
justin.swartz@jacksonlewis.com
390 N. Orange Avenue Suite 1285
Orlando, FL 32801
Telephone: (407) 246 8440
Facsimile: (407) 246-8441

Attorneys for Defendant,
Envision Physician Services, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of June, 2021, the foregoing was electronically filed with the Clerk of the Court by using Florida Courts E-filing Portal which will send a notice of electronic filing to all parties.

*/s/ Justin S. Swartz*
Justin S. Swartz

4818-4104-5484, v. 1

Case 5:23-cv-00202-MW-MJF Document 1-2 Filed 07/27/23 Page 140 of 400

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT**
**IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,**

Plaintiff,

v. **Case No.: 2020 CA 64**

**BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,**

Defendants.
_______________________________________/

**DEFENDANT BLUE MANAGEMENT SERVICES, LLC d/b/a ALLIANT MANAGEMENT SERVICES' ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, **BLUE MANAGEMENT SERVICES, LLC d/b/a ALLIANT MANAGEMENT SERVICES** ("ALLIANT" or "Defendant"), by and through the undersigned counsel, answers the Amended Complaint filed by Plaintiff, **MARY WATSON** ("Watson" or "Plaintiff"), responding *in seriatim* to the allegations set forth therein as follows:

**GENERAL DENIAL**

ALLIANT adamantly denies that it employed Plaintiff in any manner. Thus, Plaintiff is not protected under the Florida Whistleblower Act, § 448.102, et. seq., Fla. Stat. ("FWA") or the Florida Civil Rights Act of 1992 ("FCRA"), nor is ALLIANT subject to liability under either Act. ALLIANT further denies it retaliated and discriminated against her or that her rights under state law, including Chapter 760, were in any way violated by ALLIANT. All allegations not expressly admitted are hereby denied.

## NATURE OF THE ACTION

1. Admitted that this purports to be an action brought pursuant to the Florida Public Whistleblowers Act, §§ 112.3187 et. seq., Fla. Stat. ("FPWA"), the Florida Whistleblower Act, § 448.102, et. seq., Fla. Stat. ("FWA"), and the Florida Civil Rights Act of 1992 ("FCRA"), but denied that Plaintiff's rights under these statutes were violated in any manner, or that ALLIANT is subject to either of these Acts as it did not employ the Plaintiff.

2. Admitted that Plaintiff purports to bring an action for damages in excess of $30,000, but denies that Plaintiff is entitled to the relief sought or any relief whatsoever.

## THE PARTIES

3. Admitted that Plaintiff is female. All remaining allegations are denied.

4. Admitted that ALLIANT conducts business within the State of Florida for jurisdictional purposes only. ALLIANT denies it is an "employer" of Plaintiff under any of the laws referenced in Plaintiff's Amended Complaint as ALLIANT never employed Plaintiff. All remaining allegations are denied.

5. These allegations relate to defendants other than ALLIANT, therefore no response is required. To the extent a response is required, without knowledge, and therefore denied.

6. These allegations relate to defendants other than ALLIANT, therefore no response is required. To the extent a response is required, without knowledge, and therefore denied.

## CONDITIONS PRECEDENT

7. Without knowledge, and therefore denied.

## STATEMENT OF THE ULIMATE FACTS

8. Without knowledge, and therefore denied.

9. Admitted ALLIANT provided services to Calhoun-Liberty Hospital pursuant to a Hospital Management Services Agreement. All remaining allegations are denied.

10. Without knowledge, and therefore denied.

11. Denied.

12. These allegations relate to defendants other than ALLIANT, therefore no response is required. To the extent a response is required, without knowledge, and therefore denied.

13. Denied

14. Without knowledge, and therefore denied.

15. Without knowledge, and therefore denied.

16. Without knowledge, and therefore denied.

17. Without knowledge, and therefore denied.

18. Without knowledge, and therefore denied.

19. Without knowledge, and therefore denied.

20. Without knowledge, and therefore denied.

21. Without knowledge, and therefore denied.

22. Without knowledge, and therefore denied.

23. Without knowledge, and therefore denied.

24. Admitted Plaintiff discussed her unhappiness with work on several occasions. All remaining allegations are denied.

25. Without knowledge, and therefore denied.

26. Without knowledge, and therefore denied.

27. Denied as to the allegations regarding ALLIANT. As to the remaining allegations, without knowledge, and therefore denied.

28. Without knowledge, and therefore denied.

29. Without knowledge, and therefore denied.

30. Without knowledge as to what Plaintiff feared, and therefore denied. All remaining allegations are denied.

31. Without knowledge, and therefore denied.

32. Without knowledge, and therefore denied.

33. Admitted Mr. Kozar was employed by ALLIANT as its Regional CEO, and that on or about the date alleged, he met with Plaintiff at a fast food restaurant in Blountstown during which time Plaintiff discussed her unhappiness with work. Without knowledge as to what Plaintiff may have told Chairman Plummer, and whether she feared retaliation from the hospital, and therefore denied. All remaining allegations are denied.

34. Without knowledge, and therefore denied.

35. Admitted Plaintiff discussed her unhappiness with work on several occasions. All remaining allegations are denied.

36. Without knowledge, and therefore denied.

37. Without knowledge, and therefore denied.

38. Admitted Plaintiff discussed her unhappiness with work on several occasions. All remaining allegations are denied.

39. Without knowledge, and therefore denied.

40. Without knowledge, and therefore denied.

41. Denied.

42. Without knowledge, and therefore denied.

43. Without knowledge, and therefore denied.

44. Without knowledge, and therefore denied.

45. Without knowledge, and therefore denied.

46. ALLIANT is without knowledge as to Plaintiff's fee arrangement with Plaintiff's Counsel and therefore denies the allegations in paragraph 46 of the Amended Complaint. ALLIANT also states that it is not liable to Plaintiff in any way and is not liable for any fees or costs incurred by her attorneys in representing her in this matter.

**COUNT I**
**PUBLIC WHISTLEBLOWER RETALIATION**
**(Against Defendant CALHOUN LIBERTY HOSPITAL)**

47. ALLIANT's responses to paragraphs 1 through 15, 23, 27, 29, 30-32, 34-38, and 40-46 are reincorporated as though set forth herein.

48. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

49. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

50. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

51. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

52. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

53. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

54. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

55. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

56. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

**COUNT II**
**PRIVATE WHISTLEBLOWER RETALIATION**
**(Against Defendant ALLIANT)**

57. ALLIANT's responses to paragraphs 1 through 15, 22-25, 27, and 29-46 are reincorporated as though set forth herein.

58. Admitted that this purports to be an action alleging retaliation, brought pursuant to the Florida Whistleblower Act, § 448.102, et. seq., Fla. Stat., but denied that Plaintiff's rights under this statute were violated in any manner, or that ALLIANT is subject to the Act as it did not employ the Plaintiff.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

**COUNT III**
**PRIVATE WHISTLEBLOWER RETALIATION**
**(Against Defendant ENVISION)**

64. ALLIANT's responses to paragraphs 1 through 15, 22-25, 27, and 29-46 are reincorporated as though set forth herein.

65. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

66. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

67. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

68. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

69. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

70. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

**COUNT IV**
**PRIVATE WHISTLEBLOWER RETALIATION**
**(Against Defendant CALHOUN LIBERTY HOSPITAL)**

71. ALLIANT's responses to paragraphs 1 through 15, 22-25, 27, and 29-46 are reincorporated as though set forth herein.

72. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

73. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

74. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

75. This count does not allege a cause of action against ALLIANT, therefore no

response is required. To the extent a response is required, denied.

76. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

77. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

**COUNT V**
**GENDER DISCRIMINATION**
**(Against Defendant ENVISION)**

78. ALLIANT's responses to paragraphs 1 through 22, 28, 31, 34-35, 37, and 40-46 are reincorporated as though set forth herein.

79. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

80. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

81. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

82. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

83. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

84. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

85. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

86. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

87. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

**COUNT VI**
**RETALIATION- Chapter 760**
**(Against Defendant ENVISION)**

88. ALLIANT's responses to paragraphs 1 through 15, 27, 31, 34, 36, and 40-46 are reincorporated as though set forth herein.

89. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

90 This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

92. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

93. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

94. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

**COUNT V [sic]**
**GENDER DISCRIMINATION**
**(Against Defendant ALLIANT)**

95. ALLIANT's responses to paragraphs 1 through 22, 28, 31, 34-35, 37, and 40-46 are reincorporated as though set forth herein.

96. Admitted that this purports to be an action alleging gender discrimination, brought

pursuant to Chapter 760, Fla. Stat., but denied that Plaintiff's rights under this statute were violated in any manner, or that ALLIANT is subject to the Act as it did not employ the Plaintiff.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

**COUNT VI [sic]**
**RETALIATION- Chapter 760**
**(Against Defendant ALLIANT)**

105. ALLIANT's responses to paragraphs 1 through 15, 27, 31, 34, 36, and 40-46 are reincorporated as though set forth herein.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

**COUNT V [sic]**
**GENDER DISCRIMINATION**
**(Against Defendant CALHOUN LIBERTY HOSPITAL)**

112. ALLIANT's responses to paragraphs 1 through 22, 28, 31, 34-35, 37, and 40-46 are

reincorporated as though set forth herein.

113. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

114. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

115. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

116. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

117. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

118. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

119. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

120. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

121. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

**COUNT VI [sic]**
**RETALIATION- Chapter 760**
**(Against Defendant CALHOUN LIBERTY HOSPITAL)**

122. ALLIANT's responses to paragraphs 1 through 15, 27, 31, 34, 36, and 40-46 are reincorporated as though set forth herein.

123. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

124 This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

125. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

126. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

127. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

128. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

**COUNT VII [sic]**
**TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP**
**(Against Defendant CALHOUN LIBERTY HOSPITAL)**

129. ALLIANT's responses to paragraphs 1 through 15, and 43-46 are reincorporated as though set forth herein.

130. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

131. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

132. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

133. This count does not allege a cause of action against ALLIANT, therefore no

response is required. To the extent a response is required, denied.

134. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

135. This count does not allege a cause of action against ALLIANT, therefore no response is required. To the extent a response is required, denied.

**PRAYER FOR RELIEF**

ALLIANT denies Plaintiff is entitled to any relief set forth in the "Prayer for Relief" on pages 27-28 of the Amended Complaint and demands strict proof for each and every request for relief stated in paragraph (a) – (h).

**DEMAND FOR JURY TRIAL**

ALLIANT demands a trial by jury on all issues which are so triable.

**AFFIRMATIVE DEFENSES**

1. The Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff was not an employee of ALLIANT. Therefore, Plaintiff is not covered under the FWA or the FCRA, and ALLIANT is not subject to liability under either of the Acts as it did not employ the Plaintiff.

3. Plaintiff cannot make out a prima facie case of retaliation under the FWA or the FCRA based upon the allegations set forth in the Amended Complaint, or otherwise.

4. Plaintiff cannot make out a prima facie case of gender discrimination under the FCRA based upon the allegations set forth in the Amended Complaint, or otherwise.

5. Plaintiff cannot establish that her alleged protected activity was a "but for" cause of any adverse employment action.

6. Plaintiff did not suffer any adverse employment action by Alliant.

7. Any and all actions taken with respect to Plaintiff were taken or made in good faith and one account of legitimate, non-retaliatory reasons.

8. Assuming, arguendo, Plaintiff disclosed certain information, which ALLIANT expressly denies, any such disclosure was not protected by the FWA or FCRA and/or not disclosed in accordance with the requirements of the FWA or the FCRA.

9. Assuming, arguendo, Plaintiff disclosed certain information, which ALLIANT expressly denies, any such disclosure was made in bad faith or for wrongful purpose.

10. ALLIANT has made good faith efforts through its adoption of anti-retaliation policies, and training and education of its personnel, to comply with all employment retaliation laws.

11. ALLIANT did not violate any law, rule or regulation, nor did it authorize, ratify, adopt, or otherwise participate in any of the alleged conduct Plaintiff alleges was unlawful.

12. To the extent decisions were made regarding Plaintiff's employment (which ALLIANT expressly denies) based upon erroneous or mistaken beliefs as to certain facts or circumstances, such decisions were nonetheless made in good faith and were not motivated by any disclosures protected the FWA or the FCRA.

13. Without admitting any employment relationship with Plaintiff, which ALLIANT expressly denies, ALLIANT asserts no employees similarly situated to Plaintiff in all material respects, but outside of her protected class, were treated better than her at any time.

14. Without admitting any employment relationship with Plaintiff, which ALLIANT expressly denies, ALLIANT asserts that an adequate procedure for receiving and investigating of retaliation existed within ALLIANT, and that Plaintiff failed to take advantage of corrective opportunities provided by ALLIANT to remedy the conduct complained of in this action and/or that

Plaintiff took advantage of such opportunities in a superficial manner.

15. All alleged actions taken by ALLIANT were based on non-discriminatory, non-retaliatory legitimate reasons not related to Plaintiff's gender, or alleged protected activity, and are supported by institutional needs, policies, and the judgment of ALLIANT.

16. Without admitting any employment relationship with Plaintiff, which ALLIANT expressly denies, ALLIANT has treated Plaintiff in good faith and made good faith efforts through its adoption of anti-discrimination and anti-retaliation policies and training in accordance with all statutes, rules and regulations, whether Federal or State, and with its own internal policies, rules and procedures governing the workplace.

17. To the extent Plaintiff is making a claim based on an allegation of harassment or hostile environment, which ALLIANT expressly denies, the Plaintiff unreasonably failed to take advantage of policies or procedures that are in place to prevent such alleged harassment or hostile work environment. Moreover, the alleged conduct about which Plaintiff complains does not constitute illegal harassment, in that the alleged conduct did not affect a term or condition of Plaintiff's employment; the Plaintiff was not subjected to unwelcome harassment on the basis of her protected characteristics or any alleged protected activity in which Plaintiff claims to have engaged; and the alleged conduct had no substantial effect on Plaintiff's employment. Moreover, such alleged conduct was not sufficiently severe or pervasive to alter the conditions of employment such as to create a hostile or abusive environment. Such alleged conduct, the occurrence of which ALLIANT denies, was isolated and did not constitute a pattern of offensive conduct. Further, to the extent that the ALLIANT was on notice of some of the alleged conduct complained of in the Amended Complaint, ALLIANT took all necessary, expedient and effective remedial measures with respect to such alleged conduct in a timely manner; as a result, ALLIANT is immune from liability.

18. ALLIANT would state that, to the extent the Plaintiff is alleging a cause of action for retaliatory hostile work environment, such a claim is not cognizable under the Florida Whistleblower's Act.

19. ALLIANT would state that to the extent Plaintiff is able to establish that unlawful motivation played any part in any employment decision challenged in this action, which ALLIANT expressly denies, ALLIANT would have taken the same action in the absence of such impermissible motivating factor.

20. To the extent Plaintiff has failed to mitigate her damages, she should be precluded from recovering damages against ALLIANT.

21. To the extent that Plaintiff has come before this Court with unclean hands, she is barred from recovering from ALLIANT in whole or in part.

22. Assuming, arguendo, Plaintiff is entitled to an award of damages for the actions complained of in the Amended Complaint, which ALLIANT expressly denies, it is entitled to a reduction of monies demanded by Plaintiff, by any and all monies received by Plaintiff from other sources arising from or out of the same claims and injuries asserted in the Amended Complaint.

23. To the extent some or all of Plaintiff's claims are barred by the applicable statutes of limitations and/or are otherwise barred or preempted, Plaintiff is not entitled to recovery with respect to such claims.

24. To the extent Plaintiff's administrative charge, or this action have not been timely filed, Plaintiff is not entitled to recover with respect to any such untimely claims.

25. To the extent Plaintiff has failed to exhaust administrative and/or contractual remedies and/or other pre-suit remedies, Plaintiff is not entitled to proceed with any such unexhausted claims.

26. If any employee of ALLIANT retaliated against Plaintiff, the occurrence of which is denied, such conduct was outside the employee's actual or apparent scope of authority and/or employment with ALLIANT.

27. To the extent that part or all of Plaintiff's claims or allegations were not described in or otherwise covered by the administrative charge of retaliation filed by Plaintiff and/or to the extent Plaintiff has failed to exhaust her administrative remedies, Plaintiff is not entitled to proceed with such claims.

28. In the event that Plaintiff is entitled to an award of damages and/or other relief, which ALLIANT expressly denies, such damages and/or relief may be limited by the after- acquired evidence doctrine.

29. Plaintiff's claims are barred in whole or in part by her own acts or omissions. In addition, or in the alternative, to the extent the doctrine of estoppel applies to the claims alleged or the damages sought by Plaintiff in this action, then Plaintiff is not entitled to recovery against ALLIANT.

30. Plaintiff has failed to adequately allege that equitable and/or injunctive relief is appropriate or required.

31. ALLIANT is contractually entitled to indemnification and to be held harmless from any and all claims and causes of action relative to Plaintiff's Amended Complaint.

32. Upon information and belief, Plaintiff waive her right to a jury trial in a contractual agreement applicable to this action.

33. ALLIANT reserves the right to amend this Answer to the Amended Complaint and to add other defenses as discovery may warrant or as otherwise allowed by law.

**WHEREFORE,** having fully answered the Amended Complaint and having set forth the above Affirmative Defenses thereto, ALLIANT respectfully prays that the Amended Complaint be dismissed in its entirety and/or that judgment be entered against Plaintiff and in favor of ALLIANT, and, further, that ALLIANT be awarded its costs of defending this action, including reasonable attorneys' fees.

Dated this 1st day of June, 2021.

Respectfully submitted,

*/s/ Lisa B. Fountain*

**LISA B. FOUNTAIN**
Florida Bar Number: 948802
lfountain@sniffenlaw.com
**ROBERT J. SNIFFEN**
Florida Bar Number: 0000795
rsniffen@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for Defendant, Blue Management Services, LLC d/b/a Alliant Management Service*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of June, 2021, a true and exact copy of the foregoing was furnished via the Florida Court's E-Filing Portal to all counsel of record.

*/s/ Lisa B. Fountain*

**LISA B. FOUNTAIN**

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA

CASE NO.: 20000064CAAXMX

MARY WATSON,

Plaintiff,

v.

BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,

Defendants.
_________________________________/

**DEFENDANT, CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC. (hereinafter "CLH" or "Defendant") by and through the undersigned counsel, and pursuant to the Florida Rules of Civil Procedure 1.140, files its Answer and Affirmative Defenses to Plaintiff, MARY WATSON's Amended Complaint, and states as follows:

**NATURE OF THE ACTION**

1. Admitted for jurisdictional purposes only. Otherwise, denied.

2. Admitted that Plaintiff purports to bring an action for damages in excess of $30,000 but denies that Plaintiff is entitled to the relief sought or any relief whatsoever.

**THE PARTIES**

3. Defendant admits that the Plaintiff's name is Mary Watson and that she is

female. Defendant is without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations related to her state of residence. Defendant denies all remaining allegations contained in this Paragraph.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. Therefore, denied.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph. Therefore, denied.

6. Admitted that CLH has been organized and existing under the laws of the State of Florida. Otherwise, denied as phrased.

## CONDITIONS PRECEDENT

7. Without knowledge; therefore, denied.

## STATEMENT OF THE ULTIMATE FACTS

8. Admitted that Plaintiff began her employment with CLH in or about September of 2016 as a Physician. Defendant denies that Plaintiff was wrongfully terminated on January 20, 2020. Otherwise, denied as phrased.

9. Admitted that ALLIANT provides management services to CLH via consultations and other services. Otherwise, denied as phrased.

10. Admitted that ENVISION is a staffing/management company that started working with CLH on or around June 1, 2019. Defendant further admits that ENVISION has hiring and firing power over CLH's employees. Otherwise, denied as phrased.

11. Denied as phrased.

12. Denied as phrased.

13. Denied.

14. Denied that Plaintiff performer her job duties for over four (4) years with CLH with no disciplinary action and good evaluations. Otherwise, denied as phrased.

15. Denied.

16. Denied.

17. Admitted that in April of 2019, CLH rehired Dr. Adamcryk. Otherwise, denied as phrased.

18. Denied that CEO Kinney was dissatisfied with Plaintiff being selected as the Medical Director on or about July 2019 by ENVISION because she wanted Dr. Murray Baker, Senior, or Dr. Adamcryk, both of whom are males, in that position. Otherwise, denied as phrased.

19. Denied that CLH targeted Plaintiff through unfounded complaints that she was not meeting with patients. Defendant further denies that it is aware that it was very common for female doctors to receive complaints from patients that they had not met with a doctor. Defendant admits that in or about July 2019, CEO Kinney called Plaintiff into her office to tell her that her patients were complaining that they had not seen their doctor. Otherwise, denied as phrased.

20. Denied.

21. Denied.

22. Without knowledge; therefore, denied.

23. Without knowledge; therefore, denied.

24. Without knowledge; therefore, denied.

25. Denied that Kinney tried to write the incidents off as gossip and went on to say that the hospital had to be careful about counseling or sanctioning physicians. Otherwise, denied as phrased.

26. Denied.

27. Denied as phrased that ENVISION and ALLIANT were joint employers of Plaintiff and took part in the management, hiring, firing, and discipline of CLH employees. Otherwise, denied.

28. CLH is without knowledge as to whether Plaintiff continued to document the complaints and nurses continued to come to Plaintiff to report misbehavior. Otherwise, denied as phrased.

29. Denied as phrased.

30. Defendant admits that Chairman Plummer was a Chairman of the CLH Board of Directors on or around November 2019. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph.

31. Denied.

32. Denied is without knowledge that the complaint had been wrongfully and inaccurately filed by the patient in July 2019. Therefore, this portion of paragraph 32 of the Amended Complaint is denied. Defendant further denies that Defendants did not bring the complaint up until after Plaintiff

spoke to Plummer and did so only to intimidate her. Otherwise, denied as phrased.

33. Without knowledge; therefore, denied.

34. Denied that on December 9, 2019, CNO Matautia interrupted Plaintiff's work with another unfounded allegation that she had not seen a patient. CLH further denies that Matautia did not care, belittled Plaintiff in front of staff, and demanded she get up and come with her to have the patient identify whether he had in fact seen Plaintiff. Otherwise, denied as phrased.

35. Defendant is without knowledge whether Plaintiff reported any retaliation to Defendant ALLIANT to CEO Kozar in writing via text, and to Defendant ENVISION to Olevia McNally in writing via text. Therefore, this portion of paragraph 35 of the Amended Complaint is denied. Otherwise, denied as phrased.

36. Defendant denies as phrased that Plaintiff reported the mistreatment and retaliation by Matuatia to Defendant CLH to CEO Kinney verbally on the phone. Otherwise, denied.

37. Denied that CLH was willing to punish Plaintiff based on anonymous complaints which on information and belief were submitted by the only male nurse in the ER. Otherwise, denied as phrased.

38. Denied that Defendants' mistreatment of her continued and got worse. Otherwise, without knowledge; therefore, denied.

39. Denied as phrased.

40. Defendant admits that Dr. Johnson and Tammy Jarvis communicated with Plaintiff about her employment in January 2020. Otherwise, denied as phrased.

41. Defendant admits that Dr. Murray Baker, Sr. is male and that he became the new site director for the CLH Emergency Department in or about January 2020. Defendant denies that Defendants wrongfully terminated Plaintiff on January 20, 2020. Otherwise, denied as phrased.

42. Without knowledge; therefore, denied.

43. Denied.

44. Without knowledge; therefore, denied.

45. Without knowledge; therefore, denied.

46. CLH is without knowledge as to Plaintiff's fee arrangement with Plaintiff's Counsel and therefore denies the allegations in paragraph 46 of the Amended Complaint. CLH also states that it is not liable to Plaintiff in any way and is not liable for any fees or costs incurred by her attorneys in representing her in this matter.

**COUNT I**
**PUBLIC WHISTLEBLOWER RETALIATION**
**(Against Defendant CALHOUN LIBERTY HOSPITAL)**

47. Defendant re-alleges and incorporates herein by reference its responses to the allegations in Paragraphs 1 through 46 above in response to Paragraph 47 of the Amended Complaint.

48. Denied.

49. Denied as phrased.

50. The legal regulations and references contained in this paragraph as to the term "public employee" speak for themselves and are the better description of applicable law. To the extent a response is required, denied that this paragraph includes complete description of the law, including all pertinent and relevant provisions.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

**COUNT II**
**PRIVATE WHISTLEBLOWER RETALIATION**
**(Against Defendant ALLIANT)**

57. – 63. The allegations contained in Paragraphs 57 through 63, including all subparts, are not directed to CLH; therefore, no response is necessary. Should a response be deemed necessary, CLH denies the allegations and demands strict proof thereof at trial.

**COUNT III**
**PRIVATE WHISTLEBLOWER RETALIATION**
**(Against Defendant ENVISION)**

64. – 70. The allegations contained in Paragraphs 64 through 70, including all subparts, are not directed to CLH; therefore, no response is necessary. Should a response be deemed necessary, CLH denies the allegations and demands strict proof thereof at trial.


**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502 - (850) 483-5900 (850) 438-6969 FAX

**COUNT IV**
**PRIVATE WHISTLEBLOWER RETALIATION**
**(Against Defendant CALHOUN LIBERTY HOSPITAL)**

71. Defendant re-alleges and incorporates herein by reference its responses to the allegations in Paragraphs 1 through 46 above in response to Paragraph 71 of the Amended Complaint.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

**COUNT V**
**GENDER DISCRIMINATION**
**(Against Defendant ENVISION)**

78. – 87. The allegations contained in Paragraphs 78 through 87, including all subparts, are not directed to CLH; therefore, no response is necessary. Should a response be deemed necessary, CLH denies the allegations and demands strict proof thereof at trial.

**COUNT VI**
**RETALIATION – Chapter 760**
**(Brought Against Defendant ENVISION)**

88. – 94. The allegations contained in Paragraphs 88 through 94, including all subparts, are not directed to CLH; therefore, no response is necessary. Should a response be deemed necessary, CLH denies the allegations and demands strict proof thereof at trial.

**COUNT VII (Improperly Numbered as Count V)**
**GENDER DISCRIMINATION**
**(Against Defendant ALLIANT)**

95. – 104. The allegations contained in Paragraphs 95 through 104, including all subparts, are not directed to CLH; therefore, no response is necessary. Should a response be deemed necessary, CLH denies the allegations and demands strict proof thereof at trial.

**COUNT VIII (Improperly Numbered as Count VI)**
**RETALIATION – Chapter 760**
**(Brought Against Defendant ALLIANT)**

105. – 111. The allegations contained in Paragraphs 105 through 111, including all subparts, are not directed to CLH; therefore, no response is necessary. Should a response be deemed necessary, CLH denies the allegations and demands strict proof thereof at trial.

**COUNT IX (Improperly Numbered as Count V)**
**GENDER DISCRIMINATION**
**(Brought Against Defendant CALHOUN LIBERTY HOSPITAL)**

112. Defendant re-alleges and incorporates herein by reference its responses to the allegations in Paragraphs 1 through 46 above in response to Paragraph 112 of the Amended Complaint.
113. Denied.
114. Denied.
115. Denied.
116. Denied.
117. Denied.
118. Denied.
119. Denied.

120. Denied.

121. Denied.

**<u>COUNT X (Improperly Numbered as Count VI)</u>**
**<u>RETALIATION – Chapter 760</u>**
**<u>(Brought Against Defendant CALHOUN LIBERTY HOSPITAL)</u>**

122. Defendant re-alleges and incorporates herein by reference its responses to the allegations in Paragraphs 1 through 46 above in response to Paragraph 122 of the Amended Complaint.

123. The legal regulations and references contained in this paragraph as to the term "employer" speak for themselves and are the better description of applicable law. To the extent a response is required, denied that this paragraph includes complete description of the law, including all pertinent and relevant provisions.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

**<u>COUNT XI (Improperly Numbered as Count VII)</u>**
**<u>TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP</u>**
**<u>(Brought Against Defendant CALHOUN LIBERTY HOSPITAL)</u>**

129. Defendant re-alleges and incorporates herein by reference its responses to the allegations in Paragraphs 1 through 46 above in response to Paragraph 129 of the Amended Complaint.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. CLH denies Plaintiff is entitled to any of the relief set forth in the "wherefore" / *ad damnum* clause set forth in the Amended Complaint.

137. CLH denies any allegation of the Amended Complaint not otherwise expressly admitted.

WHEREFORE, the Defendant, CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC, demands Judgment against the Plaintiff for costs and all other damages which this Court deems just and equitable and further demands a trial by jury of all issues so triable as of right by jury.

## AFFIRMATIVE DEFENSES

1. Defendant contends that Plaintiff has failed to state a cause of action upon which relief may be granted for gender discrimination under the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA").

2. Defendant contends that Plaintiff has failed to state a cause of action upon which relief may be granted for retaliation under the FCRA, Chapter 760, Florida Statutes.

3. Defendant contends that Plaintiff has failed to state a cause of action upon which relief may be granted for tortious interference.

4. Defendant contends that Plaintiff has failed to state a cause of action upon which relief may be granted for private whistleblower retaliation under §448.101, et. seq., Florida Statutes.



**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502 - (850) 483-5900 (850) 438-6969 FAX

5. Defendant contends that Plaintiff has failed to state a cause of action upon which relief may be granted for public whistleblower retaliation under §112.3187, et. seq., Florida Statutes.

6. Defendant asserts that it has fulfilled whatever legal duties owed Plaintiff under the applicable provisions of Florida law, Federal Law, Defendant's Policies and Procedures, and Defendant's Employee Handbook entered by Plaintiff.

7. Plaintiff was not an employee of Defendant and is therefore not covered under Fla. Stat. § 448.101, et seq. or Fla. Stat. § 112.3187, et seq.

8. Assuming that Plaintiff disclosed certain information, which Defendant expressly denies, any such disclosure was not protected by Fla. Stat. § 448.101, et seq. or Fla. Stat. § 112.3187, et seq. and/or not disclosed in accordance with the requirements of Florida law.

9. Assuming that Plaintiff disclosed certain information, which Defendant expressly denies, any such disclosure was made in bad faith or for a wrongful purpose.

10. Defendant did not violate any law, rule or regulation, nor did it authorize, ratify, adopt, or otherwise participate in any of the alleged conduct Plaintiff alleges was unlawful.

11. To the extent that Plaintiff has come before this Court with unclean hands, she is barred from recovering from Defendant in whole or in part.

12. Defendant asserts that Plaintiff is barred by operation of estoppel from bringing her action because it denies a term, fact, and performance of the terms of Defendant's Employee Handbook entered by Plaintiff.

13. Defendant affirmatively asserts that Plaintiff has failed to mitigate her alleged losses, injuries or damages, and, therefore, Defendant is not responsible to the extent that Plaintiff could have mitigated her damages, and Plaintiff has barred or diminished his entitlement to damages, if any, on such basis.

14. Defendant affirmatively asserts that the Court lacks jurisdiction over the claims asserted in the Complaint, or jurisdiction should not be exercised by the Court over those claims, because Plaintiff failed to meet conditions precedent and/or failed to exhaust administrative prerequisites and remedies before instituting legal action on those claims.

15. To the extent part or all of Plaintiff's claims were not described in or otherwise covered by the administrative Charge of Discrimination filed by Plaintiff and/or to the extent Plaintiff failed to exhaust administrative remedies, Plaintiff is not entitled to proceed with such claims.

16. Defendant affirmatively asserts that Plaintiff was not employed by Defendant pursuant to the definition of an "employer" under the FCRA.

17. Defendant affirmatively asserts that Plaintiff's whistleblower retaliation claims are barred, since Plaintiff committed or intentionally participated in committing certain violations for which protection is sought in this suit under Fla. Stat. § 448.101, et seq. or Fla. Stat. § 112.3187, et seq.

18. Because Plaintiff violated company policy, she is not a person "otherwise qualified" to perform the essential functions of her job.

19. Defendant affirmatively asserts that it did not terminate Plaintiff or take any disciplinary action against her. Pursuant to the June 1, 2019 Services

Agreement between Defendant and ENVISION, all disciplinary actions and final termination decisions for physicians came from ENVISION.

20. Defendant affirmatively asserts that Plaintiff was employed on an “at will” basis, and could be terminated at any time, and for any reason, provided state or federal law was not violated, which it was not.

21. Defendant affirmatively asserts that it was not a joint employer or a single employer with ENVISION and ALLIANT under the FCRA and Title VII.

22. Defendant contends that Plaintiff’s claims are barred by the statute of limitations.

23. Defendant affirmatively asserts that to the extent the damages alleged by Plaintiff were caused or exacerbated by any act, or failure to act, on the part of Plaintiff, any damages awarded to Plaintiff should be reduced accordingly.

24. If any employee of Defendant retaliated against Plaintiff, the occurrence of which is denied, such conduct was outside the employee’s actual or apparent scope of authority and/or employment with Defendant.

25. Defendant affirmatively asserts that it is entitled to a set-off for any and all collateral sources or monies paid to or for the benefit of Plaintiff or otherwise available to her, including but not limited to unemployment or disability benefits.

26. Plaintiff’s claims for damages, attorney’s fees and costs and other relief are limited by the provisions of applicable law.

27. Defendant affirmatively asserts that it is entitled to an award of reasonable costs and attorneys' fees against Plaintiff pursuant to §112.3187(9)(d), *Fla. Stat.*

28. Plaintiff's claims are barred by the doctrine of laches.

29. The allegations pertaining to Plaintiff's claim for tortious interference involve willful and wanton conduct for which sovereign immunity has not been waived and for which Defendant cannot be held liable pursuant to Section 768.28 Florida Statutes.

30. To the extent decisions made regarding Plaintiff's employment were based on erroneous or mistaken beliefs as to certain facts or circumstances, such decisions were nonetheless made in good faith and were not motivated by Plaintiff's gender, retaliation, or any unlawful basis.

31. Defendant has well-established policies and procedures prohibiting discrimination and retaliation. Thus, Defendant cannot be held liable for any discriminatory or retaliatory conduct as alleged in the Amended Complaint.

32. Defendant has made good-faith efforts to prevent discrimination and retaliation, and thus cannot be liable for the decision of its agents, or for punitive damages, to the extent the challenged decisions were contrary to Defendant's efforts to comply with anti-discrimination or anti-retaliation statutes.

33. All standards and selection criterion used by Defendant with regard to Plaintiff's employment and her termination by ENVISION are job related and consistent with business necessity.

34. All of Defendant's decisions and actions were made in good faith, for legitimate, non-discriminatory and non-retaliatory reasons, and were based upon reasonable factors other than any purported discrimination or retaliation.

35. Defendant affirmatively asserts that Plaintiff cannot show the existence of a causal link between her gender and adverse action that somehow constitutes a violation of the FCRA.

36. Defendant affirmatively asserts that Plaintiff cannot show the existence of a causal link between her retaliation or whistleblower retaliation claims because there is no causal connection between any alleged adverse action and any alleged protected activity.

37. Some or all of the alleged acts of discrimination or retaliation do not constitute adverse employment actions sufficient to bring a claim against Defendant.

38. Plaintiff cannot establish that her alleged protected activity was a "but for" cause of any adverse employment action.

39. Plaintiff did not engage in any conduct protected by Fla. Stat. § 448.101, et seq. or Fla. Stat. § 112.3187, et seq.

40. Reinstatement of the Plaintiff is not practicable or feasible given Plaintiff's own conduct.

41. Plaintiff cannot make out a *prima facie* case of discrimination based upon the allegations set forth in the Amended Complaint, or otherwise.

42. Plaintiff cannot make out a *prima facie* case of retaliation based upon the allegations set forth in the Amended Complaint, or otherwise.

43. Plaintiff has failed to adequately allege that equitable and/or injunctive relief is appropriate or required.

44. Defendant affirmatively asserts that Plaintiff's whistleblower retaliation and retaliation claims are not actionable, since Plaintiff did not report information to the appropriate representative of Defendant.

45. Defendant affirmatively asserts that Plaintiff's whistleblower retaliation claims are not actionable, since Plaintiff did not disclose information constituting improper use of government office, gross waste of funds, or any other abuse or gross neglect of duty on the part of any agency, public officer or employee.

46. Defendant affirmatively asserts that Plaintiff's whistleblower retaliation claims are not actionable, since Plaintiff did not report violations of law on the part of the public employer that created a substantial and specific danger to the public's health, safety or welfare.

47. Defendant asserts that Plaintiff has failed to comply with the provisions of Florida Statute § 768.72 in pleading punitive damages without establishing an evidentiary basis and record therefore.

48. Defendant asserts that Plaintiff has failed to plead a claim for punitive damages because Plaintiff failed to satisfy Florida Statute § 768.72(2) and Florida Statute § 768.72(3).

49. Defendant asserts that Plaintiff's claim for punitive damages fails because Defendant is not guilty of either intentional misconduct or gross negligence.

50. Defendant asserts that Plaintiff's claim for punitive damages fails because Defendant did not actively and knowingly participate in the alleged conduct of its employees as required by Florida Statute § 768.72(3)(a).

51. Defendant asserts that Plaintiff's claim for punitive damages fails because no officer, director, or manager of Defendant knowingly condoned, ratified,


**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502 - (850) 483-5900 (850) 438-6969 FAX

or consented to the alleged conduct of its employees as required by Florida Statute § 768.72(3)(b).

52. Defendant asserts that Plaintiff's claim for punitive damages fails because Defendant's conduct did not rise to the level of gross negligence and further no such gross negligence by Defendant contributed to the damages Plaintiff claims in this matter as required by Florida Statute § 768.72(3)(c).

53. Defendant asserts that any finding of punitive damages against Defendant would be a violation of the Constitution of the United States and Article I, Section 9, 10 & 17 of the Constitution of Florida, on the following grounds:

a. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to impose punitive damages which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof required in criminal cases;

b. The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and Fla. Art. I, § 9;

c. The procedures to which punitive damages are awarded fail to provide a limit on the amount of the award against Defendant in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, Fla. Art. I, § 9, 17;

d. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution; Fla. Art. I, § 9;

e. The procedures pursuant to which punitive damages are awarded result in the imposition of disparate penalties for the same or similar acts and thus, violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

f. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; Fla. Art. I § 9, 17;

g. The procedure pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment to the United States Constitution, Fla. Art. I § 9, 17.

54. Defendant states that an award of punitive damages to Plaintiff in this case would constitute a deprivation of property without due process of law under the Fifth and Fourteenth Amendments to the United States Constitution, Fla. Art. I § 9.

55. Defendant states that Plaintiff's attempt to impose on Defendant vicarious liability for punitive damages on the basis of conduct by others violates the

Fifth. Eighth and Fourteenth Amendments to the United States Constitution and Fla. Art. I § 9, 10, and 17.

56. Defendant is contractually entitled to indemnification and to be held harmless from any and all claims and causes of action relative to Plaintiff's Complaint.

57. Plaintiff's tortious interference claim fails to state a cause of action in that it fails to allege the existence of an enforceable contract or business relationship cognizable of being enforced.

58. To the extent that Plaintiff's tortious interference claims with an advantageous business relationship, rely or are founded on alleged information or advice given by Defendant to third parties at the request of said third parties, this count is barred because the alleged information, statements, or advice by Defendant, if any, were truthful or were made in good faith with good motives and are therefore privileged.

59. Defendant did not knowingly disclose false information to Plaintiff's prospective employers nor did such disclosure, if any, violate Plaintiff's rights protected under Chapter 760 Florida Statutes. Accordingly, Defendant is immune from Plaintiff's claim for tortious interference and Plaintiff is in any event required to prove her case for tortious interference by clear and convincing evidence pursuant to Section 768.095 Florida Statutes.

60. The allegations pertaining to Plaintiff's claim for tortious interference involve willful and wanton conduct for which sovereign immunity has not been waived and for which Defendant cannot be held liable pursuant to Section 768.28 Florida Statutes.


**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502 - (850) 483-5900 (850) 438-6969 FAX

Defendant reserves its right to further amend the affirmative defenses as additional facts are learned through the course of discovery.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of June, 2021, a true and correct copy of the foregoing was filed with the Clerk of Calhoun County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: **Marie A. Mattox, Esq**., Marie A. Mattox, P.A., marie@mattoxlaw.com; michelle@mattoxlaw.com; marlene@mattoxlaw.com, 203 North Gadsden Street, Tallahassee, FL 32301, (850) 383-4800/(850) 383-4801 (F), Attorney for Plaintiff, Mary Watson, **Robert J. Sniffen, Esq**., **Lisa B. Fountain, Esq**. and **Nicholas E. Monk, Esq**., Sniffen & Spellman, P.A., rsniffen@sniffenlaw.com; lfountain@sniffenlaw.com; nmonk@sniffenlaw.com; gjennings@sniffenlaw.com; mduber@sniffenlaw.com; kbarger@snniffenlaw.com, 123 North Monroe Street, Tallahassee, FL 32301, (850) 205-1996/(850) 205-3004 (F), Attorneys for Defendant, Blue Management Services, LLC d/b/a AlliantManagement Services, **Richard N. Margulies, Esq**., Jackson Lewis P.C., richard.margulies@jacksonlewis.com; Ashley.Bolin@jacksonlewis.com; JacksonvilleDocketing@jacksonlewis.com, 501 Riverside Avenue, Suite 902, Jacksonville, FL 32200, (904) 638-2655/(904) 638-2656 (F), **Justin S. Swartz, Esq**., Jackson Lewis, PC, justin.swartz@jacksonlewis.com; Alicia.Franchino@jacksonlewis.com; OrlandoDocketing@jacksonlewis.com, 390 N. Orange Avenue Suite 1285, Orlando, FL 32801, (407) 246-8440/(407) 246-8441 (F), and **John M. Barr, Esq.** (PHV), Law Office of John M. Barr, P.C.,

John.Barr@jmblawoffice.com, 4105 Stuart Avenue, Richmond, VA 23221, (804) 269-5078, Attorneys for Defendant, Envision Physician Services, LLC f/k/a Emcare Physician Services, Inc.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant Calhoun-Liberty Hospital Association, Inc.*
890 South Palafox Street, Suite 200
Pensacola, Florida 32502
Telephone (850) 483-5909
Facsimile (850) 438-6969
E-mail: randall.rogers@csklegal.com
E-mail: michael.kelly@csklegal.com
E-mail: kassia.deleon@csklegal.com

By: s/ Michael B. Kelly
RANDALL G. ROGERS
Florida Bar No.: 195626
MICHAEL B. KELLY
Florida Bar No.: 115345

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA

CASE NO.: 2020-CA-000064

MARY WATSON,

Plaintiff,

v.

BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,

Defendants.
_________________________________/

**DEFENDANT CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.'S NOTICE OF SERVING FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Defendant, CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC., by and through its undersigned counsel, hereby notices the service of its First Set of Interrogatories to Plaintiff, MARY WATSON, this 1st day of June, 2021.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant Calhoun-Liberty Hospital Association, Inc.*
890 South Palafox Street, Suite 200
Pensacola, Florida 32502
Telephone (850) 483-5909
E-mail: randall.rogers@csklegal.com
E-mail: michael.kelly@csklegal.com
E-mail: kassia.deleon@csklegal.com

By: s/ Michael B. Kelly
RANDALL G. ROGERS
Florida Bar No.: 195626
MICHAEL B. KELLY
Florida Bar No.: 115345

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of June, 2021, a true and correct copy of the foregoing was filed with the Clerk of Calhoun County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: **Marie A. Mattox, Esq**., Marie A. Mattox, P.A., marie@mattoxlaw.com; michelle@mattoxlaw.com; marlene@mattoxlaw.com, 203 North Gadsden Street, Tallahassee, FL 32301, (850) 383-4800/(850) 383-4801 (F), Attorney for Plaintiff, Mary Watson, **Robert J. Sniffen, Esq**., **Lisa B. Fountain, Esq**. and **Nicholas E. Monk, Esq**., Sniffen & Spellman, P.A., rsniffen@sniffenlaw.com; lfountain@sniffenlaw.com; nmonk@sniffenlaw.com; gjennings@sniffenlaw.com; mduber@sniffenlaw.com; kbarger@snniffenlaw.com, 123 North Monroe Street, Tallahassee, FL 32301, (850) 205-1996/(850) 205-3004 (F), Attorneys for Defendant, Blue Management Services, LLC d/b/a Alliant Management Services, **Richard N. Margulies, Esq**., Jackson Lewis P.C., richard.margulies@jacksonlewis.com; Ashley.Bolin@jacksonlewis.com; JacksonvilleDocketing@jacksonlewis.com, 501 Riverside Avenue, Suite 902, Jacksonville, FL 32200, (904) 638-2655/(904) 638-2656 (F),**Justin S. Swartz, Esq**., Jackson Lewis, PC, justin.swartz@jacksonlewis.com; Alicia.Franchino@jacksonlewis.com; OrlandoDocketing@jacksonlewis.com, 390 N. Orange Avenue Suite 1285, Orlando, FL 32801, (407) 246-8440/(407) 246-8441 (F), and **John M. Barr, Esq.** (PHV), Law Office of John M. Barr, P.C., John.Barr@jmblawoffice.com, 4105 Stuart Avenue, Richmond, VA 23221, (804) 269-5078, Attorneys for Defendant, Envision Physician Services, LLC f/k/a Emcare Physician Services, Inc.

By: s/ Michael B. Kelly
MICHAEL B. KELLY

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA

CASE NO.: 20000064CAAXMX

MARY WATSON,

Plaintiff,

v.

BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,

Defendants.
_______________________________/

**DEFENDANT, CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Defendant, CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC. (hereinafter "CLH" or "Defendant"), by and through its undersigned counsel, hereby notifies this Court and counsel of record that it has served its first set of Interrogatories upon Plaintiff, MARY WATSON to be answered under oath in writing within thirty (30) days, in accordance with the Florida Rules of Civil Procedure.

**DEFINITIONS AND INSTRUCTIONS**

Please refer to these definitions and instructions in providing your answers. Unless otherwise clearly indicated by the context thereof, the following definitions and instructions shall apply to each of the interrogatories set forth below:

**Definitions**

1. Plaintiff means MARY WATSON.

2. "You" and/or "Your" and “Their” means Plaintiff, unless otherwise so stated.

3. "Communication" means, without limitation, any oral, written, telephonic, radio, video or electronic transmission of information, demands or questions, including but not limited to conversations, meetings, discussions, telephone calls, telegrams, telecopies, telexes, seminars, conferences, writings, letters, messages, notes, or memoranda.

4. "Document" or "Documents" means all "writings and recordings". The definition is intended to include all documents, agreements, correspondence, records, ledgers, contracts, bills, invoices, bills of lading, inventories, financial data, memoranda, notes, or other writings, formal or informal in nature, accounting and financial records, diaries, statements, telegrams, draft, work papers, paper and magnetic tapes, charts, computer cards and print outs, electronically or magnetically stored information or data, minutes, publications, calendars, telephone pads, bulletins, directives, logs and listings, in your actual or constructive possession, custody or control, or of which you have knowledge of the existence, and whether prepared, published or released by you or by any other person or entity. Without limitation on the foregoing, the term "documents" shall include any copy which differs in any respect from the original or other versions of the documents, such as copies containing notations, insertions, corrections, marginal notes or any variations.

5. "Identify" means, when used in reference to:

A. An individual, to state his or her (i) full name; (ii) present or last known home and business address, including street name and number, city or town and zip code; (iii) present or last known position, job title and job description;

B. A person other than an individual, to state its (i) full name and type of organization or entity; (ii) address or principal place of business; and (iii) jurisdiction and date of incorporation or organization, if known.

C. Documents, to state (i) the name and date of the document, the name and address of the person(s) originating the document, the name and address, if any, of the person(s) to whom the document is addressed, the names and addresses of all persons to whom copies of the documents were to have been sent; and the organization, firm or agency with which any such persons were connected as of the date of the document; and (ii) whether Plaintiff is in possession of or have under their control the original or a copy of the document, and, if not in possession of an original or copy, the name and address of the custodian of each original copy, and the name and address of each person who Plaintiff believes presently is in possession of the original or copy of such document. In lieu of identifying particular documents, when such identification is requested, the document may, at Plaintiff’s option, be attached to the response to these interrogatories,

bearing an indication to which interrogatory or interrogatories each document relates.

D. Conversations, to state the date and place and approximate time of day of the conversation, the identity of all persons in attendance, the subject matter and reasons for the conversation, the statements made by each person, including the context in which they were made and the identity of any writings or recordations which exist relating thereto.

E. A claim, the name of the claimant, the nature of the claim, the names of all parties to any lawsuit, the court number, if any, the date of the claim, the date upon which Plaintiff first became aware of the claim, the relief sought, and the present status or final disposition of the claim.

F. Any other item or information, to provide a particular description of the same.

6. "Notice" shall include formal and informal notification and is not limited to "notice" as that term is used in any policy issued to the Plaintiffs.

7. The plural shall include the singular and the singular shall include the plural.

**Instructions**

1. Privilege. If you contend that you are entitled to withhold information falling within the purview of this First Set of Interrogatories on the basis of the attorney-client privilege, the work-product doctrine, or any other ground, such information should be identified by providing a description of the following:

A. Describe the subject matter of the information in enough detail to determine the validity of the claimed privilege;

B. Identify the person(s) who have knowledge or who have transmitted said information;

C. State the nature and basis of the privilege or other ground claimed for withholding the information and;

D. The date such information was transmitted to or by you.

2. Documents. If a document or documents will provide the requested information, attach the document(s) to your responses and indicate the Interrogatory to which the document(s) is/are responsive.

**FIRST SET OF INTERROGATORIES TO PLAINTIFF**

1. What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

**RESPONSE:**

2. List the names of all employers, including self-employment, for whom you have worked in the past 10 years. Please include the name and address of the employer, phone numbers, dates of employment, rates of pay, job title, and reason for leaving.

**RESPONSE:**

3. List all former names and when you were known by those names. State all addresses where you have lived for the past 10 years, the dates you lived at each address, your Social Security number, your date of birth, and, if you are or have ever been married, the name of your spouse or spouses.

**RESPONSE:**

4. Describe in detail the specifics of Plaintiff reporting or objecting to violations of law, rules, and/or regulations to other employees or to investigators, including who these conversations were with, when these investigations took place, what was said, dates of these conversations, and where these conversations took place.

**RESPONSE:**

5. Describe with as much specificity as possible, how you were retaliated against by any Defendant or by Defendant's employees or agents, including what occurred, the date on which it occurred, who was involved, and why you believe you were retaliated against. List each and every example with specificity as Defendant will rely on this answer as a complete description.

**RESPONSE:**

6. Describe with as much specificity as possible, how you were discriminated against by the Defendant or by Defendant's employees or agents, including what occurred, the date on which it occurred, who was involved, and why you believe you were discriminated against. List each and every example with specificity as Defendant will rely on this answer as a complete description.

**RESPONSE:**

7. Describe with as much specificity as possible, how your current and/or prospective business relationships with third parties were tortuously interfered with by any Defendant or by Defendant's employees or agents, including what occurred, the date on which it occurred, who was involved, and why you believe you were tortuously interfered with. List each and every example with specificity as Defendant will rely on this answer as a complete description.

**RESPONSE:**

8. Describe with as much specificity as possible, each and every adverse action you have been subjected to during your time of employment with CLH, and which you attribute to retaliation as laid out in the Amended Complaint. Please include the date of the action, who committed the action, and identify any witnesses to the actions; and explain why you believe these actions were taken against you.

**RESPONSE:**

9. Describe with as much specificity as possible, each and every adverse action you have been subjected to which you attribute to tortious interference as laid out in the Amended Complaint. Please include the date of the action, who committed the action, and identify any witnesses to the actions; and explain what the outcome of said actions were.

**RESPONSE:**

10. List all facts that you intend to rely upon to support your claim(s) against each Defendant. List each and every example with specificity as Defendant will rely on this answer as a complete list.

**RESPONSE:**

11. State the total amount of monetary losses, lost wages, and other economic damages you claim to have suffered due to the actions of each Defendant, and please describe, identify, and itemize each and every item of damages claimed by you in this lawsuit, and for each item, state the factual basis for the claim and the amount claimed. List each and every example with specificity as Defendant will rely on this answer as a complete list.

**RESPONSE:**

12. Has anything been paid or is anything payable from any third party for the damages listed in your answers to these interrogatories? If so, state the amounts paid or payable, the name and business address of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation.

**RESPONSE:**

13. List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

**RESPONSE:**

14. Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

**RESPONSE:**

15. Please state whether or not you have ever been a party to a civil lawsuit other than this one, or been a party to any legal or administrative claim against any employer (including but not limited to any administrative charge of discrimination), and if so, list the state and city in which each claim or lawsuit was filed, the date the lawsuit or claim was filed, the nature of each such claim or lawsuit, whether the proceeding was filed in federal or state court, the case number, and the outcome of each such claim or lawsuit.

**RESPONSE:**

16. Do you currently or have you ever had a Facebook, Myspace, Instagram, Periscope, LinkedIn, Google + (Plus), Twitter, Tumblr, or any other social networking account? If so, please identify the names of the social media accounts you have and use as well as your username(s) and/or handle(s) for each account you have and/or use.

**RESPONSE:**

17. Describe all documents that you contend support your claims of discrimination, retaliation, and tortious interference, including a description of what the document is, what information is contained in the document, who wrote it, when it was created, and who has custody of it at the present time. List each and every document as Defendant will rely on this answer as a complete list.

**RESPONSE:**

18. Please state whether you have ever, at any time through the present, filed a claim or complaint, either formally or informally, internally or externally, against any employer for any work-related matter, including but not limited to claims of discrimination, retaliation, sexual harassment, FMLA benefits, unemployment benefits, breach of contract, and/or worker's compensation. If so, please identify the employer against whom the claim was made, the date of the claim, the agency with whom the claim was filed, and the disposition of the claim.

**RESPONSE:**

19. Identify each and every source of income Plaintiff has received from January 1, 2020 through the present, including from unemployment, jobs Plaintiff may have held with an employer, employment agency, or by self-employment, and all income Plaintiff received from the CLH, specifying the amounts received, dates of receipt, and the sources of such income, and identify all documents which support, tend to support, or tend to refute Plaintiff's response to this interrogatory.

**RESPONSE:**

20. Identify each person who has been interviewed by, contacted by, or has communicated with Plaintiff, or any representative or agent of Plaintiff (including investigators) or someone acting on Plaintiff's behalf, or from whom statements have been obtained by Plaintiff, any representative or agent of Plaintiff (including investigators) or someone acting on Plaintiff's behalf regarding the allegations in the Amended Complaint.

**RESPONSE:**

**VERIFICATION PAGE**

By: ______________________________
MARY WATSON

STATE OF FLORIDA :
: ss.:
COUNTY OF ________________ :

The foregoing instrument was acknowledged before me by MARY WATSON,

1. _____ who is personally known to me; OR
2. _____ who has produced _________________________, as identification;
3. _____ who did not take an oath; OR
4. _____ who did take an oath.

SWORN TO AND SUBSCRIBED before me this ___ day of ____________, 2021.

______________________________
Signature of Notary Public

______________________________
Name of Notary (Printed or Typed)

Commission No. ____________________

Commission Expires________________


**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502 - (850) 483-5900 (850) 438-6969 FAX

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA

MARY WATSON,

CASE NO.: 20000064CAAXMX

Plaintiff,

v.

BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,

Defendants.
_________________________________/

**DEFENDANT, CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF**

Defendant, CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC. (hereinafter "CLH" or "Defendant"), by and through its undersigned counsel, propounds this Request for Production upon Plaintiff, MARY WATSON pursuant to Rule 1.350, Florida Rules of Civil Procedure, to produce and permit the inspection and copying of the following documents, writings, and other data:

**DEFINITIONS AND INSTRUCTIONS**

1. You are instructed either to produce documents as they are kept in the usual course of business or to produce documents organized and labeled to correspond with the categories in this Request. Documents are to be produced in full and unexpurgated form.

2. This Request shall be deemed continuing so as to require further and supplemental production in the event that the party requested to produce, or any of its attorneys, agent's representatives, obtains or discovers additional information or documents between the time of the initial production and the time of hearing or trial.

3. If you claim that any documents covered by this Request are withheld by reason of a claim of privilege, work productimmunity or other ground of non-production:

a. Identify its title and general subject matter;
b. State its date;
c. Identify its author(s);
d. Identify the person(s) for whom it was prepared or to whom it was sent;
e. State the nature of the privilege claim; and
f. State in detail each and every fact upon which you base your claim of privilege.

4. If a portion of an otherwise responsive document contains information that is subject to a claim of privilege, only those portions of the document subject to the claim of privilege shall be deleted or redacted form the document and the rest of the document shall be produced.

5. In the event that any document called for by this Request has been destroyed, lost, discarded or otherwise disposed of, each such document is to be identified as completely as possible, including, without limitation, the following information: author; recipient; sender; subject matter; date prepared or received; date of disposal; person currently in possession of the document; and the person disposing of the document.

6. All objections to any category of documents to be produced pursuant to this Request or to any definition or instruction it contains shall be in writing and delivered to Plaintiffs' counsel within the time provided in the Florida Rules of Civil Procedure or at such other time as is agreed upon by the parties or ordered by this Court.

## DEFINITIONS

1. "Document" as used herein shall be construed broadly to include all documents and things within the scope of the Florida Rules of Civil Procedure and refers to all writings or other graphic matter, as well as any other medium by which information is stored or recorded. It includes originals, drafts, copies and reproductions; and it includes, without limiting the generality of the foregoing, letters; memoranda; reports and/or summaries of investigations; police reports; accident reports; opinions or reports of consultants; diagrams; marginal comments appearing on any documents; accounts; telegrams; electronic mail (e-mail), studies; lists of persons attending meetings or conferences; records or memoranda of telephone conversations; written statements; transcripts or recorded statements; recorded statements; records of personal conversations or interviews; calculations; computations; specifications; drawings; advertisements; circulars; trade letters; press releases; prints; recordings; positive or negative films, slides or photographs; magnetic, electronic or video tapes; computer tapes, cards, printouts and/or other computer/data based information; and all other things of like nature; and any and all containers, boxes or other receptacles or repositories housing or containing such "documents."


**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502 - (850) 483-5900 (850) 438-6969 FAX

2. The term "communication" shall mean any transmission of information by any means, including, without limitation, by spoken language, written language, electronic transmission of data or any other means. The term "communication" shall include, without limitation, any copies of written information received by the person or entity responding to this Request, even if such person or entity is not the primary or direct addressee of such written information.

3. The term "referring" or "relating" shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

4. "You" and "your" refers to Plaintiff, and his/her affiliates, partners, employees, agents and representatives.

5. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make each request herein inclusive rather than exclusive. "Include(s)" and "including" shall be constructed to mean "without limitation."

6. "Person" means any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, trust, group of natural persons or other association separately identifiable, whether or not such an association has a separate juridical existence in its own right.

7. When used in references to an individual person, "identify" or "identity" means to state his or her full name, date of birth, Social Security Number and present or last known address and telephone number, and contemporaneous or last known position and business affiliation at the time in question. When used in reference to a business organization or entity other than an individual, "identify" or "identity" means to state its full name, its principal business address, and the nature of the organization (e.g., corporation, partnership). When used in reference to a document, "identify" or "identity" means to set forth its date, author, designated and actual recipients, type of document (e.g., report, memorandum), number of pages and the identity (as defined above) of its present or last known custodian.'

8. "Contract documents" shall mean all architectural plans and specifications, details, shop drawings, manufacturers' data and/or cut sheets and samples. When a request is directed to the "contract documents", the answer should specify the numbered sheet and detail on any approved plan and/or shop drawing. Where the answer calls for a specification, the specification section and sub-sections should be identified. Where manufacturer's and/or product literature becomes part of the "contract documents", the addition date of the manufacturer's data or cut sheet should be noted along with the specific detail that is relied upon. "Contract documents" also refer to all contracts and specific provisions therein.

9. When used in terms of documents, the term "describe" shall mean identify the document by document name or title, name and address of preparer of the document, name and address of recipient of the document and the date of the document. If the document is a plan, the plan should be identified by date with all revision dates, the name


**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502 - (850) 483-5900 (850) 438-6969 FAX

of person or firm that signed the plan, the plan sheet number, and any detail, by number and title that appears on the plan sheet.

When the term "describe" refers to specifications, the specific specification section and subsection should be described.

When the term "describe" refers to product literature, the date on the project literature as well as its title and any section or subsections thereof should be provided.

**DOCUMENTS TO BE PRODUCED**

1. A complete copy of Plaintiff's Facebook profile, including, but not limited to all newsfeeds, messages, comments, e-mails, statements or any reference regarding entries made by her and responses from any source or person on her account about any issues pertaining to the matters which are the subject matter of the Amended Complaint, including but not limited to Plaintiff's alleged damages and injuries, beginning on September 1, 2016 until the present.

2. A complete copy of Plaintiff's LinkedIn, Myspace, Periscope, Google + (Plus), Twitter, Instagram, Tumblr, Snapchat or any other social networking account she has, including, but not limited to all newsfeeds, profiles, posts messages, comments, e-mails, blogs, videos, or any other statement made by her and responses from any source or person on her account about any issues pertaining to the matters which are the subject matter of the Amended Complaint, including but not limited to Plaintiff's alleged damages and injuries, beginning on September 1, 2016 until the present.

3. All statements made by Plaintiff relating to or describing in any way the allegations in the Amended Complaint, including, but not limited to, any recorded telephone interviews, audiotapes, videotapes tapes and written statements, whether signed or unsigned.

4. All statements made by Defendants or Defendants' agents, servants or employees relating to or describing in any way the allegations in the Amended Complaint, including, but not limited to, any recorded telephone interviews, audiotapes, videotapes, other recorded media, and/or written statements, whether signed or unsigned.

5. All statements of any witnesses to the allegations in the Amended Complaint or any witnesses having knowledge regarding any facts or issues in this case, including, but not limited to, any recorded telephone interviews, audiotapes, videotapes, other recorded media, and/or written statements, whether signed or unsigned.

6. All documents prepared by or for Plaintiff for any purpose and which relate in any way to the allegations in the Amended Complaint, including but not limited to, reports to the employer regarding the alleged discrimination, retaliation, or tortious interference.

7. All correspondence Plaintiff or Plaintiff's attorney(s) received from any agent, servant or employee of any defendant.

8. All notes concerning any oral conversations Plaintiff or any of Plaintiff's agents had with any agent, servant or employee of any defendant.

9. Any and all documents concerning and/or relating to the allegations in the Amended Complaint.

10. Any and all personal journals, calendar entries, logs, notes, notebooks, diaries, memos, letters, written records and/or communication, or photographs, that Plaintiff has or may have prepared in any form for his recollection and personal use of the matters, incidents and/or events described in the Amended Complaint, excluding any writings prepared at the direction of Plaintiff's attorney (please identify the later in a privilege log).

11. Any documents pertaining to any of the allegations made by Plaintiff in her lawsuit concerning discrimination.

12. Any documents pertaining to any of the allegations made by Plaintiff in her lawsuit concerning retaliation or whistleblower retaliation.

13. Any documents pertaining to any of the allegations made by Plaintiff in her lawsuit concerning tortious interference.

14. All computer generated or stored media, including but not limited to, information contained on floppy disks, hard drives, e-mail or other internet accounts, CD-ROM or printouts, which Plaintiff believes supports or may support her claim that Defendants or its employees, agents or representatives discriminated against her, retaliated against her, or tortuously interfered with her business.

15. All documents created, maintained or contributed to by Plaintiff during her employment with Defendants, including, but not limited to, handwritten notes, memoranda, notebooks, diaries, journals, tape recordings, desk calendars and/or appointment books, which concern or support any of the facts, claims or allegations set forth in the Amended Complaint.

16. Any correspondence between Plaintiff and any other person, excluding her attorney, concerning the events/incidents alleged in the Amended Complaint and/or Plaintiff's employment with the any defendant.

17. All documents reflecting any monies earned or income otherwise received by Plaintiff from any source, including but not limited to, all W-2 forms and federal and state income tax returns for the years 2015 to the present.

18. All documents dealing with or referring to any defendant's business practices, policies and/or procedures.

19. Any and all documents which evidence, relate, pertain to or otherwise support Plaintiff's damages as alleged in the Amended Complaint.

20. Any and all documents which describe, evidence, relate, specify or show that Plaintiff has suffered damages, as well as, what type of damages, as a direct result of any defendants' alleged wrongdoing towards Plaintiff.

21. Any and all documents identified in Plaintiff's Answers to Defendant's First Set of Interrogatories.

22. All documents which the Plaintiff now intends to mark for identification, refer to, offer in evidence, and/or publish at the trial of this matter.

23. Any and all correspondence between Plaintiff and any person employed or formerly employed by any defendant in this matter regarding Plaintiff's employment with any defendant in this action.

24. All records relating to Plaintiff's work performance while employed with any defendant in this matter and disciplinary action taken against her.

25. All records relating to grievances or employment related complaints submitted by Plaintiff to any defendant in this matter.

26. All correspondence and other documents referring or relating to any problems, acts, or omissions on the part of any defendant, its employees or agents, that resulted in the incidents referenced in the Amended Complaint.

27. All correspondence and other documents which refer or relate to any communication that Plaintiff had with any defendant, its employees or agents, regarding the incidents referenced in the Amended Complaint.

28. All correspondence, reports, and other documents to or from any person, organization, or association regarding the incidents referenced in the Amended Complaint.

29. All documents reflecting any procedures, directives, guidelines, terms and/or conditions of employment relied upon by Plaintiff in this legal action.

30. All manuals, policies, procedures, guidelines, memos, bulletins and other documents that Plaintiff directly or indirectly relies upon in this legal action.


**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502 - (850) 483-5900 (850) 438-6969 FAX

31. Any and all statements, in any form, by current or former employees or agents of any defendant, including but not limited to management employees, which relate to the incidents alleged in the Amended Complaint.

32. Any and all documents of any type, not heretofore requested, which relate to Plaintiff's employment with any defendant.

33. Any and all documents reflecting the computation and/or amount of any and all damages claimed by Plaintiff.

34. Any and all reports issued by a psychiatrist and/or psychologist relative to the alleged injuries sustained by Plaintiff as a result of the subject incident and emotional distress Plaintiff has suffered.

35. Any and all work performance reports of Plaintiff from 2016 until the present while Plaintiff was employed with any defendant in this matter.

36. Copies of Plaintiff's employment records from 2016 until the present.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of June, 2021, a true and correct copy of the foregoing was filed with the Clerk of Calhoun County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: **Marie A. Mattox, Esq**., Marie A. Mattox, P.A., marie@mattoxlaw.com; michelle@mattoxlaw.com; marlene@mattoxlaw.com, 203 North Gadsden Street, Tallahassee, FL 32301, (850) 383-4800/(850) 383-4801 (F), Attorney for Plaintiff, Mary Watson, **Robert J. Sniffen, Esq**., **Lisa B. Fountain, Esq**. and **Nicholas E. Monk, Esq**., Sniffen & Spellman, P.A., rsniffen@sniffenlaw.com; lfountain@sniffenlaw.com; nmonk@sniffenlaw.com; gjennings@sniffenlaw.com; mduber@sniffenlaw.com; kbarger@snniffenlaw.com, 123 North Monroe Street, Tallahassee, FL 32301, (850) 205-1996/(850) 205-3004 (F), Attorneys for Defendant, Blue Management Services, LLC d/b/a Alliant Management Services, **Richard N. Margulies, Esq**., Jackson Lewis P.C., richard.margulies@jacksonlewis.com;

Ashley.Bolin@jacksonlewis.com; JacksonvilleDocketing@jacksonlewis.com, 501 Riverside Avenue, Suite 902, Jacksonville, FL 32200, (904) 638-2655/(904) 638-2656 (F), **Justin S. Swartz, Esq**., Jackson Lewis, PC, justin.swartz@jacksonlewis.com; Alicia.Franchino@jacksonlewis.com; OrlandoDocketing@jacksonlewis.com, 390 N. Orange Avenue Suite 1285, Orlando, FL 32801, (407) 246-8440/(407) 246-8441 (F), and **John M. Barr, Esq.** (PHV), Law Office of John M. Barr, P.C., John.Barr@jmblawoffice.com, 4105 Stuart Avenue, Richmond, VA 23221, (804) 269-5078, Attorneys for Defendant, Envision Physician Services, LLC f/k/a Emcare Physician Services, Inc.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant Calhoun-Liberty Hospital Association, Inc.*
890 South Palafox Street, Suite 200
Pensacola, Florida 32502
Telephone (850) 483-5909
Facsimile (850) 438-6969
E-mail: randall.rogers@csklegal.com
E-mail: michael.kelly@csklegal.com
E-mail: kassia.deleon@csklegal.com

By: s/ Michael B. Kelly
RANDALL G. ROGERS
Florida Bar No.: 195626
MICHAEL B. KELLY
Florida Bar No.: 115345

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA

CASE NO.: 2020 CA 000064

MARY WATSON,

Plaintiff,

v.

BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,

Defendants.
_________________________________/

**DEFENDANT, CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.'S MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES**

Defendant, Calhoun-Liberty Hospital Association, Inc. (hereinafter "CLH" or Defendant), by and through its undersigned counsel, and pursuant to 1.380(a), Florida Rules of Civil Procedure, hereby respectfully requests that this Court enter an order compelling Plaintiff, MARY WATSON: (1) to provide complete Answers to CLH's First Set of Interrogatories to Plaintiff; (2) to provide complete Responses to CLH's First Request for Production to Plaintiff; (3) produce those documents which are determined to not be protected within seven (7) days of this Court's order; and (4) award fees to CLH for having to move to compel the production of these documents. Defendant certifies that it made a good faith effort to obtain this discovery and information without court action, and, as grounds therefore, states:

1. This case arises out of Plaintiff's termination from employment with CLH. On July 14, 2020, Plaintiff filed a four Count Complaint against the Defendants in this matter for:

- Count I – Public Whistleblower Retaliation – against Defendant CLH;
- Count II – Private Whistleblower Retaliation – against BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES (hereinafter "Alliant");
- Count III – Private Whistleblower Retaliation – against ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC. (hereinafter "Envision"); and
- Count IV – Private Whistleblower Retaliation – against CLH.

2. On June 1, 2021, CLH served on Plaintiff its First Set of Interrogatories to Plaintiff, and First Request for Production to Plaintiff in the above-referenced matter (hereinafter collectively referred to as "CLH's Discovery Requests").[1]

3. Plaintiff's responses to CLH's Discovery Requests were originally due on July 1, 2021.

4. On July 1, 2021, counsel for Plaintiff requested some additional time to respond to CLH's Discovery Requests and an extension was granted until July 15, 2021.[2]

5. On July 15, 2021, counsel for Plaintiff requested even more time to respond to CLH's Discovery Requests and an extension was granted until July 22, 2021.[3]

6. On July 22, 2021, counsel for Plaintiff requested one "final extension" to respond to CLH's Discovery Requests until July 27, 2021.[4] On July 26, 2021, undersigned

[1] *See* CLH's First Set of Interrogatories to Plaintiff, attached as Exhibit A; *see also* CLH's First Request for Production to Plaintiff, attached as Exhibit B.
[2] *See* July 2, 2021 correspondence between undersigned and Plaintiff's counsel, attached as Exhibit C.
[3] *See* July 20, 2021 correspondence between undersigned and Plaintiff's counsel, attached as Exhibit D.
[4] *See* July 22, 2021 correspondence between undersigned and Plaintiff's counsel, attached as Exhibit E.

counsel informed counsel for Plaintiff to provide the Discovery Responses by July 27, 2021 to "avoid a motion to compel."[5] Counsel for Plaintiff's office indicated that they would "work fervently to serve Plaintiff's responses by [July 27, 2021]."[6]

7. On July 28, 2021, in an effort to resolve this matter in good faith and without seeking judicial intervention and because Plaintiff had already been provided more than enough time to respond to CLH's Discovery Requests, counsel for CLH sent a follow up email to counsel for Plaintiff to inform them that it has been a month since the answers to CLH's Discovery Requests were initially due.[7] Undersigned also included in this correspondence a seven-day notice that if the discovery responses are not received before August 4, 2021, CLH will be filing a motion to compel.[8]

8. As of the date of this filing, Plaintiff has not responded to CLH's correspondence and it has been 91 days since Plaintiff was served with CLH's Discovery Requests. CLH has provided Plaintiff numerous extensions to respond but without success.

9. Pursuant to rule 1.350, Florida Rules of Civil Procedure, the party to whom discovery requests are directed shall serve responses and objections within 30 days after service.

10. To date, Plaintiff has not provided any answers or responses to CLH's Discovery Requests, nor has Plaintiff objected to same.

---

[5] *See* July 26, 2021 correspondence between undersigned and Plaintiff's counsel, attached as Exhibit F.
[6] *See* July 26, 2021 correspondence between undersigned and Plaintiff's counsel, attached as Exhibit G.
[7] *See* July 28, 2021 correspondence between undersigned and Plaintiff's counsel, attached as Exhibit H.
[8] *Id.*

11. The failure to make a timely objection to discovery constitutes waiver of any objections.[9] Therefore, all objections to CLH's Discovery Requests should be deemed waived.

12. CLH is in need of Plaintiff's responses and answers to CLH's Discovery Requests in order to properly defend against Plaintiff's claims.

13. CLH is prejudiced by Plaintiff's failure to adequately respond to CLH's Discovery Requests propounded on June 1, 2021.

14. CLH has incurred unnecessary costs and attorney's fees in bringing this motion and requests that this Court award such expenses and sanctions as it may deem appropriate, pursuant to rule 1.380 (a)(4), Florida Rule of Civil Procedure.

15. The movant, in good faith, has conferred with counsel for Plaintiff in an effort to secure the information or material without court action.

WHEREFORE, Defendant, Calhoun-Liberty Hospital Association, Inc., respectfully requests that this Honorable Court grant Defendant's Motion and enter an Order compelling Plaintiff: (1) to provide complete Answers to CLH's First Set of Interrogatories to Plaintiff within seven (7) days from the date of this Order; (2) to provide complete Responses to CLH's First Request for Production to Plaintiff within seven (7) days from the date of this Order; (3) produce those documents which are determined to not be protected within seven (7) days of this Court's order; and (4) award fees to CLH for having to file this motion, and grant any other relief this Court deems just and proper.

---

[9] *See TIG Ins. Corp. of America v. Johnson*, 799 So. 2d 339 (Fla. 4th DCA 2001); *Nationwide Mut. Fire Ins. Co. v. Harmon*, 580 So. 2d 192 (Fla. 4th DCA 1991).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of August, 2021, a true and correct copy of the foregoing was filed with the Clerk of Calhoun County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: Marie A. Mattox, Esq., Marie A. Mattox, P.A., marie@mattoxlaw.com; michelle@mattoxlaw.com; marlene@mattoxlaw.com, 203 North Gadsden Street, Tallahassee, FL 32301, (850) 383-4800/(850) 383-4801 (F), Counsel for Plaintiff, Mary Watson; Lisa B. Fountain, Esq. Sniffen & Spellman, P.A., lfountain@sniffenlaw.com; 123 North Monroe Street, Tallahassee, FL 32301, Counsel for Defendant, Blue Management Services, LLC d/b/a Alliant Management Service, and Justin S. Swartz, Esq., Jackson Lewis P.C., justin.swartz@jacksonlewis.com, 390 N. Orange Avenue, Suite 1285, Orlando, FL 32801, together with John M. Barr, Esq., Law Office of John M. Barr, P.C., john.barr@jmblawoffice.com, 4105 Stuart Avenue, Richmond, VA 23221, Co-Counsel for Defendant, Ensure Physician Services, LLC.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant Calhoun-Liberty Hospital Association, Inc.*
890 South Palafox Street, Suite 200
Pensacola, Florida 32502
Telephone: (850) 483-5909
Facsimile: (850) 438-6969
E-mail: randall.rogers@csklegal.com
E-mail: michael.kelly@csklegal.com
E-mail: kaitlyn.femeyer@csklegal.com

By: s/ Michael B. Kelly
RANDALL G. ROGERS
Florida Bar No.: 195626
MICHAEL B. KELLY
Florida Bar No.: 115345

1085.0944-00/28159638

# EXHIBIT A

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA

CASE NO.: 2020-CA-000064

MARY WATSON,

Plaintiff,

v.

BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,

Defendants.
_________________________________/

**DEFENDANT CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.'S NOTICE OF SERVING FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Defendant, CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC., by and through its undersigned counsel, hereby notices the service of its First Set of Interrogatories to Plaintiff, MARY WATSON, this 1st day of June, 2021.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant Calhoun-Liberty Hospital Association, Inc.*
890 South Palafox Street, Suite 200
Pensacola, Florida 32502
Telephone (850) 483-5909
E-mail: randall.rogers@csklegal.com
E-mail: michael.kelly@csklegal.com
E-mail: kassia.deleon@csklegal.com

By: s/ Michael B. Kelly
RANDALL G. ROGERS
Florida Bar No.: 195626
MICHAEL B. KELLY
Florida Bar No.: 115345

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of June, 2021, a true and correct copy of the foregoing was filed with the Clerk of Calhoun County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: **Marie A. Mattox, Esq**., Marie A. Mattox, P.A., marie@mattoxlaw.com; michelle@mattoxlaw.com; marlene@mattoxlaw.com, 203 North Gadsden Street, Tallahassee, FL 32301, (850) 383-4800/(850) 383-4801 (F), Attorney for Plaintiff, Mary Watson, **Robert J. Sniffen, Esq**., **Lisa B. Fountain, Esq**. and **Nicholas E. Monk, Esq**., Sniffen & Spellman, P.A., rsniffen@sniffenlaw.com; lfountain@sniffenlaw.com; nmonk@sniffenlaw.com; gjennings@sniffenlaw.com; mduber@sniffenlaw.com; kbarger@snniffenlaw.com, 123 North Monroe Street, Tallahassee, FL 32301, (850) 205-1996/(850) 205-3004 (F), Attorneys for Defendant, Blue Management Services, LLC d/b/a Alliant Management Services, **Richard N. Margulies, Esq**., Jackson Lewis P.C., richard.margulies@jacksonlewis.com; Ashley.Bolin@jacksonlewis.com; JacksonvilleDocketing@jacksonlewis.com, 501 Riverside Avenue, Suite 902, Jacksonville, FL 32200, (904) 638-2655/(904) 638-2656 (F),**Justin S. Swartz, Esq**., Jackson Lewis, PC, justin.swartz@jacksonlewis.com; Alicia.Franchino@jacksonlewis.com; OrlandoDocketing@jacksonlewis.com, 390 N. Orange Avenue Suite 1285, Orlando, FL 32801, (407) 246-8440/(407) 246-8441 (F), and **John M. Barr, Esq.** (PHV), Law Office of John M. Barr, P.C., John.Barr@jmblawoffice.com, 4105 Stuart Avenue, Richmond, VA 23221, (804) 269-5078, Attorneys for Defendant, Envision Physician Services, LLC f/k/a Emcare Physician Services, Inc.

By: s/ Michael B. Kelly
MICHAEL B. KELLY

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA

CASE NO.: 20000064CAAXMX

MARY WATSON,

Plaintiff,

v.

BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,

Defendants.
_________________________________/

**DEFENDANT, CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Defendant, CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC. (hereinafter "CLH" or "Defendant"), by and through its undersigned counsel, hereby notifies this Court and counsel of record that it has served its first set of Interrogatories upon Plaintiff, MARY WATSON to be answered under oath in writing within thirty (30) days, in accordance with the Florida Rules of Civil Procedure.

**DEFINITIONS AND INSTRUCTIONS**

Please refer to these definitions and instructions in providing your answers. Unless otherwise clearly indicated by the context thereof, the following definitions and instructions shall apply to each of the interrogatories set forth below:

**Definitions**

1. Plaintiff means MARY WATSON.


COLE, SCOTT & KISSANE, P.A.
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502 - (850) 483-5900 (850) 438-6969 FAX

2. "You" and/or "Your" and “Their” means Plaintiff, unless otherwise so stated.

3. "Communication" means, without limitation, any oral, written, telephonic, radio, video or electronic transmission of information, demands or questions, including but not limited to conversations, meetings, discussions, telephone calls, telegrams, telecopies, telexes, seminars, conferences, writings, letters, messages, notes, or memoranda.

4. "Document" or "Documents" means all "writings and recordings". The definition is intended to include all documents, agreements, correspondence, records, ledgers, contracts, bills, invoices, bills of lading, inventories, financial data, memoranda, notes, or other writings, formal or informal in nature, accounting and financial records, diaries, statements, telegrams, draft, work papers, paper and magnetic tapes, charts, computer cards and print outs, electronically or magnetically stored information or data, minutes, publications, calendars, telephone pads, bulletins, directives, logs and listings, in your actual or constructive possession, custody or control, or of which you have knowledge of the existence, and whether prepared, published or released by you or by any other person or entity. Without limitation on the foregoing, the term "documents" shall include any copy which differs in any respect from the original or other versions of the documents, such as copies containing notations, insertions, corrections, marginal notes or any variations.

5. "Identify" means, when used in reference to:

A. An individual, to state his or her (i) full name; (ii) present or last known home and business address, including street name and number, city or town and zip code; (iii) present or last known position, job title and job description;

B. A person other than an individual, to state its (i) full name and type of organization or entity; (ii) address or principal place of business; and (iii) jurisdiction and date of incorporation or organization, if known.

C. Documents, to state (i) the name and date of the document, the name and address of the person(s) originating the document, the name and address, if any, of the person(s) to whom the document is addressed, the names and addresses of all persons to whom copies of the documents were to have been sent; and the organization, firm or agency with which any such persons were connected as of the date of the document; and (ii) whether Plaintiff is in possession of or have under their control the original or a copy of the document, and, if not in possession of an original or copy, the name and address of the custodian of each original copy, and the name and address of each person who Plaintiff believes presently is in possession of the original or copy of such document. In lieu of identifying particular documents, when such identification is requested, the document may, at Plaintiff’s option, be attached to the response to these interrogatories,

bearing an indication to which interrogatory or interrogatories each document relates.

D. Conversations, to state the date and place and approximate time of day of the conversation, the identity of all persons in attendance, the subject matter and reasons for the conversation, the statements made by each person, including the context in which they were made and the identity of any writings or recordations which exist relating thereto.

E. A claim, the name of the claimant, the nature of the claim, the names of all parties to any lawsuit, the court number, if any, the date of the claim, the date upon which Plaintiff first became aware of the claim, the relief sought, and the present status or final disposition of the claim.

F. Any other item or information, to provide a particular description of the same.

6. "Notice" shall include formal and informal notification and is not limited to "notice" as that term is used in any policy issued to the Plaintiffs.

7. The plural shall include the singular and the singular shall include the plural.

**Instructions**

1. Privilege. If you contend that you are entitled to withhold information falling within the purview of this First Set of Interrogatories on the basis of the attorney-client privilege, the work-product doctrine, or any other ground, such information should be identified by providing a description of the following:

A. Describe the subject matter of the information in enough detail to determine the validity of the claimed privilege;

B. Identify the person(s) who have knowledge or who have transmitted said information;

C. State the nature and basis of the privilege or other ground claimed for withholding the information and;

D. The date such information was transmitted to or by you.

2. Documents. If a document or documents will provide the requested information, attach the document(s) to your responses and indicate the Interrogatory to which the document(s) is/are responsive.


COLE, SCOTT & KISSANE, P.A.
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502 - (850) 483-5900 (850) 438-6969 FAX

**FIRST SET OF INTERROGATORIES TO PLAINTIFF**

1. What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

**RESPONSE:**

2. List the names of all employers, including self-employment, for whom you have worked in the past 10 years. Please include the name and address of the employer, phone numbers, dates of employment, rates of pay, job title, and reason for leaving.

**RESPONSE:**

3. List all former names and when you were known by those names. State all addresses where you have lived for the past 10 years, the dates you lived at each address, your Social Security number, your date of birth, and, if you are or have ever been married, the name of your spouse or spouses.

**RESPONSE:**

4. Describe in detail the specifics of Plaintiff reporting or objecting to violations of law, rules, and/or regulations to other employees or to investigators, including who these conversations were with, when these investigations took place, what was said, dates of these conversations, and where these conversations took place.

**RESPONSE:**

5. Describe with as much specificity as possible, how you were retaliated against by any Defendant or by Defendant's employees or agents, including what occurred, the date on which it occurred, who was involved, and why you believe you were retaliated against. List each and every example with specificity as Defendant will rely on this answer as a complete description.

**RESPONSE:**

6. Describe with as much specificity as possible, how you were discriminated against by the Defendant or by Defendant's employees or agents, including what occurred, the date on which it occurred, who was involved, and why you believe you were discriminated against. List each and every example with specificity as Defendant will rely on this answer as a complete description.

**RESPONSE:**

7. Describe with as much specificity as possible, how your current and/or prospective business relationships with third parties were tortuously interfered with by any Defendant or by Defendant's employees or agents, including what occurred, the date on which it occurred, who was involved, and why you believe you were tortuously interfered with. List each and every example with specificity as Defendant will rely on this answer as a complete description.

**RESPONSE:**

8. Describe with as much specificity as possible, each and every adverse action you have been subjected to during your time of employment with CLH, and which you attribute to retaliation as laid out in the Amended Complaint. Please include the date of the action, who committed the action, and identify any witnesses to the actions; and explain why you believe these actions were taken against you.

**RESPONSE:**

9. Describe with as much specificity as possible, each and every adverse action you have been subjected to which you attribute to tortious interference as laid out in the Amended Complaint. Please include the date of the action, who committed the action, and identify any witnesses to the actions; and explain what the outcome of said actions were.

**RESPONSE:**

10. List all facts that you intend to rely upon to support your claim(s) against each Defendant. List each and every example with specificity as Defendant will rely on this answer as a complete list.

**RESPONSE:**

11. State the total amount of monetary losses, lost wages, and other economic damages you claim to have suffered due to the actions of each Defendant, and please describe, identify, and itemize each and every item of damages claimed by you in this lawsuit, and for each item, state the factual basis for the claim and the amount claimed. List each and every example with specificity as Defendant will rely on this answer as a complete list.

**RESPONSE:**

12. Has anything been paid or is anything payable from any third party for the damages listed in your answers to these interrogatories? If so, state the amounts paid or payable, the name and business address of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation.

**RESPONSE:**

13. List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

**RESPONSE:**

14. Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

**RESPONSE:**

15. Please state whether or not you have ever been a party to a civil lawsuit other than this one, or been a party to any legal or administrative claim against any employer (including but not limited to any administrative charge of discrimination), and if so, list the state and city in which each claim or lawsuit was filed, the date the lawsuit or claim was filed, the nature of each such claim or lawsuit, whether the proceeding was filed in federal or state court, the case number, and the outcome of each such claim or lawsuit.

**RESPONSE:**

16. Do you currently or have you ever had a Facebook, Myspace, Instagram, Periscope, LinkedIn, Google + (Plus), Twitter, Tumblr, or any other social networking account? If so, please identify the names of the social media accounts you have and use as well as your username(s) and/or handle(s) for each account you have and/or use.

**RESPONSE:**

17. Describe all documents that you contend support your claims of discrimination, retaliation, and tortious interference, including a description of what the document is, what information is contained in the document, who wrote it, when it was created, and who has custody of it at the present time. List each and every document as Defendant will rely on this answer as a complete list.

**RESPONSE:**

18. Please state whether you have ever, at any time through the present, filed a claim or complaint, either formally or informally, internally or externally, against any employer for any work-related matter, including but not limited to claims of discrimination, retaliation, sexual harassment, FMLA benefits, unemployment benefits, breach of contract, and/or worker's compensation. If so, please identify the employer against whom the claim was made, the date of the claim, the agency with whom the claim was filed, and the disposition of the claim.

**RESPONSE:**

19. Identify each and every source of income Plaintiff has received from January 1, 2020 through the present, including from unemployment, jobs Plaintiff may have held with an employer, employment agency, or by self-employment, and all income Plaintiff received from the CLH, specifying the amounts received, dates of receipt, and the sources of such income, and identify all documents which support, tend to support, or tend to refute Plaintiff's response to this interrogatory.

**RESPONSE:**

20. Identify each person who has been interviewed by, contacted by, or has communicated with Plaintiff, or any representative or agent of Plaintiff (including investigators) or someone acting on Plaintiff's behalf, or from whom statements have been obtained by Plaintiff, any representative or agent of Plaintiff (including investigators) or someone acting on Plaintiff's behalf regarding the allegations in the Amended Complaint.

**RESPONSE:**

**VERIFICATION PAGE**

By: ____________________________
MARY WATSON

STATE OF FLORIDA :
: ss.:
COUNTY OF _______________ :

The foregoing instrument was acknowledged before me by MARY WATSON,

1. _____ who is personally known to me; OR
2. _____ who has produced ________________________, as identification;
3. _____ who did not take an oath; OR
4. _____ who did take an oath.

SWORN TO AND SUBSCRIBED before me this ___ day of ___________, 2021.

_________________________________
Signature of Notary Public

_________________________________
Name of Notary (Printed or Typed)

Commission No. ___________________

Commission Expires_______________


**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502 - (850) 483-5900 (850) 438-6969 FAX

# EXHIBIT B

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA

MARY WATSON,

CASE NO.: 20000064CAAXMX

Plaintiff,

v.

BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,

Defendants.
_________________________________/

**DEFENDANT, CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF**

Defendant, CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC. (hereinafter "CLH" or "Defendant"), by and through its undersigned counsel, propounds this Request for Production upon Plaintiff, MARY WATSON pursuant to Rule 1.350, Florida Rules of Civil Procedure, to produce and permit the inspection and copying of the following documents, writings, and other data:

**DEFINITIONS AND INSTRUCTIONS**

1. You are instructed either to produce documents as they are kept in the usual course of business or to produce documents organized and labeled to correspond with the categories in this Request. Documents are to be produced in full and unexpurgated form.

2. This Request shall be deemed continuing so as to require further and supplemental production in the event that the party requested to produce, or any of its attorneys, agent's representatives, obtains or discovers additional information or documents between the time of the initial production and the time of hearing or trial.

3. If you claim that any documents covered by this Request are withheld by reason of a claim of privilege, work productimmunity or other ground of non-production:

a. Identify its title and general subject matter;
b. State its date;
c. Identify its author(s);
d. Identify the person(s) for whom it was prepared or to whom it was sent;
e. State the nature of the privilege claim; and
f. State in detail each and every fact upon which you base your claim of privilege.

4. If a portion of an otherwise responsive document contains information that is subject to a claim of privilege, only those portions of the document subject to the claim of privilege shall be deleted or redacted form the document and the rest of the document shall be produced.

5. In the event that any document called for by this Request has been destroyed, lost, discarded or otherwise disposed of, each such document is to be identified as completely as possible, including, without limitation, the following information: author; recipient; sender; subject matter; date prepared or received; date of disposal; person currently in possession of the document; and the person disposing of the document.

6. All objections to any category of documents to be produced pursuant to this Request or to any definition or instruction it contains shall be in writing and delivered to Plaintiffs' counsel within the time provided in the Florida Rules of Civil Procedure or at such other time as is agreed upon by the parties or ordered by this Court.

## DEFINITIONS

1. "Document" as used herein shall be construed broadly to include all documents and things within the scope of the Florida Rules of Civil Procedure and refers to all writings or other graphic matter, as well as any other medium by which information is stored or recorded. It includes originals, drafts, copies and reproductions; and it includes, without limiting the generality of the foregoing, letters; memoranda; reports and/or summaries of investigations; police reports; accident reports; opinions or reports of consultants; diagrams; marginal comments appearing on any documents; accounts; telegrams; electronic mail (e-mail), studies; lists of persons attending meetings or conferences; records or memoranda of telephone conversations; written statements; transcripts or recorded statements; recorded statements; records of personal conversations or interviews; calculations; computations; specifications; drawings; advertisements; circulars; trade letters; press releases; prints; recordings; positive or negative films, slides or photographs; magnetic, electronic or video tapes; computer tapes, cards, printouts and/or other computer/data based information; and all other things of like nature; and any and all containers, boxes or other receptacles or repositories housing or containing such "documents."

2. The term "communication" shall mean any transmission of information by any means, including, without limitation, by spoken language, written language, electronic transmission of data or any other means. The term "communication" shall include, without limitation, any copies of written information received by the person or entity responding to this Request, even if such person or entity is not the primary or direct addressee of such written information.

3. The term "referring" or "relating" shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

4. "You" and "your" refers to Plaintiff, and his/her affiliates, partners, employees, agents and representatives.

5. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make each request herein inclusive rather than exclusive. "Include(s)" and "including" shall be constructed to mean "without limitation."

6. "Person" means any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, trust, group of natural persons or other association separately identifiable, whether or not such an association has a separate juridical existence in its own right.

7. When used in references to an individual person, "identify" or "identity" means to state his or her full name, date of birth, Social Security Number and present or last known address and telephone number, and contemporaneous or last known position and business affiliation at the time in question. When used in reference to a business organization or entity other than an individual, "identify" or "identity" means to state its full name, its principal business address, and the nature of the organization (e.g., corporation, partnership). When used in reference to a document, "identify" or "identity" means to set forth its date, author, designated and actual recipients, type of document (e.g., report, memorandum), number of pages and the identity (as defined above) of its present or last known custodian.'

8. "Contract documents" shall mean all architectural plans and specifications, details, shop drawings, manufacturers' data and/or cut sheets and samples. When a request is directed to the "contract documents", the answer should specify the numbered sheet and detail on any approved plan and/or shop drawing. Where the answer calls for a specification, the specification section and sub-sections should be identified. Where manufacturer's and/or product literature becomes part of the "contract documents", the addition date of the manufacturer's data or cut sheet should be noted along with the specific detail that is relied upon. "Contract documents" also refer to all contracts and specific provisions therein.

9. When used in terms of documents, the term "describe" shall mean identify the document by document name or title, name and address of preparer of the document, name and address of recipient of the document and the date of the document. If the document is a plan, the plan should be identified by date with all revision dates, the name


COLE, SCOTT & KISSANE, P.A.
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502 - (850) 483-5900 (850) 438-6969 FAX

of person or firm that signed the plan, the plan sheet number, and any detail, by number and title that appears on the plan sheet.

When the term "describe" refers to specifications, the specific specification section and subsection should be described.

When the term "describe" refers to product literature, the date on the project literature as well as its title and any section or subsections thereof should be provided.

## DOCUMENTS TO BE PRODUCED

1. A complete copy of Plaintiff's Facebook profile, including, but not limited to all newsfeeds, messages, comments, e-mails, statements or any reference regarding entries made by her and responses from any source or person on her account about any issues pertaining to the matters which are the subject matter of the Amended Complaint, including but not limited to Plaintiff's alleged damages and injuries, beginning on September 1, 2016 until the present.

2. A complete copy of Plaintiff's LinkedIn, Myspace, Periscope, Google + (Plus), Twitter, Instagram, Tumblr, Snapchat or any other social networking account she has, including, but not limited to all newsfeeds, profiles, posts messages, comments, e-mails, blogs, videos, or any other statement made by her and responses from any source or person on her account about any issues pertaining to the matters which are the subject matter of the Amended Complaint, including but not limited to Plaintiff's alleged damages and injuries, beginning on September 1, 2016 until the present.

3. All statements made by Plaintiff relating to or describing in any way the allegations in the Amended Complaint, including, but not limited to, any recorded telephone interviews, audiotapes, videotapes tapes and written statements, whether signed or unsigned.

4. All statements made by Defendants or Defendants' agents, servants or employees relating to or describing in any way the allegations in the Amended Complaint, including, but not limited to, any recorded telephone interviews, audiotapes, videotapes, other recorded media, and/or written statements, whether signed or unsigned.

5. All statements of any witnesses to the allegations in the Amended Complaint or any witnesses having knowledge regarding any facts or issues in this case, including, but not limited to, any recorded telephone interviews, audiotapes, videotapes, other recorded media, and/or written statements, whether signed or unsigned.

6. All documents prepared by or for Plaintiff for any purpose and which relate in any way to the allegations in the Amended Complaint, including but not limited to, reports to the employer regarding the alleged discrimination, retaliation, or tortious interference.

7. All correspondence Plaintiff or Plaintiff's attorney(s) received from any agent, servant or employee of any defendant.

8. All notes concerning any oral conversations Plaintiff or any of Plaintiff's agents had with any agent, servant or employee of any defendant.

9. Any and all documents concerning and/or relating to the allegations in the Amended Complaint.

10. Any and all personal journals, calendar entries, logs, notes, notebooks, diaries, memos, letters, written records and/or communication, or photographs, that Plaintiff has or may have prepared in any form for his recollection and personal use of the matters, incidents and/or events described in the Amended Complaint, excluding any writings prepared at the direction of Plaintiff's attorney (please identify the later in a privilege log).

11. Any documents pertaining to any of the allegations made by Plaintiff in her lawsuit concerning discrimination.

12. Any documents pertaining to any of the allegations made by Plaintiff in her lawsuit concerning retaliation or whistleblower retaliation.

13. Any documents pertaining to any of the allegations made by Plaintiff in her lawsuit concerning tortious interference.

14. All computer generated or stored media, including but not limited to, information contained on floppy disks, hard drives, e-mail or other internet accounts, CD-ROM or printouts, which Plaintiff believes supports or may support her claim that Defendants or its employees, agents or representatives discriminated against her, retaliated against her, or tortuously interfered with her business.

15. All documents created, maintained or contributed to by Plaintiff during her employment with Defendants, including, but not limited to, handwritten notes, memoranda, notebooks, diaries, journals, tape recordings, desk calendars and/or appointment books, which concern or support any of the facts, claims or allegations set forth in the Amended Complaint.

16. Any correspondence between Plaintiff and any other person, excluding her attorney, concerning the events/incidents alleged in the Amended Complaint and/or Plaintiff's employment with the any defendant.

17. All documents reflecting any monies earned or income otherwise received by Plaintiff from any source, including but not limited to, all W-2 forms and federal and state income tax returns for the years 2015 to the present.

18. All documents dealing with or referring to any defendant's business practices, policies and/or procedures.

19. Any and all documents which evidence, relate, pertain to or otherwise support Plaintiff's damages as alleged in the Amended Complaint.

20. Any and all documents which describe, evidence, relate, specify or show that Plaintiff has suffered damages, as well as, what type of damages, as a direct result of any defendants' alleged wrongdoing towards Plaintiff.

21. Any and all documents identified in Plaintiff's Answers to Defendant's First Set of Interrogatories.

22. All documents which the Plaintiff now intends to mark for identification, refer to, offer in evidence, and/or publish at the trial of this matter.

23. Any and all correspondence between Plaintiff and any person employed or formerly employed by any defendant in this matter regarding Plaintiff's employment with any defendant in this action.

24. All records relating to Plaintiff's work performance while employed with any defendant in this matter and disciplinary action taken against her.

25. All records relating to grievances or employment related complaints submitted by Plaintiff to any defendant in this matter.

26. All correspondence and other documents referring or relating to any problems, acts, or omissions on the part of any defendant, its employees or agents, that resulted in the incidents referenced in the Amended Complaint.

27. All correspondence and other documents which refer or relate to any communication that Plaintiff had with any defendant, its employees or agents, regarding the incidents referenced in the Amended Complaint.

28. All correspondence, reports, and other documents to or from any person, organization, or association regarding the incidents referenced in the Amended Complaint.

29. All documents reflecting any procedures, directives, guidelines, terms and/or conditions of employment relied upon by Plaintiff in this legal action.

30. All manuals, policies, procedures, guidelines, memos, bulletins and other documents that Plaintiff directly or indirectly relies upon in this legal action.

31. Any and all statements, in any form, by current or former employees or agents of any defendant, including but not limited to management employees, which relate to the incidents alleged in the Amended Complaint.

32. Any and all documents of any type, not heretofore requested, which relate to Plaintiff's employment with any defendant.

33. Any and all documents reflecting the computation and/or amount of any and all damages claimed by Plaintiff.

34. Any and all reports issued by a psychiatrist and/or psychologist relative to the alleged injuries sustained by Plaintiff as a result of the subject incident and emotional distress Plaintiff has suffered.

35. Any and all work performance reports of Plaintiff from 2016 until the present while Plaintiff was employed with any defendant in this matter.

36. Copies of Plaintiff's employment records from 2016 until the present.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of June, 2021, a true and correct copy of the foregoing was filed with the Clerk of Calhoun County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: **Marie A. Mattox, Esq**., Marie A. Mattox, P.A., marie@mattoxlaw.com; michelle@mattoxlaw.com; marlene@mattoxlaw.com, 203 North Gadsden Street, Tallahassee, FL 32301, (850) 383-4800/(850) 383-4801 (F), Attorney for Plaintiff, Mary Watson, **Robert J. Sniffen, Esq**., **Lisa B. Fountain, Esq**. and **Nicholas E. Monk, Esq**., Sniffen & Spellman, P.A., rsniffen@sniffenlaw.com; lfountain@sniffenlaw.com; nmonk@sniffenlaw.com; gjennings@sniffenlaw.com; mduber@sniffenlaw.com; kbarger@snniffenlaw.com, 123 North Monroe Street, Tallahassee, FL 32301, (850) 205-1996/(850) 205-3004 (F), Attorneys for Defendant, Blue Management Services, LLC d/b/a Alliant Management Services, **Richard N. Margulies, Esq**., Jackson Lewis P.C., richard.margulies@jacksonlewis.com;

Ashley.Bolin@jacksonlewis.com; JacksonvilleDocketing@jacksonlewis.com, 501 Riverside Avenue, Suite 902, Jacksonville, FL 32200, (904) 638-2655/(904) 638-2656 (F), **Justin S. Swartz, Esq**., Jackson Lewis, PC, justin.swartz@jacksonlewis.com; Alicia.Franchino@jacksonlewis.com; OrlandoDocketing@jacksonlewis.com, 390 N. Orange Avenue Suite 1285, Orlando, FL 32801, (407) 246-8440/(407) 246-8441 (F), and **John M. Barr, Esq.** (PHV), Law Office of John M. Barr, P.C., John.Barr@jmblawoffice.com, 4105 Stuart Avenue, Richmond, VA 23221, (804) 269-5078, Attorneys for Defendant, Envision Physician Services, LLC f/k/a Emcare Physician Services, Inc.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant Calhoun-Liberty Hospital Association, Inc.*
890 South Palafox Street, Suite 200
Pensacola, Florida 32502
Telephone (850) 483-5909
Facsimile (850) 438-6969
E-mail: randall.rogers@csklegal.com
E-mail: michael.kelly@csklegal.com
E-mail: kassia.deleon@csklegal.com

By: s/ Michael B. Kelly
RANDALL G. ROGERS
Florida Bar No.: 195626
MICHAEL B. KELLY
Florida Bar No.: 115345

# EXHIBIT C

**Kaitlyn E. Femeyer**

**From:** Michael B. Kelly
**Sent:** Friday, July 2, 2021 4:25 PM
**To:** 'Jervonie Forde'
**Cc:** Kassia Deleon
**Subject:** RE: MARY WATSON vs. CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC., et al.

No objection on our end. We will update our calendar to reflect the July 15th due date.

Thanks,

**From:** Jervonie Forde <jervonie@mattoxlaw.com>
**Sent:** Thursday, July 1, 2021 3:44 PM
**To:** Michael B. Kelly <Michael.Kelly@csklegal.com>
**Subject:** FW: MARY WATSON vs. CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC., et al.

**[CAUTION: EXTERNAL EMAIL]**

It appears that I inadvertently mistyped your email address. Please see below.

**From:** Jervonie Forde
**Sent:** Thursday, July 1, 2021 4:41 PM
**To:** 'micheal.kelly@csklegal.com' <micheal.kelly@csklegal.com>; 'randall.rogers@csklegal.com' <randall.rogers@csklegal.com>
**Cc:** Marie Mattox <marie@mattoxlaw.com>; Elizabeth Lacombe <Elizabeth@mattoxlaw.com>; 'Kassia Deleon' <Kassia.Deleon@csklegal.com>
**Subject:** MARY WATSON vs. CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC., et al.

Good Afternoon,

Despite our best efforts, we are in need of additional time to ensure Plaintiff's responses are served without deficiency. Would your office have any objection to allowing us another two weeks in time, up and through July 15, 2021, to provide complete responses, objections, and answers?

Thank you,

Jervonie T. Forde, Paralegal
B.S., Criminology and Humanities, Florida State University
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
E-Mail (Office): jervonie@mattoxlaw.com

**IMPORTANT NOTICE REGARDING EMAIL COMMUNICATIONS:** We encourage email as a way to communicate with us. Remember the following: (1) Clients should never use computers owned by others (e.g., work; public computers) when communicating with us. (2) Incoming emails may not be read immediately.

# EXHIBIT D

**Kaitlyn E. Femeyer**

**From:** Michael B. Kelly
**Sent:** Tuesday, July 20, 2021 12:23 AM
**To:** Jervonie Forde
**Cc:** Marie Mattox; Elizabeth Lacombe; Kaitlyn E. Femeyer
**Subject:** Re: Mary Watson vs. Calhoun-Liberty Hospital Association, Inc., et al.

No objection on our end. My apologies for the delay in responding. We look forward to obtaining your responses by the 22nd.

---

**From:** Jervonie Forde <jervonie@mattoxlaw.com>
**Date:** Thursday, July 15, 2021 at 2:32 PM
**To:** "Michael B. Kelly" <Michael.Kelly@csklegal.com>
**Cc:** Marie Mattox <marie@mattoxlaw.com>, Elizabeth Lacombe <Elizabeth@mattoxlaw.com>, Kassia Deleon <Kassia.Deleon@csklegal.com>
**Subject:** Mary Watson vs. Calhoun-Liberty Hospital Association, Inc., et al.

**[CAUTION: EXTERNAL EMAIL]**

---

Good Afternoon,

May our office be permitted an additional week, until COB Thursday, July 22, 2021, to serve Plaintiff's responses and objections? Thank you for the patience and consideration that you have shown regarding this matter.

Thank you,

Jervonie T. Forde, Paralegal
B.S., Criminology and Humanities, Florida State University
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
E-Mail (Office): jervonie@mattoxlaw.com

---

**IMPORTANT NOTICE REGARDING EMAIL COMMUNICATIONS:** We encourage email as a way to communicate with us. Remember the following: (1) Clients should never use computers owned by others (e.g., work; public computers) when communicating with us. (2) Incoming emails may not be read immediately. We may be in court or otherwise out of the office for an extended period. If you have a time-sensitive need, please call instead. (3) We use spam filters to block junk emails. The filters may miscategorize your email and prevent it from reaching us. If you haven't received a timely response, please call us instead. Thank you.

# EXHIBIT E

**Kaitlyn E. Femeyer**

**From:** Jervonie Forde <jervonie@mattoxlaw.com>
**Sent:** Thursday, July 22, 2021 12:14 PM
**To:** Michael B. Kelly
**Cc:** Marie Mattox; Elizabeth Lacombe; Kaitlyn E. Femeyer
**Subject:** Mary Watson vs. Calhoun-Liberty Hospital Association, Inc., et al.

**[CAUTION: EXTERNAL EMAIL]**

Good Afternoon,

Respective to the above-styled matter, may our office be permitted a brief and final extension in time, until COB Tuesday, July 27, 2021, to serve Plaintiff's responses and objections?

Thank you,

Jervonie T. Forde, Paralegal
B.S., Criminology and Humanities, Florida State University
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
E-Mail (Office): jervonie@mattoxlaw.com

---

**IMPORTANT NOTICE REGARDING EMAIL COMMUNICATIONS:** We encourage email as a way to communicate with us. Remember the following: (1) Clients should never use computers owned by others (e.g., work; public computers) when communicating with us. (2) Incoming emails may not be read immediately. We may be in court or otherwise out of the office for an extended period. If you have a time-sensitive need, please call instead. (3) We use spam filters to block junk emails. The filters may miscategorize your email and prevent it from reaching us. If you haven't received a timely response, please call us instead. Thank you.

# EXHIBIT F

**Kaitlyn E. Femeyer**

---

**From:** Michael B. Kelly
**Sent:** Monday, July 26, 2021 1:55 PM
**To:** 'Jervonie Forde'
**Cc:** 'Marie Mattox'; 'Elizabeth Lacombe'; Kaitlyn E. Femeyer
**Subject:** Discovery Responses RE: Mary Watson vs. Calhoun-Liberty Hospital Association, Inc., et al.

I know the deadline to respond has passed so please provide by the 27th so we can avoid a motion to compel.

Thanks,

---

**From:** Jervonie Forde <jervonie@mattoxlaw.com>
**Sent:** Thursday, July 22, 2021 12:14 PM
**To:** Michael B. Kelly <Michael.Kelly@csklegal.com>
**Cc:** Marie Mattox <marie@mattoxlaw.com>; Elizabeth Lacombe <Elizabeth@mattoxlaw.com>; Kaitlyn E. Femeyer <Kaitlyn.Femeyer@csklegal.com>
**Subject:** Mary Watson vs. Calhoun-Liberty Hospital Association, Inc., et al.

**[CAUTION: EXTERNAL EMAIL]**

---

Good Afternoon,

Respective to the above-styled matter, may our office be permitted a brief and final extension in time, until COB Tuesday, July 27, 2021, to serve Plaintiff's responses and objections?

Thank you,

Jervonie T. Forde, Paralegal
B.S., Criminology and Humanities, Florida State University
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
E-Mail (Office): jervonie@mattoxlaw.com

---

**IMPORTANT NOTICE REGARDING EMAIL COMMUNICATIONS:** We encourage email as a way to communicate with us. Remember the following: (1) Clients should never use computers owned by others (e.g., work; public computers) when communicating with us. (2) Incoming emails may not be read immediately. We may be in court or otherwise out of the office for an extended period. If you have a time-sensitive need, please call instead. (3) We use spam filters to block junk emails. The filters may miscategorize your email and prevent it from reaching us. If you haven't received a timely response, please call us instead. Thank you.

# EXHIBIT G

**Kaitlyn E. Femeyer**

**From:** Jervonie Forde <jervonie@mattoxlaw.com>
**Sent:** Monday, July 26, 2021 2:14 PM
**To:** Michael B. Kelly
**Cc:** Marie Mattox; Elizabeth Lacombe; Kaitlyn E. Femeyer
**Subject:** RE: Discovery Responses RE: Mary Watson vs. Calhoun-Liberty Hospital Association, Inc., et al.

**[CAUTION: EXTERNAL EMAIL]**

Good Afternoon,

We understand your position and will work fervently to serve Plaintiff's responses by tomorrow's end.

Thank you,

Jervonie T. Forde, Paralegal
B.S., Criminology and Humanities, Florida State University
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
E-Mail (Office): jervonie@mattoxlaw.com

**IMPORTANT NOTICE REGARDING EMAIL COMMUNICATIONS:** We encourage email as a way to communicate with us. Remember the following: (1) Clients should never use computers owned by others (e.g., work; public computers) when communicating with us. (2) Incoming emails may not be read immediately. We may be in court or otherwise out of the office for an extended period. If you have a time-sensitive need, please call instead. (3) We use spam filters to block junk emails. The filters may miscategorize your email and prevent it from reaching us. If you haven't received a timely response, please call us instead. Thank you.

**From:** Michael B. Kelly <Michael.Kelly@csklegal.com>
**Sent:** Monday, July 26, 2021 2:55 PM
**To:** Jervonie Forde <jervonie@mattoxlaw.com>
**Cc:** Marie Mattox <marie@mattoxlaw.com>; Elizabeth Lacombe <Elizabeth@mattoxlaw.com>; Kaitlyn E. Femeyer <Kaitlyn.Femeyer@csklegal.com>
**Subject:** Discovery Responses RE: Mary Watson vs. Calhoun-Liberty Hospital Association, Inc., et al.

I know the deadline to respond has passed so please provide by the 27th so we can avoid a motion to compel.

Thanks,

Cole, Scott & Kissane
*The Florida Law Firm*
www.csklegal.com

**Michael B. Kelly**
*Associate*
Tel: 850-483-5930 | Fax: 850-438-6969
**Michael.Kelly@csklegal.com**

Cole, Scott & Kissane P.A.
890 South Palafox Street. Suite 200
Pensacola, FL 32502

**From:** Jervonie Forde <jervonie@mattoxlaw.com>
**Sent:** Thursday, July 22, 2021 12:14 PM
**To:** Michael B. Kelly <Michael.Kelly@csklegal.com>
**Cc:** Marie Mattox <marie@mattoxlaw.com>; Elizabeth Lacombe <Elizabeth@mattoxlaw.com>; Kaitlyn E. Femeyer <Kaitlyn.Femeyer@csklegal.com>
**Subject:** Mary Watson vs. Calhoun-Liberty Hospital Association, Inc., et al.

**[CAUTION: EXTERNAL EMAIL]**

Good Afternoon,

Respective to the above-styled matter, may our office be permitted a brief and final extension in time, until COB Tuesday, July 27, 2021, to serve Plaintiff's responses and objections?

Thank you,

Jervonie T. Forde, Paralegal
B.S., Criminology and Humanities, Florida State University
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
E-Mail (Office): jervonie@mattoxlaw.com

---

**IMPORTANT NOTICE REGARDING EMAIL COMMUNICATIONS:** We encourage email as a way to communicate with us. Remember the following: (1) Clients should never use computers owned by others (e.g., work; public computers) when communicating with us. (2) Incoming emails may not be read immediately. We may be in court or otherwise out of the office for an extended period. If you have a time-sensitive need, please call instead. (3) We use spam filters to block junk emails. The filters may miscategorize your email and prevent it from reaching us. If you haven't received a timely response, please call us instead. Thank you.

**Confidentiality Notice: This communication is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. It is legally privileged (including attachments) and is intended only for the use of the individual(s) or entity(ies) to which it is addressed. It may contain information that is confidential, proprietary, privileged, and/or exempt from disclosure under applicable law. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon this**

information by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please notify us so that we may take the appropriate action and avoid troubling you further. If you are not the intended recipient(s), please destroy this message, and any attachments, and notify the sender by return e-mail. Thank you for your cooperation.

# EXHIBIT H

**Kaitlyn E. Femeyer**

**From:** Michael B. Kelly
**Sent:** Wednesday, July 28, 2021 2:42 PM
**To:** 'Marie Mattox'; 'erika@erikagoodmanlaw.com'
**Cc:** 'Elizabeth Lacombe'; 'Jervonie Forde'; Kaitlyn E. Femeyer
**Subject:** Past Due Discovery Responses RE: Mary Watson vs. Calhoun-Liberty Hospital Association, Inc., et al.

Good afternoon Marie and Erika,

It appears your discovery responses are past due. They were initially due on July 1st and it has been nearly a month since then. Please allow this email to provide a 7 day notice for you to serve on us the discovery responses. If we do not receive them by the close of business next Wednesday, we will have no choice but to go ahead and file a Motion to Compel and seek fees for having to file such a motion. We would like to avoid the Court's involvement if possible.

Further, I wanted to follow up on my earlier request in providing all of the parties a global demand on this one? We may be able to resolve this one in the coming weeks and wanted to get a demand from you when you have a moment. Thanks again and I look forward to hearing from you soon.

Michael Kelly

---

**From:** Jervonie Forde <jervonie@mattoxlaw.com>
**Sent:** Monday, July 26, 2021 2:14 PM
**To:** Michael B. Kelly <Michael.Kelly@csklegal.com>
**Cc:** Marie Mattox <marie@mattoxlaw.com>; Elizabeth Lacombe <Elizabeth@mattoxlaw.com>; Kaitlyn E. Femeyer <Kaitlyn.Femeyer@csklegal.com>
**Subject:** RE: Discovery Responses RE: Mary Watson vs. Calhoun-Liberty Hospital Association, Inc., et al.

**[CAUTION: EXTERNAL EMAIL]**

Good Afternoon,

We understand your position and will work fervently to serve Plaintiff's responses by tomorrow's end.

Thank you,

Jervonie T. Forde, Paralegal
B.S., Criminology and Humanities, Florida State University
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
E-Mail (Office): jervonie@mattoxlaw.com

---

**IMPORTANT NOTICE REGARDING EMAIL COMMUNICATIONS:** We encourage email as a way to communicate with us. Remember the following: (1) Clients should never use computers owned by others (e.g., work; public computers) when communicating with us. (2) Incoming emails may not be read immediately. We may be in court or otherwise out of the office for an extended period. If you have a time-sensitive need, please call instead. (3) We use spam filters to block junk emails. The filters may miscategorize your email and prevent it from reaching us. If you haven't received a timely response, please call us instead. Thank you.

**From:** Michael B. Kelly <Michael.Kelly@csklegal.com>
**Sent:** Monday, July 26, 2021 2:55 PM
**To:** Jervonie Forde <jervonie@mattoxlaw.com>
**Cc:** Marie Mattox <marie@mattoxlaw.com>; Elizabeth Lacombe <Elizabeth@mattoxlaw.com>; Kaitlyn E. Femeyer <Kaitlyn.Femeyer@csklegal.com>
**Subject:** Discovery Responses RE: Mary Watson vs. Calhoun-Liberty Hospital Association, Inc., et al.

I know the deadline to respond has passed so please provide by the 27th so we can avoid a motion to compel.

Thanks,

Cole, Scott & Kissane
*The Florida Law Firm*
www.csklegal.com

**Michael B. Kelly**
*Associate*
Tel: 850-483-5930 | Fax: 850-438-6969
**Michael.Kelly@csklegal.com**

Cole, Scott & Kissane P.A.
890 South Palafox Street. Suite 200
Pensacola, FL 32502

**From:** Jervonie Forde <jervonie@mattoxlaw.com>
**Sent:** Thursday, July 22, 2021 12:14 PM
**To:** Michael B. Kelly <Michael.Kelly@csklegal.com>
**Cc:** Marie Mattox <marie@mattoxlaw.com>; Elizabeth Lacombe <Elizabeth@mattoxlaw.com>; Kaitlyn E. Femeyer <Kaitlyn.Femeyer@csklegal.com>
**Subject:** Mary Watson vs. Calhoun-Liberty Hospital Association, Inc., et al.

**[CAUTION: EXTERNAL EMAIL]**

Good Afternoon,

Respective to the above-styled matter, may our office be permitted a brief and final extension in time, until COB Tuesday, July 27, 2021, to serve Plaintiff's responses and objections?

Thank you,

Jervonie T. Forde, Paralegal
B.S., Criminology and Humanities, Florida State University
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
Telephone: (850) 383-4800

Facsimile: (850) 383-4801
E-Mail (Office): jervonie@mattoxlaw.com

---

**IMPORTANT NOTICE REGARDING EMAIL COMMUNICATIONS:** We encourage email as a way to communicate with us. Remember the following: (1) Clients should never use computers owned by others (e.g., work; public computers) when communicating with us. (2) Incoming emails may not be read immediately. We may be in court or otherwise out of the office for an extended period. If you have a time-sensitive need, please call instead. (3) We use spam filters to block junk emails. The filters may miscategorize your email and prevent it from reaching us. If you haven't received a timely response, please call us instead. Thank you.

Confidentiality Notice: This communication is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. It is legally privileged (including attachments) and is intended only for the use of the individual(s) or entity(ies) to which it is addressed. It may contain information that is confidential, proprietary, privileged, and/or exempt from disclosure under applicable law. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please notify us so that we may take the appropriate action and avoid troubling you further. If you are not the intended recipient(s), please destroy this message, and any attachments, and notify the sender by return e-mail. Thank you for your cooperation.

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,**

**Plaintiff,**

**v.** **Case No.: 2020-CA-000064**

**BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,**

**Defendants.**

______________________________________/

**NOTICE OF SERVICE OF PLAINTIFF'S VERIFIED ANSWERS TO DEFENDANT CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.'S FIRST SET OF INTERROGATORIES**

Notice is hereby given that Plaintiff's Verified Answers to Defendant CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.'s First Set of Interrogatories have been furnished by electronic mail to counsel for Defendant, **Michael B. Kelly**, 890 South Palafox Street, Suite 200, Pensacola, Florida 32502, at michael.kelly@csklegal.com on November 1, 2021.

Respectfully submitted,

/s/ Marie A. Mattox

Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
Telephone: (850) 383-4800
marie@mattoxlaw.com
marlene@mattoxlaw.com
michelle2@mattoxlaw.com [scheduling]

Attorneys for Plaintiff

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,**

**Plaintiff,**

**v.** **Case No.: 2020-CA-000064**

**BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,**

**Defendants.**

_______________________________________/

**PLAINTIFF'S RESPONSE TO DEFENDANT CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.'S FIRST REQUEST FOR PRODUCTION**

Plaintiff, MARY WATSON, by and through her undersigned counsel, responds to Defendant's First Request for Production as follows:

1. A complete copy of Plaintiff's Facebook profile, including, but not limited to all newsfeeds, messages, comments, e-mails, statements or any reference regarding entries made by her and responses from any source or person on her account about any issues pertaining to the matters which are the subject matter of the Amended Complaint, including but not limited to Plaintiff's alleged damages and injuries, beginning on September 1, 2016 until the present.

**RESPONSE:** There are no documents responsive to this request in Plaintiff's possession.

2. A complete copy of Plaintiff's LinkedIn, Myspace, Periscope, Google + (Plus), Twitter, Instagram, Tumblr, Snapchat or any other social networking account she has, including, but not limited to all newsfeeds, profiles, posts messages, comments, emails, blogs, videos, or any other statement made by her and responses from any source or person on her account about any issues pertaining to the matters which are the subject matter of the Amended Complaint, including but not limited to Plaintiff's alleged damages and injuries, beginning on September 1, 2016 until the present

**RESPONSE:** There are no documents responsive to this request in Plaintiff's possession.

3. All statements made by Plaintiff relating to or describing in any way the allegations in the Amended Complaint, including, but not limited to, any recorded telephone interviews, audiotapes, videotapes tapes and written statements, whether signed or unsigned.

**RESPONSE:** Objection –this request calls for information protected by attorney-client privilege and possibly attorney work product. Subject to and without waiving this objection, there are no documents responsive to this request in Plaintiff's possession.

4. All statements made by Defendants or Defendants' agents, servants or employees relating to or describing in any way the allegations in the Amended Complaint, including, but not limited to, any recorded telephone interviews, audiotapes, videotapes, other recorded media, and/or written statements, whether signed or unsigned.

**RESPONSE:** Objection –this request calls for information relating to attorney work product. Subject to and without waiving this objection, there is no material responsive to this request in Plaintiff's possession.

5. All statements of any witnesses to the allegations in the Amended Complaint or any witnesses having knowledge regarding any facts or issues in this case, including, but not limited to, any recorded telephone interviews, audiotapes, videotapes, other recorded media, and/or written statements, whether signed or unsigned.

**RESPONSE:** Objection –this request calls for information relating to attorney work product. Subject to and without waiving this objection, there is no material responsive to this request in Plaintiff's possession.

6. All documents prepared by or for Plaintiff for any purpose and which relate in any way to the allegations in the Amended Complaint, including but not limited to, reports to the employer regarding the alleged discrimination, retaliation, or tortious interference.

**RESPONSE:** Objection –this request calls for information protected by attorney-client privilege and possibly attorney work product. Subject to and without waiving this objection, there are no documents responsive to this request in Plaintiff's possession.

7. All correspondence Plaintiff or Plaintiff's attorney(s) received from any agent, servant or employee of any defendant.

**RESPONSE:** Objection –this request calls for information relating to attorney work product. Subject to and without waiving this objection, please see correspondence produced responsive to request 16 below.

8. All notes concerning any oral conversations Plaintiff or any of Plaintiff's agents had with any agent, servant or employee of any defendant.

**RESPONSE:** Objection –this request calls for information protected by attorney-client privilege and possibly attorney work product. Subject to and without waiving this objection, there are no documents responsive to this request in Plaintiff's possession.

9. Any and all documents concerning and/or relating to the allegations in the Amended Complaint.

**RESPONSE:** None, other than the documents produced responsive to other requests herein, are in Plaintiff's possession.

10. Any and all personal journals, calendar entries, logs, notes, notebooks, diaries, memos, letters, written records and/or communication, or photographs, that Plaintiff has or may have prepared in any form for his recollection and personal use of the matters, incidents and/or events described in the Amended Complaint, excluding any writings prepared at the direction of Plaintiff's attorney (please identify the later in a privilege log).

**RESPONSE:** Objection –this request calls for information protected by attorney-client privilege. Subject to and without waiving this objection, there are no documents responsive to this request in Plaintiff's possession.

11. Any documents pertaining to any of the allegations made by Plaintiff in her lawsuit concerning discrimination.

**RESPONSE:** None, other than the documents produced responsive to other requests herein, are in Plaintiff's possession.

12. Any documents pertaining to any of the allegations made by Plaintiff in her lawsuit concerning retaliation or whistleblower retaliation.

**RESPONSE:** None, other than the documents produced responsive to other requests herein, are in Plaintiff's possession.

13. Any documents pertaining to any of the allegations made by Plaintiff in her lawsuit concerning tortious interference.

**RESPONSE:** None, other than the documents produced responsive to other requests herein, are in Plaintiff's possession.

14. All computer generated or stored media, including but not limited to, information contained on floppy disks, hard drives, e-mail or other internet accounts, CD-ROM or printouts, which Plaintiff believes supports or may support her claim that Defendants or its employees, agents or representatives discriminated against her, retaliated against her, or tortuously interfered with her business.

**RESPONSE:** There is no material responsive to this request in Plaintiff's possession.

15. All documents created, maintained or contributed to by Plaintiff during her employment with Defendants, including, but not limited to, handwritten notes, memoranda, notebooks, diaries, journals, tape recordings, desk calendars and/or appointment books, which concern or support any of the facts, claims or allegations set forth in the Amended Complaint.

**RESPONSE:** Objection –this request calls for information protected by attorney-client privilege. Subject to and without waiving this objection, there are no documents responsive to this request in Plaintiff's possession.

16. Any correspondence between Plaintiff and any other person, excluding her attorney, concerning the events/incidents alleged in the Amended Complaint and/or Plaintiff's employment with the any defendant.

**RESPONSE:** See attached (*Bates Nos. 001-031*): text message correspondence.

17. All documents reflecting any monies earned or income otherwise received by Plaintiff from any source, including but not limited to, all W-2 forms and federal and state income tax returns for the years 2015 to the present.

**RESPONSE:** See attached (*Bates Nos. 032-042*): 2020 tax return.

18. All documents dealing with or referring to any defendant's business practices, policies and/or procedures.

**RESPONSE:** There are no documents responsive to this request in Plaintiff's possession.

19. Any and all documents which evidence, relate, pertain to or otherwise support Plaintiff's damages as alleged in the Amended Complaint.

**RESPONSE:** None, other than the documents produced responsive to other requests herein, are in Plaintiff's possession.

20. Any and all documents which describe, evidence, relate, specify or show that Plaintiff has suffered damages, as well as, what type of damages, as a direct result of any defendants' alleged wrongdoing towards Plaintiff.

**RESPONSE:** None, other than the documents produced responsive to other requests herein, are in Plaintiff's possession.

21. Any and all documents identified in Plaintiff's Answers to Defendant's First Set of Interrogatories.

**RESPONSE:** There are no documents responsive to this request in Plaintiff's possession.

22. All documents which the Plaintiff now intends to mark for identification, refer to, offer in evidence, and/or publish at the trial of this matter.

**RESPONSE:** Objection –this request seeks privileged mental impressions and information relating to attorney work product. Discovery is still ongoing, and trial decisions have not been finalized.

23. Any and all correspondence between Plaintiff and any person employed or formerly employed by any defendant in this matter regarding Plaintiff's employment with any defendant in this action.

**RESPONSE:** There are no documents responsive to this request in Plaintiff's possession.

24. All records relating to Plaintiff's work performance while employed with any defendant in this matter and disciplinary action taken against her.

**RESPONSE:** Please see correspondence produced responsive to request 16 above.

25. All records relating to grievances or employment related complaints submitted by Plaintiff to any defendant in this matter.

**RESPONSE:** Please see correspondence produced responsive to request 16 above.

26. All correspondence and other documents referring or relating to any problems, acts, or omissions on the part of any defendant, its employees or agents, that resulted in the incidents referenced in the Amended Complaint.

**RESPONSE:** Please see correspondence produced responsive to request 16 above.

27. All correspondence and other documents which refer or relate to any communication that Plaintiff had with any defendant, its employees or agents, regarding the incidents referenced in the Amended Complaint.

**RESPONSE:** Please see correspondence produced responsive to request 16 above.

28. All correspondence, reports, and other documents to or from any person, organization, or association regarding the incidents referenced in the Amended Complaint.

**RESPONSE:** Please see correspondence produced responsive to request 16 above.

29. All documents reflecting any procedures, directives, guidelines, terms and/or conditions of employment relied upon by Plaintiff in this legal action.

**RESPONSE:** Objection –this request calls for information relating to privileged mental impressions and attorney work product.

30. All manuals, policies, procedures, guidelines, memos, bulletins and other documents that Plaintiff directly or indirectly relies upon in this legal action.

**RESPONSE:** Objection –this request calls for information relating to privileged mental impressions and attorney work product.

31. Any and all statements, in any form, by current or former employees or agents of any defendant, including but not limited to management employees, which relate to the incidents alleged in the Amended Complaint.

**RESPONSE:** Objection –this request calls for information protected by attorney-client privilege and possibly attorney work product. Subject to and without waiving this objection, there are no documents responsive to this request in Plaintiff's possession.

32. Any and all documents of any type, not heretofore requested, which relate to Plaintiff's employment with any defendant.

**RESPONSE:** There are no documents responsive to this request in Plaintiff's possession.

33. Any and all documents reflecting the computation and/or amount of any and all damages claimed by Plaintiff.

**RESPONSE:** Please see tax return produced responsive to request 17 above.

34. Any and all reports issued by a psychiatrist and/or psychologist relative to the alleged injuries sustained by Plaintiff as a result of the subject incident and emotional distress Plaintiff has suffered.

**RESPONSE:** There are no documents responsive to this request in Plaintiff's possession.

35. Any and all work performance reports of Plaintiff from 2016 until the present while Plaintiff was employed with any defendant in this matter.

**RESPONSE:** There are no documents responsive to this request in Plaintiff's possession.

36. Copies of Plaintiff's employment records from 2016 until the present.

**RESPONSE:** There are no documents responsive to this request in Plaintiff's possession.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been served via electronic filing through the Florida Courts E-Filing Portal and as a courtesy by electronic mail this 1st day of November 2021 to:

**Michael B. Kelly**
890 South Palafox Street, Suite 200
Pensacola, Florida 32502
michael.kelly@csklegal.com

Attorneys for Defendant,
Calhoun-Liberty Hospital Association, Inc.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
Telephone: (850) 383-4800
marie@mattoxlaw.com
marlene@mattoxlaw.com
michelle2@mattoxlaw.com [scheduling]

Attorneys for Plaintiff

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,**

**Plaintiff,**

**v.** **Case No.: 2020-CA-000064**

**BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,**

**Defendants.**
_____________________________________/

**PLAINTIFF'S PRIVILEGE LOG**

| **PLAINTIFF'S DOCUMENTS HELD PRIVILEGE** | | | |
|---|---|---|---|
| **Document** | **Date** | **Author** | **Privilege Asserted** |
| Client Intake Form, along with notes and documents intended for legal consideration. | 01/27/2020 | Plaintiff | Attorney-client privilege |
| All communications between Plaintiff and Plaintiff's counsel. | 01/27/2020 – present | Plaintiff and Plaintiff's attorneys | Attorney-client privilege |
| Any notes prepared by Plaintiff's counsel resulting from conversations with Plaintiff and the review of documents. | 01/27/2020 – present | Plaintiff's attorneys | Attorney work product |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served via electronic filing through the Florida Courts E-Filing Portal and as a courtesy by electronic mail this 1st day of November 2021 to:

**Michael B. Kelly**
890 South Palafox Street, Suite 200
Pensacola, Florida 32502
michael.kelly@csklegal.com

Attorneys for Defendant,
Calhoun-Liberty Hospital Association, Inc.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
Telephone: (850) 383-4800
marie@mattoxlaw.com
marlene@mattoxlaw.com
michelle2@mattoxlaw.com [scheduling]

Attorneys for Plaintiff

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT,**
**OF THE STATE OF FLORIDA, IN AND FOR CALHOUN COUNTY**

**CASE NUMBER: 07-2020-CA-000064-CAAM**
**Circuit Civil Division**

**MARY WATSON,**
**Plaintiff,**

**-vs-**

**BLUE MANAGEMENT SERVICES LLC DBA ALLIANT MANAGEMEN**
**ENVISION PHYSICIAN SERVICES LLC FKA EMCARE PHYSICI**
**CALHOUN LIBERTY HOSPITAL ASSOCIATION INC,**
**Defendant.**

---

**STANDING CIVIL CASE MANAGEMENT ORDER**

**THIS MATTER** is before the court pursuant to Fla. R. Civil Proc. 1.200, Fla. R. Jud. Admin. 2.545, and AOSC20-23, Amendment 12, and the court having determined that it is necessary to establish certain deadlines and timelines to ensure the prompt processing and just resolution of civil cases, issues the following case management order:

**1. Case Differentiation.**

**Complex Cases:** cases designated by court order as complex cases under Florida Rule of Civil Procedure 1.201 shall proceed as provided in the rule.

**Streamlined Civil Cases:** Non-Jury civil cases anticipated to have a trial length of less than two days, and ***not likely*** to: (a) involve numerous pretrial motions, or (b) pretrial management of a large number of witnesses or a substantial amount documentary evidence may be designated as streamlined.

**General Civil Cases:** include all cases that are not designated by order as complex or streamlined.

Civil cases shall be deemed "general civil cases" unless the presiding judge has entered a separate order designating the civil case as complex or streamlined.

**2. Timelines and deadlines for streamlined and general civil cases.**

***a. service of complaints and service under extensions-***Plaintiff shall serve the initial process and initial pleadings on a defendant within 120 days of filing the initial pleadings directed to that defendant as provided by Fla. R. Civ. Proc 1.070. If service of the initial process and pleadings is not made upon a defendant within 30 days after expiration of the initial 120 days, the action may be dismissed without prejudice or the defendant dropped as a party ***unless*** a motion and statement of good cause are filed by the plaintiff and the matter is heard by the court prior to the expiration on the 30 days after the initial 120 days. The court may dismiss the action or grant additional service time.

***b. adding new parties-***New parties may be added as provided by Fla. R. Civ. Proc. 1.250(c)and Rule 1.210(a), and on such terms as are just.

***c. Mediation-*** Mediation is required in all cases unless waived by the presiding judge and shall be completed no later than the pretrial conference. The presiding judge may issue a separate order of mediation directing completion of mediation by a specified deadline. Plaintiff's counsel shall insure that all fees and costs of mediation have been paid before distribution of any settlement proceeds. If the case is to proceed to trial, these expenses shall be satisfied prior to the trial date. The mediator shall provide the Court with a mediation report at least five (5) days before the pre-trial conference, unless otherwise ordered by the Court. The discovery process is not suspended by the court's order of mediation.

***d. Completion of discovery-*** Counsel shall complete all discovery, including independent medical examinations, at least 15 days before the pretrial conference. The conduct of discovery subsequent to the pretrial conference shall be permitted only on Order of the Court for good cause shown.

***e. Resolution of motions and objections to pleadings-*** ALL motions and objections to pleadings, including motions-in-limine, shall have been filed, scheduled, and heard prior to the pretrial conference. No motion will be heard at or after the pretrial conference absent compelling circumstances and consent of the Court. All motions not heard by the pretrial conference shall be deemed abandoned.

**3. Trial Dates:** Trials for streamlined and general civil cases are projected to occur within the timeline established by Rule 2.250. Within sixty days of a notice of trial at issue, a separate order setting trial will be issued by the presiding judge establishing a firm trial and pretrial dates along with pretrial and trial instructions.

**4. Service on Defendants:** The Plaintiff or Petitioner must serve a copy of this Standing Case Management Order with the Summons and the Complaint/Petition on any defendant not served with process prior to the filing of this Order.

**5. Cases Previously Scheduled for Trial:** If this action is subject to a previously entered Uniform Order Scheduling Trial (Bench or Jury), all dates and deadlines contained in the Uniform Order Scheduling Trial shall supersede any dates and deadlines contained in this Standing Civil Case Management Order.

**6. Rule 2.545, Rule 2.250, and Professional Obligation Compliance**

Lawyers and judges have a professional obligation to conclude litigation as soon as it is reasonably and justly possible to do so. Accordingly, the deadlines and timelines established herein and in any subsequent orders, and Rule 2.545 and Rule 2.250 will be strictly enforced.

**DONE AND ORDERED** in Blountstown, Calhoun County, Florida, on Monday, November 1, 2021.

07-2020-CA-000064-CAAM 11/01/2021 11:00:18 AM

Shonna Young Gay, Judge
07-2020-CA-000064-CAAM 11/01/2021 11:00:18 AM

Marie A Mattox
marie@mattoxlaw.com
michelle@mattoxlaw.com
marlene@mattoxlaw.com

Lisa Barclay Fountain
lfountain@sniffenlaw.com
gjennings@sniffenlaw.com

Justin Stephen Swartz
justin.swartz@jacksonlewis.com
sophia.verneret@jacksonlewis.com
orlandodocketing@jacksonlewis.com

Richard N. Margulies
richard.margulies@jacksonlewis.com
ashley.bolin@jacksonlewis.com
jacksonvilledocketing@jacksonlewis.com

Karen Barger
kbarger@sniffenlaw.com

Michael Brian Kelly
michael.kelly@csklegal.com
kaitlyn.femeyer@csklegal.com

John M. Barr
John.Barr@jmblawoffice.com

Nicholas E Monk
nmonk@sniffenlaw.com

Robert J Sniffen
rsniffen@sniffenlaw.com
gjennings@sniffenlaw.com

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator by mail at Post Office Box 1089, Panama City, FL 32402 or by phone at (850) 767-3550 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days. If you are hearing or voice impaired, please call 711.**

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT**
**IN AND FOR CALHOUN COUNTY, FLORIDA**

| | |
|---|---|
| **MARY WATSON,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**BLUE MANAGEMENT SERVICES, LLC. D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIANSERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.**<br><br>**Defendants.** | **CASE NO. 2020-CA-000064** |

**<u>JOHN M. BARR, P.C.'S UNOPPOSED MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT, ENVISION PHYSICIAN SERVICES, LLC</u>**

The law firm of JOHN M. BARR, P.C., including the undersigned attorney JOHN M. BARR, Esquire, pursuant to Florida Rule of Judicial Administration 2.505(f)(1), hereby files this Unopposed Motion to Withdraw as Counsel of Record for Defendant, ENVISION PHYSICIAN SERVICES, LLC ("Envision"), and in support thereof states as follows:

1. On November 20, 2020, Richard N. Margulies, Esquire and Justin S. Swartz, Esquire of Jackson Lewis P.C. appeared on behalf of the Defendant Envision in this action.

2. On January 11, 2021, John M. Barr, Esquire of John M. Barr, P.C. appeared as Co-Counsel on behalf of the Defendant Envision in this action.

3. John M. Barr, Esquire and John M. Barr, P.C. no longer represent Defendant Envision.

4. Defendant Envision will continue to be represented by Richard N. Margulies, Esquire and Justin S. Swartz, Esquire of Jackson Lewis P.C., who remain counsel of record in this matter.

5. Accordingly, the withdrawal can be accomplished without material adverse effect on the interests of Defendant Envision, who consents to the withdrawal.

6. Allowing John M. Barr, Esquire and John M. Barr, P.C. to withdraw will not prejudice any party nor interfere with the normal functioning of the Court.

7. This Motion has been served on all parties and counsel in compliance with Florida Rule of Judicial Administration 2.505(f)(1).

8. The undersigned conferred with all parties regarding the relief sought in this Motion and there is no objection to the relief sought.

WHEREFORE, John M. Barr, Esquire of John M. Barr, P.C. respectfully requests that this Honorable Court issue an Order: (1) permitting the immediate withdrawal of John M. Barr, Esquire and John M. Barr, P.C. as counsel of record for Defendant Envision in this matter; (2) discharging them from all further professional responsibilities to Defendant Envision; and (3) granting such further relief as deemed appropriate.

[THIS SPACE LEFT INTENTIONALLY BLANK]

DATED this 29th day of December, 2021.

Respectfully submitted,

**LAW OFFICE OF JOHN M. BARR, PC**
4105 Stuart Avenue
Richmond, Virginia 23221
Phone: 804-269-5078

*/s/ John M. Barr*
John M. Barr, Esq.
Admitted *Pro Hac Vice*
Florida PHV No. 0114835
Virginia Bar No.: 29864

**JACKSON LEWIS P.C.**

Richard N. Margulies
Florida Bar No. 0607487
richard.margulies@jacksonlewis.com
501 Riverside Avenue, Suite 902
Jacksonville, FL 32202
Telephone: 904-638-2655
Facsimile: 904-638-2656

*/s/ Justin S. Swartz*
Justin S. Swartz
Florida Bar No. 091232
justin.swartz@jacksonlewis.com
390 N. Orange Avenue Suite 1285
Orlando, FL 32801
Telephone: 407-246 8440
Facsimile: 407-246-8441

Attorneys for Defendant,
Envision Physician Services, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of December, 2021, the foregoing was electronically filed with the Clerk of the Court by using Florida Courts E-filing Portal which will send a notice of electronic filing to all parties.

*/s/ Justin S. Swartz*
Justin S. Swartz

4890-5870-7975, v. 1

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT**
**IN AND FOR CALHOUN COUNTY, FLORIDA**

| | | |
|---|---|---|
| **MARY WATSON,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **CASE NO. 2020-CA-000064** |
| **BLUE MANAGEMENT SERVICES, LLC., *et al.*** | ) | |
| **Defendants.** | ) | |

**ORDER GRANTING UNOPPOSED MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT, ENVISION PHYSICIAN SERVICES, LLC**

THIS CAUSE having come before the Court on the Unopposed Motion to Withdraw as Counsel of Record for Defendant, ENVISION PHYSICIAN SERVICES, LLC ("Envision"), and the Court having reviewed the Motion, being advised that Defendant Envision consents to the withdrawal of counsel, and being otherwise fully advised in the premises, it is hereby **ORDERED** and **ADJUDGED**:

The Motion is **GRANTED**. The law firm of JOHN M. BARR, P.C., and JOHN M. BARR, Esquire are permitted to withdraw as counsel of record for Defendant Envision and are relieved of any and all further duties and responsibilities in this case. All further pleadings, motions, notices, correspondence, and other documents shall be served on Defendant Envision's continuing counsel Richard N. Margulies, Esquire and Justin S. Swartz, Esquire of Jackson Lewis P.C.

DONE AND ORDERED in Calhoun County, Florida, on Wednesday, January 5, 2022

07-2020-CA-000064-CAAM 01/05/2022 12:30:19 PM

Brandon J. Young, Judge
07-2020-CA-000064-CAAM 01/05/2022 12:30:19 PM

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA

CASE NO.: 20000064CAAXMX

MARY WATSON,

Plaintiff,

v.

BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,

Defendants.
_________________________________/

**NOTICE OF TAKING DEPOSITION**

To: Marie A. Mattox, Esq.
203 N. Gadsden Street
Tallahassee, FL 32301

PLEASE TAKE NOTICE that, pursuant to Rule 1.310 (b) of the Florida Rules of Civil Procedure, the undersigned attorneys will take the depositions of:

NAME: Mary Watson

DATE: June 27th, 2022

TIME: 9:00 A.M. (CST)/10:00 A.M. (ET)

LOCATION: Phipps Reporting, Inc.- Tallahassee
2894-A Remington Green Lane
Tallahassee, FL 32308

upon oral examination before Phipps Reporting, or any other notary public or other officer authorized to take depositions in the State of Florida. The oral examination will continue from day to day until completed. The deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the rules of Court.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of June, 2022, a true and correct copy of the foregoing was filed with the Clerk of Calhoun County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to all the parties registered with the e-Filing Portal system in this matter.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.*
890 South Palafox Street, Suite 200
Pensacola, Florida 32502
Telephone (850) 483-5909
Facsimile (850) 438-6969
Primary e-mail: randall.rogers@csklegal.com
Secondary e-mail: michael.kelly@csklegal.com
Alternate e-mail: zaray.avino@csklegal.com

By: /s/ Michael B. Kelly
RANDALL G. ROGERS
Florida Bar No.: 195626
MICHAEL B. KELLY
Florida Bar No.: 115345

1085.0944-00

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA

CASE NO.: 20000064CAAXMX

MARY WATSON,

Plaintiff,

v.

BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,

Defendants.
_______________________________/

**AMENDED NOTICE OF TAKING DEPOSITION**
**(as to the time)**

To: Marie A. Mattox, Esq.
203 N. Gadsden Street
Tallahassee, FL 32301

PLEASE TAKE NOTICE that, pursuant to Rule 1.310 (b) of the Florida Rules of Civil Procedure, the undersigned attorneys will take the depositions of:

NAME: Mary Watson

DATE: June 27th, 2022

TIME: 10:00 A.M. (CST)/11:00 A.M. (ET)

LOCATION: Phipps Reporting, Inc.- Tallahassee
2894-A Remington Green Lane
Tallahassee, FL 32308

upon oral examination before Phipps Reporting, or any other notary public or other officer authorized to take depositions in the State of Florida. The oral examination will continue from day to day until completed. The deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the rules of Court.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of June, 2022, a true and correct copy of the foregoing was filed with the Clerk of Calhoun County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to all the parties registered with the e-Filing Portal system in this matter.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.*
890 South Palafox Street, Suite 200
Pensacola, Florida 32502
Telephone (850) 483-5909
Facsimile (850) 438-6969
Primary e-mail: randall.rogers@csklegal.com
Secondary e-mail: michael.kelly@csklegal.com
Alternate e-mail: zaray.avino@csklegal.com

By: /s/ Michael B. Kelly
RANDALL G. ROGERS
Florida Bar No.: 195626
MICHAEL B. KELLY
Florida Bar No.: 115345

1085.0944-00

Filing # 151275021 E-Filed 06/10/2022 02:35:14 PM

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA**

| | |
|---|---|
| **MARY WATSON,** | |
| **Plaintiff,** | |
| **vs.** | **CASE NO. 2020-CA-000064** |
| **BLUE MANAGEMENT SERVICES, LLC. D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC. F/K/A EMCARE PHYSICIANSERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.** | |
| **Defendants.** | |

**DEFENDANT, ENVISION PHYSICIAN SERVICES, LLC'S NOTICE OF SUBSTITUTION OF CO-COUNSEL WITHIN FIRM**

Defendant, ENVISION PHYSICIAN SERVICES, LLC ("Defendant"), by and through its undersigned counsel, provides this Notice of Substitution of Co-Counsel Within Firm pursuant to Fla. R. Jud. Admin. 2.505(e), and states as follows:

1. Richard N. Margulies, Esq., Florida Bar No. 607487, of Jackson Lewis P.C., remains lead counsel for Defendant.

2. Lori K. Mans, Esq., Florida Bar No. 0012024, of Jackson Lewis P.C., is hereby substituted for Justin S. Swartz, Esq., Florida Bar No. 91232, as co-counsel for Defendant.

3. Copies of all future pleadings, notices, correspondence, and other documents filed in this case should be furnished to the undersigned as counsel for the Defendant.

DATED this 10th day of June 2022.

Respectfully submitted,

JACKSON LEWIS P.C.
501 Riverside Avenue, Suite 902
Jacksonville, FL 32202
Telephone: (904) 638-2655
Facsimile: (904) 638-2656

*/s/ Lori K. Mans*
Richard N. Margulies
Florida Bar No. 607487
richard.margulies@jacksonlewis.com

Lori K. Mans
Florida Bar No. 0012024
lori.mans@jacksonlewis.com

Attorneys for Defendant,
Envision Physician Services, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of June 2022, the foregoing was electronically filed with the Clerk of the Court by using Florida Courts E-filing Portal which will send a notice of electronic filing to all parties.

*/s/ Lori K. Mans*

4870-3489-6676, v. 1

**IN THE CIRCUIT COURT**
**OF THE FOURTEENTH JUDICIAL CIRCUIT,**
**IN AND FOR CALHOUN COUNTY, FLORIDA**

**CASE NUMBER: 07-2020-CA-000064-CAAM**
**Circuit Civil Division**

**MARY WATSON,**
**Plaintiff,**

**-vs-**

**BLUE MANAGEMENT SERVICES LLC DBA ALLIANT MANAGEMEN**
**ENVISION PHYSICIAN SERVICES LLC FKA EMCARE PHYSICI**
**CALHOUN LIBERTY HOSPITAL ASSOCIATION INC,**
**Defendant.**

---

**ORDER SETTING CASE MANAGEMENT CONFERENCE**

**THIS CAUSE** comes before the Court on the Court's own Motion, and the Court hereby sets a Case Management Conference in the above styled case scheduled for **Monday, August 15, 2022 at 10:00am, Central Standard Time.** All parties are to appear by ZOOM with the following information:

**Join Zoom Meeting**

https://zoom.us/j/5865139458

The meeting ID is: **586 513 9458**

**Audio / Telephone Only**

If video is not available or practicable, you may appear via audio / telephone only, by dialing **(312) 626-6799** and entering conference code: **586 513 9458** at the appointed time.

**DONE AND ORDERED** in Blountstown, Calhoun County, Florida, on Wednesday, June 29, 2022.

07-2020-CA-000064-CAAM 06/29/2022 02:26:09 PM

Brandon J. Young, Judge
07-2020-CA-000064-CAAM 06/29/2022 02:26:09 PM

Copies to:

| | |
|---|---|
| Marie A Mattox<br>marie@mattoxlaw.com<br>michelle@mattoxlaw.com<br>marlene@mattoxlaw.com | Lisa Barclay Fountain<br>lfountain@sniffenlaw.com<br>lschnetzler@sniffenlaw.com |
| Karen Barger<br>kbarger@sniffenlaw.com | Lori K. Mans<br>lori.mans@jacksonlewis.com<br>richard.margulies@jacksonlewis.com<br>jacksonvilledocketing@jacksonlewis.com |
| Michael Brian Kelly<br>michael.kelly@csklegal.com<br>zaray.avino@csklegal.com | John M. Barr<br>John.Barr@jmblawoffice.com |
| Robert J Sniffen<br>rsniffen@sniffenlaw.com<br>sanders@sniffenlaw.com | |

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator by mail at Post Office Box 1089, Panama City, FL 32402 or by phone at (850) 767-3550 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days. If you are hearing or voice impaired, please call 711.**

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA

CASE NO.: 20000064CAAXMX

MARY WATSON,

Plaintiff,

v.

BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,

Defendants.
_________________________________/

**NOTICE OF TAKING DEPOSITION**

To: Marie A. Mattox, Esq.
203 N. Gadsden Street
Tallahassee, FL 32301

PLEASE TAKE NOTICE that, pursuant to Rule 1.310 (b) of the Florida Rules of Civil Procedure, the undersigned attorneys will take the depositions of:

NAME: Mary Watson

DATE: October 18th, 2022

TIME: 9:00 A.M. (CST)/10:00 A.M. (ET)

LOCATION: Phipps Reporting, Inc.- Tallahassee
2894-A Remington Green Lane
Tallahassee, FL 32308

upon oral examination before Phipps Reporting, or any other notary public or other officer authorized to take depositions in the State of Florida. The oral examination will continue from day to day until completed. The deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the rules of Court.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of June, 2022, a true and correct copy of the foregoing was filed with the Clerk of Calhoun County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the all parties registered with the e-Filing Portal system.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.*
890 South Palafox Street, Suite 200
Pensacola, Florida 32502
Telephone (850) 483-5909
Facsimile (850) 438-6969
Primary e-mail: michael.kelly@csklegal.com
Secondary e-mail: jacob.landreth@csklegal.com
Alternate e-mail: zaray.avino@csklegal.com

By: /s/ Michael B. Kelly
RANDALL G. ROGERS
Florida Bar No.: 195626
MICHAEL B. KELLY
Florida Bar No.: 115345

1085.0944-00

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR CALHOUN COUNTY, FLORIDA

MARY WATSON,

Plaintiff,

vs. CASE NO: 20-CA-0064

BLUE MANAGEMENT SERVICES, LLC d/b/a ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC f/k/a EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,

Defendants.
_______________________________________/

**UNIFORM ORDER SETTING CAUSE FOR TRIAL AND PRE-TRIAL CONFERENCE**

The Court finding that the parties have had adequate time to litigate this matter and the Court being otherwise fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** as follows:

**TRIAL**

1. The above-entitled cause is hereby set for JURY TRIAL during the week of **July 24, 2023,** commencing at **8:30 A.M., CST**, or as soon thereafter as counsel may be heard. Trials are normally set for weekly periods. All counsel with trials set for a trial period shall be prepared to go to trial the first day of the week of the period and shall remain available for the entire week.

**PRETRIAL CONFERENCE**

2. A PRETRIAL CONFERENCE shall be held (in-person) in Chambers before the Honorable Brandon J. Young, Circuit Judge, at the **Calhoun County Courthouse,** pursuant to Rule 1.200, Florida Rules of Civil Procedure, to consider all matters suggested therein and to simplify the issues to expedite the trial of this cause. Said Pre-Trial Conference shall be scheduled by the parties with the Court for at least a one (1) hour time period, and shall not occur more than forty-five (45) days or less than fifteen (15) days before the Jury Trial date as set forth, above. At

the Pretrial Conference, parties and counsel *shall* confirm that they are prepared for trial. In order for the full purpose of the Pretrial Conference procedures to be accomplished, it is directed that each party (or corporate representative where appropriate) shall attend the Pretrial Conference. Furthermore, all attorneys that will be participating in the trial *shall* attend the Pretrial Conference. Unless this Court is in *Phase I* or *Phase II* of its COVID protocols, telephonic/Zoom appearance at the Pretrial Conference will not be allowed without good cause shown. The attorneys *shall* be prepared to present the following matters for consideration and discussion:

a. Compliance with the deadlines set forth in this Order.
b. Witnesses expected to be called for trial and the availability and location of those witnesses along with the proposed schedule for the trial, inclusive of picking a jury, noting the approximate amount of time counsel anticipates will be needed for the examination of each witness;
c. Any special arrangements for the presentation of witnesses and other evidence;
d. A confirmation that proposed jury instructions and verdict forms are prepared;
e. Any anticipated evidentiary issues at trial;
f. Any stipulations that may obviate the need for foundation witnesses;
g. Any stipulations that may obviate the need to prove facts that are uncontested;
h. Any stipulations that may obviate the need for certain exhibits;
i. Any last minute or emergency matters in preparation for jury selection; and
j. Any other matters that are important to the progress and resolution of the case.

**DEADLINES**

3. Parties' responsibility to calendar and comply with deadlines: The Court intends that all cases that are due to be resolved via a jury trial will be brought to a final disposition within approximately 540 days after the complaint is filed. The Court intends that all cases that are to be resolved via a non-jury trial will be brought to a final disposition within approximately 365 days after the complaint is filed. Based on the foregoing, the parties are hereby bound by the following discovery and trial related deadlines.

| **EVENT** | **REQUIRED DEADLINE** |
|---|---|
| Disclosure of Expert Witnesses: | Plaintiff: 150 days prior to trial date |
| | Defendant: 130 days prior to trial date |

| | | |
|---|---|---|
| Disclosure of Fact Witnesses: | All Parties: | 125 days prior to trial date |
| Final Discovery Requests: | All Parties: | 125 days prior to trial date |
| Depositions: | All Parties: | 90 days prior to trial date |
| Mediation: | All Parties: | 90 days prior to trial date |
| Hearing on All Discovery Matters: | All Parties: | 90 days prior to trial date |
| Exhibit List: | All Parties: | 45 days prior to trial date |
| Hearing on all Daubert/Expert Motions: | All Parties: | 45 days prior to trial date |
| Hearing on Summary Judgment: | All Parties: | 45 days prior to trial date |
| Hearing on Motions in Limine: | All Parties: | 45 days prior to trial date |
| Hearing on Motions to Strike: | All Parties: | 45 days prior to trial date |
| Pretrial Conference Order: | All Parties: | 3 days prior to Pretrial Conference |
| Proposed Jury Instructions: | All Parties: | 3 days prior to Pretrial Conference |
| Proposed Verdict Form: | All Parties: | 3 days prior to Pretrial Conference |
| Pre-Trial Conference: | All Parties: | Set forth above in paragraph 2 |

4. Pretrial Motions: It is the responsibility of the attorney who files any motion to ensure that it is timely scheduled on the Court's calendar and there is sufficient and adequate notice provided to opposing counsel and any other witnesses required for the hearing in the matter. Counsel should expect to anticipate a delay of at least 45 days between the request for a hearing lasting longer than 25 minutes and the actual hearing. Thus, counsel should request appropriate hearing time in advance of the aforementioned deadlines.

a) Expert Witnesses. No later than 150 days prior to the trial date, Plaintiff(s) shall serve on all opposing counsel and file with the Court a Notice containing the following information regarding each expert witness who will testify at trial on behalf of Plaintiff(s): (a) the name and address of the witness; (b) the area(s) of expertise of the witness; (c) the subject matter of the expected testimony of the witness; (d) the substance of the facts and opinions about which the witness is expected to testify; and (e) a summary of the grounds on which each of the opinions of the witnesses will be based. Plaintiff(s) shall furnish opposing counsel with two (2) alternative dates of availability of all expert witnesses for the purpose of taking their deposition within one (1) day after disclosure of such witnesses. No later than 130 days prior to the trial date, each Defendant shall serve on all other counsel and file with the Court a Notice containing the same information regarding each expert witness who will testify at trial on behalf of that defendant. Each Defendant shall furnish opposing counsel with two (2) alternative dates of availability of all expert witnesses for the purpose of taking

their deposition within one (1) day after disclosure of such witnesses. No later than thirty (30) days after the Plaintiff(s) is served with the defendant's expert witness disclosure, the Plaintiff(s) may serve on all other counsel and file with the Court a notice containing the same information regarding rebuttal expert witnesses, if any, who will testify at trial on behalf of the Plaintiff(s). At the time of disclosure of each such rebuttal witness, Plaintiff(s) shall furnish opposing counsel with two (2) alternative dates of availability for the purpose of taking the witnesses' deposition. Any expert witness not included on the Notice as provided herein will not be allowed to testify without an order of the Court. All parties shall cooperate in the scheduling of expert depositions. Notwithstanding the foregoing, the Court expects the parties to truthfully and thoroughly answer interrogatories and other discovery. If interrogatories seeking information regarding expert witnesses have been served, the party answering such discovery shall do so in good faith and shall not delay furnishing the information regarding expert witnesses until the time such disclosure is required by this order.

b) Daubert/Issues. All Daubert related motions or objections, except those motions that may be directed at rebuttal testimony from Plaintiff's rebuttal experts, shall be filed and served at least 100 days prior to the trial date. A copy of all such motions shall be delivered to the Court at the same time they are filed and served. The party filing Daubert related motions or objections shall be responsible to do that which is necessary so that hearings regarding Daubert related evidence shall be noticed and heard or agreed to by the parties no later than 45 days prior to the trial date. Any Daubert related motions or objections related to testimony from Plaintiff's rebuttal experts shall be filed and served no later than 80 days prior to the trial date. The Defendant challenging the testimony of any rebuttal expert witness for the Plaintiff is responsible to do that which is necessary so that a hearing on such motion must be noticed and heard or agreed to by the parties no later than 45 days prior to the trial date. Any Daubert related motions or objections shall state with particularity the grounds upon which they are based and the substantial matters of law to be argued and shall identify any evidence or supporting material on which the movant relies. Any Daubert related motions or objections not filed or noticed for hearing within the time referenced in this paragraph are denied and such objections are overruled. The Court may summarily rule on any Daubert related motion not written with particularity as described above.

c) Motions in Limine. All case specific Motions in Limine shall be filed, served, noticed, and heard or agreed to by the parties no later than 45 days prior to the trial date. A copy of all such motions shall be delivered to the Court at the same time they are filed and served. The Motion shall state with particularity the grounds upon which it is based and the substantial matters of law to be argued and shall identify any evidence or supporting material on which the movant relies. The Court may summarily rule on any Motions in Limine not written

with particularity as described above or not filed and/or scheduled in a timely manner.

d) Rule 1.360 Examinations. Unless granted by specific order of the Court, all medical evaluations and other examinations pursuant to Rule 1.360 shall have been completed by the deadline for the requesting party to disclose their expert witness.

5. Mediation: Mediation is **REQUIRED** in all civil cases unless waived by the presiding Judge, and shall be completed by the deadline as set forth above. In all cases, mediation shall absolutely be completed no later than the Pre-Trial Conference. Plaintiff's counsel shall insure that all fees and costs of mediation have been paid before distribution of any settlement proceeds. The Mediator shall provide the Court with a Mediator Report at least 5 days before the Pre-Trial Conference, unless otherwise ordered by the Court.

6. Preparation for Pretrial Conference: The attorneys for all parties are directed to meet by agreement, initiated by counsel for the Plaintiff, no later than five (5) days before the Pretrial Conference, to:

a) Mark all exhibits for identification and prepare a chronological exhibit list for the use of Clerk and Court at trial (actual exhibits and documentation evidence shall be available for inspection at this time);

b) Admit or not admit as evidence and list specific objections, if any;

c) Stipulate as to any matter of fact and/or law about which there is no issue to avoid unnecessary proof;

d) Review all depositions which are to be offered for any purpose other than impeachment to resolve objections to the portions to be offered in evidence;

e) Discuss the possibility of settlement;

f) Submit an itemized statement of special damages plaintiff expects to prove if any;

g) Discuss and complete any other matters which may simplify the issues or aid in the speedy disposition of this action, the Pretrial Conference and trial;

h) Draft one Pretrial Conference Order, signed by all participating counsel, which

shall be submitted <u>directly</u> to the Court at least three (3) days prior to the pre-trial conference. In the event the parties are unable to agree on any matter in the Pretrial Conference Order, they shall leave the matter blank, and it will be resolved at the Pretrial Conference. An outline of a DRAFT pretrial order is attached hereto for the parties' convenience; and

i) Attempt to agree on jury instructions and verdict forms, should the matter be scheduled for a jury trial. No later than ten (10) days prior to the Pretrial Conference, each party shall submit to opposing counsel proposed written jury instructions and proposed verdict forms. At the meeting five (5) days before the Pretrial Conference the parties shall prepare a joint set of proposed jury instructions and verdict forms and submit the same to the Court at least three (3) days prior to the Pretrial Conference. Each proposed jury instruction shall be on a separate sheet of paper; shall be plainly marked with the name and number of the case; and shall be numbered in sequence. Each proposed jury instruction and verdict form shall reflect either that (a) the parties have agreed on the proposed jury instruction or verdict form, or (b) that the parties have not agreed on the proposed jury instruction or verdict form, and contain citations of supporting authorities, if any; and designate the party submitting the proposed instruction or verdict form. This paragraph shall not foreclose the right of each party to modify instructions up to and including the instruction conference at the close of evidence. Any party who intends to request that the Court provide a set of written jury instructions for the jury's consideration during deliberations shall be responsible for providing a clean copy of the full jury instructions to the Court.

## EXHIBITS

7. <u>Marking of Exhibits</u>: All exhibits must be marked in advance of trial using consecutive numbers (for the Plaintiff) and letters (for the Defendant).

8. <u>List of Exhibits</u>: A list of proposed exhibits shall be submitted directly to chambers by each of the parties by the deadline established in the Court's Trial Order. Each party shall make available to the other party for inspection of all exhibits which that party will introduce at trial.

9. <u>Objections to Exhibits</u>: This Order shall not affect the right of a party to object at the trial to the introduction of an exhibit other than on the basis of authentication and foundation.

10. <u>Preparing Exhibits for Jury Deliberation</u>: Counsel shall confer and review all exhibits prior to closing arguments. Originals of all exhibits admitted at trial should be ready to be turned over to the jury foreperson prior to closing jury instructions so that jury deliberations are not delayed.

11. Filing Exhibits: It is the responsibility of the parties to ensure that the record is complete. All trial exhibits, briefs, proposed jury instructions and proposed verdict forms are to be filed in the record within five (5) business days of the verdict.

12. Penalty: A party who does not abide by the provisions contained in this Order may be subject to sanctions, including, without limitation, the preclusion of the introduction of exhibits at trial by the offending party.

## MISCELLANEOUS INSTRUCTIONS

13. Jury Respect: All persons in the courtroom shall rise upon entry/exit of the jury panel or jurors.

14. Objections: All attorneys shall rise when objecting, state "objection," and the legal grounds for an objection. There will be no speaking objections allowed unless clarification to the objection is requested by the Court. If you agree with an opposing objection, state that you will rephrase before doing so. If further argument regarding an objection is desired, an attorney shall request a bench conference. The Court will provide an opportunity for counsel to supplement the record as needed. All objections, and related arguments, shall be addressed to the Court and not to opposing counsel.

15. Demonstrative Aids: In this ever-changing technological world, the Court recognizes that counsel may wish to use demonstrative aids during opening statement and/or closing argument. These demonstrative aids may include photographs, diagrams, visual aids, electronic media, and PowerPoint presentations, etc. At least five (5) days prior to trial, counsel shall confer with opposing counsel and show opposing counsel the demonstrative aid. If opposing counsel has an objection, the aid shall not be displayed and/or played before a jury until the Court has ruled on the objection. In order to have a clear record, counsel using a demonstrative aid shall be prepared to have the aid marked as an exhibit and entered into the record, regardless of whether or not the aid will be introduced into evidence.

16. Deposition Designations: No later than twenty (20) days prior to the trial date in this matter, each party shall serve his, her or its designation of depositions, or portions of depositions, each intends to offer as testimony in his, her or its case in chief. No later than ten (10) days prior to the trial date in this matter, each opposing party shall serve his, her or its counter (or "fairness") designations to portions of depositions designated, together with objections to the depositions, or

portions thereof, originally designated. No later than the trial date, each party shall serve his, her or its objections to counter designations served by an opposing party.

17. Conduct of Attorneys: Attorneys shall, at all times, strictly adhere to the requirements imposed upon them by the Florida Rules of Professional Conduct. Although all Rules are important and should be followed conscientiously, the Court particularly wishes to remind attorneys of the provisions of Rule 4-3.3 and 4-3.6.

18. Conduct of Parties: Attorneys shall caution their clients and witnesses against doing anything which might convey to the jury any feelings about the merit of truthfulness of testimony, other evidence, or arguments being offered before the jury. Said conduct includes but is not limited to: making facial expressions; nodding the head; or making audible sounds. Naturally, attorneys shall be governed by the same restrictions.

19. Witnesses: It is imperative that counsel plan for your witnesses to fill the entire court day. It is counsel's responsibility to advise your witness of any applicable orders in *limine*. Witness examination is limited to direct, cross, redirect and re-cross. Ask the Court before proceeding beyond re-cross. Counsel should not show, or ask your witness to show, anything to the jury unless it has been marked and admitted as an exhibit. The parties shall do all things reasonable and necessary to assure the availability of their witnesses for the entire trial period or to otherwise preserve their testimony for trial as provided by the Florida Rules of Civil Procedure.

20. Equipment: Counsel should expect that they will have to bring their own materials to fill their equipment needs. Please arrange with the Bailiff when and how to set up equipment in the Courtroom. While the Court's Bailiff and Courtroom Clerk are exceedingly accommodating, please do not rely on, or direct, Court staff to set up or to work your trial equipment.

21. Continuances: The Court applies Florida Rule of General Practice and Judicial Administration 2.545(e) and Florida Rule of Civil Procedure 1.460 concerning continuances. Unless good cause is shown, all motions for continuance must be in writing, signed by the requesting party, contain a Certificate of Good Faith, and specify all efforts made to move the case, and resolve discovery issues. Stipulations for continuance shall contain the same information as a motion for continuance and will be reviewed by the court on a case-by-case basis. Subject to the aforementioned, continuances requested within seven days of trial will generally not be granted. Said policy includes requested continuances due to unavailability of witnesses and witnesses will be expected to be available when called.

22. Trial Schedule: Unless specifically noted otherwise by the Court, trial will be in session Monday-Friday, 8:30 A.M. (CT) through 12:00 P.M. (CT) and 1:30 P.M. (CT) through 4:30 P.M. (CT). At least one fifteen-minute break will occur in the morning and afternoon sessions.

23. Pretrial hearings: All hearings prior to the Pretrial Conference are subject to being heard by a Senior Judge or general magistrate appointed by this Court to hear such matters.

24. Settlement: All counsel shall immediately notify this Court in the event of settlement or dismissal and shall submit a stipulation for an order of dismissal. Counsel shall also notify the Court of any pending hearings that will be canceled as a result of the settlement by contacting the Court's Judicial Assistant by email. A copy of the mediation report is not sufficient to remove the case from the docket.

25. Technology Needs: No later than seven (7) days prior to the Pretrial Conference, the attorneys for all parties must notify the Court's Technology Department via email at: hagang@jud14.flcourts.org, as to any audio-visual equipment or other multi-media technology they intend to reserve for use at trial.

## SANCTIONS

26. Sanctions: Failure to comply with the requirements of this Order shall subject counsel and parties to such sanctions as the Court shall determine just and proper under the circumstances.

**ALL PARAGRAPHS OF THIS ORDER ARE SUBJECT TO MODIFICATION WITH PRIOR MOTION MADE TO THE COURT AND FOR GOOD CAUSE SHOWN.**

**DONE AND ORDERED** in chambers at Blountstown, Calhoun County, Florida, this 19th day of August, 2022.

Hon. Brandon J. Young,
Circuit Judge

Copies to:

Marie Mattox, Esq.
marie@mattoxlaw.com
michelle@mattoxlaw.com
marlene@mattoxlaw.com

Karen Barger, Esq.
kbarger@sniffenlaw.com

Michael Brian Kelly, Esq.
michael.kelly@csklegal.com
zaray.avino@csklegal.com

Robert J. Sniffen, Esq.
rsniffen@sniffenlaw.com
sanders@sniffenlaw.com

Lori K. Mans, Esq.
lori.mans@jacksonlewis.com
richard.margulies@jacksonlewsi.com
jacksonvilledocketing@jacksonlewsi.com

John M. Barr, Esq.
john.barr@jmblawoffice.com

Lisa Barclay Fountain, Esq.
lfountain@sniffenlaw.com
lschnetzler@sniffenlaw.com

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator by mail at Post Office Box 1089, Panama City, FL 32402 or by phone at (850) 767-3550 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days. If you are hearing or voice impaired, please call 711 or email ADARequest@jud14.flcourts.org.**

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT**
**IN AND FOR CALHOUN COUNTY, FLORIDA**

______________________________,

**Plaintiff(s),**

**vs.** **Case No: _____- CA-________**

______________________________,

**Defendant(s).**

________________________________________/

**UNIFORM PRE-TRIAL CONFERENCE ORDER**
**(JURY TRIAL)**

Present:

______________________________________________________________________
for Plaintiff.

______________________________________________________________________
for Defendant.

1. Statement of case:

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

2. Amendments to pleadings:

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

3. Issues:

______________________________________________________________________
______________________________________________________________________

4. Number of peremptory challenges:

______________________________________________________________________

5. Admissions to avoid unnecessary proof:

______________________________________________________________________

______________________________________________

6. List of witnesses with addresses attached.

7. Any problems with attendance of witnesses:

______________________________________________
______________________________________________
______________________________________________

8. Limitations on the number of witnesses (e.g. expert witness, "before and after" witnesses, etc., to prevent cumulative testimony):

______________________________________________
______________________________________________
______________________________________________

9. List of special damages attached with stipulations as to the relevance, materiality, reasonableness and/or necessity.

10. Other and routine matters of law, evidence or procedures that may arise, with attached memoranda when anticipated to be necessary:

______________________________________________
______________________________________________
______________________________________________

11. Time allowed for each opening statement:

______________________________________________

12. Time allowed for each closing argument:

______________________________________________

13. Stipulations (checked):

a) Less than 6 jurors if one becomes incapacitated ______
b) Use of expert testimony anytime ______
c) Waive x-ray technicians ______
d) Waive records custodians ______
e) Waive photographers ______
f) Copies of ordinances or foreign laws ______
g) Other: ______________________ ______

14. Necessity of taking judicial notice:

______________________________________________

15. Estimated length of trial:

______________________________________________

16. Resolution of any objections to depositions to be read into evidence:

______________________________________________
______________________________________________
______________________________________________

17. View of scene necessary:

______________________________________________

18. Any elements of surprise or surveillance:

______________________________________________
______________________________________________
______________________________________________

19. All discovery complete:

______________________________________________

20. List of pending motions:

______________________________________________
______________________________________________

21. Settlement possibilities:

______________________________________________
______________________________________________
______________________________________________

22. Each party shall anticipate having 1.75 hours for purposes of jury selection (3.5 hours total). Please provide information as to why any additional time shall be needed or set aside:

______________________________________________
______________________________________________

23. Instructions and verdict forms shall be submitted as set forth in this Court's Uniform Order Setting Trial. Each instruction shall be on a separate sheet of paper. Counsel shall confer prior to trial as to any agreement they can reach on the instructions and verdict forms and advise the court.

24. List of all photographs, documents, and exhibits attached (Counsel shall confer prior to trial and initial ones agreed to shall be admitted into evidence). Said information shall be in accord with this Court's Uniform Order Setting Trial.

25. Failure to comply with the requirements of this Order will subject the party and/or counsel to appropriate sanctions.

DONE AND ORDERED in chambers at Blountstown, Calhoun County, Florida, DDDD

JJJJ

Copies to:
CCCC

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,**

**Plaintiff,**

**v.**

**BLUE MANAGEMENT SERVICES, LLC. D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC. F/K/A EMCARE PHYSICIANSERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,**

**Defendants.**
______________________________________/

**CASE NO.: 20-CA- 002066**
**FLA BAR NO.: 0739685**

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS

Plaintiff, pursuant to Florida Rule of Civil Procedure 1.350, hereby requests that Defendants produce for inspection and copying all documents herein that are in their possession, custody, or control, or otherwise available. This document production shall take place at the offices of **Marie A. Mattox, P.A., 203 N. Gadsden Street, Tallahassee, Florida 32301**, or at such other place and time as may be mutually agreed upon by counsel for Plaintiff and Defendant within thirty days from service of this request or such earlier date as the parties may agree.

## DEFINITIONS AND INSTRUCTIONS

1. The term "you" and "your" means the party or parties to whom this request is addressed, including its divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, attorneys, and all other persons acting or purporting to act on its behalf, as well as each partnership in which it is a partner.

2. The term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons or other business enterprise, governmental body, group of natural persons or the entity.

3. The term "document" means any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, instant messages (also known as IMs), e mails, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, interoffice and intraoffice telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, cancelled checks, statements transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing,), graphic or aural records or representations of any kind (including, without limitation, photographics, microfiche, videotape, records and motion pictures) and electronic, mechanical or electrical records or representations of any kind (including, without limitation, tapes, cassettes, discs and records).

4. The term "all documents" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

5. All requests herein seek the production of documents in the possession and/or control of Defendant or its attorneys.

6. The time-period covered by this request is January 1, 2016 to date, unless otherwise specified.

7. The location covered by this request is the location where Plaintiff was employed with Defendants.

## **DOCUMENTS**

1. The entire personnel, disciplinary, investigative, time and attendance, Inspector General, supervisor, and payroll files for the following: Plaintiff, Janet Kinney, Janna Matautia, Timothy Adamcryk, Olivia McNally, Michael Kozar, Dr. Lee Johnson, Tammy Jarvis, Esther Stoltzfus, and Paige Tolley.

2. All policies, procedures, rules and regulations that applied to Plaintiff's employment and/or affiliation with each and every Defendant for the time period covered by this request.

3. All contracts and/or agreements between Defendants that existed during the time period covered by this request.

4. All job and position descriptions for ER Medical Director, Physician, ER physician, Chief Executive Officer, Chief Nursing Officer, Regional Medical Director and Risk Manager for

Defendants for personnel located at the location of Defendants where Plaintiff was employed and/or affiliated with Defendants.

5. All personnel, payroll, and disciplinary files for all persons who have been hired and/or transferred into the last position that Plaintiff held with Defendant after her termination/separation.

6. All evaluations performed on the Plaintiff for the entire time she was employed by and/or affiliated with Defendants.

7. All documents upon which Defendant relied in the preparation of the performance evaluations referenced in request 6 above.

8. All files including any and/or all reports of investigations and all documents collected and/or created during any and/or all investigations of any matter pertaining to Plaintiff

9. Any and/or all complaints Plaintiff made against and/or about Dr. Tim Adamcryk to any/all Defendants during the entire course of her employment/affiliation with said Defendants.

10. All investigations conducted of all complaints made about any person and/or entity during the time period covered by this request.

11. All investigations conducted about and/or regarding Tim Adamcryk during the entire course of his employment/affiliation with Defendants.

12. All files including any and/or all reports of investigations and all documents collected and/or created during any and/or all investigations of any complaints against and/or about Plaintiff.

13. A list of all physicians on staff at Calhoun Liberty Hospital (CLH) from January 1, 2015-December 31, 2021.

14. The personnel and disciplinary files for all physicians who have been on staff with Defendant Calhoun Liberty Hospital for the time period covered by this request.

15. All organizational charts for all the Defendants for the time period in this request.

16. All data related to physician greet times for all physicians providing ER care for any and/or all Defendant at CLH for the time period covered by this request compiled by any/all of the Defendants.

17. All prior personnel, credentialing, investigative, and EEOC and FCHR files obtained by Defendants regarding all prior employment of Dr. Tim Adamcryk before working or becoming affiliated with one or more Defendants in this case.

18. All credentialing files for all physicians who were working at CLH during the time period applicable to this action.

19. All statements and/or affidavits collected during any investigation of Plaintiff and Tim Adamcryk.

20. All documents related to the vacant position in 2019 for the ER Medical Director at CLH including applications received, interview notes for all candidates interviewed and the identity of all persons who were involved in hiring Plaintiff for this position.

21. Any and all emails related to the ER Medical Director position between Kinney, Matautia, Michael Kozar and HR in June and July 2019.

22. All emails sent and/or received by Plaintiff during her affiliation/employment with any and/or all Defendants.

23. All patient complaints received about the Plaintiff for her entire employment/affiliation with the Defendants.

24. All patient complaints received about and/or against any and/or all persons affiliated/employed with CLH during the time period covered by this request.

25. All investigations of all patient complaints referenced in request 24 above.

26. All documents relied upon by CEO Kinney to threaten Plaintiff with termination in the meeting in July 2019.

27. All documents that pertain to CEO Kinney threatening to fire Plaintiff in July, 2019.

28. All documents pertaining to surveillance cameras on CLH property and the date that same cameras became operational.

29. All medical bylaws and policies related to Board Meeting attendance and meeting minute distribution for CLH.

30. All documents including without limitation emails showing meeting minutes that were given to the ER Director by the Board of CLH.

31. All schedules for physician coverage for Defendant CLH for Dr. Tim Adamcryk from July to December 2019.

32. All documents, memos, notes and emails sent and/or received by Olevia McNally pertaining to Tim Adamcryk in August 2019 and/or the Plaintiff reporting Adamcryk's behavior and conduct.

33. All documents related to the investigation of the violation of Hospital Licensing and Regulation, § 395.1055(1)(a), Florida Statutes by Dr. Tim Adamcryk as reported by the Plaintiff.

34. All text messages between Olevia McNally and the Plaintiff from July 2019 to the present.

35. All documents relied upon by McNally for her text messages to Plaintiff that Defendant ENVISON needed Defendant CLH to approve any disciplinary action on Dr. Tim Adamcryk after his conduct and behavior were reported.

36. All documents related to the meeting on or around October 24, 2019 between Plaintiff, Kozar, Matautia and Mark Plummer.

37. All emails between Kozar, Matautia and Mark Plummer pertaining to Plaintiff and/or Tim Adamcryk between October 23, 2019 and November 1, 2019.

38. All documents including without limitation emails and text messages between Kinney and Plaintiff for the entirety of October and November, 2019.

39. All documents in which Kinney and/or any other person(s) addressing at any time with Dr. Adamcryk his reported drinking on the property and/or other complaints reported by Plaintiff and/or any other persons.

40. All documents related to disciplinary or remedial action taken against Tim Adamcryk during his affiliation with any and/or all Defendants.

41. Any and all complaints received and investigated by the Agency for Healthcare Administration (AHCA) related to physicians employed by and/or affiliated with Defendants who worked at CLH in 2019.

42. All documents and information relied upon for Defendants to accuse Plaintiff of not seeing patients and "gossiping" with nursing staff from October 2019 to December 2019.

43. All documents authored and/or received by Defendant about Plaintiff and/or Tim Adamcryk.

44. All emails between Plaintiff and Chairman Mark Plummer from November 1, 2019 to January 31, 2020.

45. All nursing staffing policies and plans including vacancies and nurse turnover for the time period in this request.

46. All daily staff assignment sheets from ER and Nursing Supervisors from October 1, 2019 to January 31, 2020.

47. All nursing staff schedules for the ER for July 1, 2019 to January 31, 2020.

48. All documents including emails and text messages related to the shortage of supplies in the Defendant CLH facility in 2019.

49. The personnel and disciplinary files for all persons terminated, resigned and/or whose contracts were not renewed in calendar year 2019 who previously worked at CLH.

50. All exit surveys completed by persons who resigned from their positions with CLH in 2019.

51. All documents including but not limited to emails related to all phone conversations between Plaintiff and Chairman Plummer in or around November 2019.

52. All emails between Janet Kinney, Janna Matautia and Esther Stolzfus that reference and/or pertain to Plaintiff.

53. All Risk Management and Nursing administration logs or documentation regarding patient complaints against physicians at CLH for the time period covered by this request.

54. All documents including without limitation emails that were generated as a result of or that were about the meeting on November 25, 2019, between Plaintiff and Michael Kozar at a local McDonald's.

55. All documents CNO Matautia relied upon to approach the Plaintiff on December 9, 2019, and accuse her of not seeing a patient.

56. All documents, notes and emails created by CNO Matautia related to a patient interaction with Plaintiff on December 9, 2019, including all information received after calling the patient's family.

57. All documents including without limitation emails and text messages pertaining to or regarding Plaintiff notifying Dr. Lee Johnson verbally on the phone of an incident and/or interactions on December 9, 2019, between Plaintiff and Jana Matautia.

58. All text messages between Plaintiff and Defendant CLH Chairman Plummer on December 9, 2019.

59. All text messaged between Plaintiff and Defendant ALLIANT CEO Kozar on December 9, 2019.

60. All documents, social media post, text messages and screenshots relied upon by Defendant CLH Janet Kinney to accuse Plaintiff of sending inappropriate text and Instagram post.

61. All emails related to Plaintiff and the inappropriate text messages and the fake Instagram post between Janna Matautia, Janet Kinney and Esther Stoltzfus in December 2019.

62. All video and security camera footage of Dr. Adamcryk reviewed by Defendant showing him drinking alcohol and being on premises when not on duty talking to staff in parking lots.

63. All documents relied upon to not discipline Dr. Adamcryk after multiple complaints regarding behavior and conduct.

64. All documents related to the phone call between Plaintiff and CEO Kozar on or about December 10, 2019, regarding Plaintiff's reported retaliation.

65. All documents including emails and text messages related to any investigation of nurses suspected of narcotic diversion in during the time period covered by this request.

66. All Interventional programs for nurses (IPN) contracts that were initiated from any and/or all complaints against any and/or all nurses suspected of narcotic diversion during the time period covered by this request. (Redacted for confidentiality).

67. All complaints about any and/or all nurses who were suspected and/or accused of narcotic diversion during the time period covered by this request.

68. All documents including notes taken related to Defendant ENVISION's HR representative Tammy Jarvis and RMD Johnson informing Plaintiff of a letter sent to terminate her from Defendant CEO Kinney on January 19, 2020.

69. All documents relied upon to terminate Plaintiff.

70. All documents that set forth the reason that any and/or all Defendants demanded that Plaintiff not speak to CLH employee or be on CLH property on or after January 20, 2019.

71. All documents showing and/or confirming the contractual and/or employment relationship between Defendants and Plaintiff.

72. All text messages from Paige Tolley to ER staff pertaining to Plaintiff.

73. All documents relied upon by Paige Tolley to write text message pertaining to the Plaintiff stating "pretty awful things transpired".

74. All emails sent/received by Defendant CLH regarding the termination of Plaintiff.

75. All information provided to all third parties for employment verification and references for the Plaintiff.

76. All emails sent by Janna Matautia and/or Janet Kinney regarding Plaintiff to any TMH email address for the time period covered by this request.

77. All documents relied upon by CNO Matautia to transfer reference phone calls to the physician line related to Plaintiff's prior employment.

78. All documents showing criminal charges brought against Matautia.

79. All documents showing any and/or all documents provided to any law enforcement agency and/or to any State Attorney's Office about Matautia.

80. All documents showing all background investigations of Matautia prior to being hired at CLH.

81. All documents showing the reason that Matautia is no longer employed and/or affiliated with any and/or all Defendants.

82. All letters, notes, emails, telephone logs, faxes and any other documents in Defendants' possession and/or control that reference Plaintiff's employment or termination.

83. All documents that Kinney, Stoltzfus and/or Matautia created about Plaintiff during the time period covered by this request.

84. All documents that Defendants prepared and submitted to the Florida Commission on Human Relations (FCHR) and/or EEOC in response to all charges of discrimination and/or retaliation filed by Plaintiff involving Defendants.

85. All documents that were provided to Defendants' Risk Management by Kinney and/or Matautia about Plaintiff.

86. All documents showing each and every communication between any/all the Defendants' Human Resources office personnel and any other persons about and/or pertaining to Plaintiff.

87. All documents referring or relating to the subject matter of this action which have been furnished to or received by the Defendants attorneys in connection with their defense of this action, except documents protected by a recognized privilege of non-production.

88. All transcripts, audio tapes, and video tapes (including depositions) obtained by Defendants involving Plaintiff, including, but not limited to, unemployment compensation hearings, conferences, grievance hearings, and Union grievances.

89. All documents Defendants provided to and/or the Defendants received from any third party to this action regarding Plaintiff.

90. Any diary, pocket calendar, desk calendar, journal, or other means of periodically recording materials or notes recorded or kept by any person currently or previously affiliated with the Defendants who supervised Plaintiff regarding Plaintiff.

91. Any and all documents that Defendants have identified to be used at trial other than as disclosed in Defendants' response to any foregoing requests.

92. All statements obtained by you and/or your attorneys, either recorded or written, at the time of or subsequent to the incidents alleged in the complaint filed therein.

93. Each and every document supporting Defendants' affirmative defenses.

94. All documents upon which Defendants rely to support any finding and/or conclusion that Plaintiff was not properly performing her job duties with Defendants at any time during her employment/affiliation with Defendants.

95. Defendants' complete investigative file regarding any and all complaints brought by any person against Plaintiff, including, but not limited to any memoranda or other written instructions initiating the investigation, any and all notes taken during the investigation (including

interview notes), any report (whether final or preliminary) on the investigation, and if an attorney conducted the investigation, any document specifying the scope of the attorney's engagement.

96. The current resume or list of qualifications of any expert witness, advisor or consultant who has been retained by the Defendants in the above-entitled proceeding.

97. All reports, studies and/or commentaries, formal or informal, of any expert witness, consultant or advisor who has been retained by the Defendants in the above-entitled proceeding.

98. All documents showing all evidence of wrongdoing by Plaintiff that Defendants relied upon to in the decision to terminate Plaintiff.

99. All documents that Defendants received from FCHR and/or the EEOC regarding and/or that pertained to Plaintiff's charges of discrimination and/or retaliation.

100. A list of all documents which are being withheld from production by virtue of any privilege of non-production or for any other reason (this list should identify each document by its name, date, author and recipient and specify the reason for withholding it from production). If there are documents responsive to any of the foregoing requests which you refuse to produce, please define or designate the documents in your response with sufficient particularity to allow Plaintiff to make a motion for a court order to require production of these documents.

PLEASE TAKE NOTICE THAT Plaintiff will object to the introduction at the trial of any document which is not produced in response to the foregoing requests and to any evidence about any requested document which has not been revealed by an appropriate response to this Request for Production of Documents.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk via the Florida Courts e-Filing Portal this 26th day of October 2022, which will send Notification of Electronic Filing to all counsel of record.

/s/ Marie A. Mattox
Marie A. Mattox

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,**

**Plaintiff,**

**v.**

**BLUE MANAGEMENT SERVICES, LLC. D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC. F/K/A EMCARE PHYSICIANSERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,**

**Defendants.**
________________________________________/

**CASE NO.: 20-CA-64**
**FLA BAR NO.: 0739685**

**PLAINTIFF'S NOTICE OF TAKING DEPOSITIONS VIA VIDEO-CONFERENCE ZOOM**

TO: Lisa Fountain, Esq.
123 North Monroe Street
Tallahassee, Florida 32301

Michael B. Kelly, Esq.
COLE, SCOTT & KISSANE, P.A.
890 South Palafox Street, Suite 200
Pensacola, Florida 32502

Richard N. Margulies, Esq.
JACKSON LEWIS P.C.
501 Riverside Avenue, Suite 902
Jacksonville, FL 32202

PLEASE TAKE NOTICE that the undersigned will take the depositions of the following persons pursuant to Rule 1.310, Florida Rules of Civil Procedure, on **March 17 and 28, 2023,**

beginning at the times listed below before a notary public or person authorized by law to take depositions in the State of Florida and/or the applicable state:

**March 17, 2023**

| **Deponent** | **Time** |
|---|---|
| Janet Kinney | 9:00 a.m. CT/10:00 a.m. ET |
| Janna Matautia | 10:00 a.m. CT/11:00 a.m. ET |
| Dr. Timothy Adamcryk | 11:00 a.m. CT/12:00 p.m. ET |
| Dr. Murray Baker | 1:00 p.m. CT/2:00 p.m. ET |
| Olevia McNally | 2:00 p.m. CT/3:00 p.m. ET |
| Michael Kozer | 3:00 p.m. CT/4:00 p.m. ET |

**Reporter:** **Apex** **VIA VIDEO-CONFERENCE ZOOM**

**March 28, 2023**

| **Deponent** | **Time** |
|---|---|
| Mark Plummer | 9:00 a.m. CT/10:00 a.m. ET |
| Dr. Lee Johnson | 10:00 a.m. CT/11:00 a.m. ET |
| Tammy Jarvis | 11:00 a.m. CT/12:00 p.m. ET |
| Mackenzie Dees | 1:00 p.m. CT/2:00 p.m. ET |
| Stan Whittaker | 2:00 p.m. CT/3:00 p.m. ET |
| Mary Sue Moore | 3:00 p.m. CT/4:00 p.m. ET |

**Reporter:** **Apex** **VIA VIDEO-CONFERENCE ZOOM**

These depositions will be taken by oral examination before an officer duly authorized by law to take depositions, and are being taken for the purposes of discovery, for use at trial, or both, or for such other purposes as are permitted under the applicable and governing rules. These depositions will continue from day to day until completed. These depositions will continue from day to day until completed.

In compliance with the Americans with Disabilities Act of 1990, you are hereby notified that if you require special accommodations due to a disability, contact Marie A. Mattox no

later than seven (7) days prior to the date your appearance is required pursuant to this notice to ensure that reasonable accommodations are available.

PLEASE GOVERN YOURSELF ACCORDINGLY.

Respectfully submitted,

/s/ Marie A. Mattox

Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
Primary Email: marie@mattoxlaw.com
Secondary Email: michelle@mattoxlaw.com
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)

ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk via the Florida Courts e-Filing Portal only this 26th day of November 2022, which will send Notification of Electronic Filing to all counsel of record.

/s/ Marie A. Mattox
Marie A. Mattox

cc: Apex

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,** **CASE NO.: 20-CA-64**

**Plaintiff,**

**v.**

**BLUE MANAGEMENT SERVICES, LLC.**
**D/B/A ALLIANT MANAGEMENT SERVICES;**
**ENVISION PHYSICIAN SERVICES, LLC.**
**F/K/A EMCARE PHYSICIANSERVICES, INC.;**
**and CALHOUN-LIBERTY HOSPITAL**
**ASSOCIATION, INC.,**

**Defendants.**
_______________________________________/

**DEFENDANT BLUE MANAGEMENT SERVICES, LLC, d/b/a ALLIANT MANAGEMENT SERVICES' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS**

COMES NOW, **BLUE MANAGEMENT SERVICES, LLC d/b/a ALLIANT MANAGEMENT SERVICES** ("ALLIANT" or "Defendant"), by and through the undersigned counsel, pursuant to Rule 1.350, Florida Rules of Civil Procedure, and hereby serves responses, including, but not limited to, any objections, to Plaintiff's Request for Production to Defendant as follows:

**QUALIFICATIONS**

A. Defendant does not intend the provisioning of these responses (or the production of materials or documents hereunder) to be construed as a waiver of any claim of privilege, including attorney-client and work product. If a response (or the production of materials or documents hereunder) is made for which a claim of privilege is applicable, any such response (or the production of materials or documents hereunder) shall be deemed inadvertent and shall not be deemed a waiver of privilege.

B. Defendant makes these responses (or the production of materials or documents hereunder) subject to the reservation that Defendant makes no representation of authenticity concerning any materials or documents referenced hereunder and Defendant makes no representation of accuracy of the contents of any materials or documents referenced hereunder.

C. Defendant makes these responses (or the production of materials or documents hereunder) subject to the reservation that discovery is on-going and that such responses (or the production of materials or documents hereunder) shall not waive Defendant's right to supplement the information contained or referenced herein (or materials or documents produced hereunder) to the extent that additional information (or materials or documents) becomes available and known to Defendant, subject to and without waiving any aforementioned objections or any future additional objections.

D. Only those documents/records in the possession, custody or control of Defendant or those which are required to be produced by Fla. R. Civ. P. 1.350 will be so produced.

**DOCUMENTS**

1. The entire personnel, disciplinary, investigative, time and attendance, Inspector General, supervisor, and payroll files for the following: Plaintiff, Janet Kinney, Janna Matautia, Timothy Adamcryk, Olivia McNally, Michael Kozar, Dr. Lee Johnson, Tammy Jarvis, Esther Stoltzfus, and Paige Tolley.

**<u>RESPONSE:</u> According to the Amended Complaint, Plaintiff began her employment with CLH in September of 2016 and was terminated on January 20, 2020. Nevertheless, this request seeks the production of documents for a time period 8 months prior to the time Plaintiff was employed, and for a period of nearly three years after her termination. As such, Defendant objects to this request as harassing, overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence, and will not lead to resolving the issues in the case.**

**Defendant further objects to this request as not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and will not lead to resolving the issues in the case. Mr. Kozar's personnel file, applications for employment, resumes, employment records, employment contracts, appointment letters,**

**personnel files, payroll records, position descriptions, benefits information, tax forms, and leave and time records, and the like, have no relevance whatsoever to any issue in this case.**

2. All policies, procedures, rules and regulations that applied to Plaintiff's employment and/or affiliation with each and every Defendant for the time period covered by this request.

**<u>RESPONSE:</u> According to the Amended Complaint, Plaintiff began her employment with CLH in September of 2016 and was terminated on January 20, 2020. Nevertheless, this request seeks the production of documents for a time period 8 months prior to the time Plaintiff was employed, and for a period of nearly three years after her termination. As such, Defendant objects to this request as harassing, overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence, and will not lead to resolving the issues in the case.**

**Notwithstanding the foregoing objections, none in the possession of this Defendant. Plaintiff was neither employed by nor affiliated with the Defendant.**

3. All contracts and/or agreements between Defendants that existed during the time period covered by this request.

**<u>RESPONSE:</u> According to the Amended Complaint, Plaintiff began her employment with CLH in September of 2016 and was terminated on January 20, 2020. Nevertheless, this request seeks the production of documents for a time period 8 months prior to the time Plaintiff was employed, and for a period of nearly three years after her termination. As such, Defendant objects to this request as harassing, overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence, and will not lead to resolving the issues in the case.**

**Documents not subject to the foregoing objection are produced herewith. See Bates 001-021; 022-042.**

4. All job and position descriptions for ER Medical Director, Physician, ER physician, Chief Executive Officer, Chief Nursing Officer, Regional Medical Director and Risk Manager for Defendants for personnel located at the location of Defendants where Plaintiff was employed and/or affiliated with Defendants.

**<u>RESPONSE:</u> According to the Amended Complaint, Plaintiff began her employment with CLH in September of 2016 and was terminated on January 20, 2020. Nevertheless, this request seeks the production of documents for a time period 8 months prior to the time Plaintiff was employed, and for a period of nearly three years after her termination. As such, Defendant objects to this request as harassing, overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not**

**relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence, and will not lead to resolving the issues in the case.**

**Notwithstanding the foregoing objections, none in the possession of this Defendant. Plaintiff was neither employed by nor affiliated with the Defendant.**

5. All personnel, payroll, and disciplinary files for all persons who have been hired and/or transferred into the last position that Plaintiff held with Defendant after her termination/separation.

**<u>RESPONSE:</u> None in the possession of this Defendant. Plaintiff was neither employed by nor affiliated with the Defendant.**

6. All evaluations performed on the Plaintiff for the entire time she was employed by and/or affiliated with Defendants.

**<u>RESPONSE:</u> None in the possession of this Defendant. Plaintiff was neither employed by nor affiliated with the Defendant.**

7. All documents upon which Defendant relied in the preparation of the performance evaluations referenced in request 6 above.

**<u>RESPONSE:</u> None in the possession of this Defendant. Plaintiff was neither employed by nor affiliated with the Defendant.**

8. All files including any and/or all reports of investigations and all documents collected and/or created during any and/or all investigations of any matter pertaining to Plaintiff.

**<u>RESPONSE:</u> Defendant objects to this request as it calls for the production of documents protected by the attorney client privilege and work product doctrine. Notwithstanding the foregoing objections, none in the possession of this Defendant. Plaintiff was neither employed by nor affiliated with the Defendant.**

9. Any and/or all complaints Plaintiff made against and/or about Dr. Tim Adamcryk to any/all Defendants during the entire course of her employment/affiliation with said Defendants.

**<u>RESPONSE</u>: Defendant objects to this request as phrased as Plaintiff was neither employed by nor affiliated with the Defendant. Notwithstanding the foregoing objection, none in the possession of this Defendant.**

10. All investigations conducted of all complaints made about any person and/or entity during the time period covered by this request.

**RESPONSE: Defendant objects to this request as vague, unclear, nonsensical, and overly broad. Furthermore, according to the Amended Complaint, Plaintiff began her employment with CLH in September of 2016 and was terminated on January 20, 2020. Nevertheless, this request seeks the production of documents for a time period 8 months prior to the time Plaintiff was employed, and for a period of nearly three years after her termination. As such, Defendant objects to this request as harassing, overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence, and will not lead to resolving the issues in the case. Lastly, Defendant objects on the basis of the attorney client privilege and work product doctrine.**

11. All investigations conducted about and/or regarding Tim Adamcryk during the entire course of his employment/affiliation with Defendants.

**RESPONSE: Defendant objects to this request as phrased as Plaintiff was neither employed by nor affiliated with the Defendant. Notwithstanding the foregoing objection, none in the possession of this Defendant.**

12. All files including any and/or all reports of investigations and all documents collected and/or created during any and/or all investigations of any complaints against and/or about Plaintiff.

**RESPONSE: Defendant objects to this request as phrased as Plaintiff was neither employed by nor affiliated with the Defendant. Notwithstanding the foregoing objection, none in the possession of this Defendant.**

13. A list of all physicians on staff at Calhoun Liberty Hospital (CLH) from January 1, 2015-December 31, 2021.

**RESPONSE: According to the Amended Complaint, Plaintiff began her employment with CLH in September of 2016 and was terminated on January 20, 2020. Nevertheless, this request seeks the production of documents for a time period 8 months prior to the time Plaintiff was employed, and for a period of nearly three years after her termination. As such, Defendant objects to this request as harassing, overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence, and will not lead to resolving the issues in the case.**

**Notwithstanding the foregoing objections, none in the possession of this Defendant.**

14. The personnel and disciplinary files for all physicians who have been on staff with Defendant Calhoun Liberty Hospital for the time period covered by this request.

**RESPONSE: According to the Amended Complaint, Plaintiff began her employment with CLH in September of 2016 and was terminated on January 20, 2020. Nevertheless, this request seeks the production of documents for a time period 8 months prior to the time Plaintiff was employed, and for a period of nearly three years after her termination. As such, Defendant objects to this request as harassing, overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence, and will not lead to resolving the issues in the case.**

**Notwithstanding the foregoing objections, none in the possession of this Defendant.**

15. All organizational charts for all the Defendants for the time period in this request.

**RESPONSE: According to the Amended Complaint, Plaintiff began her employment with CLH in September of 2016 and was terminated on January 20, 2020. Nevertheless, this request seeks the production of documents for a time period 8 months prior to the time Plaintiff was employed, and for a period of nearly three years after her termination. As such, Defendant objects to this request as harassing, overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and will not lead to resolving the issues in the case.**

**Notwithstanding the foregoing objections, discovery is ongoing.**

16. All data related to physician greet times for all physicians providing ER care for any and/or all Defendant at CLH for the time period covered by this request compiled by any/all of the Defendants.

**RESPONSE: According to the Amended Complaint, Plaintiff began her employment with CLH in September of 2016 and was terminated on January 20, 2020. Nevertheless, this request seeks the production of documents for a time period 8 months prior to the time Plaintiff was employed, and for a period of nearly three years after her termination. As such, Defendant objects to this request as harassing, overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence, and will not lead to resolving the issues in the case.**

**Notwithstanding the foregoing objections, none in the possession of this Defendant.**

17. All prior personnel, credentialing, investigative, and EEOC and FCHR files obtained by Defendants regarding all prior employment of Dr. Tim Adamcryk before working or becoming affiliated with one or more Defendants in this case.

**RESPONSE: Defendant objects to this request as phrased as Dr. Adamcryk was neither employed by nor affiliated with the Defendant. Defendant further objects that this request is vague and overly broad in scope. Notwithstanding the foregoing objection, none in the possession of this Defendant.**

18. All credentialing files for all physicians who were working at CLH during the time period applicable to this action.

**RESPONSE: None in the possession of this Defendant.**

19. All statements and/or affidavits collected during any investigation of Plaintiff and Tim Adamcryk.

**RESPONSE: Defendant objects as this request calls for the production of documents protected by the attorney client privilege and work product doctrine.**

**Documents not subject to the foregoing objections, none in the possession of this Defendant.**

20. All documents related to the vacant position in 2019 for the ER Medical Director at CLH including applications received, interview notes for all candidates interviewed and the identity of all persons who were involved in hiring Plaintiff for this position.

**RESPONSE: None in the possession of this Defendant.**

21. Any and all emails related to the ER Medical Director position between Kinney, Matautia, Michael Kozar and HR in June and July 2019.

**RESPONSE: Discovery is ongoing.**

22. All emails sent and/or received by Plaintiff during her affiliation/employment with any and/or all Defendants.

**RESPONSE: Defendant objects to this request as phrased as Plaintiff was neither employed by nor affiliated with the Defendant. Notwithstanding the foregoing objection, see Bates 043-044.**

23. All patient complaints received about the Plaintiff for her entire employment/affiliation with the Defendants.

**RESPONSE: Defendant objects to this request as phrased as Plaintiff was neither employed by nor affiliated with the Defendant. Notwithstanding the foregoing objection, none in the possession of this Defendant.**

24. All patient complaints received about and/or against any and/or all persons affiliated/employed with CLH during the time period covered by this request.

**RESPONSE: Defendant objects to this request as vague, unclear, and overly broad in scope.**

25. All investigations of all patient complaints referenced in request 24 above.

**RESPONSE: See objection to #24.**

26. All documents relied upon by CEO Kinney to threaten Plaintiff with termination in the meeting in July 2019.

**RESPONSE: None in the possession of this Defendant.**

27. All documents that pertain to CEO Kinney threatening to fire Plaintiff in July, 2019.

**RESPONSE: None in the possession of this Defendant.**

28. All documents pertaining to surveillance cameras on CLH property and the date that same cameras became operational.

**RESPONSE: None in the possession of this Defendant.**

29. All medical bylaws and policies related to Board Meeting attendance and meeting minute distribution for CLH.

**RESPONSE: None in the possession of this Defendant.**

30. All documents including without limitation emails showing meeting minutes that were given to the ER Director by the Board of CLH.

**RESPONSE: None in the possession of this Defendant.**

31. All schedules for physician coverage for Defendant CLH for Dr. Tim Adamcryk from July to December 2019.

**RESPONSE: None in the possession of this Defendant.**

32. All documents, memos, notes and emails sent and/or received by Olevia McNally pertaining to Tim Adamcryk in August 2019 and/or the Plaintiff reporting Adamcryk's behavior and conduct.

**RESPONSE: None in the possession of this Defendant.**

33. All documents related to the investigation of the violation of Hospital Licensing and Regulation, § 395.1055(1)(a), Florida Statutes by Dr. Tim Adamcryk as reported by the Plaintiff.

**RESPONSE: None in the possession of this Defendant.**

34. All text messages between Olevia McNally and the Plaintiff from July 2019 to the present.

**RESPONSE: None in the possession of this Defendant.**

35. All documents relied upon by McNally for her text messages to Plaintiff that Defendant ENVISON needed Defendant CLH to approve any disciplinary action on Dr. Tim Adamcryk after his conduct and behavior were reported.

**RESPONSE: None in the possession of this Defendant.**

36. All documents related to the meeting on or around October 24, 2019 between Plaintiff, Kozar, Matautia and Mark Plummer.

**RESPONSE: None in the possession of this Defendant.**

37. All emails between Kozar, Matautia and Mark Plummer pertaining to Plaintiff and/or Tim Adamcryk between October 23, 2019 and November 1, 2019.

**RESPONSE: None in the possession of this Defendant.**

38. All documents including without limitation emails and text messages between Kinney and Plaintiff for the entirety of October and November, 2019.

**RESPONSE: None in the possession of this Defendant.**

39. All documents in which Kinney and/or any other person(s) addressing at any time with Dr. Adamcryk his reported drinking on the property and/or other complaints reported by Plaintiff and/or any other persons.

**RESPONSE: None in the possession of this Defendant.**

40. All documents related to disciplinary or remedial action taken against Tim Adamcryk during his affiliation with any and/or all Defendants.

**RESPONSE: Defendant objects to this request as phrased as Dr. Adamcryk was neither employed by nor affiliated with the Defendant. Notwithstanding the foregoing objection, none in the possession of this Defendant.**

41. Any and all complaints received and investigated by the Agency for Healthcare Administration (AHCA) related to physicians employed by and/or affiliated with Defendants who worked at CLH in 2019.

**RESPONSE: Defendant objects to this request as overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence, and will not lead to resolving the issues in the case.**

42. All documents and information relied upon for Defendants to accuse Plaintiff of not seeing patients and "gossiping" with nursing staff from October 2019 to December 2019.

**RESPONSE: Defendant objects to this request as phrased because it assumes facts not in evidence. Notwithstanding the foregoing objection, none in the possession of this Defendant.**

43. All documents authored and/or received by Defendant about Plaintiff and/or Tim Adamcryk.

**RESPONSE: According to the Amended Complaint, Plaintiff began her employment with CLH in September of 2016 and was terminated on January 20, 2020. Nevertheless, this request seeks the production of documents for a time period 8 months prior to the time Plaintiff was employed, and for a period of nearly three years after her termination. As such, Defendant objects to this request as harassing, overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence, and will not lead to resolving the issues in the case.**

**Notwithstanding the foregoing objection, see Bates 043-044.**

44. All emails between Plaintiff and Chairman Mark Plummer from November 1, 2019 to January 31, 2020.

**RESPONSE: None in the possession of this Defendant.**

45. All nursing staffing policies and plans including vacancies and nurse turnover for the time period in this request.

**RESPONSE: Defendant objects to this request as it is overly broad in temporal scope. Notwithstanding the foregoing objection, none in the possession of this Defendant.**

46. All daily staff assignment sheets from ER and Nursing Supervisors from October 1, 2019 to January 31, 2020.

**RESPONSE: None in the possession of this Defendant.**

47. All nursing staff schedules for the ER for July 1, 2019 to January 31, 2020.

**RESPONSE: None in the possession of this Defendant.**

48. All documents including emails and text messages related to the shortage of supplies in the Defendant CLH facility in 2019.

**RESPONSE: None in the possession of this Defendant.**

49. The personnel and disciplinary files for all persons terminated, resigned and/or whose contracts were not renewed in calendar year 2019 who previously worked at CLH.

**RESPONSE: None in the possession of this Defendant.**

50. All exit surveys completed by persons who resigned from their positions with CLH in 2019.

**RESPONSE: None in the possession of this Defendant.**

51. All documents including but not limited to emails related to all phone conversations between Plaintiff and Chairman Plummer in or around November 2019.

**RESPONSE: None in the possession of this Defendant.**

52. All emails between Janet Kinney, Janna Matautia and Esther Stolzfus that reference and/or pertain to Plaintiff.

**RESPONSE: None in the possession of this Defendant.**

53. All Risk Management and Nursing administration logs or documentation regarding patient complaints against physicians at CLH for the time period covered by this request.

**RESPONSE: Defendant objects to this request as it is overly broad in temporal scope. Notwithstanding the foregoing objection, none in the possession of this Defendant.**

54. All documents including without limitation emails that were generated as a result of or that were about the meeting on November 25, 2019, between Plaintiff and Michael Kozar at a local McDonald's.

**RESPONSE: See Bates 043-044.**

55. All documents CNO Matautia relied upon to approach the Plaintiff on December 9, 2019, and accuse her of not seeing a patient.

**RESPONSE: None in the possession of this Defendant.**

56. All documents, notes and emails created by CNO Matautia related to a patient interaction with Plaintiff on December 9, 2019, including all information received after calling the patient's family.

**RESPONSE: None in the possession of this Defendant.**

57. All documents including without limitation emails and text messages pertaining to or regarding Plaintiff notifying Dr. Lee Johnson verbally on the phone of an incident and/or interactions on December 9, 2019, between Plaintiff and Jana Matautia.

**RESPONSE: None in the possession of this Defendant.**

58. All text messages between Plaintiff and Defendant CLH Chairman Plummer on December 9, 2019.

**RESPONSE: None in the possession of this Defendant.**

59. All text messaged between Plaintiff and Defendant ALLIANT CEO Kozar on December 9, 2019.

**RESPONSE: None in the possession of this Defendant.**

60. All documents, social media post, text messages and screenshots relied upon by Defendant CLH Janet Kinney to accuse Plaintiff of sending inappropriate text and Instagram post.

**RESPONSE: None in the possession of this Defendant.**

61. All emails related to Plaintiff and the inappropriate text messages and the fake Instagram post between Janna Matautia, Janet Kinney and Esther Stoltzfus in December 2019.

**RESPONSE: None in the possession of this Defendant.**

62. All video and security camera footage of Dr. Adamcryk reviewed by Defendant showing him drinking alcohol and being on premises when not on duty talking to staff in parking lots.

**RESPONSE: None in the possession of this Defendant.**

63. All documents relied upon to not discipline Dr. Adamcryk after multiple complaints regarding behavior and conduct.

**RESPONSE: None in the possession of this Defendant.**

64. All documents related to the phone call between Plaintiff and CEO Kozar on or about December 10, 2019, regarding Plaintiff's reported retaliation.

**RESPONSE: Defendant objects to this request as phrased as it assumes facts not in evidence. Nothwithstanding the foregoing objection, discovery ongoing.**

65. All documents including emails and text messages related to any investigation of nurses suspected of narcotic diversion in during the time period covered by this request.

**RESPONSE: None in the possession of this Defendant.**

66. All Interventional programs for nurses (IPN) contracts that were initiated from any and/or all complaints against any and/or all nurses suspected of narcotic diversion during the time period covered by this request. (Redacted for confidentiality).

**RESPONSE: None in the possession of this Defendant.**

67. All complaints about any and/or all nurses who were suspected and/or accused of narcotic diversion during the time period covered by this request.

**RESPONSE: None in the possession of this Defendant.**

68. All documents including notes taken related to Defendant ENVISION's HR representative Tammy Jarvis and RMD Johnson informing Plaintiff of a letter sent to terminate her from Defendant CEO Kinney on January 19, 2020.

**RESPONSE: None in the possession of this Defendant.**

69. All documents relied upon to terminate Plaintiff.

**RESPONSE: None in the possession of this Defendant.**

70. All documents that set forth the reason that any and/or all Defendants demanded that Plaintiff not speak to CLH employee or be on CLH property on or after January 20, 2019.

**RESPONSE: Defendant objects to this request as phrased as it assumes facts not in evidence. Nothwithstanding the foregoing objection, none in the possession of this Defendant.**

71. All documents showing and/or confirming the contractual and/or employment relationship between Defendants and Plaintiff.

**RESPONSE: None. Plaintiff was not employed by this Defendant.**

72. All text messages from Paige Tolley to ER staff pertaining to Plaintiff.

**RESPONSE: None in the possession of this Defendant.**

73. All documents relied upon by Paige Tolley to write text message pertaining to the Plaintiff stating "pretty awful things transpired".

**RESPONSE: None in the possession of this Defendant.**

74. All emails sent/received by Defendant CLH regarding the termination of Plaintiff.

**RESPONSE: This request does not apply to this Defendant.**

75. All information provided to all third parties for employment verification and references for the Plaintiff.

**RESPONSE: None in the possession of this Defendant.**

76. All emails sent by Janna Matautia and/or Janet Kinney regarding Plaintiff to any TMH email address for the time period covered by this request.

**RESPONSE: None in the possession of this Defendant.**

77. All documents relied upon by CNO Matautia to transfer reference phone calls to the physician line related to Plaintiff's prior employment.

**RESPONSE: None in the possession of this Defendant.**

78. All documents showing criminal charges brought against Matautia.

**RESPONSE: None in the possession of this Defendant.**

79. All documents showing any and/or all documents provided to any law enforcement agency and/or to any State Attorney's Office about Matautia.

**RESPONSE: None in the possession of this Defendant.**

80. All documents showing all background investigations of Matautia prior to being hired at CLH.

**RESPONSE: None in the possession of this Defendant.**

81. All documents showing the reason that Matautia is no longer employed and/or affiliated with any and/or all Defendants.

**RESPONSE: Defendant objects to this request as framed as Matuautia has never been employed by or affiliated with this Defendant. None in the possession of this Defendant.**

82. All letters, notes, emails, telephone logs, faxes and any other documents in Defendants' possession and/or control that reference Plaintiff's employment or termination.

**RESPONSE: Defendant objects to this request as it calls for the production of documents protected by the attorney client privilege and work product doctrine. Notwithstanding the foregoing objections, see Bates 043-044.**

83. All documents that Kinney, Stoltzfus and/or Matautia created about Plaintiff during the time period covered by this request.

**RESPONSE: Defendant objects to this request as it is overly broad in temporal scope. Notwithstanding the foregoing objection, none in the possession of this Defendant.**

84. All documents that Defendants prepared and submitted to the Florida Commission on Human Relations (FCHR) and/or EEOC in response to all charges of discrimination and/or retaliation filed by Plaintiff involving Defendants.

**RESPONSE: Produce what we have.**

85. All documents that were provided to Defendants' Risk Management by Kinney and/or Matautia about Plaintiff.

**RESPONSE: None in the possession of this Defendant.**

86. All documents showing each and every communication between any/all the Defendants' Human Resources office personnel and any other persons about and/or pertaining to Plaintiff.

**RESPONSE: Defendant objects to this request as overly broad and vague.**

87. All documents referring or relating to the subject matter of this action which have been furnished to or received by the Defendants attorneys in connection with their defense of this action, except documents protected by a recognized privilege of non-production.

**RESPONSE: Defendant objects to this request as it calls for the production of documents protected by the attorney client privilege and work product doctrine. Notwithstanding the foregoing objection, none other than those documents produced herein.**

88. All transcripts, audio tapes, and video tapes (including depositions) obtained by Defendants involving Plaintiff, including, but not limited to, unemployment compensation hearings, conferences, grievance hearings, and Union grievances.

**RESPONSE: None in the possession of this Defendant.**

89. All documents Defendants provided to and/or the Defendants received from any third party to this action regarding Plaintiff.

**RESPONSE: None in the possession of this Defendant.**

90. Any diary, pocket calendar, desk calendar, journal, or other means of periodically recording materials or notes recorded or kept by any person currently or previously affiliated with the Defendants who supervised Plaintiff regarding Plaintiff.

**RESPONSE: None in the possession of this Defendant as this Defendant did not employ, and thus did not supervise, Plaintiff.**

91. Any and all documents that Defendants have identified to be used at trial other than as disclosed in Defendants' response to any foregoing requests.

**RESPONSE: Not yet determined.**

92. All statements obtained by you and/or your attorneys, either recorded or written, at the time of or subsequent to the incidents alleged in the complaint filed therein.

**RESPONSE: Defendant objects to this request as it calls for the production of documents protected by the attorney client privilege and work product doctrine. Notwithstanding the foregoing objection, none other than those documents produced herein.**

93. Each and every document supporting Defendants' affirmative defenses.

**RESPONSE: See all documents produced herein.**

94. All documents upon which Defendants rely to support any finding and/or conclusion that Plaintiff was not properly performing her job duties with Defendants at any time during her employment/affiliation with Defendants.

**RESPONSE: Defendant objects to this request as Plaintiff was neither employed by nor affiliated with this Defendant.**

95. Defendants' complete investigative file regarding any and all complaints brought by any person against Plaintiff, including, but not limited to any memoranda or other written instructions initiating the investigation, any and all notes taken during the investigation (including interview notes), any report (whether final or preliminary) on the investigation, and if an attorney conducted the investigation, any document specifying the scope of the attorney's engagement.

**RESPONSE: None in the possession of this Defendant.**

96. The current resume or list of qualifications of any expert witness, advisor or consultant who has been retained by the Defendants in the above-entitled proceeding.

**RESPONSE: Expert witnesses have not yet been identified.**

97. All reports, studies and/or commentaries, formal or informal, of any expert witness, consultant or advisor who has been retained by the Defendants in the above-entitled proceeding.

**RESPONSE: See response to #97 above.**

98. All documents showing all evidence of wrongdoing by Plaintiff that Defendants relied upon to in the decision to terminate Plaintiff.

**RESPONSE: Defendant objects to this request as Plaintiff was neither employed by nor affiliated with this Defendant.**

99. All documents that Defendants received from FCHR and/or the EEOC regarding and/or that pertained to Plaintiff's charges of discrimination and/or retaliation.

**RESPONSE: None.**

100. A list of all documents which are being withheld from production by virtue of any privilege of non-production or for any other reason (this list should identify each document by its name, date, author and recipient and specify the reason for withholding it from production). If

there are documents responsive to any of the foregoing requests which you refuse to produce, please define or designate the documents in your response with sufficient particularity to allow Plaintiff to make a motion for a court order to require production of these documents.

**RESPONSE:** **See below.**

**DEFENDANT'S PRIVILEGE LOG**

| **DOCUMENT(S)** | **DATE(S)** | **PRIVILEGE ASSERTED** |
|---|---|---|
| Any and all notes and/or other documents created, revised, commented on or requested by the Defendant's attorneys and/or staff. | | Attorney-Client Privilege; Work-Product Doctrine |
| Any and all communication between Defendant's attorneys and Defendant and/or Defendant's employees/agents related to this case. | | Attorney-Client Privilege; Work-Product Doctrine |
| Any and all notes and/or writings by Defendant's employees prepared at the instruction of its attorneys, or any and all notes, e-mails and documents prepared by Defendant's employees or its attorneys in anticipation of litigation or related to this case. | | Attorney-Client Privilege; Work-Product Doctrine |
| Documents referencing or memorializing communications, including emails, between Defendant's attorneys and employees, former employees, or potential witnesses regarding preparations for meetings, telephone conferences, testimony or discussions in anticipation of litigation or the defense of active litigation related to Plaintiff. | | Attorney-Client Privilege; Work-Product Doctrine |

Dated this 2nd day of December 2022.

Respectfully submitted,

/s/*Lisa B. Fountain*
**LISA B. FOUNTAIN**
Florida Bar No. 0948802
Email: lfountain@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: 850-205-1996
Facsimile: 850-205-3004

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of December 2022, a true and correct copy of the foregoing document was furnished via the Florida Court's E-Filing Portal, and via electronic mail to all counsel of record.

/s/*Lisa B. Fountain*
**LISA B. FOUNTAIN**

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA

CASE NO.: 20000064CAAXMX

MARY WATSON,

Plaintiff,

v.

BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,

Defendants.
________________________________/

**DEFENDANT, CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.'S PRIVILEGE LOG**

Defendant, CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC. (hereinafter "CLH"), by and through the undersigned counsel, hereby provides its privilege log pursuant to Fla. R. Civ. P. 1.280 and 1.350, with respect to its Responses to Plaintiff's First Request for Production.

| Subject/Description | Date | Author | Custody | Privilege |
|---|---|---|---|---|
| Documents related to investigation of Plaintiff's employment | Various | Various | Undersigned counsel | Attorney Client & Work Product Doctrines |
| Correspondence, notes, and documents regarding witness interviews and this litigation. | Various | Defendant and personnel of Cole, Scott & Kissane P.A. | Undersigned counsel | Attorney Client & Work Product Doctrines |

| Subject/Description | Date | Author | Custody | Privilege |
|---|---|---|---|---|
| Correspondence between Defendant and counsel. | Various | Defendant and personnel of Cole, Scott & Kissane P.A. | Undersigned counsel | Attorney Client Privilege |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of December, 2022, a true and correct copy of the foregoing was filed with the Clerk of Calhoun County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to all parties registered with the e-Filing Portal system:

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.*
890 South Palafox Street, Suite 200
Pensacola, Florida 32502
Telephone (850) 483-5909
Facsimile (850) 438-6969
Primary e-mail: randall.rogers@csklegal.com
Secondary e-mail: michael.kelly@csklegal.com
Alternate e-mail: zaray.avino@csklegal.com

By: /s/ Michael B. Kelly
RANDALL G. ROGERS
Florida Bar No.: 195626
MICHAEL B. KELLY
Florida Bar No.: 115345

1085.0944-00

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA

CASE NO.: 20000064CAAXMX

MARY WATSON,

Plaintiff,

v.

BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,

Defendants.
_________________________________/

**DEFENDANT, CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

Defendant, CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC. (hereinafter "CLH"), by and through the undersigned counsel and pursuant to Rule 1.350, *Florida Rules of Civil Procedure,* hereby responds to Plaintiff's First Request for Production as follows:

1. The entire personnel, disciplinary, investigative, time and attendance, Inspector General, supervisor, and payroll files for the following: Plaintiff, Janet Kinney, Janna Matautia, Timothy Adamcryk, Olivia McNally, Michael Kozar, Dr. Lee Johnson, Tammy Jarvis, Esther Stoltzfus, and Paige Tolley.

**RESPONSE:** **According to the Amended Complaint, Plaintiff began her employment in September of 2016 and was terminated on January 20, 2020. Further, Plaintiff was not an employee of CLH but was employed by Defendant, ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC. (hereinafter "Envision"). Nevertheless, this request seeks the production of documents for a time period 8 months prior**

**to the time Plaintiff was employed, and for a period of nearly three years after her termination. As such, Defendant objects to this request as harassing, overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence, and will not lead to resolving the issues in the case.**

**Defendant further objects to this request as not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and will not lead to resolving the issues in the case.**

**Without waiving said objections, please find the following documents responsive to this request Bates labeled as CSK 000001-000031 (#1 folder).**

2. All policies, procedures, rules and regulations that applied to Plaintiff's employment and/or affiliation with each and every Defendant for the time period covered by this request.

**RESPONSE: According to the Amended Complaint, Plaintiff began her employment in September of 2016 and was terminated on January 20, 2020. Further, Plaintiff was not an employee of CLH but was employed by Envision. Nevertheless, this request seeks the production of documents for a time period 8 months prior to the time Plaintiff was employed, and for a period of nearly three years after her termination. As such, Defendant objects to this request as harassing, overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence, and will not lead to resolving the issues in the case.**

**Without waiving said objections, please find the following documents responsive to this request Bates labeled as CSK 000032 - 000140 (#2 folder).**

3. All contracts and/or agreements between Defendants that existed during the time period covered by this request.

**RESPONSE: Please see documents produced in Response to Request No. 2.**

4. All job and position descriptions for ER Medical Director, Physician, ER physician, Chief Executive Officer, Chief Nursing Officer, Regional Medical Director and Risk Manager for Defendants for personnel located at the location of Defendants where Plaintiff was employed and/or affiliated with Defendants.

**RESPONSE: According to the Amended Complaint, Plaintiff began her employment in September of 2016 and was terminated on January 20, 2020. Further, Plaintiff was not an employee of CLH but was employed by Envision.**

**Nevertheless, this request seeks the production of documents for a time period 8 months prior to the time Plaintiff was employed, and for a period of nearly three years after her termination. As such, Defendant objects to this request as harassing, overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence, and will not lead to resolving the issues in the case.**

**Notwithstanding the foregoing objections, none in the possession of this Defendant. Plaintiff was neither employed by nor affiliated with the Defendant.**

5. All personnel, payroll, and disciplinary files for all persons who have been hired and/or transferred into the last position that Plaintiff held with Defendant after her termination/separation.

**RESPONSE:** **None in the possession of this Defendant. Plaintiff was neither employed by nor affiliated with the Defendant.**

6. All evaluations performed on the Plaintiff for the entire time she was employed by and/or affiliated with Defendants.

**RESPONSE:** **None in the possession of this Defendant. Plaintiff was neither employed by nor affiliated with the Defendant.**

7. All documents upon which Defendant relied in the preparation of the performance evaluations referenced in request 6 above.

**RESPONSE:** **None in the possession of this Defendant. Plaintiff was neither employed by nor affiliated with the Defendant.**

8. All files including any and/or all reports of investigations and all documents collected and/or created during any and/or all investigations of any matter pertaining to Plaintiff.

**RESPONSE:** **Defendant objects to this request as it calls for the production of documents protected by the attorney client privilege and work product doctrine. See Defendants' Privilege Log provided contemporaneously with this document. Notwithstanding the foregoing objections, please see documents produced in Response to Request No. 1. Further, please find the following documents responsive to this request Bates labeled as CSK 000141 – 000294 (#8 folder).**

9. Any and/or all complaints Plaintiff made against and/or about Dr. Tim Adamcryk to any/all Defendants during the entire course of her employment/affiliation with said Defendants.

**RESPONSE: Defendant objects to this request as phrased as Plaintiff was neither employed by nor affiliated with the Defendant. Notwithstanding the foregoing objection, please see documents produced in Response to Request No's 1 and 8 above.**

10. All investigations conducted of all complaints made about any person and/or entity during the time period covered by this request.

**RESPONSE: Defendant objects to this request as vague, unclear, nonsensical, and overly broad. Furthermore, according to the Amended Complaint, Plaintiff began her employment in September of 2016 and was terminated on January 20, 2020. Plaintiff was not an employee of CLH but was employed by Envision. Nevertheless, this request seeks the production of documents for a time period 8 months prior to the time Plaintiff was employed, and for a period of nearly three years after her termination. As such, Defendant objects to this request as harassing, overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence, and will not lead to resolving the issues in the case. Lastly, Defendant objects on the basis of the attorney client privilege and work product doctrine. See Defendants' Privilege Log.**

**Notwithstanding the foregoing objection, please see documents produced in Response to Request No's 1 and 8 above.**

11. All investigations conducted about and/or regarding Tim Adamcryk during the entire course of his employment/affiliation with Defendants.

**RESPONSE: Defendant objects to this request as phrased as Plaintiff was neither employed by nor affiliated with the Defendant. Notwithstanding the foregoing objection, none in the possession of this Defendant.**

12. All files including any and/or all reports of investigations and all documents collected and/or created during any and/or all investigations of any complaints against and/or about Plaintiff.

**RESPONSE: Defendant objects to this request as phrased as Plaintiff was neither employed by nor affiliated with the Defendant. Notwithstanding the foregoing objection, please see documents produced in Response to Request No's 1 and 8 above.**

13. A list of all physicians on staff at Calhoun Liberty Hospital (CLH) from January 1, 2015-December 31, 2021.

**RESPONSE: According to the Amended Complaint, Plaintiff began her employment with CLH in September of 2016 and was terminated on January 20, 2020. Nevertheless, this request seeks the production of documents for a time period 8 months prior to the time Plaintiff was employed, and for a period of nearly three years after her termination. As such, Defendant objects to this request as harassing, overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence, and will not lead to resolving the issues in the case.**

14. The personnel and disciplinary files for all physicians who have been on staff with Defendant Calhoun Liberty Hospital for the time period covered by this request.

**RESPONSE: According to the Amended Complaint, Plaintiff began her employment with CLH in September of 2016 and was terminated on January 20, 2020. Nevertheless, this request seeks the production of documents for a time period 8 months prior to the time Plaintiff was employed, and for a period of nearly three years after her termination. As such, Defendant objects to this request as harassing, overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence, and will not lead to resolving the issues in the case.**

15. All organizational charts for all the Defendants for the time period in this request.

**RESPONSE: According to the Amended Complaint, Plaintiff began her employment with CLH in September of 2016 and was terminated on January 20, 2020. Nevertheless, this request seeks the production of documents for a time period 8 months prior to the time Plaintiff was employed, and for a period of nearly three years after her termination. As such, Defendant objects to this request as harassing, overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and will not lead to resolving the issues in the case.**

**Subject to, but without waiving said objections, Defendant is not in possession of charts for Co-Defendants.**

16. All data related to physician greet times for all physicians providing ER care for any and/or all Defendant at CLH for the time period covered by this request compiled by any/all of the Defendants.

**RESPONSE: According to the Amended Complaint, Plaintiff began her employment with CLH in September of 2016 and was terminated on January 20, 2020. Nevertheless, this request seeks the production of documents for a time period 8 months prior to the time Plaintiff was employed, and for a period of nearly three years after her termination. As such, Defendant objects to this request as harassing, overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence, and will not lead to resolving the issues in the case. Further, this request is vague and ambiguous as it does not adequately define the term "data", making it difficult to respond.**

17. All prior personnel, credentialing, investigative, and EEOC and FCHR files obtained by Defendants regarding all prior employment of Dr. Tim Adamcryk before working or becoming affiliated with one or more Defendants in this case.

**RESPONSE: Defendant objects to this request as phrased as Dr. Adamcryk was neither employed by nor affiliated with the Defendant. Defendant further objects that this request is vague and overly broad in scope. Notwithstanding the foregoing objection, none in the possession of this Defendant.**

18. All credentialing files for all physicians who were working at CLH during the time period applicable to this action.

**RESPONSE: According to the Amended Complaint, Plaintiff began her employment in September of 2016 and was terminated on January 20, 2020. Further, Plaintiff was not an employee of CLH but was employed by Envision. Nevertheless, this request seeks the production of documents for a time period 8 months prior to the time Plaintiff was employed, and for a period of nearly three years after her termination. As such, Defendant objects to this request as harassing, overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence, and will not lead to resolving the issues in the case.**

**Further, this request seeks protected personal information of individuals that are not parties to this litigation.**

19. All statements and/or affidavits collected during any investigation of Plaintiff and Tim Adamcryk.

**RESPONSE: Defendant objects as this request calls for the production of documents protected by the attorney client privilege and work product doctrine. See Defendants' Privilege Log.**

**Notwithstanding the foregoing objection, please see documents produced in Response to Request No's 1 and 8 above.**

20. All documents related to the vacant position in 2019 for the ER Medical Director at CLH including applications received, interview notes for all candidates interviewed and the identity of all persons who were involved in hiring Plaintiff for this position.

**RESPONSE: Objection as this request seeks the production of documents that is overbroad, unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence, as well as containing protected personal information of individuals that are not parties to this litigation.**

**Notwithstanding the foregoing objection, please see documents produced in Response to Request No's 1 and 8 above.**

21. Any and all emails related to the ER Medical Director position between Kinney, Matautia, Michael Kozar and HR in June and July 2019.

**RESPONSE: Objection as this request does not adequately define the term "emails related to", as well as containing protected personal information of individuals that are not parties to this litigation.**

**Notwithstanding the foregoing objection, please see documents produced in Response to Request No's 1 and 8 above.**

22. All emails sent and/or received by Plaintiff during her affiliation/employment with any and/or all Defendants.

**RESPONSE: Defendant objects to this request as phrased as Plaintiff was neither employed by nor affiliated with the Defendant. Notwithstanding the foregoing objection, please see documents produced in Response to Request No's 1 and 8 above.**

23. All patient complaints received about the Plaintiff for her entire employment/affiliation with the Defendants.

**RESPONSE: Defendant objects to this request as phrased as Plaintiff was neither employed by nor affiliated with the Defendant. Notwithstanding the**

**foregoing objection, please see documents produced in Response to Request No's 1 and 8 above.**

24. All patient complaints received about and/or against any and/or all persons affiliated/employed with CLH during the time period covered by this request.

**RESPONSE: Defendant objects to this request as vague, unclear, and overly broad in scope.**

25. All investigations of all patient complaints referenced in request 24 above.

**RESPONSE: Defendant objects to this request as vague, unclear, and overly broad in scope.**

26. All documents relied upon by CEO Kinney to threaten Plaintiff with termination in the meeting in July 2019.

**RESPONSE: Defendant objects to this request as CEO Kinney did not threaten Plaintiff with termination in the July 2019 meeting.**

27. All documents that pertain to CEO Kinney threatening to fire Plaintiff in July, 2019.

**RESPONSE: Defendant objects to this request as CEO Kinney did not threaten Plaintiff with termination in the July 2019 meeting.**

28. All documents pertaining to surveillance cameras on CLH property and the date that same cameras became operational.

**RESPONSE: Objection as this request seeks the production of documents that is overbroad, unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence.**

29. All medical bylaws and policies related to Board Meeting attendance and meeting minute distribution for CLH.

**RESPONSE: Objection as this request seeks the production of documents that is overbroad, unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence.**

**Notwithstanding the foregoing objection, please see documents produced in Response to Request No 2 above.**

30. All documents including without limitation emails showing meeting minutes that were given to the ER Director by the Board of CLH.

**RESPONSE: Objection as this request seeks the production of documents that is overbroad, unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection, please see documents produced in Response to Request No's 1 and 8 above.**

31. All schedules for physician coverage for Defendant CLH for Dr. Tim Adamcryk from July to December 2019.

**RESPONSE: None in the possession of this Defendant**.

32. All documents, memos, notes and emails sent and/or received by Olevia McNally pertaining to Tim Adamcryk in August 2019 and/or the Plaintiff reporting Adamcryk's behavior and conduct.

**RESPONSE: Objection as this request seeks the production of documents that is overbroad, unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection, please see documents produced in Response to Request No's 1 and 8 above.**

33. All documents related to the investigation of the violation of Hospital Licensing and Regulation, § 395.1055(1)(a), Florida Statutes by Dr. Tim Adamcryk as reported by the Plaintiff.

**RESPONSE: Objection as this request seeks the production of documents that is overbroad, unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence.**

34. All text messages between Olevia McNally and the Plaintiff from July 2019 to the present.

**RESPONSE: Please see documents produced in Response to Request No's 1 and 8 above.**

35. All documents relied upon by McNally for her text messages to Plaintiff that Defendant ENVISON needed Defendant CLH to approve any disciplinary action on Dr. Tim Adamcryk after his conduct and behavior were reported.

**RESPONSE: Unknown what documents relied upon by McNally for her text messages to Plaintiff.**

36. All documents related to the meeting on or around October 24, 2019 between Plaintiff, Kozar, Matautia and Mark Plummer.

**RESPONSE: None in Defendant's possession, custody or control**

37. All emails between Kozar, Matautia and Mark Plummer pertaining to Plaintiff and/or Tim Adamcryk between October 23, 2019 and November 1, 2019.

**RESPONSE:** **None in Defendant's possession, custody or control**

38. All documents including without limitation emails and text messages between Kinney and Plaintiff for the entirety of October and November, 2019.

**RESPONSE:** **None in Defendant's possession.**

39. All documents in which Kinney and/or any other person(s) addressing at any time with Dr. Adamcryk his reported drinking on the property and/or other complaints reported by Plaintiff and/or any other persons.

**RESPONSE:** **None in Defendant's possession.**

40. All documents related to disciplinary or remedial action taken against Tim Adamcryk during his affiliation with any and/or all Defendants.

**RESPONSE:** **Defendant objects to this request as phrased as Dr. Adamcryk was neither employed by nor affiliated with the Defendant. Notwithstanding the foregoing objection, none in the possession of this Defendant.**

41. Any and all complaints received and investigated by the Agency for Healthcare Administration (AHCA) related to physicians employed by and/or affiliated with Defendants who worked at CLH in 2019.

**RESPONSE:** **Defendant objects to this request as overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence, and will not lead to resolving the issues in the case.**

42. All documents and information relied upon for Defendants to accuse Plaintiff of not seeing patients and "gossiping" with nursing staff from October 2019 to December 2019.

**RESPONSE:** **Defendant objects to this request as phrased because it assumes facts not in evidence. Notwithstanding the foregoing objection, please see documents produced in Response to Request No's 1 and 8 above.**

43. All documents authored and/or received by Defendant about Plaintiff and/or Tim Adamcryk.

**RESPONSE:** **According to the Amended Complaint, Plaintiff began her employment with CLH in September of 2016 and was terminated on January 20, 2020. Nevertheless, this request seeks the production of documents for a time period 8 months prior to the time Plaintiff was employed, and for a period of nearly three years after her termination. As such, Defendant objects to this request as harassing, overly broad in scope, unduly**

**burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence, and will not lead to resolving the issues in the case. Notwithstanding the foregoing objection, please see documents produced in Response to Request No's 1 and 8 above.**

44. All emails between Plaintiff and Chairman Mark Plummer from November 1, 2019 to January 31, 2020.

**RESPONSE: None in the possession of this Defendant.**

45. All nursing staffing policies and plans including vacancies and nurse turnover for the time period in this request.

**RESPONSE: Defendant objects to this request as it is overly broad in temporal scope. Notwithstanding the foregoing objection, please see documents produced in Response to Request No's 1 and 8 above.**

46. All daily staff assignment sheets from ER and Nursing Supervisors from October 1, 2019 to January 31, 2020.

**RESPONSE: None in the possession of this Defendant.**

47. All nursing staff schedules for the ER for July 1, 2019 to January 31, 2020.

**RESPONSE: None in the possession of this Defendant.**

48. All documents including emails and text messages related to the shortage of supplies in the Defendant CLH facility in 2019.

**RESPONSE: Defendant objects to this request as it is overly broad in temporal scope. Notwithstanding the foregoing objection, please see documents produced in Response to Request No's 1 and 8 above.**

49. The personnel and disciplinary files for all persons terminated, resigned and/or whose contracts were not renewed in calendar year 2019 who previously worked at CLH.

**RESPONSE: Defendant objects to this request as it is overly broad in temporal scope. Notwithstanding the foregoing objection, please see documents produced in Response to Request No's 1 and 8 above.**

50. All exit surveys completed by persons who resigned from their positions with CLH in 2019.

**RESPONSE: Objection as this request seeks the production of documents that is overbroad, unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence, as well as containing protected personal information of individuals that are not parties to this litigation.**

51. All documents including but not limited to emails related to all phone conversations between Plaintiff and Chairman Plummer in or around November 2019.

**RESPONSE: None in the possession of this Defendant.**

52. All emails between Janet Kinney, Janna Matautia and Esther Stolzfus that reference and/or pertain to Plaintiff.

**RESPONSE: Objection as this request seeks the production of documents that is overbroad, unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence, as well as containing protected personal information of individuals that are not parties to this litigation. Notwithstanding the foregoing objection, please see documents produced in Response to Request No's 1 and 8 above.**

53. All Risk Management and Nursing administration logs or documentation regarding patient complaints against physicians at CLH for the time period covered by this request.

**RESPONSE: Objection as this request seeks the production of documents that is overbroad, unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence, as well as containing protected personal information of individuals that are not parties to this litigation. Notwithstanding the foregoing objection, please see documents produced in Response to Request No's 1 and 8 above.**

54. All documents including without limitation emails that were generated as a result of or that were about the meeting on November 25, 2019, between Plaintiff and Michael Kozar at a local McDonald's.

**RESPONSE: None in the possession of this Defendant.**

55. All documents CNO Matautia relied upon to approach the Plaintiff on December 9, 2019, and accuse her of not seeing a patient.

**RESPONSE: None in the possession of this Defendant.**

56. All documents, notes and emails created by CNO Matautia related to a patient interaction with Plaintiff on December 9, 2019, including all information received after calling the patient's family.

**RESPONSE: None in the possession of this Defendant.**

57. All documents including without limitation emails and text messages pertaining to or regarding Plaintiff notifying Dr. Lee Johnson verbally on the phone of an incident and/or interactions on December 9, 2019, between Plaintiff and Jana Matautia.

**RESPONSE: None in the possession of this Defendant.**

58. All text messages between Plaintiff and Defendant CLH Chairman Plummer on December 9, 2019.

**RESPONSE: None in the possession of this Defendant.**

59. All text messaged between Plaintiff and Defendant ALLIANT CEO Kozar on December 9, 2019.

**RESPONSE: None in Defendant's possession, custody or control.**

60. All documents, social media post, text messages and screenshots relied upon by Defendant CLH Janet Kinney to accuse Plaintiff of sending inappropriate text and Instagram post.

**RESPONSE: Defendant objects to this request as phrased because it assumes facts not in evidence. Notwithstanding the foregoing objection, please see documents produced in Response to Request No's 1 and 8 above.**

61. All emails related to Plaintiff and the inappropriate text messages and the fake Instagram post between Janna Matautia, Janet Kinney and Esther Stoltzfus in December 2019.

**RESPONSE: Defendant objects to this request as phrased because it assumes facts not in evidence. Notwithstanding the foregoing objection, please see documents produced in Response to Request No's 1 and 8 above.**

62. All video and security camera footage of Dr. Adamcryk reviewed by Defendant showing him drinking alcohol and being on premises when not on duty talking to staff in parking lots.

**RESPONSE: None in Defendant's possession, custody or control.**

63. All documents relied upon to not discipline Dr. Adamcryk after multiple complaints regarding behavior and conduct.

**RESPONSE: None in Defendant's possession, custody or control.**

64. All documents related to the phone call between Plaintiff and CEO Kozar on or about December 10, 2019, regarding Plaintiff's reported retaliation.

**RESPONSE: None in Defendant's possession, custody or control.**


COLE, SCOTT & KISSANE, P.A.
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502 - (850) 483-5900 (850) 438-6969 FAX

65. All documents including emails and text messages related to any investigation of nurses suspected of narcotic diversion in during the time period covered by this request.

**RESPONSE: Objection as this request seeks the production of documents that is overbroad, unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence, as well as containing protected personal information of individuals that are not parties to this litigation.**

66. All Interventional programs for nurses (IPN) contracts that were initiated from any and/or all complaints against any and/or all nurses suspected of narcotic diversion during the time period covered by this request. (Redacted for confidentiality).

**RESPONSE: Objection as this request seeks the production of documents that is overbroad, unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence, as well as containing protected personal information of individuals that are not parties to this litigation.**

67. All complaints about any and/or all nurses who were suspected and/or accused of narcotic diversion during the time period covered by this request.

**RESPONSE: Objection as this request seeks the production of documents that is overbroad, unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence, as well as containing protected personal information of individuals that are not parties to this litigation.**

68. All documents including notes taken related to Defendant ENVISION's HR representative Tammy Jarvis and RMD Johnson informing Plaintiff of a letter sent to terminate her from Defendant CEO Kinney on January 19, 2020.

**RESPONSE: None as CLH did not make the decision to terminate Plaintiff.**

69. All documents relied upon to terminate Plaintiff.

**RESPONSE: None as CLH did not make the decision to terminate Plaintiff.**

70. All documents that set forth the reason that any and/or all Defendants demanded that Plaintiff not speak to CLH employee or be on CLH property on or after January 20, 2019.

**RESPONSE: Defendant objects to this request as phrased as it assumes facts not in evidence. Nothwithstanding the foregoing objection, none in the possession of this Defendant.**

71. All documents showing and/or confirming the contractual and/or employment relationship between Defendants and Plaintiff.

**<u>RESPONSE:</u> Plaintiff was not an employee of CLH. However, see documents produced in response to request no. 2.**

72. All text messages from Paige Tolley to ER staff pertaining to Plaintiff.

**<u>RESPONSE:</u> Objection as this request seeks the production of documents that is overbroad, unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence, as well as containing protected personal information of individuals that are not parties to this litigation. Notwithstanding the foregoing objection, please see documents produced in Response to Request No's 1 and 8 above.**

73. All documents relied upon by Paige Tolley to write text message pertaining to the Plaintiff stating "pretty awful things transpired".

**<u>RESPONSE:</u> None in Defendant's possession, custody or control.**

74. All emails sent/received by Defendant CLH regarding the termination of Plaintiff.

**<u>RESPONSE:</u> CLH did not make the decision to terminate Plaintiff. Please see documents produced in Response to Request No's 1 and 8 above.**

75. All information provided to all third parties for employment verification and references for the Plaintiff.

**<u>RESPONSE:</u> None in Defendant's possession.**

76. All emails sent by Janna Matautia and/or Janet Kinney regarding Plaintiff to any TMH email address for the time period covered by this request.

**<u>RESPONSE:</u> None in Defendant's possession.**

77. All documents relied upon by CNO Matautia to transfer reference phone calls to the physician line related to Plaintiff's prior employment.

**<u>RESPONSE:</u> None in Defendant's possession.**

78. All documents showing criminal charges brought against Matautia.

**<u>RESPONSE:</u> None in Defendant's possession.**

79. All documents showing any and/or all documents provided to any law enforcement agency and/or to any State Attorney's Office about Matautia.

**<u>RESPONSE:</u> None in Defendant's possession.**


**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502 - (850) 483-5900 (850) 438-6969 FAX

80. All documents showing all background investigations of Matautia prior to being hired at CLH.

**<u>RESPONSE:</u> None in Defendant's possession.**

81. All documents showing the reason that Matautia is no longer employed and/or affiliated with any and/or all Defendants.

**<u>RESPONSE:</u> Defendant objects to this request as framed as Matuautia has never been employed by or affiliated with this Defendant. None in the possession of this Defendant.**

82. All letters, notes, emails, telephone logs, faxes and any other documents in Defendants' possession and/or control that reference Plaintiff's employment or termination.

**<u>RESPONSE:</u> Objection as this request seeks the production of documents that is overbroad, unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence, as well as containing documents protected by work product and/or attorney client privilege. See Defendants' Privilege Log. Notwithstanding the foregoing objection, please see documents produced in Response to Request No's 1 and 8 above.**

83. All documents that Kinney, Stoltzfus and/or Matautia created about Plaintiff during the time period covered by this request.

**<u>RESPONSE:</u> Defendant objects to this request as it is overly broad in temporal scope. Notwithstanding the foregoing objection, none in the possession of this Defendant**.

84. All documents that Defendants prepared and submitted to the Florida Commission on Human Relations (FCHR) and/or EEOC in response to all charges of discrimination and/or retaliation filed by Plaintiff involving Defendants.

**<u>RESPONSE:</u> Please see documents produced in Response to Request No. 8 above.**

85. All documents that were provided to Defendants' Risk Management by Kinney and/or Matautia about Plaintiff.

**<u>RESPONSE:</u> Objection as this request seeks the production of documents that is overbroad, unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection, please see documents produced in Response to Request No's 1 and 8 above.**

86. All documents showing each and every communication between any/all the Defendants' Human Resources office personnel and any other persons about and/or pertaining to Plaintiff.

**RESPONSE: Objection as this request seeks the production of documents that is overbroad, unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence, as well as containing documents protected by work product and/or attorney client privilege. See Defendants' Privilege Log. Notwithstanding the foregoing objection, please see documents produced in Response to Request No's 1 and 8 above.**

87. All documents referring or relating to the subject matter of this action which have been furnished to or received by the Defendants attorneys in connection with their defense of this action, except documents protected by a recognized privilege of non-production.

**RESPONSE: Objection as this request seeks the production of documents that is overbroad, unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence, as well as containing documents protected by work product and/or attorney client privilege. See Defendants' Privilege Log. Notwithstanding the foregoing objection, none other than the documents produced herein.**

88. All transcripts, audio tapes, and video tapes (including depositions) obtained by Defendants involving Plaintiff, including, but not limited to, unemployment compensation hearings, conferences, grievance hearings, and Union grievances.

**RESPONSE: None aside from Plaintiff's deposition taken in this matter on October 18, 2022.**

89. All documents Defendants provided to and/or the Defendants received from any third party to this action regarding Plaintiff.

**RESPONSE: Objection as this request seeks the production of documents that is overbroad, unduly burdensome, irrelevant and not likely to lead to the discovery of admissible evidence, as well as containing documents protected by work product and/or attorney client privilege. See Defendants' Privilege Log. Notwithstanding the foregoing objection, none other than the documents produced herein.**

90. Any diary, pocket calendar, desk calendar, journal, or other means of periodically recording materials or notes recorded or kept by any person currently or previously affiliated with the Defendants who supervised Plaintiff regarding Plaintiff.

**RESPONSE: None in the possession of this Defendant as this Defendant did not employ, and thus did not supervise, Plaintiff.**

91. Any and all documents that Defendants have identified to be used at trial other than as disclosed in Defendants' response to any foregoing requests.

**RESPONSE: Undetermined at this time. Defendant will disclose its exhibits in accordance with any case management orders.**

92. All statements obtained by you and/or your attorneys, either recorded or written, at the time of or subsequent to the incidents alleged in the complaint filed therein.

**RESPONSE: Defendant objects to this request as it calls for the production of documents protected by the attorney client privilege and work product doctrine. See Defendants' Privilege Log. Notwithstanding the foregoing objections, none other than those documents produced herein.**

93. Each and every document supporting Defendants' affirmative defenses.

**RESPONSE: Defendant objects to this request as it calls for the production of documents protected by the attorney client privilege and work product doctrine. See Defendants' Privilege Log. Notwithstanding the foregoing objections, see all documents produced herein.**

94. All documents upon which Defendants rely to support any finding and/or conclusion that Plaintiff was not properly performing her job duties with Defendants at any time during her employment/affiliation with Defendants.

**RESPONSE: Defendant objects to this request as Plaintiff was neither employed by nor affiliated with this Defendant.**

95. Defendants' complete investigative file regarding any and all complaints brought by any person against Plaintiff, including, but not limited to any memoranda or other written instructions initiating the investigation, any and all notes taken during the investigation (including interview notes), any report (whether final or preliminary) on the investigation, and if an attorney conducted the investigation, any document specifying the scope of the attorney's engagement.

**RESPONSE: Please see documents produced in Response to Request No's 1 and 8 above.**

96. The current resume or list of qualifications of any expert witness, advisor or consultant who has been retained by the Defendants in the above-entitled proceeding.

**RESPONSE: None.**

97. All reports, studies and/or commentaries, formal or informal, of any expert witness, consultant or advisor who has been retained by the Defendants in the above-entitled proceeding.



**COLE, SCOTT & KISSANE, P.A.**

COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502 - (850) 483-5900 (850) 438-6969 FAX

**RESPONSE: None.**

98. All documents showing all evidence of wrongdoing by Plaintiff that Defendants relied upon to in the decision to terminate Plaintiff.

**RESPONSE: Defendant objects to this request as Plaintiff was neither employed by nor affiliated with this Defendant.**

99. All documents that Defendants received from FCHR and/or the EEOC regarding and/or that pertained to Plaintiff's charges of discrimination and/or retaliation.

**RESPONSE: Please see documents produced in Response to Request No. 8 above.**

100. A list of all documents which are being withheld from production by virtue of any privilege of non-production or for any other reason (this list should identify each document by its name, date, author and recipient and specify the reason for withholding it from production). If there are documents responsive to any of the foregoing requests which you refuse to produce, please define or designate the documents in your response with sufficient particularity to allow Plaintiff to make a motion for a court order to require production of these documents.

**RESPONSE: Please see Defendant's Privilege Log.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of December, 2022, a true and correct copy of the foregoing was filed with the Clerk of Calhoun County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to all parties registered with the e-Filing Portal system:

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE*


**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502 - (850) 483-5900 (850) 438-6969 FAX

*PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.*
890 South Palafox Street, Suite 200
Pensacola, Florida 32502
Telephone (850) 483-5909
Facsimile (850) 438-6969
Primary e-mail: randall.rogers@csklegal.com
Secondary e-mail: michael.kelly@csklegal.com
Alternate e-mail: zaray.avino@csklegal.com

By: /s/ Michael B. Kelly
RANDALL G. ROGERS
Florida Bar No.: 195626
MICHAEL B. KELLY
Florida Bar No.: 115345

1085.0944-00

Case 5:23-cv-00202-MW-MJF Document 1-2 Filed 07/27/23 Page 338 of 400

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,**

**Plaintiff,**

**v.** **CASE NO.: 20-CA-002064**

**BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,**

**Defendants.**

**_________________________________________/**

**DEFENDANT, ENVISION PHYSICIAN SERVICES, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS**

Defendant, ENVISION PHYSICIAN SERVICES, LLC ("Envision" and/or "Defendant"), by and through undersigned counsel, hereby serve its Responses and Objections to Plaintiff's First Request for Production of Documents to Defendants.

**GENERAL COMMENTS AND QUALIFICATIONS**

Defendant has endeavored at this stage of the litigation to respond to the First Request for Production on the basis of the best data available. Persons who are non-parties or who are no longer employees of Defendant may have relevant information or documents, but Defendant is not purporting to provide in these Responses, materials, if any, presently possessed by such persons.

The Responses set forth herein are made subject to the following:

1. The right to object on the grounds of competency, privilege, relevancy, materiality or any other proper ground, to the use of any material produced herein, for any purpose, in whole or in part, in any proceeding to this litigation or any other litigation;

2. The right to object on any and all proper grounds at any time, to other requests or other discovery procedures involving or relating to the subject matter of the Responses to the First Request for Production herein;

3. The right at any time to revise, correct, modify, supplement or clarify any of the Responses provided herein;

4. Defendant's investigation of facts and discovery of documents relating to the claims at issue in this litigation is continuing. Defendant's Responses are based only upon such information and documents as are reasonably available and known to Defendant and its current employees and agents at the time of production. Defendant anticipates that further investigation and analysis of the claims at issue in this action may lead to the disclosure of additional documents encompassed by Plaintiff's First Request for Production.

All of Defendant's Responses are made subject to the above General Comments and Qualifications. Additionally, production of records as specified herein is subject to the execution of a mutually agreed upon confidentiality agreement.

**OBJECTIONS AND RESPONSES TO REQUESTS**

1. The entire personnel, disciplinary, investigative, time and attendance, Inspector General, supervisor, and payroll files for the following: Plaintiff, Janet Kinney, Janna Matautia, Timothy Adamcryk, Olivia McNally, Michael Kozar, Dr. Lee Johnson, Tammy Jarvis, Esther Stoltzfus, and Paige Tolley.

**RESPONSE: Defendant objects to this Request on the grounds that it is overbroad in time and scope and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks records pertaining to individuals other than Plaintiff. Subject to and without waiving those objections, non-privileged responsive records regarding Plaintiff will be produced at a mutually agreeable time and place.**

2. All policies, procedures, rules and regulations that applied to Plaintiff's employment and/or affiliation with each and every Defendant for the time period covered by this request.

**RESPONSE: Defendant's applicable Employee Handbook will be produced at a mutually agreeable time and place.**

3. All contracts and/or agreements between Defendants that existed during the time period covered by this request.

**RESPONSE: Defendant objects to this Request on the grounds that it is overbroad in temporal scope and seeks records that are not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, written agreements responsive to this Request which were in effect during the 2019 and 2020 time period relevant to this lawsuit will be produced at a mutually agreeable time and place.**

4. All job and position descriptions for ER Medical Director, Physician, ER physician, Chief Executive Officer, Chief Nursing Officer, Regional Medical Director and Risk Manager for Defendants for personnel located at the location of Defendants where Plaintiff was employed and/or affiliated with Defendants.

**RESPONSE: Defendant objects to this Request on the grounds that it is overbroad in temporal scope and seeks records that are not reasonably calculated to lead to the discovery**

**of admissible evidence. The job description for Defendant's Risk Manager, or CEO, for example, have no bearing upon the claims or defenses in this matter. Subject to and without waiving these objections, any job descriptions applicable during the 2019 and 2020 time frame for ER Medical Director and ER physician, will be produced at a mutually agreeable time and place.**

5. All personnel, payroll, and disciplinary files for all persons who have been hired and/or transferred into the last position that Plaintiff held with Defendant after her termination/separation.

**RESPONSE: Defendant objects to this Request on the grounds that it is overbroad in temporal scope and seeks records that are not reasonably calculated to lead to the discovery of admissible evidence.**

6. All evaluations performed on the Plaintiff for the entire time she was employed by and/or affiliated with Defendants.

**RESPONSE: See Response and Objections to Request No. 1.**

7. All documents upon which Defendant relied in the preparation of the performance evaluations referenced in request 6 above.

**RESPONSE: See Response and Objections to Request No. 1.**

8. All files including any and/or all reports of investigations and all documents collected and/or created during any and/or all investigations of any matter pertaining to Plaintiff.

**RESPONSE: Defendant objects to this Request to the extent that it seeks records protected by the attorney client and/or work product privileges. Subject to and without waiving these**

**objections, non-privileged records responsive to this Request will be produced at a mutually agreeable time and place.**

9. Any and/or all complaints Plaintiff made against and/or about Dr. Tim Adamcryk to any/all Defendants during the entire course of her employment/affiliation with said Defendants.

**RESPONSE: Defendant objects to this Request on the grounds that it is overbroad in temporal scope and seeks records that are not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, non-privileged records responsive to this Request will be produced at a mutually agreeable time and place.**

10. All investigations conducted of all complaints made about any person and/or entity during the time period covered by this request.

**RESPONSE: Defendant objects to this Request on the grounds that it is overbroad in temporal scope, vague, harassing, and seeks records that are not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks records protected by the attorney client and/or work product privileges.**

11. All investigations conducted about and/or regarding Tim Adamcryk during the entire course of his employment/affiliation with Defendants.

**RESPONSE: Defendant objects to this Request on the grounds that it is overbroad in temporal scope and seeks records that are not reasonably calculated to lead to the discovery of admissible evidence.**

12. All files including any and/or all reports of investigations and all documents collected and/or created during any and/or all investigations of any complaints against and/or about Plaintiff.

**RESPONSE: See Response and Objections to Request No. 8.**

13. A list of all physicians on staff at Calhoun Liberty Hospital (CLH) from January 1, 2015-December 31, 2021.

**RESPONSE: Defendant objects to this Request on the grounds that it is overbroad in temporal scope, harassing, overly burdensome, and seeks records that are not reasonably calculated to lead to the discovery of admissible evidence.**

14. The personnel and disciplinary files for all physicians who have been on staff with Defendant Calhoun Liberty Hospital for the time period covered by this request.

**RESPONSE: Defendant objects to this Request on the grounds that it is overbroad in temporal scope, harassing, overly burdensome, and seeks records that are not reasonably calculated to lead to the discovery of admissible evidence.**

15. All organizational charts for all the Defendants for the time period in this request.

**RESPONSE: Any organizational chart for Defendant, as it relates to Plaintiff during the 2019 and 2020 time period applicable to this litigation, will be produced at a mutually agreeable time and place.**

16. All data related to physician greet times for all physicians providing ER care for any and/or all Defendant at CLH for the time period covered by this request compiled by any/all of the Defendants.

**RESPONSE: Defendant objects to this Request on the grounds that it is overbroad in temporal scope, vague with respect to the term "data," harassing, unduly burdensome, and seeks records that are not reasonably calculated to lead to the discovery of admissible evidence.**

17. All prior personnel, credentialing, investigative, and EEOC and FCHR files obtained by Defendants regarding all prior employment of Dr. Tim Adamcryk before working or becoming affiliated with one or more Defendants in this case.

**RESPONSE: Defendant objects to this Request on the grounds that it is overbroad in temporal scope and seeks records that are not reasonably calculated to lead to the discovery of admissible evidence.**

18. All credentialing files for all physicians who were working at CLH during the time period applicable to this action.

**RESPONSE: Defendant objects to this Request on the grounds that it is overbroad in temporal scope, harassing, overly burdensome, and seeks records that are not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, any credentialing files for Plaintiff will be produced at a mutually agreeable time and place.**

19. All statements and/or affidavits collected during any investigation of Plaintiff and Tim Adamcryk.

**RESPONSE: Defendant objects to this Request on the grounds that it is overbroad in temporal scope, and to the extent that it requests records related to any investigation of Tim Adamcryk. Defendant also objects to this Request because it seeks records that are not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks records protected by the attorney client and/or work product privileges. Subject to and without waiving these objections, non-privilege responsive records related to Plaintiff will be produced at a mutually agreeable time and place.**

20. All documents related to the vacant position in 2019 for the ER Medical Director at CLH including applications received, interview notes for all candidates interviewed and the identity of all persons who were involved in hiring Plaintiff for this position.

**RESPONSE: Defendant objects to this Request to the extent that it seeks records protected by the attorney client and/or work product privileges. Subject to and without waiving these objections, non-privileged records responsive to this Request will be produced at a mutually agreeable time and place.**

21. Any and all emails related to the ER Medical Director position between Kinney, Matautia, Michael Kozar and HR in June and July 2019.

**RESPONSE: Defendant has no responsive records as these individuals were not employed with Defendant.**

22. All emails sent and/or received by Plaintiff during her affiliation/employment with any and/or all Defendants.

**RESPONSE: Defendant objects to this Request on the grounds that it is overbroad in temporal scope and subject matter, harassing, overly burdensome, and seeks records that are not reasonably calculated to lead to the discovery of admissible evidence. This Request seeks records irrespective of their subject matter or bearing upon the claims and defenses in this case.**

23. All patient complaints received about the Plaintiff for her entire employment/affiliation with the Defendants.

**RESPONSE: Any documents responsive to this Request will be produced at a mutually agreeable time and place.**

24. All patient complaints received about and/or against any and/or all persons affiliated/employed with CLH during the time period covered by this request.

**RESPONSE: Defendant objects to this Request on the grounds that it is overbroad in temporal scope, harassing, overly burdensome, and seeks records that are not reasonably calculated to lead to the discovery of admissible evidence.**

25. All investigations of all patient complaints referenced in request 24 above.

**RESPONSE: Defendant objects to this Request on the grounds that it is overbroad in temporal scope, harassing, overly burdensome, and seeks records that are not reasonably calculated to lead to the discovery of admissible evidence.**

26. All documents relied upon by CEO Kinney to threaten Plaintiff with termination in the meeting in July 2019.

**RESPONSE: Defendant is aware of no documents responsive to this Request in its possession, custody, or control.**

27. All documents that pertain to CEO Kinney threatening to fire Plaintiff in July, 2019.

**RESPONSE: Defendant is aware of no documents responsive to this Request in its possession, custody, or control.**

28. All documents pertaining to surveillance cameras on CLH property and the date that same cameras became operational.

**RESPONSE: Defendant is aware of no documents responsive to this Request in its possession, custody, or control.**

29. All medical bylaws and policies related to Board Meeting attendance and meeting minute distribution for CLH.

**RESPONSE: Defendant objects to this Request on the grounds that it is overbroad in temporal scope, harassing, overly burdensome, and seeks records that are not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant states it is aware of no documents in its possession, custody, or control related to this Request.**

30. All documents including without limitation emails showing meeting minutes that were given to the ER Director by the Board of CLH.

**RESPONSE: Defendant objects to this Request on the grounds that it is overly broad. Subject to and without waiving this objection, any emails addressed to Plaintiff at her email address with Defendant that reflect meeting minutes from the Board of CLH will be produced at a mutually agreeable time and place.**

31. All schedules for physician coverage for Defendant CLH for Dr. Tim Adamcryk from July to December 2019.

**RESPONSE: Defendant objects to this Request on the grounds that it is overbroad in temporal scope, harassing, overly burdensome, and seeks records that are not reasonably calculated to lead to the discovery of admissible evidence.**

32. All documents, memos, notes and emails sent and/or received by Olevia McNally pertaining to Tim Adamcryk in August 2019 and/or the Plaintiff reporting Adamcryk's behavior and conduct.

**RESPONSE: Defendant objects to this Request on the grounds that it is overbroad to the extent that it seeks records "pertaining to Tim Adamcryk" and on the grounds that it seeks records that are not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks records protected by the attorney client and/or work product privilege. Subject to and without waiving these objections, non-privileged responsive records related to Plaintiff will be produced at a mutually agreeable time and place.**

33. All documents related to the investigation of the violation of Hospital Licensing and Regulation, § 395.1055(1)(a), Florida Statutes by Dr. Tim Adamcryk as reported by the Plaintiff.

**RESPONSE: Defendant objects to this Request on the grounds that it is overbroad in temporal scope, harassing, and seeks records that are not reasonably calculated to lead to the discovery of admissible evidence.**

34. All text messages between Olevia McNally and the Plaintiff from July 2019 to the present.

**RESPONSE: Any documents responsive to this Request will be produced at a mutually agreeable time and place.**

35. All documents relied upon by McNally for her text messages to Plaintiff that Defendant ENVISON needed Defendant CLH to approve any disciplinary action on Dr. Tim Adamcryk after his conduct and behavior were reported.

**RESPONSE: Defendant objects to the characterization of any text message from McNally as framed in this Request. Defendant further objects to this Request on the grounds that it**

**seeks irrelevant information not likely to lead to the discovery of admissible evidence. Subject to and without waiving these objections, see records referenced in response to Request No. 3.**

36. All documents related to the meeting on or around October 24, 2019 between Plaintiff, Kozar, Matautia and Mark Plummer.

**RESPONSE: Defendant is aware of no documents responsive to this Request in its possession, custody, or control.**

37. All emails between Kozar, Matautia and Mark Plummer pertaining to Plaintiff and/or Tim Adamcryk between October 23, 2019 and November 1, 2019.

**RESPONSE: Defendant objects to this Request on the grounds that the request for emails pertaining to Tim Adamcryk is overbroad and seeks irrelevant information not likely to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant is aware of no documents responsive to this Request in its possession, custody, or control.**

38. All documents including without limitation emails and text messages between Kinney and Plaintiff for the entirety of October and November, 2019.

**RESPONSE: Defendant is aware of no responsive documents in its possession, custody, or control.**

39. All documents in which Kinney and/or any other person(s) addressing at any time with Dr. Adamcryk his reported drinking on the property and/or other complaints reported by Plaintiff and/or any other persons.

**RESPONSE: Defendant objects to this Request on the grounds that it is vague, confusing, overbroad, and seeks records that are not reasonably calculated to lead to the discovery of admissible evidence.**

40. All documents related to disciplinary or remedial action taken against Tim Adamcryk during his affiliation with any and/or all Defendants.

**RESPONSE: Defendant objects to this Request on the grounds that it is overly broad in temporal and substantive scope. Defendant also objects to this Request to the extent that it seeks records protected by the attorney client and/or work product privileges.**

41. Any and all complaints received and investigated by the Agency for Healthcare Administration (AHCA) related to physicians employed by and/or affiliated with Defendants who worked at CLH in 2019.

**RESPONSE: Defendant objects to this Request on the grounds that it is overbroad in temporal scope, harassing, vague with respect to the term "affiliated with," and seeks records that are not reasonably calculated to lead to the discovery of admissible evidence.**

42. All documents and information relied upon for Defendants to accuse Plaintiff of not seeing patients and "gossiping" with nursing staff from October 2019 to December 2019.

**RESPONSE: Defendant objects to the Request's characterization of conduct by Defendant as phrased. Subject to and without waiving this objection, any records responsive to this Request will be produced at a mutually agreeable time and place.**

43. All documents authored and/or received by Defendant about Plaintiff and/or Tim Adamcryk.

**RESPONSE: Defendant objects to this Request on the grounds that it is overbroad, harassing, overly burdensome, and seeks records that are not reasonably calculated to lead to the discovery of admissible evidence. This Request requires the production of any document about Plaintiff or Adamcryk irrespective of its bearing upon the claims and defenses in this matter. Defendant further objects to this Request to the extent that it seeks records protected by the attorney client and/or work product privilege.**

44. All emails between Plaintiff and Chairman Mark Plummer from November 1, 2019 to January 31, 2020.

**RESPONSE: Defendant will produce records responsive to this Request at a mutually agreeable time and place.**

45. All nursing staffing policies and plans including vacancies and nurse turnover for the time period in this request.

**RESPONSE: Defendant objects to this Request on the basis that it is overly broad and seeks irrelevant records that are not likely to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant is aware of no records responsive to this Request in its possession, custody, or control.**

46. All daily staff assignment sheets from ER and Nursing Supervisors from October 1, 2019 to January 31, 2020.

**RESPONSE: Defendant objects to this Request on the grounds that it is overbroad and seeks irrelevant information not likely to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant will produce any staff assignment sheets or schedules for Plaintiff at a mutually agreeable time and place.**

47. All nursing staff schedules for the ER for July 1, 2019 to January 31, 2020.

**RESPONSE: Defendant objects to this Request on the grounds that it is overbroad and seeks irrelevant information not likely to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant will produce any staff assignment sheets or schedules for Plaintiff at a mutually agreeable time and place.**

48. All documents including emails and text messages related to the shortage of supplies in the Defendant CLH facility in 2019.

**RESPONSE: Defendant objects to this Request on the grounds that it is overbroad and seeks irrelevant information not likely to lead to the discovery of admissible evidence. Subject to and without waiving these objections, any responsive records in Defendant's possession, custody, or control, that reflect communications by Plaintiff will be produced at a mutually agreeable time and place.**

49. The personnel and disciplinary files for all persons terminated, resigned and/or whose contracts were not renewed in calendar year 2019 who previously worked at CLH.

**RESPONSE: Defendant objects to this Request on the grounds that it is overbroad, harassing, overly burdensome, and seeks records that are not reasonably calculated to lead to the discovery of admissible evidence.**

50. All exit surveys completed by persons who resigned from their positions with CLH in 2019.

**RESPONSE: Defendant objects to this Request on the grounds that it is overbroad, harassing, overly burdensome, and seeks records that are not reasonably calculated to lead to the discovery of admissible evidence.**

51. All documents including but not limited to emails related to all phone conversations between Plaintiff and Chairman Plummer in or around November 2019.

**RESPONSE: Any documents responsive to this Request in Defendant's possession, custody, or control, will be produced at a mutually agreeable time and place.**

52. All emails between Janet Kinney, Janna Matautia and Esther Stolzfus that reference and/or pertain to Plaintiff.

**RESPONSE: Defendant is aware of no records responsive to this Request in its possession, custody, or control.**

53. All Risk Management and Nursing administration logs or documentation regarding patient complaints against physicians at CLH for the time period covered by this request.

**RESPONSE: Defendant objects to this Request on the grounds that it is overbroad, harassing, and seeks records that are not reasonably calculated to lead to the discovery of admissible evidence.**

54. All documents including without limitation emails that were generated as a result of or that were about the meeting on November 25, 2019, between Plaintiff and Michael Kozar at a local McDonald's.

**RESPONSE: Defendant is aware of no records responsive to this Request in its possession, custody, or control.**

55. All documents CNO Matautia relied upon to approach the Plaintiff on December 9, 2019, and accuse her of not seeing a patient.

**RESPONSE: Defendant is aware of no records responsive to this Request in its possession, custody, or control.**

56. All documents, notes and emails created by CNO Matautia related to a patient interaction with Plaintiff on December 9, 2019, including all information received after calling the patient's family.

**RESPONSE: Defendant is aware of no records responsive to this Request in its possession, custody, or control.**

57. All documents including without limitation emails and text messages pertaining to or regarding Plaintiff notifying Dr. Lee Johnson verbally on the phone of an incident and/or interactions on December 9, 2019, between Plaintiff and Jana Matautia.

**RESPONSE: Any non-privileged records responsive to this Request will be produced at a mutually agreeable time and place.**

58. All text messages between Plaintiff and Defendant CLH Chairman Plummer on December 9, 2019.

**RESPONSE: Defendant is aware of no records responsive to this Request in its possession, custody, or control.**

59. All text messaged between Plaintiff and Defendant ALLIANT CEO Kozar on December 9, 2019.

**RESPONSE: Defendant is aware of no records responsive to this Request in its possession, custody, or control.**

60. All documents, social media post, text messages and screenshots relied upon by Defendant CLH Janet Kinney to accuse Plaintiff of sending inappropriate text and Instagram post.

**RESPONSE: Documents responsive to this Request will be produced at a mutually agreeable time and place.**

61. All emails related to Plaintiff and the inappropriate text messages and the fake Instagram post between Janna Matautia, Janet Kinney and Esther Stoltzfus in December 2019.

**RESPONSE: Defendant objects to this Request as phrased because it assumes facts not in evidence. Defendant is aware of no records related to "the fake Instagram post."**

62. All video and security camera footage of Dr. Adamcryk reviewed by Defendant showing him drinking alcohol and being on premises when not on duty talking to staff in parking lots.

**RESPONSE: Defendant is aware of no records responsive to this Request in its possession, custody, or control.**

63. All documents relied upon to not discipline Dr. Adamcryk after multiple complaints regarding behavior and conduct.

**RESPONSE: Defendant objects to this Request as phrased because it assumes facts not in evidence. Defendant objects to this Request on the grounds that it is overbroad and seeks irrelevant records not likely to lead to the discovery of admissible evidence.**

64. All documents related to the phone call between Plaintiff and CEO Kozar on or about December 10, 2019, regarding Plaintiff's reported retaliation.

**RESPONSE: Defendant is aware of no records responsive to this Request in its possession, custody, or control.**

65. All documents including emails and text messages related to any investigation of nurses suspected of narcotic diversion in during the time period covered by this request.

**RESPONSE: Defendant objects to this Request on the grounds that it is overly broad in time and substantive scope, and seeks irrelevant information not likely to lead to the discovery of admissible evidence.**

66. All Interventional programs for nurses (IPN) contracts that were initiated from any and/or all complaints against any and/or all nurses suspected of narcotic diversion during the time period covered by this request. (Redacted for confidentiality).

**RESPONSE: Defendant objects to this Request on the grounds that it is overly broad in time and substantive scope, harassing, and seeks irrelevant information not likely to lead to the discovery of admissible evidence.**

67. All complaints about any and/or all nurses who were suspected and/or accused of narcotic diversion during the time period covered by this request. **Defendant objects to this Request on the grounds that it is overly broad in time and substantive scope, harassing, and seeks irrelevant information not likely to lead to the discovery of admissible evidence.**

**RESPONSE:**

68. All documents including notes taken related to Defendant ENVISION's HR representative Tammy Jarvis and RMD Johnson informing Plaintiff of a letter sent to terminate her from Defendant CEO Kinney on January 19, 2020.

**RESPONSE: Defendant objects to this Request to the extent that it seeks records protected by the attorney client and/or work product privileges. Non-privileged records responsive to this Request will be produced at a mutually agreeable time and date.**

69. All documents relied upon to terminate Plaintiff.

**RESPONSE: Documents responsive to this Request will be produced at a mutually agreeable time and place.**

70. All documents that set forth the reason that any and/or all Defendants demanded that Plaintiff not speak to CLH employee or be on CLH property on or after January 20, 2019.

**RESPONSE: Defendant objects to this Request to the extent that it seeks records protected by the attorney client and/or work product privileges. Non-privileged records responsive to this Request will be produced at a mutually agreeable time and date.**

71. All documents showing and/or confirming the contractual and/or employment relationship between Defendants and Plaintiff.

**RESPONSE: Defendant objects to this Request to the extent that it seeks records protected by the attorney client and/or work product privileges. Non-privileged records responsive to this Request will be produced at a mutually agreeable time and date.**

72. All text messages from Paige Tolley to ER staff pertaining to Plaintiff.

**RESPONSE: Defendant is aware of no records responsive to this Request in its possession, custody, or control.**

73. All documents relied upon by Paige Tolley to write text message pertaining to the Plaintiff stating "pretty awful things transpired".

**RESPONSE: Defendant is aware of no records responsive to this Request in its possession, custody, or control.**

74. All emails sent/received by Defendant CLH regarding the termination of Plaintiff.

**RESPONSE: Documents responsive to this Request will be produced at a mutually agreeable time and place.**

75. All information provided to all third parties for employment verification and references for the Plaintiff.

**RESPONSE: Documents responsive to this Request, if any, will be produced at a mutually agreeable time and place.**

76. All emails sent by Janna Matautia and/or Janet Kinney regarding Plaintiff to any TMH email address for the time period covered by this request.

**RESPONSE: Defendant is aware of no records responsive to this Request in its possession, custody, or control.**

77. All documents relied upon by CNO Matautia to transfer reference phone calls to the physician line related to Plaintiff's prior employment.

**RESPONSE: Defendant is aware of no records responsive to this Request in its possession, custody, or control.**

78. All documents showing criminal charges brought against Matautia.

**RESPONSE: Defendant is aware of no records responsive to this Request in its possession, custody, or control.**

79. All documents showing any and/or all documents provided to any law enforcement agency and/or to any State Attorney's Office about Matautia.

**RESPONSE: Defendant is aware of no records responsive to this Request in its possession, custody, or control.**

80. All documents showing all background investigations of Matautia prior to being hired at CLH.

**RESPONSE: Defendant is aware of no records responsive to this Request in its possession, custody, or control.**

81. All documents showing the reason that Matautia is no longer employed and/or affiliated with any and/or all Defendants.

**RESPONSE: Defendant is aware of no records responsive to this Request in its possession, custody, or control.**

82. All letters, notes, emails, telephone logs, faxes and any other documents in Defendants' possession and/or control that reference Plaintiff's employment or termination.

**RESPONSE: Defendant objects to this Request on the grounds that it is overbroad in time and substantive scope. Defendant further objects to this Request to the extent that it seeks records protected by the attorney client and/or work product privileges. Subject to and without waiving these objections, non-privileged documents responsive to this Request will be produced at a mutually agreeable time and place.**

83. All documents that Kinney, Stoltzfus and/or Matautia created about Plaintiff during the time period covered by this request.

**RESPONSE: Documents responsive to this Request will be produced at a mutually agreeable time and place.**

84. All documents that Defendants prepared and submitted to the Florida Commission on Human Relations (FCHR) and/or EEOC in response to all charges of discrimination and/or retaliation filed by Plaintiff involving Defendants.

**RESPONSE: Defendant has no documents responsive to this Request.**

85. All documents that were provided to Defendants' Risk Management by Kinney and/or Matautia about Plaintiff.

**RESPONSE: Defendant has no documents responsive to this Request.**

86. All documents showing each and every communication between any/all the Defendants' Human Resources office personnel and any other persons about and/or pertaining to Plaintiff.

**RESPONSE: Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks irrelevant information not likely to lead to the discovery of admissible evidence. This Request includes no limitation on the individuals involved in the communication (i.e. "any other persons") and no limitation on the subject matter of the communications. Defendant further objects to this Request to the extent that it seeks records protected by the attorney client and/or work product privileges.**

87. All documents referring or relating to the subject matter of this action which have been furnished to or received by the Defendants attorneys in connection with their defense of this action, except documents protected by a recognized privilege of non-production.

**RESPONSE: Defendant also objects to this Request to the extent that it seeks records protected by the attorney client, work product, or joint defense privileges. To the extent not produced in response to a prior request herein, non-privileged responsive documents will be produced at a mutually agreeable time and place.**

88. All transcripts, audio tapes, and video tapes (including depositions) obtained by Defendants involving Plaintiff, including, but not limited to, unemployment compensation hearings, conferences, grievance hearings, and Union grievances.

**RESPONSE: Defendant has no records responsive to this Request.**

89. All documents Defendants provided to and/or the Defendants received from any third party to this action regarding Plaintiff.

**RESPONSE: See Response and Objections to Request No. 88.**

90. Any diary, pocket calendar, desk calendar, journal, or other means of periodically recording materials or notes recorded or kept by any person currently or previously affiliated with the Defendants who supervised Plaintiff regarding Plaintiff.

**RESPONSE: Defendant did not supervise Plaintiff. Defendant is aware of no records responsive to this Request in its possession, custody, or control.**

91. Any and all documents that Defendants have identified to be used at trial other than as disclosed in Defendants' response to any foregoing requests.

**RESPONSE: Not yet determined.**

92. All statements obtained by you and/or your attorneys, either recorded or written, at the time of or subsequent to the incidents alleged in the complaint filed therein.

**RESPONSE: Defendant objects to this Request to the extent that it seeks records protected by the attorney client and/or work product privileges. Subject to and without waiving these objections, Defendant is aware of no documents responsive to this Request.**

93. Each and every document supporting Defendants' affirmative defenses.

**RESPONSE: Defendant objects to this Request to the extent that it seeks records protected by the work product privilege. Subject to and without waiving these objections, see documents produced herein.**

94. All documents upon which Defendants rely to support any finding and/or conclusion that Plaintiff was not properly performing her job duties with Defendants at any time during her employment/affiliation with Defendants.

**RESPONSE: Documents responsive to this Request will be produced at a mutually agreeable time and place.**

95. Defendants' complete investigative file regarding any and all complaints brought by any person against Plaintiff, including, but not limited to any memoranda or other written instructions initiating the investigation, any and all notes taken during the investigation (including interview notes), any report (whether final or preliminary) on the investigation, and if an attorney conducted the investigation, any document specifying the scope of the attorney's engagement.

**RESPONSE: Defendant objects to this Request to the extent that it seeks records protected by the attorney client and/or work product privileges. Subject to and without waiving these objections, non-privileged records responsive to this Request will be produced at a mutually agreeable time and place.**

96. The current resume or list of qualifications of any expert witness, advisor or consultant who has been retained by the Defendants in the above-entitled proceeding.

**RESPONSE: Not yet determined.**

97. All reports, studies and/or commentaries, formal or informal, of any expert witness, consultant or advisor who has been retained by the Defendants in the above-entitled proceeding.

**RESPONSE: Not yet determined.**

98. All documents showing all evidence of wrongdoing by Plaintiff that Defendants relied upon to in the decision to terminate Plaintiff.

**RESPONSE: Documents responsive to this Request will be produced at a mutually agreeable time and place.**

99. All documents that Defendants received from FCHR and/or the EEOC regarding and/or that pertained to Plaintiff's charges of discrimination and/or retaliation.

**RESPONSE: There are no documents responsive to this Request.**

100. A list of all documents which are being withheld from production by virtue of any privilege of non-production or for any other reason (this list should identify each document by its name, date, author and recipient and specify the reason for withholding it from production). If there are documents responsive to any of the foregoing requests which you refuse to produce, please define or designate the documents in your response with sufficient particularity to allow Plaintiff to make a motion for a court order to require production of these documents.

**RESPONSE: See Defendant's Privilege Log.**

DATED this 12th day of December, 2022.

Respectfully submitted,

JACKSON LEWIS P.C.
501 Riverside Avenue, Suite 902
Jacksonville, FL 32202
Telephone: (904) 638-2655
Facsimile: (904) 638-2656

*_/s/ Lori K. Mans_*
Richard N. Margulies
Florida Bar No. 607487
richard.margulies@jacksonlewis.com
Lori K. Mans
Florida Bar No. 0012024
lori.mans@jacksonlewis.com

Attorneys for Defendant,
Envision Physician Services, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk via the Florida Courts e-Filing Portal this 12th day of December, 2022, which will send Notification of Electronic Filing to all counsel of record.

*_/s/ Lori K. Mans_*
Attorney

4861-4842-4252, v. 1

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,**

**Plaintiff,**

**v.** **CASE NO.: 20-CA-002064**

**BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,**

**Defendants.**

_______________________________________/

**DEFENDANT, ENVISION PHYSICIAN SERVICES, LLC'S PRIVILEGE LOG IN REFERENCE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant, ENVISION PHYSICIAN SERVICES, LLC ("Defendant"), by and through its undersigned counsel, hereby gives notice that the following information has been withheld from production in connection with Defendant's Responses and Objections to Plaintiff's First Request for Production based on the privileges noted as follows:

| **Document** | **Date** | **Description** | **Privilege/Reason** |
|---|---|---|---|
| Emails/ Letters | Various | Correspondence among Defendant's legal counsel regarding Plaintiff's claims. | Attorney-Client Privilege and Work/Product |
| Emails/ Letters | Various | Correspondence between Defendant's legal counsel and Defendant's employees and agents regarding Plaintiff's claims. | Attorney-Client Privilege and Work/Product |

| **Document** | **Date** | **Description** | **Privilege/Reason** |
| --- | --- | --- | --- |
| Emails/ Letters | Various | Correspondence among Defendant's employees and agents regarding requests to provide Defendant's inhouse and outside legal counsel with assistance in connection with Plaintiff's claims. | Attorney-Client Privilege and Work/Product |
| Notes | Various | Notes and drafts prepared by Defendant's legal counsel regarding Plaintiff's claims. | Attorney-Client Privilege and Work/Product |
| Notes/Other Documents | Various | Notes prepared by Defendant's legal counsel and Defendant's current and/or former employees in anticipation of litigation or at the direction of counsel. | Attorney-Client Privilege and Work/Product |

DATED this 12th day of December, 2022.

Respectfully submitted,

JACKSON LEWIS P.C.
501 Riverside Avenue, Suite 902
Jacksonville, FL 32202
Telephone: (904) 638-2655
Facsimile: (904) 638-2656

*/s/ Lori K. Mans*
Richard N. Margulies
Florida Bar No. 607487
richard.margulies@jacksonlewis.com
Lori K. Mans
Florida Bar No. 0012024
lori.mans@jacksonlewis.com

Attorneys for Defendant,
Envision Physician Services, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk via the Florida Courts e-Filing Portal this 12th day of December, 2022, which will send Notification of Electronic Filing to all counsel of record.

*/s/ Lori K. Mans*
Attorney

4878-3433-2739, v. 1

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA

CASE NO.: 20000064CAAXMX

MARY WATSON,

Plaintiff,

v.

BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,

Defendants.
_________________________________/

**NOTICE OF TAKING DEPOSITION IN PERSON**

To: Marie A. Mattox, Esq.
203 N. Gadsden Street
Tallahassee, FL 32301

PLEASE TAKE NOTICE that, pursuant to Rule 1.310 (b) of the Florida Rules of Civil Procedure, the undersigned attorneys will take the in person deposition of:

NAME: Mary Watson

DATE: March 3rd, 2023

TIME: 9:00 A.M. (CST)/10:00 A.M. (ET)

LOCATION: Phipps Reporting, Inc.- Tallahassee
2894-A Remington Green Lane
Tallahassee, FL 32308

upon oral examination before Phipps Reporting, or any other notary public or other officer authorized to take depositions in the State of Florida. The oral examination will continue from day to day until completed. The deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the rules of Court.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of January, 2023, a true and correct copy of the foregoing was filed with the Clerk of Calhoun County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the all parties registered with the e-Filing Portal system.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.*
890 South Palafox Street, Suite 200
Pensacola, Florida 32502
Telephone (850) 483-5909
Facsimile (850) 438-6969
Primary e-mail: michael.kelly@csklegal.com
Secondary e-mail: jacob.landreth@csklegal.com
Alternate e-mail: zaray.avino@csklegal.com

By: /s/ Michael B. Kelly
RANDALL G. ROGERS
Florida Bar No.: 195626
MICHAEL B. KELLY
Florida Bar No.: 115345

1085.0944-00

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT**
**IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,**

Plaintiff,

v. **Case No.: 2020 CA 64**

**BLUE MANAGEMENT SERVICES, LLC,**
**D/B/A ALLIANT MANAGEMENT SERVICES;**
**ENVISION PHYSICIAN SERVICES, LLC**
**F/K/A EMCARE PHYSICIAN SERVICES, INC.;**
**and CALHOUN-LIBERTY HOSPITAL**
**ASSOCIATION, INC.,**

Defendants.
_____________________________________________/

**CROSS NOTICE OF TAKING DEPOSITION OF PLAINTIFF**

Defendant, **BLUE MANAGEMENT SERVICES, LLC., D/B/A ALLIANT MANAGEMENT SERVICES, LLC.,** by and through the undersigned counsel and pursuant to Rule 1.310, Florida Rules of Civil Procedure, will take the deposition of Plaintiff, **Mary Watson**, on **Friday, March 3rd**, at **9:00 a.m. (CST)/10:00 a.m. (EST)**, and continuing until such time as completed. Deposition will take place at **Phipps Reporting, Inc.**, at **2894 A Remington Green Lane, Tallahassee, Florida 32308**, before a court reporter or person authorized by law to take depositions in the State of Florida. This deposition is being taken for the purpose of discovery or for such other purposes as are permitted under the Florida Rules of Civil Procedure.

PLEASE GOVERN YOURSELF ACCORDINGLY.

**AMERICANS WITH DISABILITIES ACT**

In accordance with the Americans With Disabilities Act (ADA), persons in need of a special accommodation to participate in this proceeding, shall, within a reasonable time before any proceeding, contact the attorneys for Defendant.

Dated this 24th day of January, 2023.

Respectfully submitted,

*/s/ Lisa B. Fountain*______
**LISA B. FOUNTAIN**
Florida Bar No. 0948802
lfountain@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 N. Monroe St.
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for Defendant, Blue Management Services, LLC d/b/a Alliant Management Service*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of January, 2023, a true and exact copy of the foregoing was furnished via the Florida Court's E-Filing Portal to all counsel of record.

*/s/ Lisa B. Fountain*______
**LISA B. FOUNTAIN**

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,**

**Plaintiff,**

**v.**

**BLUE MANAGEMENT SERVICES, LLC. D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC. F/K/A EMCARE PHYSICIANSERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,**

**Defendants.**

**CASE NO.: 20-CA-64**
**FLA BAR NO.: 0739685**

---

**NOTICE OF MEDIATION**
**VIA VIDEO-CONFERENCE**
**ZOOM**

TO: Lisa Fountain, Esq.
123 North Monroe Street
Tallahassee, Florida 32301

Michael B. Kelly, Esq.
COLE, SCOTT & KISSANE, P.A.
890 South Palafox Street, Suite 200
Pensacola, Florida 32502

Richard N. Margulies, Esq.
JACKSON LEWIS P.C.
501 Riverside Avenue, Suite 902
Jacksonville, FL 32202

PLEASE TAKE NOTICE that mediation has been scheduled in the above case on **April 20, 2023**, beginning at the hour of **12:00 p.m. CT/1:00 p.m. ET** with Laura Beth Faragasso, Esq., Certified Circuit Civil Mediator, via zoom.

In compliance with the Americans with Disabilities Act of 1990, you are hereby notified

that if you require special accommodations due to a disability, contact Laura Beth Faragasso at (850) 877-1028, no later than seven (7) days prior to the date your appearance is required pursuant to this notice to ensure that reasonable accommodations are available.

PLEASE GOVERN YOURSELF ACCORDINGLY.

Respectfully submitted,

/s/ Marie A. Mattox

Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
203 N. Gadsden Street
Tallahassee, Florida 32301
Primary Email: marie@mattoxlaw.com
Secondary Email: michelle@mattoxlaw.com
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)

ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk via the Florida Courts e-Filing Portal only this 31st day of January 2023, which will send Notification of Electronic Filing to all counsel of record.

/s/ Marie A. Mattox
Marie A. Mattox

cc:Laura Beth Faragasso

Filing # 166558549 E-Filed 02/10/2023 11:08:32 AM

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,** **CASE NO.: 20-CA-64**

**Plaintiff,**

**v.**

**BLUE MANAGEMENT SERVICES, LLC. D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC. F/K/A EMCARE PHYSICIANSERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,**

**Defendants.**

_____________________________________/

**DEFENDANT BLUE MANAGEMENT SERVICES, LLC, d/b/a ALLIANT MANAGEMENT SERVICES' SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS**

COMES NOW, **BLUE MANAGEMENT SERVICES, LLC d/b/a ALLIANT MANAGEMENT SERVICES** ("ALLIANT" or "Defendant"), by and through the undersigned counsel, pursuant to Rule 1.350, Florida Rules of Civil Procedure, and hereby serves supplemental responses, including, but not limited to, any objections, to Plaintiff's Request for Production to Defendant as follows:

**QUALIFICATIONS**

A. Defendant does not intend the provisioning of these responses (or the production of materials or documents hereunder) to be construed as a waiver of any claim of privilege, including attorney-client and work product. If a response (or the production of materials or documents hereunder) is made for which a claim of privilege is applicable, any such response (or the production of materials or documents hereunder) shall be deemed inadvertent and shall not be deemed a waiver of privilege.

B. Defendant makes these responses (or the production of materials or documents hereunder) subject to the reservation that Defendant makes no representation of authenticity concerning any materials or documents referenced hereunder and Defendant makes no representation of accuracy of the contents of any materials or documents referenced hereunder.

C. Defendant makes these responses (or the production of materials or documents hereunder) subject to the reservation that discovery is on-going and that such responses (or the production of materials or documents hereunder) shall not waive Defendant's right to supplement the information contained or referenced herein (or materials or documents produced hereunder) to the extent that additional information (or materials or documents) becomes available and known to Defendant, subject to and without waiving any aforementioned objections or any future additional objections.

D. Only those documents/records in the possession, custody or control of Defendant or those which are required to be produced by Fla. R. Civ. P. 1.350 will be so produced.

**DOCUMENTS**

1. The entire personnel, disciplinary, investigative, time and attendance, Inspector General, supervisor, and payroll files for the following: Plaintiff, Janet Kinney, Janna Matautia, Timothy Adamcryk, Olivia McNally, Michael Kozar, Dr. Lee Johnson, Tammy Jarvis, Esther Stoltzfus, and Paige Tolley.

**RESPONSE:** **According to the Amended Complaint, Plaintiff began her employment with CLH in September of 2016 and was terminated on January 20, 2020. Nevertheless, this request seeks the production of documents for a time period 8 months prior to the time Plaintiff was employed, and for a period of nearly three years after her termination. As such, Defendant objects to this request as harassing, overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence, and will not lead to resolving the issues in the case.**

**Defendant further objects to this request as not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and will not lead to resolving the issues in the case. Mr. Kozar's personnel file, applications for employment, resumes, employment records, employment contracts, appointment letters,**

**personnel files, payroll records, position descriptions, benefits information, tax forms, and leave and time records, and the like, have no relevance whatsoever to any issue in this case.**

2. All policies, procedures, rules and regulations that applied to Plaintiff's employment and/or affiliation with each and every Defendant for the time period covered by this request.

**<u>RESPONSE:</u> According to the Amended Complaint, Plaintiff began her employment with CLH in September of 2016 and was terminated on January 20, 2020. Nevertheless, this request seeks the production of documents for a time period 8 months prior to the time Plaintiff was employed, and for a period of nearly three years after her termination. As such, Defendant objects to this request as harassing, overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence, and will not lead to resolving the issues in the case.**

**Notwithstanding the foregoing objections, none in the possession of this Defendant. Plaintiff was neither employed by nor affiliated with the Defendant.**

3. All contracts and/or agreements between Defendants that existed during the time period covered by this request.

**<u>RESPONSE:</u> According to the Amended Complaint, Plaintiff began her employment with CLH in September of 2016 and was terminated on January 20, 2020. Nevertheless, this request seeks the production of documents for a time period 8 months prior to the time Plaintiff was employed, and for a period of nearly three years after her termination. As such, Defendant objects to this request as harassing, overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence, and will not lead to resolving the issues in the case.**

**Documents not subject to the foregoing objection are produced herewith. See Bates 001-021; 022-042.**

4. All job and position descriptions for ER Medical Director, Physician, ER physician, Chief Executive Officer, Chief Nursing Officer, Regional Medical Director and Risk Manager for Defendants for personnel located at the location of Defendants where Plaintiff was employed and/or affiliated with Defendants.

**<u>RESPONSE:</u> According to the Amended Complaint, Plaintiff began her employment with CLH in September of 2016 and was terminated on January 20, 2020. Nevertheless, this request seeks the production of documents for a time period 8 months prior to the time Plaintiff was employed, and for a period of nearly three years after her termination. As such, Defendant objects to this request as harassing, overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not**

**relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence, and will not lead to resolving the issues in the case.**

**Notwithstanding the foregoing objections, none in the possession of this Defendant. Plaintiff was neither employed by nor affiliated with the Defendant.**

5. All personnel, payroll, and disciplinary files for all persons who have been hired and/or transferred into the last position that Plaintiff held with Defendant after her termination/separation.

**RESPONSE: None in the possession of this Defendant. Plaintiff was neither employed by nor affiliated with the Defendant.**

6. All evaluations performed on the Plaintiff for the entire time she was employed by and/or affiliated with Defendants.

**RESPONSE: None in the possession of this Defendant. Plaintiff was neither employed by nor affiliated with the Defendant.**

7. All documents upon which Defendant relied in the preparation of the performance evaluations referenced in request 6 above.

**RESPONSE: None in the possession of this Defendant. Plaintiff was neither employed by nor affiliated with the Defendant.**

8. All files including any and/or all reports of investigations and all documents collected and/or created during any and/or all investigations of any matter pertaining to Plaintiff.

**RESPONSE: Defendant objects to this request as it calls for the production of documents protected by the attorney client privilege and work product doctrine. Notwithstanding the foregoing objections, none in the possession of this Defendant. Plaintiff was neither employed by nor affiliated with the Defendant.**

9. Any and/or all complaints Plaintiff made against and/or about Dr. Tim Adamcryk to any/all Defendants during the entire course of her employment/affiliation with said Defendants.

**RESPONSE: Defendant objects to this request as phrased as Plaintiff was neither employed by nor affiliated with the Defendant. Notwithstanding the foregoing objection, none in the possession of this Defendant.**

10. All investigations conducted of all complaints made about any person and/or entity during the time period covered by this request.

**RESPONSE: Defendant objects to this request as vague, unclear, nonsensical, and overly broad. Furthermore, according to the Amended Complaint, Plaintiff began her employment with CLH in September of 2016 and was terminated on January 20, 2020. Nevertheless, this request seeks the production of documents for a time period 8 months prior to the time Plaintiff was employed, and for a period of nearly three years after her termination. As such, Defendant objects to this request as harassing, overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence, and will not lead to resolving the issues in the case. Lastly, Defendant objects on the basis of the attorney client privilege and work product doctrine.**

11. All investigations conducted about and/or regarding Tim Adamcryk during the entire course of his employment/affiliation with Defendants.

**RESPONSE: Defendant objects to this request as phrased as Plaintiff was neither employed by nor affiliated with the Defendant. Notwithstanding the foregoing objection, none in the possession of this Defendant.**

12. All files including any and/or all reports of investigations and all documents collected and/or created during any and/or all investigations of any complaints against and/or about Plaintiff.

**RESPONSE: Defendant objects to this request as phrased as Plaintiff was neither employed by nor affiliated with the Defendant. Notwithstanding the foregoing objection, none in the possession of this Defendant.**

13. A list of all physicians on staff at Calhoun Liberty Hospital (CLH) from January 1, 2015-December 31, 2021.

**RESPONSE: According to the Amended Complaint, Plaintiff began her employment with CLH in September of 2016 and was terminated on January 20, 2020. Nevertheless, this request seeks the production of documents for a time period 8 months prior to the time Plaintiff was employed, and for a period of nearly three years after her termination. As such, Defendant objects to this request as harassing, overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence, and will not lead to resolving the issues in the case.**

**Notwithstanding the foregoing objections, none in the possession of this Defendant.**

14. The personnel and disciplinary files for all physicians who have been on staff with Defendant Calhoun Liberty Hospital for the time period covered by this request.

**RESPONSE: According to the Amended Complaint, Plaintiff began her employment with CLH in September of 2016 and was terminated on January 20, 2020. Nevertheless, this request seeks the production of documents for a time period 8 months prior to the time Plaintiff was employed, and for a period of nearly three years after her termination. As such, Defendant objects to this request as harassing, overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence, and will not lead to resolving the issues in the case.**

**Notwithstanding the foregoing objections, none in the possession of this Defendant.**

15. All organizational charts for all the Defendants for the time period in this request.

**RESPONSE: According to the Amended Complaint, Plaintiff began her employment with CLH in September of 2016 and was terminated on January 20, 2020. Nevertheless, this request seeks the production of documents for a time period 8 months prior to the time Plaintiff was employed, and for a period of nearly three years after her termination. As such, Defendant objects to this request as harassing, overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and will not lead to resolving the issues in the case.**

**Notwithstanding the foregoing objections, discovery is ongoing.**

16. All data related to physician greet times for all physicians providing ER care for any and/or all Defendant at CLH for the time period covered by this request compiled by any/all of the Defendants.

**RESPONSE: According to the Amended Complaint, Plaintiff began her employment with CLH in September of 2016 and was terminated on January 20, 2020. Nevertheless, this request seeks the production of documents for a time period 8 months prior to the time Plaintiff was employed, and for a period of nearly three years after her termination. As such, Defendant objects to this request as harassing, overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence, and will not lead to resolving the issues in the case.**

**Notwithstanding the foregoing objections, none in the possession of this Defendant.**

17. All prior personnel, credentialing, investigative, and EEOC and FCHR files obtained by Defendants regarding all prior employment of Dr. Tim Adamcryk before working or becoming affiliated with one or more Defendants in this case.

**RESPONSE: Defendant objects to this request as phrased as Dr. Adamcryk was neither employed by nor affiliated with the Defendant. Defendant further objects that this request is vague and overly broad in scope. Notwithstanding the foregoing objection, none in the possession of this Defendant.**

18. All credentialing files for all physicians who were working at CLH during the time period applicable to this action.

**RESPONSE: None in the possession of this Defendant.**

19. All statements and/or affidavits collected during any investigation of Plaintiff and Tim Adamcryk.

**RESPONSE: Defendant objects as this request calls for the production of documents protected by the attorney client privilege and work product doctrine.**

**Documents not subject to the foregoing objections, none in the possession of this Defendant.**

20. All documents related to the vacant position in 2019 for the ER Medical Director at CLH including applications received, interview notes for all candidates interviewed and the identity of all persons who were involved in hiring Plaintiff for this position.

**RESPONSE: None in the possession of this Defendant.**

21. Any and all emails related to the ER Medical Director position between Kinney, Matautia, Michael Kozar and HR in June and July 2019.

**RESPONSE: Discovery is ongoing.**

**SUPPLEMENTAL RESPONSE: None in the possession of this Defendant.**

22. All emails sent and/or received by Plaintiff during her affiliation/employment with any and/or all Defendants.

**RESPONSE: Defendant objects to this request as phrased as Plaintiff was neither employed by nor affiliated with the Defendant. Notwithstanding the foregoing objection, see Bates 043-044.**

23. All patient complaints received about the Plaintiff for her entire employment/affiliation with the Defendants.

**RESPONSE: Defendant objects to this request as phrased as Plaintiff was neither employed by nor affiliated with the Defendant. Notwithstanding the foregoing objection, none in the possession of this Defendant.**

24. All patient complaints received about and/or against any and/or all persons affiliated/employed with CLH during the time period covered by this request.

**RESPONSE: Defendant objects to this request as vague, unclear, and overly broad in scope.**

25. All investigations of all patient complaints referenced in request 24 above.

**RESPONSE: See objection to #24.**

26. All documents relied upon by CEO Kinney to threaten Plaintiff with termination in the meeting in July 2019.

**RESPONSE: None in the possession of this Defendant.**

27. All documents that pertain to CEO Kinney threatening to fire Plaintiff in July, 2019.

**RESPONSE: None in the possession of this Defendant.**

28. All documents pertaining to surveillance cameras on CLH property and the date that same cameras became operational.

**RESPONSE: None in the possession of this Defendant.**

29. All medical bylaws and policies related to Board Meeting attendance and meeting minute distribution for CLH.

**RESPONSE: None in the possession of this Defendant.**

30. All documents including without limitation emails showing meeting minutes that were given to the ER Director by the Board of CLH.

**RESPONSE: None in the possession of this Defendant.**

31. All schedules for physician coverage for Defendant CLH for Dr. Tim Adamcryk from July to December 2019.

**RESPONSE: None in the possession of this Defendant.**

32. All documents, memos, notes and emails sent and/or received by Olevia McNally pertaining to Tim Adamcryk in August 2019 and/or the Plaintiff reporting Adamcryk's behavior and conduct.

**RESPONSE: None in the possession of this Defendant.**

33. All documents related to the investigation of the violation of Hospital Licensing and Regulation, § 395.1055(1)(a), Florida Statutes by Dr. Tim Adamcryk as reported by the Plaintiff.

**RESPONSE: None in the possession of this Defendant.**

34. All text messages between Olevia McNally and the Plaintiff from July 2019 to the present.

**RESPONSE: None in the possession of this Defendant.**

35. All documents relied upon by McNally for her text messages to Plaintiff that Defendant ENVISON needed Defendant CLH to approve any disciplinary action on Dr. Tim Adamcryk after his conduct and behavior were reported.

**RESPONSE: None in the possession of this Defendant.**

36. All documents related to the meeting on or around October 24, 2019 between Plaintiff, Kozar, Matautia and Mark Plummer.

**RESPONSE: None in the possession of this Defendant.**

37. All emails between Kozar, Matautia and Mark Plummer pertaining to Plaintiff and/or Tim Adamcryk between October 23, 2019 and November 1, 2019.

**RESPONSE: None in the possession of this Defendant.**

38. All documents including without limitation emails and text messages between Kinney and Plaintiff for the entirety of October and November, 2019.

**RESPONSE: None in the possession of this Defendant.**

39. All documents in which Kinney and/or any other person(s) addressing at any time with Dr. Adamcryk his reported drinking on the property and/or other complaints reported by Plaintiff and/or any other persons.

**RESPONSE: None in the possession of this Defendant.**

40. All documents related to disciplinary or remedial action taken against Tim Adamcryk during his affiliation with any and/or all Defendants.

**RESPONSE: Defendant objects to this request as phrased as Dr. Adamcryk was neither employed by nor affiliated with the Defendant. Notwithstanding the foregoing objection, none in the possession of this Defendant.**

41. Any and all complaints received and investigated by the Agency for Healthcare Administration (AHCA) related to physicians employed by and/or affiliated with Defendants who worked at CLH in 2019.

**RESPONSE: Defendant objects to this request as overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence, and will not lead to resolving the issues in the case.**

42. All documents and information relied upon for Defendants to accuse Plaintiff of not seeing patients and "gossiping" with nursing staff from October 2019 to December 2019.

**RESPONSE: Defendant objects to this request as phrased because it assumes facts not in evidence. Notwithstanding the foregoing objection, none in the possession of this Defendant.**

43. All documents authored and/or received by Defendant about Plaintiff and/or Tim Adamcryk.

**RESPONSE: According to the Amended Complaint, Plaintiff began her employment with CLH in September of 2016 and was terminated on January 20, 2020. Nevertheless, this request seeks the production of documents for a time period 8 months prior to the time Plaintiff was employed, and for a period of nearly three years after her termination. As such, Defendant objects to this request as harassing, overly broad in scope, unduly burdensome in that the burden and expense of the proposed discovery outweighs any likely benefit, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence, and will not lead to resolving the issues in the case.**

**Notwithstanding the foregoing objection, see Bates 043-044.**

44. All emails between Plaintiff and Chairman Mark Plummer from November 1, 2019 to January 31, 2020.

**RESPONSE: None in the possession of this Defendant.**

45. All nursing staffing policies and plans including vacancies and nurse turnover for the time period in this request.

**<u>RESPONSE</u>: Defendant objects to this request as it is overly broad in temporal scope. Notwithstanding the foregoing objection, none in the possession of this Defendant.**

46. All daily staff assignment sheets from ER and Nursing Supervisors from October 1, 2019 to January 31, 2020.

**<u>RESPONSE</u>: None in the possession of this Defendant.**

47. All nursing staff schedules for the ER for July 1, 2019 to January 31, 2020.

**<u>RESPONSE</u>: None in the possession of this Defendant.**

48. All documents including emails and text messages related to the shortage of supplies in the Defendant CLH facility in 2019.

**<u>RESPONSE</u>: None in the possession of this Defendant.**

49. The personnel and disciplinary files for all persons terminated, resigned and/or whose contracts were not renewed in calendar year 2019 who previously worked at CLH.

**<u>RESPONSE</u>: None in the possession of this Defendant.**

50. All exit surveys completed by persons who resigned from their positions with CLH in 2019.

**<u>RESPONSE</u>: None in the possession of this Defendant.**

51. All documents including but not limited to emails related to all phone conversations between Plaintiff and Chairman Plummer in or around November 2019.

**<u>RESPONSE</u>: None in the possession of this Defendant.**

52. All emails between Janet Kinney, Janna Matautia and Esther Stolzfus that reference and/or pertain to Plaintiff.

**<u>RESPONSE</u>: None in the possession of this Defendant.**

53. All Risk Management and Nursing administration logs or documentation regarding patient complaints against physicians at CLH for the time period covered by this request.

**RESPONSE: Defendant objects to this request as it is overly broad in temporal scope. Notwithstanding the foregoing objection, none in the possession of this Defendant.**

54. All documents including without limitation emails that were generated as a result of or that were about the meeting on November 25, 2019, between Plaintiff and Michael Kozar at a local McDonald's.

**RESPONSE: See Bates 043-044.**

55. All documents CNO Matautia relied upon to approach the Plaintiff on December 9, 2019, and accuse her of not seeing a patient.

**RESPONSE: None in the possession of this Defendant.**

56. All documents, notes and emails created by CNO Matautia related to a patient interaction with Plaintiff on December 9, 2019, including all information received after calling the patient's family.

**RESPONSE: None in the possession of this Defendant.**

57. All documents including without limitation emails and text messages pertaining to or regarding Plaintiff notifying Dr. Lee Johnson verbally on the phone of an incident and/or interactions on December 9, 2019, between Plaintiff and Jana Matautia.

**RESPONSE: None in the possession of this Defendant.**

58. All text messages between Plaintiff and Defendant CLH Chairman Plummer on December 9, 2019.

**RESPONSE: None in the possession of this Defendant.**

59. All text messaged between Plaintiff and Defendant ALLIANT CEO Kozar on December 9, 2019.

**RESPONSE: None in the possession of this Defendant.**

60. All documents, social media post, text messages and screenshots relied upon by Defendant CLH Janet Kinney to accuse Plaintiff of sending inappropriate text and Instagram post.

**RESPONSE: None in the possession of this Defendant.**

61. All emails related to Plaintiff and the inappropriate text messages and the fake Instagram post between Janna Matautia, Janet Kinney and Esther Stoltzfus in December 2019.

**RESPONSE: None in the possession of this Defendant.**

62. All video and security camera footage of Dr. Adamcryk reviewed by Defendant showing him drinking alcohol and being on premises when not on duty talking to staff in parking lots.

**RESPONSE: None in the possession of this Defendant.**

63. All documents relied upon to not discipline Dr. Adamcryk after multiple complaints regarding behavior and conduct.

**RESPONSE: None in the possession of this Defendant.**

64. All documents related to the phone call between Plaintiff and CEO Kozar on or about December 10, 2019, regarding Plaintiff's reported retaliation.

**RESPONSE: Defendant objects to this request as phrased as it assumes facts not in evidence. Nothwithstanding the foregoing objection, discovery ongoing.**

**SUPPLEMENTAL RESPONSE: Notwithstanding the foregoing objection, please see Bates 254-262.**

65. All documents including emails and text messages related to any investigation of nurses suspected of narcotic diversion in during the time period covered by this request.

**RESPONSE: None in the possession of this Defendant.**

66. All Interventional programs for nurses (IPN) contracts that were initiated from any and/or all complaints against any and/or all nurses suspected of narcotic diversion during the time period covered by this request. (Redacted for confidentiality).

**RESPONSE: None in the possession of this Defendant.**

67. All complaints about any and/or all nurses who were suspected and/or accused of narcotic diversion during the time period covered by this request.

**RESPONSE: None in the possession of this Defendant.**

68. All documents including notes taken related to Defendant ENVISION's HR representative Tammy Jarvis and RMD Johnson informing Plaintiff of a letter sent to terminate her from Defendant CEO Kinney on January 19, 2020.

**RESPONSE: None in the possession of this Defendant.**

69. All documents relied upon to terminate Plaintiff.

**RESPONSE: None in the possession of this Defendant.**

70. All documents that set forth the reason that any and/or all Defendants demanded that Plaintiff not speak to CLH employee or be on CLH property on or after January 20, 2019.

**RESPONSE: Defendant objects to this request as phrased as it assumes facts not in evidence. Nothwithstanding the foregoing objection, none in the possession of this Defendant.**

71. All documents showing and/or confirming the contractual and/or employment relationship between Defendants and Plaintiff.

**RESPONSE: None. Plaintiff was not employed by this Defendant.**

72. All text messages from Paige Tolley to ER staff pertaining to Plaintiff.

**RESPONSE: None in the possession of this Defendant.**

73. All documents relied upon by Paige Tolley to write text message pertaining to the Plaintiff stating "pretty awful things transpired".

**RESPONSE: None in the possession of this Defendant.**

74. All emails sent/received by Defendant CLH regarding the termination of Plaintiff.

**RESPONSE: This request does not apply to this Defendant.**

75. All information provided to all third parties for employment verification and references for the Plaintiff.

**RESPONSE: None in the possession of this Defendant.**

76. All emails sent by Janna Matautia and/or Janet Kinney regarding Plaintiff to any TMH email address for the time period covered by this request.

**RESPONSE: None in the possession of this Defendant.**

77. All documents relied upon by CNO Matautia to transfer reference phone calls to the physician line related to Plaintiff's prior employment.

**RESPONSE: None in the possession of this Defendant.**

78. All documents showing criminal charges brought against Matautia.

**RESPONSE: None in the possession of this Defendant.**

79. All documents showing any and/or all documents provided to any law enforcement agency and/or to any State Attorney's Office about Matautia.

**RESPONSE: None in the possession of this Defendant.**

80. All documents showing all background investigations of Matautia prior to being hired at CLH.

**RESPONSE: None in the possession of this Defendant.**

81. All documents showing the reason that Matautia is no longer employed and/or affiliated with any and/or all Defendants.

**RESPONSE: Defendant objects to this request as framed as Matuautia has never been employed by or affiliated with this Defendant. None in the possession of this Defendant.**

82. All letters, notes, emails, telephone logs, faxes and any other documents in Defendants' possession and/or control that reference Plaintiff's employment or termination.

**RESPONSE: Defendant objects to this request as it calls for the production of documents protected by the attorney client privilege and work product doctrine. Notwithstanding the foregoing objections, see Bates 043-044.**

83. All documents that Kinney, Stoltzfus and/or Matautia created about Plaintiff during the time period covered by this request.

**RESPONSE: Defendant objects to this request as it is overly broad in temporal scope. Notwithstanding the foregoing objection, none in the possession of this Defendant.**

84. All documents that Defendants prepared and submitted to the Florida Commission on Human Relations (FCHR) and/or EEOC in response to all charges of discrimination and/or retaliation filed by Plaintiff involving Defendants.

**RESPONSE: Produce what we have.**

85. All documents that were provided to Defendants' Risk Management by Kinney and/or Matautia about Plaintiff.

**RESPONSE: None in the possession of this Defendant.**

86. All documents showing each and every communication between any/all the Defendants' Human Resources office personnel and any other persons about and/or pertaining to Plaintiff.

**RESPONSE: Defendant objects to this request as overly broad and vague.**

87. All documents referring or relating to the subject matter of this action which have been furnished to or received by the Defendants attorneys in connection with their defense of this action, except documents protected by a recognized privilege of non-production.

**RESPONSE: Defendant objects to this request as it calls for the production of documents protected by the attorney client privilege and work product doctrine. Notwithstanding the foregoing objection, none other than those documents produced herein.**

88. All transcripts, audio tapes, and video tapes (including depositions) obtained by Defendants involving Plaintiff, including, but not limited to, unemployment compensation hearings, conferences, grievance hearings, and Union grievances.

**RESPONSE: None in the possession of this Defendant.**

89. All documents Defendants provided to and/or the Defendants received from any third party to this action regarding Plaintiff.

**RESPONSE: None in the possession of this Defendant.**

90. Any diary, pocket calendar, desk calendar, journal, or other means of periodically recording materials or notes recorded or kept by any person currently or previously affiliated with the Defendants who supervised Plaintiff regarding Plaintiff.

**RESPONSE: None in the possession of this Defendant as this Defendant did not employ, and thus did not supervise, Plaintiff.**

91. Any and all documents that Defendants have identified to be used at trial other than as disclosed in Defendants' response to any foregoing requests.

**RESPONSE: Not yet determined.**

92. All statements obtained by you and/or your attorneys, either recorded or written, at the time of or subsequent to the incidents alleged in the complaint filed therein.

**RESPONSE: Defendant objects to this request as it calls for the production of documents protected by the attorney client privilege and work product doctrine. Notwithstanding the foregoing objection, none other than those documents produced herein.**

93. Each and every document supporting Defendants' affirmative defenses.

**RESPONSE: See all documents produced herein.**

94. All documents upon which Defendants rely to support any finding and/or conclusion that Plaintiff was not properly performing her job duties with Defendants at any time during her employment/affiliation with Defendants.

**RESPONSE: Defendant objects to this request as Plaintiff was neither employed by nor affiliated with this Defendant.**

95. Defendants' complete investigative file regarding any and all complaints brought by any person against Plaintiff, including, but not limited to any memoranda or other written instructions initiating the investigation, any and all notes taken during the investigation (including interview notes), any report (whether final or preliminary) on the investigation, and if an attorney conducted the investigation, any document specifying the scope of the attorney's engagement.

**RESPONSE: None in the possession of this Defendant.**

96. The current resume or list of qualifications of any expert witness, advisor or consultant who has been retained by the Defendants in the above-entitled proceeding.

**RESPONSE: Expert witnesses have not yet been identified.**

97. All reports, studies and/or commentaries, formal or informal, of any expert witness, consultant or advisor who has been retained by the Defendants in the above-entitled proceeding.

**RESPONSE: See response to #97 above.**

98. All documents showing all evidence of wrongdoing by Plaintiff that Defendants relied upon to in the decision to terminate Plaintiff.

**RESPONSE: Defendant objects to this request as Plaintiff was neither employed by nor affiliated with this Defendant.**

99. All documents that Defendants received from FCHR and/or the EEOC regarding and/or that pertained to Plaintiff's charges of discrimination and/or retaliation.

**RESPONSE: None.**

100. A list of all documents which are being withheld from production by virtue of any privilege of non-production or for any other reason (this list should identify each document by its name, date, author and recipient and specify the reason for withholding it from production). If there are documents responsive to any of the foregoing requests which you refuse to produce, please define or designate the documents in your response with sufficient particularity to allow Plaintiff to make a motion for a court order to require production of these documents.

**RESPONSE:** **See below.**

**DEFENDANT'S PRIVILEGE LOG**

| **DOCUMENT(S)** | **DATE(S)** | **PRIVILEGE ASSERTED** |
|---|---|---|
| Any and all notes and/or other documents created, revised, commented on or requested by the Defendant's attorneys and/or staff. | | Attorney-Client Privilege; Work-Product Doctrine |
| Any and all communication between Defendant's attorneys and Defendant and/or Defendant's employees/agents related to this case. | | Attorney-Client Privilege; Work-Product Doctrine |
| Any and all notes and/or writings by Defendant's employees prepared at the instruction of its attorneys, or any and all notes, e-mails and documents prepared by Defendant's employees or its attorneys in anticipation of litigation or related to this case. | | Attorney-Client Privilege; Work-Product Doctrine |
| Documents referencing or memorializing communications, including emails, between Defendant's attorneys and employees, former employees, or potential witnesses regarding preparations for meetings, telephone conferences, testimony or discussions in anticipation of litigation or the defense of active litigation related to Plaintiff. | | Attorney-Client Privilege; Work-Product Doctrine |

Dated this 10th day of February 2023.

Respectfully submitted,

*<u>/s/ Lisa B. Fountain</u>*
**LISA B. FOUNTAIN**
Florida Bar No. 0948802
Email: lfountain@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: 850-205-1996
Facsimile: 850-205-3004

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of February 2023, a true and correct copy of the foregoing document was furnished via the Florida Court's E-Filing Portal and electronic mail to all counsel of record.

*<u>/s/ Lisa B. Fountain</u>*
**LISA B. FOUNTAIN**

IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL CIRCUIT, IN
AND FOR CALHOUN COUNTY, FLORIDA

MARY WATSON,

Plaintiff,

v.

Case No.: 2020-CA-000064

BLUE MANAGEMENT SERVICES, LLC, D/B/A ALLIANT MANAGEMENT SERVICES; ENVISION PHYSICIAN SERVICES, LLC F/K/A EMCARE PHYSICIAN SERVICES, INC.; and CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.,

Defendants.
_____________________________________/

**PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.'S FIRST REQUEST FOR PRODUCTION**

Plaintiff, MARY WATSON, by and through her undersigned counsel, supplements her responses to Defendant CALHOUN-LIBERTY HOSPITAL ASSOCIATIONS, INC.'s First Request for Production, and states as follows:

1. A complete copy of Plaintiff's Facebook profile, including, but not limited to all newsfeeds, messages, comments, e-mails, statements or any reference regarding entries made by her and responses from any source or person on her account about any issues pertaining to the matters which are the subject matter of the Amended Complaint, including but not limited to Plaintiff's alleged damages and injuries, beginning on September 1, 2016 until the present.

**RESPONSE:**
Plaintiff has requested a download of this information from Facebook from September 1, 2016 through December 31, 2020. Plaintiff will supplement or amend this response as relevant records are delivered.

2. A complete copy of Plaintiff's LinkedIn, Myspace, Periscope, Google + (Plus), Twitter, Instagram, Tumblr, Snapchat or any other social networking account she has, including, but not limited to all newsfeeds, profiles, posts messages, comments, emails, blogs, videos, or any other statement made by her and responses from any source or person on her account about any issues pertaining to the matters which are the subject matter of the Amended Complaint, including but not limited to Plaintiff's alleged damages and injuries, beginning on September 1, 2016 until the present

**RESPONSE:**
There are no documents responsive to this request in Plaintiff's possession, she does not utilize any of those accounts other than Facebook.

7. All correspondence Plaintiff or Plaintiff's attorney(s) received from any agent, servant or employee of any defendant.

**RESPONSE:**
Objection –this request calls for information relating to attorney work product. Subject to and without waiving this objection, please see correspondence produced responsive to request 16 below.

16. Any correspondence between Plaintiff and any other person, excluding her attorney, concerning the events/incidents alleged in the Amended Complaint and/or Plaintiff's employment with the any defendant.

**RESPONSE:**
Plaintiff previously provided text messages (*Bates Nos. 001-031*); please find attached additional text message correspondence.

17. All documents reflecting any monies earned or income otherwise received by Plaintiff from any source, including but not limited to, all W-2 forms and federal and state income tax returns for the years 2015 to the present.

**RESPONSE:**
Plaintiff previously provided 2020 Tax Return (*Bates Nos. 032-042*); please find attached the 2021 Tax Return and 2021 Georgia State Tax Return. Plaintiff's objects to providing her Archbold Employment Agreement due to the specific terms she made in that agreement and it's non-compete clause.

19. Any and all documents which evidence, relate, pertain to or otherwise support Plaintiff's

damages as alleged in the Amended Complaint.

**RESPONSE:**
None, other than the documents produced responsive to other requests herein, are in Plaintiff's possession.

23. Any and all correspondence between Plaintiff and any person employed or formerly employed by any defendant in this matter regarding Plaintiff's employment with any defendant in this action.

**RESPONSE:**
None, other than the documents produced responsive to other requests herein, are in Plaintiff's possession.

26. All correspondence and other documents referring or relating to any problems, acts, or omissions on the part of any defendant, its employees or agents, that resulted in the incidents referenced in the Amended Complaint.

**RESPONSE:**
Please see correspondence produced responsive to request 16 above. None, other than the documents produced responsive to other requests herein, are in Plaintiff's possession

27. All correspondence and other documents which refer or relate to any communication that Plaintiff had with any defendant, its employees or agents, regarding the incidents referenced in the Amended Complaint.

**RESPONSE:**
Please see correspondence produced responsive to request 16 above. None, other than the documents produced responsive to other requests herein, are in Plaintiff's possession.

28. All correspondence, reports, and other documents to or from any person, organization, or association regarding the incidents referenced in the Amended Complaint.

**RESPONSE:**
Please see correspondence produced responsive to request 16 above. None, other than the documents produced responsive to other requests herein, are in Plaintiff's possession.

32. Any and all documents of any type, not heretofore requested, which relate to Plaintiff's employment with any defendant.

**RESPONSE:**
None, other than the documents produced responsive to other requests herein, are in Plaintiff's possession. Plaintiff has left multiple messages for J.C. "Johann" Van Lierop, Florida Bar Number 70975, to obtain a copy of the loan document he prepared for

Plaintiff and Page Tolley, and has been unable to reach him.

34. Any and all reports issued by a psychiatrist and/or psychologist relative to the alleged injuries sustained by Plaintiff as a result of the subject incident and emotional distress Plaintiff has suffered.

**RESPONSE:** There are no documents responsive to this request in Plaintiff's possession, as she never saw any psychiatrist and/or psychologist for the emotional distress she suffered.

Respectfully submitted,

***/s/ Marie A. Mattox***
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
Telephone: (850) 383-4800
marie@mattoxlaw.com
marlene@mattoxlaw.com
michelle2@mattoxlaw.com [scheduling]
marianne.bryant@mattoxlaw.com

*ATTORNEY FOR PLAINTIFF*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been served via electronic filing through the Florida Courts E-Filing Portal and as a courtesy by electronic mail this 11th day of February 2023 to:

**Michael B. Kelly**
COLE, SCOTT, & KISSANE, PA
michael.kelly@csklegal.com
randall.rogers@csklegal.com
kassia.celeon@csklegal.com
*Attorneys for Defendant,*
*Calhoun-Liberty Hospital Association, Inc.*

**Lisa B. Fountain**
**Robert J. Sniffen**
**Nicholas E. Monk**
SNIFFEN & SPELLMAN, P.A
123 North Monroe Street
Tallahassee, Florida 32301
lfountain@sniffenlaw.com
rsniffen@sniffenlaw.com
nmonk@sniffenlaw.com
*Attorneys for Defendant,*
*Blue Management Services, LLC d/b/a Alliant Management Services*

**Lori K. Mans**
**Richard N. Margulies**
JACKSON LEWIS, PC
Lori.mans@jacksonlewis.com
Richard.margulies@jacksonlewis.com
*Attorneys for Defendant*
*Envision Physician Services, LLC*

***/s/ Marie A. Mattox***
Marie A. Mattox

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR CALHOUN COUNTY, FLORIDA**

**MARY WATSON,**

Plaintiff,

v. **Case No.: 2020 CA 64**

**BLUE MANAGEMENT SERVICES, LLC,
D/B/A ALLIANT MANAGEMENT SERVICES;
ENVISION PHYSICIAN SERVICES, LLC
F/K/A EMCARE PHYSICIAN SERVICES, INC.;
and CALHOUN-LIBERTY HOSPITAL
ASSOCIATION, INC.,**

Defendants.
_____________________________________________/

**NOTICE OF CANCELLATION OF DEPOSITION OF PLAINTIFF**

Defendant, **BLUE MANAGEMENT SERVICES, LLC., D/B/A ALLIANT MANAGEMENT SERVICES, LLC.,** by and through the undersigned counsel hereby cancels the deposition of **Mary Watson**, scheduled for **Friday, March 3rd, 2023** at **9:00 a.m. (CST)/10:00 a.m. (EST)**.

Respectfully submitted,

*/s/ Lisa B. Fountain*______
**LISA B. FOUNTAIN**
Florida Bar No. 0948802
lfountain@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 N. Monroe St.
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for Defendant, Blue Management Services, LLC d/b/a Alliant Management Services*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of March, 2023, a true and exact copy of the foregoing was furnished via the Florida Court's E-Filing Portal to all counsel of record.

*/s/ Lisa B. Fountain*_______
**LISA B. FOUNTAIN**